**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ZIGEN, INC. and EDVARD DELLALYAN,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | Civil Action No. 4:23-cv-00210 |
| **CABIN MANAGEMENT SOLUTIONS, INC. and LARRY UICHANCO.** | § § § | |
| **Defendants,** | § § | |

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Defendants/Counter-Plaintiffs Cabin Management Solutions LLC ("CMS") and Larry Uichanco ("Uichanco") file this Motion for Summary Judgment against Plaintiffs/Counter-Defendants Zigen, Inc. ("Zigen") and Edvard Dellalyan ("Dellalyan") under Federal Rule of Civil Procedure 56 and presents the following to the Court:

## A. INTRODUCTION

1. Plaintiffs/Counter-Defendants Zigen and Dellalyan filed their Original Complaint in this case on January 19, 2023.

2. The basis of Plaintiffs/Counter-Defendants Zigen and Dellalyan's lawsuit were claims against Defendant/Counter-Plaintiff CMS for Breach of Contract, Fraudulent Inducement, Texas Theft Liability Act – Property (TTLA § 31.03), Texas Theft Liability Act – Property (TTLA § 31.04), and Trade Secret Misappropriation and Theft of Trade Secret.

3. The basis of Plaintiffs/Counter-Defendants Zigen and Dellalyan's lawsuit was a claim against Defendant/Counter-Plaintiff Uichanco for Breach of Fiduciary Duty.

4. Defendants/Counter-Plaintiffs CMS and Uichanco filed their Answer and

page 1

Counterclaims on August 31, 2023.

5.    The basis of Defendants/Counter-Plaintiffs' CMS and Uichanco counterclaims against Plaintiffs/Counter-Defendants Zigen and Dellalyan were for Fraud, Negligent Misrepresentation, Breach of Contract, and Quantum Meruit.

6.    Defendants/Counter-Plaintiffs CMS and Uichanco file this Motion for Summary Judgment against Plaintiffs/Counter-Defendants Zigen and Dellalyan for their claims of Breach of Contract, Fraudulent Inducement, Texas Theft Liability Act – Property (TTLA § 31.03), Texas Theft Liability Act – Property (TTLA § 31.04), and Trade Secret Misappropriation and Theft of Trade Secret, and Breach of Fiduciary Duty.

7.    Also Defendants/Counter-Plaintiffs CMS and Uichanco file this Motion for Summary Judgment against Plaintiffs/Counter-Defendants Zigen and Dellalyan for Defendants/Counter-Plaintiffs' counterclaims of Fraud, Negligent Misrepresentation, and Quantum Meruit.

## B. STATEMENT OF FACTS

8.    It is an undisputed fact that Plaintiff/Counter-Defendant Zigen never signed a contract with Defendant/Counter-Plaintiff CMS as Edvard Dellalyan confessed in the April 9, 2025 deposition of Plaintiff/Counter-Defendant Edvard Dellalyan (Exhibit A) and confirmed by the Declaration of Defendant/Counter-Plaintiff CMS President Troy Michaels Declaration (Exhibit D).

9.    It is an undisputed fact that Plaintiff/Counter-Defendant Zigen's Audio Video over Internet Protocol ("AVoIP") which is in dispute in this lawsuit did not contain trade secrets once the United States Patent and Trademark Office issued United States Patent 11,265,358 on March 1, 2022 as stated in the Expert Report of Michael Shamos, Ph.D. (Exhibit B).

10.    It is an undisputed fact that Defendants/Counter-Plaintiffs had damages of

$14,656,314 caused by Plaintiffs/Counter-Defendants fraud, negligent misrepresentations, and quantum meruit as stated in the Expert Report of Michele Naramor (Exhibit C).

11.    It is an undisputed fact that Defendant/Counter-Plaintiff CMS never defrauded Plaintiff/Counter-Defendant Zigen as stated in the Declaration of Troy Michaels (Exhibit D).

12.    It is an undisputed fact that Plaintiff/Counter-Defendant Zigen's AVoIP did not work because it had components that were "end of life" and that Plaintiffs/Counter-Defendants Zigen and Dellalyan defrauded and made negligent misrepresentations to Defendant/Counter-Plaintiff CMS regarding that that Plaintiff/Counter-Defendant Zigen's AVoIP contained trade secrets and worked successfully as stated in the Declaration of Troy Michaels (Exhibit D).

13.    It is an undisputed fact that Defendant/Counter-Plaintiff Uichanco did not breach any fiduciary duty to Plaintiff/Counter-Plaintiff Zigen since Defendant/Counter-Plaintiff Uichanco stated in the Declaration of Larry Uichanco (Exhibit E) that: (a) Uichanco was an at will employee, (b) Uichanco never owned stock in Zigen, (c) Uichanco never was an officer of Zigen, and (d) Uichanco never served on the Board of Directors of Zigen.

14.    It is an undisputed fact that Plaintiffs/Counter-Defendants never identified any Experts and did not submit any Expert Reports required by this Court's February 21, 2024 Scheduling Order (Dkt. 26).

## C. ARGUMENT

15.    Summary Judgment is proper in a case in which there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a); *Scott v Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Defendants/Counter-Plaintiffs moving for summary judgment satisfies its burden by submitting summary judgment proof that establishes all elements of its claims as a matter of law.  See *San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996). Defendants/Counter-Plaintiffs must show that no reasonable trier of fact could find other than for

Defendants/Counter-Plaintiffs. *Calderone v. United States*, 799 F.2d 254,259 (6th Cir. 1986).

16.    To prevail on their claims that there was no breach of contract by Defendants/Counter-Plaintiffs, Defendants/Counter-Plaintiffs must prove that there was no written signed contract. Because there are no genuine disputes of material fact on any element of breach of contract, Defendants/Counter-Plaintiffs are entitled to summary judgment as a matter of law.

17.    To prevail on their claims that there was no theft of any trade secrets by Defendants/Counter-Plaintiffs, Defendants/Counter-Plaintiffs must prove that Plaintiffs/Counter-Defendants did not have any trade secrets that were provided to Defendants/Counter-Plaintiffs. Because there are no genuine disputes of material fact on any element of theft of any trade secret, Defendants/Counter-Plaintiffs are entitled to summary judgment as a matter of law.

18.    To prevail on his claims that there was no breach of fiduciary duty by Defendant/Counter-Plaintiff Uichanco, Defendant/Counter-Plaintiff Uichanco must prove that (a) Defendant/Counter-Plaintiff Uichanco was merely an at-will employee of Plaintiff/Counter-Defendant Zigen, (b) Defendant/Counter-Plaintiff Uichanco never owned stock in Plaintiff-Counter-Defendant Zigen, (c) never an officer of Plaintiff/Counter-Defendant Zigen, and (d) Defendant/Counter-Plaintiff Uichanco never served on the Board of Directors of Plaintiff/Defendant Zigen. Because there are no genuine disputes of material fact on any element of breach of a fiduciary duty, Defendant/Counter-Plaintiff is entitled to summary judgment as a matter of law.

19.    To prevail on their claims that there was fraud by Defendants/Counter-Plaintiffs, Defendants/Counter-Plaintiffs must prove that there was fraud. Because there are no genuine disputes of material fact on any element of fraud, Defendants/Counter-Plaintiffs are entitled to summary judgment as a matter of law.

20. To prevail on their claims that there was a negligent misrepresentation by Plaintiffs/Counter-Defendants, Defendants/Counter-Plaintiffs must prove that there were negligent misrepresentations. Because there are no genuine disputes of material fact on any element of negligent misrepresentation, Defendants/Counter-Plaintiffs are entitled to summary judgment as a matter of law

21.    To prevail on their claims that there was quantum meruit by Plaintiffs/Counter-Defendants, Defendants/Counter-Plaintiffs must prove that there was quantum meruit. Because there are no genuine disputes of material fact on any element of quantum meruit, Defendants/Counter-Plaintiffs are entitled to summary judgment as a matter of law.

### D.  SUMMARY JUDGMENT EVIDENCE

22.    In support of Defendants/Counter-Plaintiffs Motion for Summary Judgment, Defendants/Counter-Plaintiffs include evidence in the attached appendix which is incorporated into this Motion for Summary Judgment based on the following evidence:

a.  Deposition Excerpts:  The April 9, 2025 deposition of Edvard Dellalyan at page 60 line 8 establishes that there was no written contract for the sale of Zigen's AVoIP (Exhibit A).

b.  Documents:  The Expert Report of Michael Shamos, Ph.D. which was submitted to Plaintiffs/Counter-Defendants on September 30, 2024 establishes that there were no trade secrets in Zigen's AVoIP (Exhibit B).  The Expert Report of Michele Naramor which was submitted to Plaintiffs/Counter-Defendants on September 30, 2024 establishes that Defendant/Counter-Plaintiffs had damages of $14,656,314 caused by Plaintiffs/Counter-Defendants fraud, negligent misrepresentations, and quantum meruit (Exhibit C).

c.  Declarations:  The Declaration of Defendant/Counter-Plaintiff Troy Michaels that

CMS never signed a contract with Plaintiffs/Counter-Defendants, nor did Defendant/Counter-Plaintiff CMS ever defraud Plaintiffs/Counter-Defendants, and that Plaintiffs/Counter-Defendants did defraud and made negligent representations to Defendant/Counter-Plaintiff CMS that Plaintiff/Counter-Defendant's Zigen's AVoIP technology did not work since components were "end of life," did not containe trade secrets, and would work successfully for Defendant/Counter-Plaintiff CMS (Exhibit D). The Declaration of Defendant/Counter-Plaintiff Uichanco that: (a) he was only an at-will employee of Zigen, (b) he never owned stock in Zigen, (c) he never served as an officer of Zigen, and (d) he never served on the Zigen Board of Directors (Exhibit E).

d. <u>Affidavits:</u> The Affidavit of Defendants/Counter-Plaintiffs attorney Peter S. Vogel with usual and customary attorneys' fees in the Southern District of Texas that are reasonable (Exhibit F).

## E.  ATTORNEY FEES

23.    Defendants/Counter-Plaintiffs are entitled to attorneys' fees incurred in defending Plaintiffs/Counter-Defendants claims of breach of contract, misappropriation of trade secrets, and breach of a fiduciary duty which are without merit of evidence in the amount of $126,188.70 as a matter of law.

## F. CONCLUSION

24.    Defendants/Counter-Plaintiffs provided this Court evidence that Plaintiffs/Counter-Defendants claims of breach of contract, misappropriation of trade secrets, and breach of a fiduciary duty are without merit, and further Defendants/Counter-Plaintiffs provided this Court sufficient that Plaintiffs/Counter-Defendants caused Defendants/Counter-Plaintiffs damages of $14,656,314 and attorneys fees of $126,188.70 because of fraud and negligent misrepresentations.

For these reasons, Defendants/Counter-Plaintiffs ask this Court to grant this Motion for Summary Judgment and render a final Summary Judgment in Defendants/Counter-Plaintiffs favor.

Dated: May 11, 2025,

Respectfully submitted,

PETER S. VOGEL, PC

By:  /s/ Peter S. Vogel
Peter S. Vogel
Texas Bar No. 20601500
5925 Forest Lane, Suite 136
Dallas, Texas 75230
Telephone: (972) 980-9696
Email: pvogel@vogelitlaw.com

ATTORNEYS FOR DEFENDANTS/
COUNTER-PLAINTIFFS
CABIN MANAGEMENT SOLUTIONS, INC.
AND LARRY UICHANCO

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically on May 11, 2025. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Brandon James Leavitt
Leavitt Eldredge Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
brandon@uslawpros.com

By:  /s/ Peter S. Vogel
        Peter S. Vogel

# EXHIBIT A

**EXHIBIT A**
**EDVARD DELLALYAN DEPOSITION EXCERPT**

60

DELLALYAN, EDVARD          April 9, 2025

```
 1       Q.  But my point, though, is that you sign contracts
 2   all the time, running your business at Zigen for years --
 3   isn't that correct -- with other parties?
 4       A.  I mean, I've done it both ways.  And not
 5   everything is a signed contract.
 6       Q.  But you do sign contracts?  You have?
 7       A.  I have done it in the past.
 8       Q.  And there is no signed contract written between
 9   CMS and Zigen that is signed with regards to this dispute.
10   Isn't that correct?
11       A.  To the best of my knowledge, yes.
12       Q.  And you were just asked by your attorney about
13   what's in the complaint, Exhibit 2, about these causes of
14   action.  Right?  Do you remember that?
15       A.  Yes.
16       Q.  And as far as you know, you were not a lawyer.
17   Didn't you say that?  Did I hear you tell him that?
18       A.  That is correct.
19       Q.  And so, you don't know whether or not there was
20   any legal basis to support the claims that are made by
21   Zigen in this lawsuit, do you?
22       A.  Legal claim?
23       Q.  Yes.  You're not a lawyer.  Right?
24       A.  I am not a lawyer.
25       Q.  Okay.  So you've never done anything to
```

Quest Records & Reporting                          214.828.2757

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Zigen, Inc. and Edvard Dellalyan, | § | |
| | § | |
| Plaintiffs and | § | |
| Counterclaim Defendants | § | |
| | § | |
| *versus* | § | |
| | § | Civil Action No. 4:23-cv-00210 |
| Cabin Management Solution, Inc. and | § | |
| Larry Uichano, | § | JURY DEMAND |
| | § | |
| Defendants and | § | |
| Counterclaimants, | § | |

---

## EXPERT REPORT OF MICHAEL SHAMOS, PH.D.

---

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   PROFESSIONAL BACKGROUND & QUALIFICATIONS ...........................1

      A.    Education and Industry Experience ........................................................1

      B.    Compensation .........................................................................................3

III.  MATERIALS CONSIDERED ............................................................................4

IV.   LEGAL PRINCIPLES ........................................................................................4

V.    ALLEGATIONS OF TRADE SECRECY ........................................................4

VI.   CONCLUSIONS................................................................................................17

## I.    INTRODUCTION

1.    My name is Michael Ian Shamos,

2.    I have been engaged as an expert consultant on behalf of Defendants

Cabin Management Solutions, Inc. ("CMS") and Larry Uichano in the above-

captioned matter.  I have been asked to provide opinions regarding alleged theft of

a document containing trade secrets (Count III of the Complaint at Dkt. 1) and

alleged trade secret misappropriation (Count V of the Complain at Dkt. 1).   I

understand that these Counts III and V are asserted only against Defendant CMS.

## II.    PROFESSIONAL BACKGROUND & QUALIFICATIONS

### A.    Education and Industry Experience

3.    This section summarizes my educational background, career history,

publications, and other relevant qualifications. My full curriculum vitae is attached

hereto as Ex. 1.

4.    I have an A.B. degree from Princeton University in Physics, an M.A.

degree from Vassar College in Physics, an M.S. degree from American University

in Technology of Management, an M.S. degree from Yale University in Computer

Science, an M. Phil. from Yale University in Computer Science, a Ph.D. from Yale

University in Computer Science, and a J.D. degree from Duquesne University.

5.    As stated above, I currently hold the title of Distinguished Career

Professor in the School of Computer Science at Carnegie Mellon University in

Pittsburgh, Pennsylvania. I am a member of two departments in that School, the Software and Societal Systems Department and the Language Technologies Institute. I founded and was a Co-Director of the Institute for eCommerce at Carnegie Mellon from 1998-2004 and from 2004-2018 was Director of the eBusiness Technology graduate program in the Carnegie Mellon University School of Computer Science. Since 2018, I have been Director of the M.S. in Artificial Intelligence and Innovation degree program at Carnegie Mellon.

6.      I have taught graduate courses at Carnegie Mellon in Electronic Commerce, including eCommerce Technology, Electronic Payment Systems, Electronic Voting, Internet of Things, Ubiquitous Computing, Electronic Payment Systems and eCommerce Law and Regulation, as well as Analysis of Algorithms. Since 2007, I have taught an annual course in Law of Computer Technology.

7.      I am the author and lecturer in a 24-hour video course on Internet protocols and have taught computer networking, wireless communication, and Internet architecture since 1999.

8.      From 2001-2021, I was a Visiting Professor at the University of Hong Kong, where I taught an annual course in Electronic Payment Systems. This is one of only a handful of graduate courses taught on this subject in the world.

9.      I am also a faculty member in the Privacy Engineering degree program at Carnegie Mellon. My course on Law of Computer Technology is

required for all students in that program and the Ph.D. Program in Societal
Computing.

10.    I am a named inventor on the following six issued patents relating to
electronic commerce: U.S. Patent Nos. 7,330,839; 7,421,278; 7,747,465;
8,195,197; 8,280,773; and 9,465,299.

11.    From 1979-1987 I was the founder and president of two computer
software development companies in Pittsburgh, Pennsylvania: Unilogic, Ltd. and
Lexeme Corporation.

12.    I am an attorney admitted to practice in Pennsylvania and have been
admitted to the Bar of the U.S. Patent and Trademark Office since 1981. I have not
been asked to offer any opinions on the law in this proceeding, and I do not do so.

13.    I have previously served as an expert in over 390 cases concerning
computer technology. I have been involved in multiple cases involving alleged
theft of computer trade secrets.

**B.    Compensation**

14.    I am being compensated at the rate of $625 per hour for my work on
this matter and will be reimbursed for all reasonable expenses that I incur during
the course of this case.  No part of my compensation is affected by the results of
this litigation.  I have no financial interest in any of the parties to this litigation.

## III.    MATERIALS CONSIDERED

15.    The opinions in this report are based on my background and experience, along with my review of the documents cited herein.

16.    When I say that I "understand" a fact to be true without citing documentary support, I have been informed by counsel that a witness will appear at trial testify to the truth of that fact.

17.    When I say that I "understand" a principle of law to be correct, I have been informed by counsel that that I am to apply that principle of law in arriving at my opinions.

## IV.    LEGAL PRINCIPLES

18.    I have been provided the following legal standards by counsel and I have applied these standards in arriving at the conclusions in this report.

19.    I am informed that the contents of a published patent application or an issued patent cannot constitute a trade secret.

## V.    ALLEGATIONS OF TRADE SECRECY

20.    I understand that "Defendants' First Set of Interrogatories" to Plaintiffs included this Request No. 2: "Identify and describe all of the trade secrets contained in the Zigen AVoIP." These were the trade secrets alleged in Counts III and IV.

4

21.     The entirety of Plaintiff's Answer to Request No. 2 was as follows in "Plaintiffs' Responses to Defendants' First Set of Interrogatories":

*The Answer to this request may be ascertained from Bates Nos ZIG00364-ZIG00392.*

22.     Bates numbers ZIG00364-ZIG00392 consist entirely of a cover email from Plaintiffs' counsel and a copy of issued United States Patent 11,265,358 (the "Patent"), in which certain portions had been highlighted as follows:

for each room, and there are limitations to the lengths of the cable runs. AVoIP benefits from the use of data network cabling that may already be routed in the facility, while virtually eliminating the distance limitations found in traditional AV cabling such as HDMI and audio RCA.

The communication system **200** offers the same flexibility and scalability of most AVoIP product offerings. The following description describes features that differentiate this communication system **200** from conventional AVoIP systems. The communication system **200** may simultaneously employ a multitude of AVoIP standards including SDVoE, AES67, ST2110, RAVENA, and/or Dante AES within the same device. The communication system **200** may include multiple network interfaces, and the supported AVoIP protocols may be directed to broadcast on specific network ports for deployment flexibility and/or network cost considerations.

A professional audio codec **305**, **405** (e.g., AES67) and high-compression video codec **306**, **406** (e.g., h.265) may yield low-bandwidth AV data packets that can easily fit over the 1G network. While h.265 can compress ultra-high definition (UHD) video to fit the lower bandwidth 1G interface, the resulting video may suffer from extended latency and compression artifacts that may be acceptable in non-discerning installations such as bars and restaurants. Depending on the installation, consumer level 1G network switches and category cabling can be used to distribute these low-bandwidth AV data packets and isolate them from the 10G data packets by disabling the network bridge **307**, **407**. For larger deployments and quality-centric installations with sufficient 10G network ports, the number of network equipment can be reduced by configuring the configurable multiplexer **301**, **401** of the encoder **300** and/or decoder **400** to integrate both low-bandwidth AV data packets and high-bandwidth AV

Cols. 7-8

5

FIG. **8** illustrates a schematic view of the autonomous EDID management system in a video compatibility mode, according to an embodiment. FIG. **9** illustrates a schematic view of the autonomous EDID management system in a video native mode, according to an embodiment. The communication system **200** may include autonomous EDID management (AEM) to automatically configure the encoder device **201** and decoder devices **202** throughout the communication system **200**. The AEM video processor **800**, **900** may facilitate installations with mixed video resolution sources **801**, **802**, **901** and displays **803**, **804**, **805**, **806**, **903**, **904**. The AEM can be set up for maximum compatibility so that the display devices **803**, **804**, **805**, **806**, **903**, **904**, regardless of their native resolutions, may be able to view the video sources **801**, **802**, **901**. The AEM can also be arranged to ensure that UHD display devices **803**, **805**, **806**, **903** retain their native 4K or higher resolution while lower definition displays **804**, **904** receive scaled down video to retain compatibility.

Col. 11

Referring again to FIG. **10**, the AEM processor **1000** may query the EDID readers from the decoders **1007-1010** in the communication system **200** to determine the native audio channel capabilities of the audio endpoints **1003-1006**. The AEM processor may consider the interconnects between encoders **1011**, **1012** and decoders **1007-1010** and then determine the proper audio format for each encoder **1011**, **1012**. The AEM processor may then send the preconfigured EDID data to the encoders **1011**, **1012**. The AEM compatibility mode may configure the encoders **1011**, **1012** to output audio for the least capable connected audio endpoint **1003-1006** to ensure that every audio in the communication system **200** may be heard on its connected amplifiers.

Col 13

FIG. **12** illustrates a schematic view of an HDMI digital audio extraction/embedding with AES67 protocol, according to an embodiment. The communication system **200** may integrate HDMI digital audio extraction and embedding with professional AES67 protocol in an AVoIP application. AES67 is a standard for transmission of audio over IP or Ethernet. This standard was developed by the Audio Engineering Society and is a layer-3 protocol to allow interoperability with various IP based professional networked audio such as RAVENA, Livewire, Q-LAN, and Dante. Some components in the communication system **200** may include an AES67 encoder/decoder **1200**. This allows a mix of supported AVoIP data (e.g., SDVoE or ST2110) and AES67 to reside within the same AVoIP network **1201**.

Col. 14

The communication system **200** can extract digital audio **1202** from HDMI sources to drive the AES67 encoder input. Using this AES67 transport medium, any HDMI source digital audio can be distributed to any AES67 decoder. Conversely, the AES67 decoder can re-embed the digital audio **1203** back to any HDMI output to be heard on televisions, audio/video receivers, or amplifiers. This feature allows the communication system **200** to interoperate with other standard third-party AES67 devices. Not only can the communication system **200** be used as an audio source and/or audio destination for AES67, the professional audio industry can now take advantage of other features such as audio/video matrixing and integrated audio digital signal processing.

Col. 15

7

Devices in the communication system **200** may feature multiple AVoIP protocols (e.g., SDVoE and AES67) **300**, **400**. A matrix connection allows one encoder to connect to one or more decoders (e.g., one-to-one, or one-to-many connections). The matrix GUI **1300** is an example of a matrix graphical user interface where source outputs are arranged in columns **1301** while inputs are arranged in rows **1302**. A selection on an intersection **1303** may connect an output to an input or multiple inputs. In the matrix example, the Blu-ray player is connected to one or more areas (e.g., the theater room, board doom, and auditorium).

An SDVoE video endpoint can connect to another SDVoE video endpoint. An h.265 video endpoint can connect to another h.265 video endpoint. However, the communication system **200** can transcode to connect disparate video protocols such as SDVoE to h.265 or h.265 to SDVoE. In addition, a SDVoE audio endpoint can connect to another SDVoE audio endpoint. An AES67 audio endpoint can connect to another AES67 endpoint. However, the communication system **200** can transcode to connect disparate protocols such as SDVoE to AES67 or AES67 to SDVoE.

Col. 15

23.    I presume that the phrase "may be ascertained" used in the interrogatory answer meant that the alleged trade secrets were highlighted in yellow, as shown above.

24.    U.S. Patent 11,265,358 was issued from Application 17/354,097 on March 1, 2022.  I am informed by counsel that no material in an issued patent can be considered to be a trade secret.  Therefore, it follows that, because all of Plaintiffs' alleged trade secrets appear in an issued patent, none of those trade secrets can actually constitute a trade secret.

25.    Further, the applicant and assignee of the Patent is Defendant CMS, as shown on the face of the Patent:

8

(12) **United States Patent**
     Dellalyan et al.

(10) Patent No.:    **US 11,265,358 B1**
(45) Date of Patent:    **Mar. 1, 2022**

(54) **AUDIO VIDEO OVER INTERNET PROTOCOL (AVOIP) COMMUNICATION SYSTEM**

(71) Applicant: **Cabin Management Solutions, LLC.**, Conroe, TX (US)

(72) Inventors: **Edvard Dellalyan**, Valley Glen, CA (US); **Larry Uichanco**, Westlake Village, CA (US); **Troy Michaels**, Spring, TX (US); **Jeffrey M. McCormick**, The Woodlands, TX (US); **Henry Senanian**, Woodland Hills, CA (US)

(73) Assignee: **CABIN MANAGEMENT SOLUTIONS, LLC**, Conroe, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **17/354,097**

(22) Filed: **Jun. 22, 2021**

(58) **Field of Classification Search**
     CPC ... H04L 65/607; H04L 65/80; H04L 41/0806; H04N 7/181
     See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 10,623,289 B1 * | 4/2020 | McCorkendale ... | H04L 43/0817 |
| 11,062,253 B1 * | 7/2021 | Nanduri ............. | G06Q 10/083 |
| 2006/0181480 A1 * | 8/2006 | Yee ........................ | G09G 5/006 |
| | | | 345/3.1 |
| 2011/0224992 A1 * | 9/2011 | Chaoui .................. | H04H 60/58 |
| | | | 704/500 |
| 2017/0054770 A1 * | 2/2017 | Wells .................. | H04L 65/1006 |
| 2017/0156076 A1 * | 6/2017 | Eom ..................... | H04W 8/005 |
| 2021/0211500 A1 * | 7/2021 | Ferguson ............... | H04L 12/10 |

FOREIGN PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| EP | | 3171581 A1 * | 5/2017 | .......... G06F 3/1289 |

* cited by examiner

*Primary Examiner* — Jonathan A Bui
(74) *Attorney, Agent, or Firm* — MH2 Technology Law Group LLP

(57)    **ABSTRACT**

26.    Further, Plaintiff Dellalyan, who is one of the inventors named on the Patent, assigned his rights in the application to applicant Defendant CMS. Therefore, to the extent any material in the Patent could ever have been a trade secret, CMS is the owner of any such trade and cannot have stolen or misappropriated its own property.

27.    Further, the matter highlighted in yellow by the Plaintiff cannot ever have been a trade secret, even before being assigned to CMS. I will treat each alleged trade secret in turn.

28.    The matter at 7:50-57 discloses that a communication system may employ a multitude of AVoIP ("audio/video over Internet Protocol") standards, including SDVoE, AES67, ST2100, RAVENA [sic, "RAVENNA"], and/or Dante AES, within the same device.  SDVoE means "Software Defined Video over Ethernet" and refers to the SDVoE Alliance, which describes itself as "a nonprofit consortium of technology providers collaborating to standardize the adoption of Ethernet to transport AV signals in professional AV environments."  SDVoE was formed in 2017[1].

29.    AES67 is a standard for audio over Internet Protocol and audio over Ethernet.  It was first published in 2013[2].

30.    ST2100 is a system-on-a-chip (SoC) optimized for audio/video streaming, also dating back to 2013[3].

---

[1] See, e.g., https://sdvoe.org/blog/the-future-of-avoip-and-understanding-the-sdvoe-api-and-alliance/

[2] See, e.g., "AES Announces AES67-2013 Networked Audio-Over-IP Interoperability Standard."  Available at https://www.sportsvideo.org/2013/09/16/aes-announces-aes67-2013-networked-audio-over-ip-interoperability-standard/

[3] See, e.g., "STMicro unveils novel HomePlug smart SoC for smart-home and smart-energy apps." Available at https://www.powersystemsdesign.com/articles/stmicro-unveils-novel-homeplug-smart-soc-for-smart-home-and-smart-energy-apps/36/105

31.    RAVENNA is a technology for transmitting audio over Internet Protocol.  It was developed in 2010 and published by June 1, 2011[4].

32.    DANTE is an AVoIP technology developed by Audinate at least as early as 2008[5].

33.    All of these standard/technologies had long been known prior to any disclosure by Plaintiffs to Defendants, the use of multiple technologies in a single device was well-known (consider, e.g., a cellphone having cellular, Bluetooth, and WiFi capability), and nothing contained in the Patent at 7:50-57 could have been a trade secret.

34.    The matter at 8:41-44 simply states the known and readily ascertainable fact that an audio codec such as AES67 (discussed above) and a high-compression video codec such as h.265 may "yield low-bandwidth AV data packets."  The h.265 codec was first published in 2003[6].  One of the main purposes of compression is to reduce bandwidth requirements, so nothing in 8:41-44 could have been a trade secret.

---

[4] See, e.g., "RAVENNA Draft 1.0 Operating Principles," available at https://ravenna-network.com/wp-content/uploads/2020/02/RAVENNA_Operating_Principles_-_Draft_1.0_final.pdf
[5] See, e.g., "Audinate's story."  Available at https://www.audinate.com/company/history/
[6] See, e.g., "Historical timeline of video coding standards and formats."  Available at https://www.vcodex.com/historical-timeline-of-video-coding-standards-and-formats

35.    The matter at 11:43-61 refers to the operation of architectures depicted in Figs. 8 and 9 of the Patent:



FIG. 8



**FIG. 9**

36.     It is my understanding that Zigen sold commercial installations embodying these architectures.  In the absence of a confidentiality agreement with its customers or an agreement not to reverse engineer, it is my understanding that, as a matter of law, structures readily discoverable in a commercial product cannot constitute a trade secret.

37.     Furthermore, there never could have been any trade secrets in Figs. 8 or 9.  EDID means "Extended Display Identification Data," and was an old (1994) standard enabling a display device to announce its capabilities (e.g., screen size

and resolution) to a video source[7]. Figs. 8 and 9 simply depict conventional communications between EDID displays and video sources and contain no trade secrets.

38. The matter at 13:29-41 refers to Fig. 10:



FIG. 10

39. Fig. 10 is simply an extension of the architecture of Fig. 9 and contains no trade secrets for the reasons given above.

40. It is again my understanding that Zigen sold commercial installations embodying this architecture.

---

[7] See, e.g., "Understanding EDID - Extended Display Identification Data." Available at https://www.extron.com/article/uedid.

41.    The matter at 14:56-15:14 refers to Fig. 12:



**FIG. 12**

42.    Fig. 12 contains no trade secrets. It simply depicts the use of prior art technologies, such as HDMI, SDVoE, ST2110, and AES67 being employed for the ordinary purposes for which they were developed. It further discloses the well-known practice of converting signals form one protocol (e.g., HDMI) to another (e.g., AES67) using standard means.

43.    It is once again my understanding that Zigen sold commercial installations embodying this architecture

44.    The matter at 15:28:48 refers to certain aspects of Fig. 13:

GRAPHICAL USER INTERFACE MIXED MATRIXING WITH MULTIPLE AVoIP PROTOCOLS



| | MEDIA PLAYER | MOBILE DEVICE | CABLE BOX | SATELLITE | BLU-RAY | PA MICS | GAME CONSOLE | COMPUTER |
|---|---|---|---|---|---|---|---|---|
| THEATER ROOM | | | | | ● | | | |
| LOBBY | | | ● | | | ● | | |
| DINING HALL | ● | | | | | | | |
| MEETING ROOM | | ● | | | | | | |
| BOARD ROOM | | | | | ● | | | |
| PA OUTPUT (NSS) | | | | | | ● | | |
| AUDITORIUM | | | | | ● | | | |

**FIG. 13**

45.     There is no trade secret disclosed in Fig. 13, which simply illustrates providing a user interface mapping the sending of different signals from different sources to different rooms in a facility.  Features of user interface cannot be a trade secret unless all users of the interface are bound by confidentiality agreements.

46.     It is further my understanding that Zigen sold commercial installations embodying this feature.

## VI.  CONCLUSIONS

47.    The alleged trade secrets asserted by Plaintiffs were never trade secrets.

48.    The alleged trade secrets asserted by Plaintiffs were assigned to CMS by Defendants and are thus owned by CMS.

49.    The alleged trade secrets asserted by Plaintiffs all appear in an issued patent and thus cannot be trade secrets.


Executed September 30, 2024 at Pittsburgh, Pennsylvania.

By:  _Michael San Shamos_

Michael Shamos, Ph.D.

# EXHIBIT 1

# Resume of Michael Ian Shamos

Current to April 23, 2025

## Education

**A.B.** (1968) Princeton University (Physics).   Thesis: "Gravitational Radiation Reaction."  Advisor: John A. Wheeler.

**M.A.** (1970) Vassar College (Physics).   Thesis: "An Absorber Theory of Acoustical Radiation."  Advisor: Morton A. Tavel.

**M.S.** (1972) American University (Technology of Management).

**M.S.**  (1973) Yale University (Computer Science).

**M.Phil.** (1974) Yale University (Computer Science).

**Ph.D.** (1978) Yale University (Computer Science).   Thesis: "Computational Geometry".  Thesis committee: David Dobkin, Martin H. Schultz, Stanley C. Eisenstat.

**J.D.** (1981) Duquesne University, *cum laude.*

## Foreign Languages

French, Russian (good reading and technical translation skills, fair conversational ability).

## Academic Experience

Distinguished Career Professor, Language Technologies Institute and Software and Social Systems Department, School of Computer Science, Carnegie Mellon University (2001- )
Principal Systems Scientist (1998-2001)
Principal Lecturer (2002-2003).  Teaching Professor (2003- )
Faculty, Tepper School of Business, Carnegie Mellon University (1999-2004).
Co-Director, Carnegie Mellon Institute for eCommerce (1998-2004 )
Vice-Chair, University Research Council (2000-2002)
Director, eBusiness Technology degree program, Carnegie Mellon (2003-2018)
Director, M.S. in Artificial Intelligence and Innovation, Carnegie Mellon (2018-)
Affiliated Faculty, CMU Center for Informed Democracy and Social-cybersecurity (2021-)
Core faculty, Privacy Engineering degree program (2013-)
Director, Universal Library, Carnegie Mellon University (1998-)
Visiting Professor, Faculty of Engineering, The University of Hong Kong (2001-2021)
Adjunct Faculty, Carnegie Mellon University, Department of Computer Science (1981-1998)

Assistant Professor, Carnegie Mellon University, Departments of Computer Science and Mathematics (1975-81), Dept. of Statistics (1978-81).

**Courses taught (Carnegie Mellon):**
Algorithm Design and Analysis 15-451 (Comp. Sci.)
Intellectual Capital and its Protection 45-886 (MBA)
Ecommerce Technology 20-751 (MSEC program)
Electronic Payment Systems 20-753 (MSEC program), 96-774 (MSIT program)
Ecommerce Law and Regulation 46-840 (MSEC program)
Electronic Voting 17-803
Ubiquitous Computing, 96-761 (MSIT Program)
Electronic Payment Systems (MSIT Program)
Law of Computer Technology, 17-762/17-662/17-562 (2007-)
Artificial Intelligence and Future Markets, 11-561 (2018-)

# Honors and Awards

Fellow, Society of the Sigma Xi (1974-83).

IBM Fellowship, Yale University (1974−75).

SIAM National Lecturer (1977−78).

Distinguished Lecturer (computer science), University of Rochester (1978); McGill University (1979).

Duquesne University Law Review (1980−81).

Black & White Scotch Achiever's Award (first annual, 1991, for contributions to bagpipe musicography).

Industry Service Award of the Billiard and Bowling Institute of America, 1996 (for contributions to billiard history).

Billiard Worldcup Association official referee (2001-)

# Editorships

Editor-in-Chief, Journal of Privacy Technology (2003- 2006).

Member of Editorial Board, *Electronic Commerce Research Journal* (2000- ).

Member of Editorial Board, *Pittsburgh Journal of Technology Law and Policy* (1999-2003).

Dr. Shamos has reviewed scientific papers for *Communications of the ACM*, *Mathematical Reviews*, *IEEE Computer*, *IEEE Transactions on Computers*, *Information Processing Letters*, *Journal of the ACM* and the *Journal of Computational Physics*.

Contributing Editor, *Billiards Digest* magazine (1990- ).

## Patents

Co-inventor with K. Srinivasan, U.S. Patent 7,330,839, "Method and System for Dynamic Pricing," issued February 12, 2008.

Co-inventor with K. Srinivasan, U.S. Patent 7,421,278, "Method and Apparatus for Time-Aware and Location-Aware Marketing," issued September 2, 2008.

Co-inventor with K. Srinivasan, U.S. Patent 7,747,465, "Determining the Effectiveness of Internet Advertising," issued June 29, 2010.

Co-inventor with K. Srinivasan, U.S. Patent 8,195,197, "Method and Apparatus for Time-Aware and Location-Aware Marketing," issued June 5, 2012.

Co-inventor with K. Srinivasan, U.S. Patent 8,280,773, "Method and Apparatus for Internet Customer Retention," issued October 2, 2012.

Co-inventor with K. Srinivasan, U.S. Patent 9,456,299, "Method and Apparatus for Time-Aware and Location-Aware Marketing," issued September 27, 2016.

## Legal Experience

Special Counsel, Reed Smith LLP (2000-2003), electronic commerce law.

Shareholder, The Webb Law Firm (1996-2000), intellectual property law. Associate (1990-95).

Private practice of law (1987-90), intellectual property

Associate, law firm of Buchanan, Ingersoll, P. C. (1985-87)(now Buchanan Ingersoll & Rooney, PC), Emerging Companies Department.

General Counsel, Carnegie Group, Inc. (1983-85), artificial intelligence company.

Private practice of law (1981-83), computer law.

## Bar Admissions

Supreme Court of Pennsylvania (1981– ).

United States District Court for the Western District of Pennsylvania (1981– ).

United States Patent and Trademark Office (1981– ).

United States Tax Court (1982– ).

United States Court of Appeals for the Armed Forces (1982– ).

United States Court of Appeals for the Third Circuit (1982– ).

United States Supreme Court (1985– ).

United States Court of Appeals for the Federal Circuit (1985– ).

## Expert Witness

Dr. Shamos has served as an expert witness in multiple computer software and electronic voting cases.  He has participated in the cases listed below.  "D" indicates deposition testimony; "R" indicates report, declaration or affidavit; "T" indicates trial testimony.

Total: 400 cases, including 318 patent, 21 electronic voting, 22 trade secret, 13 copyright, 1 criminal.
Affidavits, reports or declarations submitted in 287 cases.
Deposed in 164 cases.
Testified at trial or hearing in 51 cases (21 jury trials).
Participated in 7 ITC investigations, 122 IPRs, 22 CBMs, 10 PGRs, and 10 reexams.

1. *C.W. Communications, Inc. v. International Research Service, Inc.*, Civil Action No. 84-890, (W.D. Pa. 1984), aff'd.  Case No. 88-3331 (3d Cir., Oct. 31, 1988).  Served as an expert for plaintiff publisher as to the fame of its "Computerworld" trademark.  Result: permanent injunction entered against defendant.  Judge McCune's Memorandum and Order states. "We accept the conclusion drawn by Dr. Shamos." Firm: Webb, Burden Robinson & Webb (now the Webb Law Firm). (D,T)

2. *E.F. Hutton, Inc. v. Gipson* (W.D. Pa. 1985).  Served as an expert for defendant-counterclaimant physician as to fraud in the inducement by a computer hardware supplier.  Plaintiff had provided capital financing for the purchase.   Result: defendant was awarded compensatory damages + $250,000 punitive damages.  (D,T)

3. *In re Comprehensive Business Systems*, 119 B.R. 573 (S.D. Ohio 1990).  Served as an expert for a secured creditor in a bankruptcy case in which the creditor sought to obtain software still in development for which it had advanced over $2 million in funding.  Dr. Shamos opined as to the value of the incomplete software.  Result: the creditor was able to purchase the software from the Trustee for $67,500.  The Court referred in its opinion to "the testimony of the eminent and impressive Dr. Shamos."  (D,R,T)

4. *Levinson Steel Co. v. American Software, Inc. et al.*, Civil Action No. 96-282, W.D. Pa. (1996).  Served as an expert for plaintiff in a case involving bad faith estimates of computer processing capacity resulting in delivery of an inadequate system.  Result: settlement in favor of plaintiff in an undisclosed amount.  Contact: Reed Smith LLP, 225 Fifth Ave., Pittsburgh, PA 15222.  (D,R)

5. *ASE Limited v. INCO Alloys International, Inc.*, Civil Action No. 98-1266, (W.D. Pa. 1998).  Served as an expert for defendant concerning breach of computer services contract by declaratory judgment plaintiff.   Result: determination that defendant was free to seek services from a different vendor. Firm: Reed Smith LLP, 225 Sixth Ave., Pittsburgh, PA 15222.  Attorney: Anthony Basinski, Esq. (D,T)

6. *Twentieth Century Fox Film Corp. v. iCraveTV*, 53 U.S.P.Q. 2d 1831 (W.D. Pa. 2000).  Served as an expert for Plaintiffs concerning Internet technology used to stream video from U.S. TV stations through web sites in Canada.  Result: TRO and preliminary injunction issued against defendants prohibiting continued infringement in the U.S.  Firm: Reed Smith LLP. Attorney: Gregory Jordan, Esq.  (T)

7. Invited testimony before the British House of Lords, Subcommittee B of the European Union Committee, April 20, 2000.  Subject: European regulation of eCommerce.  View testimony.

8. *Universal Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294 (S.D.N.Y. 2000), aff'd. 273 F.3d 429 (2d Cir. 2001).  Served as an expert for plaintiff movie studios concerning accused software for decrypting DVDs in the first case interpreting the Digital Millennium Copyright Act.  Result: permanent injunction issued in favor of plaintiffs on August 17, 2000.  Contact: William Hart, Esq., Proskauer Rose LLP.  View testimony.  View opinion.  View appellate opinion.  (D,T)

9. *MercExchange, L.L.C. v. eBay, Inc. et al.*, Case No. 2:01-CV-736 (E.D. Va. 2001).  Served as an expert for defendant eBay in an infringement case concerning U.S. Patent 6,202,051 for Internet auctions.  Following Dr. Shamos' reports, Defendants obtained a summary judgment of noninfringement of the subject patent.   On the other patents, the case went to the U.S. Supreme Court, which ruled that injunctions are not automatic in patent cases.   Contact: Tim Teter, Esq., Cooley LLP.  (D,R)

10. *PowerQuest Corp. v. Quarterdeck Corp. et al.*, Case No. 2:97-CV-0783 (D. Utah 1997).  Served as an expert for plaintiff PowerQuest in an infringement case concerning U. S. Patents 5,675,769 and 5,706,472 for a method of resizing hard disk partitions.  Dr. Shamos testified at the Markman hearing.  Case settled when one of the defendants acquired plaintiff.  Attorney: Gregg I. Anderson, Esq., formerly at Merchant & Gould, now an Administrative Patent Judge at the Patent Trial and Appeal Board.  (R,T)

11. *Sightsound.Com Inc. v. N2K Inc. et al.*, C.A. 98-118 (W.D. Pa. 1998).  Served as an expert for defendants, including a subsidiary of Bertelsmann AG, concerning validity of U.S. Patents 5,191,573 and 5,966,440 for distribution of digital audio via telecommunications lines.  Case

settled.  Firm: Parcher, Hayes & Snyder, (no longer in existence).  Contact: Steven M. Hayes, Esq., Simmons Hanley Conroy, LLC, 112 Madison Ave., New York, NY 10016.  (D,R)

12. *Freemarkets, Inc. v. B2eMarkets, Inc.*, C.A. 02-162-SLR (D. Del. 2002).  Served as an expert witness for plaintiff concerning infringement of U.S. patents 6,216,114 and 6,223,167, concerning methods of conducting electronic auctions.  Case settled two weeks after expert attended a demonstration of the accused product.  Contact: D. Michael Underhill, Esq., Boies, Schiller & Flexner, LLP, Washington, DC.

13. *Lifecast.com, Inc. v. ClubCorp, Inc.*, AAA Case No. 71Y1170076301 (Dallas, TX).  Served as an expert witness for respondent in a case alleging copyright infringement of Internet websites.  Testified at arbitration.  Result: Complainant's claims denied; award for respondent on counterclaims and for attorney's fees.  Contact: Bill Whitehill, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201.  (T)

14. *IP Innovation LLC v. Thomson Learning, Inc. et al.*, Case H-02-2031 (S.D. Tex. 2002).  Served as an expert for defendant The Princeton Review, Inc. concerning alleged infringement of U.S. Patent 4,877,404 relating to online delivery of educational courses.  Summary judgment of non-infringement obtained for defendant after favorable Markman proceeding.  Contact: Peter Vogel, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201. (R)

15. *Starpay.com LLC et al. v. Visa International Service Association et al.*, Case 3-03-CV-976-L (N.D. Tex. 2003).  Served as an expert for defendant Visa concerning alleged infringement of U.S. Patent 5,903,878 relating to online authentication of credit card customers.  Dr. Shamos provided the court with a Markman tutorial in 2004 and a non-infringement and invalidity declaration in 2008.  Case settled in February 2008.  Contact: Stanley Young, Esq., Covington & Burling LLP, 333 Twin Dolphin Drive, Suite 700, Redwood Shores, CA 94065.  (D,R,T)

16. *Safeclick LLC v. Visa International Service Association et al.*, Case C-03-5865 (N.D. Cal. 2003).  Served as an expert for defendant Visa concerning alleged infringement of U.S. Patent 5,793,028 relating to online authentication of credit card customers.  Summary judgment of noninfringement granted for Visa based on expert reports, affirmed after appeal to the Federal Circuit.  Contact: Stanley Young, Esq., Covington & Burling LLP, 333 Twin Dolphin Drive, Suite 700, Redwood Shores, CA 94065.  (D,R)

17. *Wells Fargo Bank Minnesota, NA et al. v. UBS Warburg Real Estate Securities, Inc.*, Case 02-2849 (192d Judicial District, Dallas Cty., Tex, 2002) and *LaSalle Bank, NA et al. v. UBS Warburg Real Estate Securities, Inc.*, Case 02-2899-G (134th Judicial District, Dallas Cty., Tex, 2002).  Served as an expert for defendant UBS Warburg in an electronic discovery matter involving a case of first impression regarding Texas Discovery Rule 196.4 allocating costs of discovery of electronic records.  Firm: Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201.  Contact: Dawn Estes, Esq., Taber, Estes Okon Thorne & Carr PLLC, 3811 Turtle Creek Blvd., Suite 2000, Dallas, TX 75219. (D, R)

18. *American Association of People with Disabilities et al. v. Shelley et al.*, Case No. CV04-1526 FMC (PJWx) (C. D. Calif., 2004). Served as an expert for plaintiff AAPD, which has brought a claim against the California Secretary of State that requiring DRE voting machines to be equipped with audit trails violates the rights of disabled persons. Plaintiffs' application for TRO and preliminary injunction denied. Firm: Howrey LLP, (no longer in existence). Attorney John E. McDermott is now a Magistrate Judge in the Central District of California. (R)

19. *Paul Ware v. Target Corp.*, CA 4:03-CV-0243-HLM (N.D. Ga., 2003). Served as an expert for defendant Target Corp., a large retailer, in a case involving U.S. patent 4,707,592, claiming a method of conducting credit card sales. Case settled during Markman preparations. Contact: Thomas P. Burke, Esq., Ropes & Gray LLP, 1211 Ave. of the Americas, New York, NY 10036.

20. *Viad Corp., v. C. Alan Cordial et al.,* No. 03-1408 (W.D. Pa., filed 2003). Served as an expert for defendants in an action alleging misappropriation of trade secrets relating to software for automating certain aspects of the exhibit booth and trade show industries. Status: case settled immediately before trial, after plaintiff's unsuccessful Daubert challenge of Dr. Shamos. Contact: Barbara Scheib, Esq., Cohen & Grigsby, P.C., 11 Stanwix Street, Pittsburgh, PA 15222. (D,R,T)

21. *Schade et al. v. Maryland State Bd. of Elections et al.*, Case No. C0497297 (Cir. Ct. Anne Arundel Cty. Md., 2004). Served as an expert for defendants in a case challenging the decision of the Board of Elections not to decertify Diebold AccuVote system. Result: Plaintiff's motion for preliminary injunction denied, upheld on appeal. Judge Manck's opinion cites Dr. Shamos' testimony as follows: "the court finds Dr. Shamos, Defendants' expert, to be the true voice of reason and the most credible expert in this matter." The denial of preliminary injunction was upheld by the Maryland Court of Appeals, which commented extensively on Dr. Shamos' testimony in its opinion. Contact: Michael Berman, Esq., (formerly Maryland Deputy Attorney General), Rifkin, Weiner, Livingston, Levitan & Silver, LLC. (R,T)

22. *Wexler et al. v. Lepore et al.*, Case No. 04-80216 (CIV-COHN) (S.D. Fla. 2004) . Served as an expert for defendants, various Florida election supervisors against claim by U.S. Congressman Robert Wexler that use of DRE voting machines without paper audit trails violates the equal protection clause of the U.S. Constitution. Dr. Shamos testified on Oct. 19, 2004. The trial judge rendered judgment in favor of defendants on Oct. 25. Contact: Jason Vail, Esq., then Assistant Attorney General, Department of Legal Affairs, The Capitol, Tallahassee, FL, now at Allen Norton & Blue, PA. Opinion. (T)

23. *Siemens Information and Communication Networks, Inc. v. Inter-Commercial Business Systems, Inc.*, Civil Action 3-03CV2171-L (N.D. Tex. 2004). Served as an expert for defendant against claim of copyright infringement based on reverse-engineered firmware resident in telephone switching systems. Status: case settled shortly after the submission of Dr. Shamos's rebuttal report on non-infringement. Contact: Bill Whitehill, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201. (R)

24. *Soverain Software LLC v. Amazon.com, Inc.*, C.A. No. 6:04-CV-14 (E.D. Tex. 2004). Served as an expert for plaintiff regarding asserted patents 5,708,780, 5,715,314 and 5,909,492,

relating to the shopping cart paradigm of electronic commerce. Status: settled in Sept. 2005 with Amazon paying $40 million to Soverain and taking a license under the patents in suit. Contact: Ognian Shentov, Esq., Jones Day, 222 E. 41st St., New York, NY 10017. (D,R)

25. *CollegeNET, Inc. v. The Princeton Review, Inc.*, Case '051205KI (D. Ore. 2005). Served as an expert for defendant The Princeton Review, Inc. concerning alleged infringement of U.S. Patent 6,460,042 relating to online delivery of educational courses. Case settled in December 2007. Contact: Peter Vogel, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201. (R)

26. *CombineNet, Inc. v. VerticalNet. Inc.*, GD 05-018911 (Ct. Common Pleas, Allegheny Cty., PA). Served as an expert for plaintiff in an action for trade secret misappropriation relating to a system for conducting electronic auctions. Plaintiff won in arbitration. Contact: Mark Knedeisen, Esq., K&L Gates LLP, 210 Sixth Avenue, Pittsburgh, PA 15222-2613. (T)

27. *RealSource, Inc. v. Best Buy Co., Inc. et al.*, No. A04-CA-771-LY (W.D. Tex.). Served as an expert for defendant Lowe's Companies, Inc., against a claim of infringement of U.S. patent 5,732,136 relating to validation of point-of-sale debit card transactions. Provided a tutorial to the Court during Markman proceedings concerning debit card technology. Defendants won summary judgment of non-infringement, affirmed by the Federal Circuit. Defendants Lowe's settled and was not involved in the appeal. Contact: Michael S. Connor, Esq., Alston & Bird LLP, Bank of America Plaza, 101 South Tryon St, Suite 4000, Charlotte, NC 28280-4000. (R,T)

28. *DE Technologies, Inc. v. Dell, Inc. et al.*, No. 7:04-CV-00628 (W.D. Va.). Served as an expert for plaintiff DE Technologies, Inc., asserting a claim of infringement of U.S. patents 6,460,020 and 6,845,364, relating to a system for implementing international sales transactions. Case settled after and adverse summary judgment. However, the Court used Dr. Shamos' testimony in its opinion. Contact: David Marder, Esq., Robins Kaplan Miller & Ciresi LLP, 800 Boylston Street, 25th Floor, Boston, MA 02199. (D,R,T)

29. *Eaton Power Quality Corp. v. J.T. Packard & Associates*, No. 05 C 3545 (N.D. Ill. 2005). Served as expert for plaintiff in a claim of software copyright infringement involving a system for configuring industrial uninterruptible power supplies. Case settled in early 2007. Firm: Dewey & LeBoeuf. Contact: Keith P. Schoeneberger, Esq., Pasulka & Associates PC. (D,R)

30. *Taylor et al. v. Onorato et al.*, CA 06-481 (W.D. Pa 2006). Served as an expert for Commonwealth of Pennsylvania defendants in an action seeking to enjoin the use of electronic voting machines in Allegheny County, PA. Dr. Shamos testified at length in a preliminary injunction hearing held April 25-27, 2006 before Judge Lancaster. The injunction was denied on April 28. Suit was subsequently dropped by plaintiffs. Contact: Mark Aronchick, Esq., Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 18th & Cherry Streets, 27th Floor, Philadelphia, PA 19103. (T)

31. *FedEx Ground Package System, Inc. v. Applications International Corp.*, CA No. 03-1512 (W.D. Pa.). Served as an expert for defendant counterclaiming for copyright infringement and

trade secret misappropriation relating to software for maintaining occupational health and safety records. Dr. Shamos's testimony was excluded because he was unable to perform a side-by-side comparison of the original and accused works. Case has settled. Contact: Ronald Hicks, Esq., Meyer, Unkovic & Scott LLP, 1300 Oliver Bldg., Pittsburgh, PA 15222. (D,R)

32. *NetMoneyIN, Inc. v. Verisign, Inc. et al.*, Cv-01-441-TUC-RCC (D. Ariz.). Served as an expert for defendants Bank of America Merchant Services, Inc. and Wells Fargo Bank, N.A., who are accused of infringing claim 23 of U.S. patent 5,822,737, relating to an electronic payment system. Wells Fargo and Bank of America have settled. Contact: K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, Massachusetts 02111-2950. (D,R)

33. *Contois Music Technology, LLC v. Apple Computer, Inc.*, 2:05-CV-163 (D. Vermont, filed Feb. 13, 2006). Served as an expert for plaintiff in an action alleging that the Apple iTunes software infringed U.S. patent 5,864,868, relating to a method for selecting music from an electronic catalog. Case settled after a favorable Markman order. Contact: John Rabena, Esq., Sughrue Mion PLLC, 2100 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20037-3213.

34. *Banfield et al. v. Cortés*, 442 MD 2006 (PA Cmwlth. Ct.). Served as an expert for defendant Secretary of the Commonwealth of Pennsylvania in an action to compel the decertification of all electronic voting machines in Pennsylvania. In February 2008 Defendant successfully repelled an emergency motion for preliminary injunction. In August 2012, the Court denied Petitioners' motion for summary judgment, citing Dr. Shamos's expert report extensively. In October 2013, the Commonwealth Court granted summary judgment for the Secretary. The Pennsylvania Supreme Court affirmed on February 18, 2015. Contact: Steven E. Bizar, Esq., Buchanan Ingersoll & Rooney PC, Two Liberty Place, 50 S. 16th St., Philadelphia, PA 19102-2555. (D,R)

35. *Remote Inventory Systems, Inc. v. WESCO Distribution, Inc.*, AAA Case No. 55 171 00493 05 (Pittsburgh, PA). Served as an expert for respondent in a case alleging misappropriation of trade secrets in a computerized inventory system. Contact: Kirsten Rydstrom, Esq., Reed Smith LLP, 225 Fifth Ave., Pittsburgh, PA 15222. (D,R)

36. *SyncSort, Inc. v. Innovative Routines International, Inc.,* Civil Action No. 04-3623 (WHW) (D. New Jersey). Served as an expert witness for defendant in an action alleging misappropriation of trade secrets embodied in plaintiff's Unix sorting software. Dr. Shamos testified at a bench trial in January 2011. Case settled after an appeal to the Third Circuit was filed. Contact: David R. Fine, Esq., K&L Gates LLP, 17 N. Second Street, 18th Floor, Harrisburg, PA 17101-1507. (D,R,T)

37. *Digital Impact, Inc. v. Bigfoot Interactive, Inc.*, Civil Action C05 00636 (CW) (N.D. Cal.). Served as an expert witness for defendant in an action alleging infringement of U.S. Patent 6,449,634, relating to determining which file formats can be processed by an email client. Result: defendant obtained summary judgment of non-infringement, upheld by the Federal Circuit. Contact: Arthur Dresner, Esq., Duane Morris LLP, 1540 Broadway, New York, NY 10036. (D,R)

38. *Prism Technologies LLC v. Verisign, Inc. et al.*, CA 05-214-JJF (D. Del.).  Served as an expert for plaintiff in an action alleging infringement of U.S. Patent 6,516,416, relating to use of a hardware key for authentication over networks.  Defendants prevailed on summary judgment of non-infringement, which was upheld on appeal.  Firm: Robins Kaplan Miller & Ciresi LLP.  Contact: Dirk D. Thomas. Esq., McKool Smith, 1999 K Street, N.W., Suite 600, Washington, DC 20006.  (R)

39. *AdvanceMe, Inc. v. RapidPay LLC et al.*, Civil Action 6:05-cv-424 LED (E.D. Tex., Tyler Division).  Served as an expert witness for plaintiff in an action alleging infringement of U.S. Patent 6,941,281, relating to an automated payment system for dividing credit card proceeds between a merchant and another party.  Testified at a bench trial in July 2007 before Judge Davis, who held the patent infringed but invalid for obviousness.  Firm: Paul, Hastings LLP, Five Palo Alto Sq., Palo Alto, CA 94306.  Contact: Ronald S. Lemieux, Esq., Singularity LLP, 275 Shoreline Drive, Redwood Shores, CA 94065. (D,R,T)

40. *IBM Corp. v. Amazon.com, Inc.*, CA 9:06-CV-242-RHC (E.D. Tex., Lufkin Div.) and *IBM Corp. v. Amazon.com, Inc.*, CA 6:06-CV-452-LED (E.D. Tex., Marshall Div.).  Served as an expert for IBM in related actions alleging infringement of U.S. Patents 5,319,542, 5,442,771, 5,446,891, 5,796,967 and 7,072,849, all concerning methods of conducting electronic transactions, and a counterclaim for infringement of U.S. Patent 5,826,258, concerning a method for querying semistructured data.  Case settled early in discovery when the parties cross-licensed each other's patents.  Contact: Mark J. Ziegelbein, Esq., Dentons US LLP, 2000 McKinney Ave., Suite 1900, Dallas, TX 75201-1858.

41. *The MathWorks, Inc. v. COMSOL AB et al.*, CA 6:06-CV-334 (E.D. Tex., Tyler Division).  Served as an expert for plaintiff The MathWorks, providers of the mathematical software system MATLAB, in an action alleging copyright infringement and infringement of U.S. Patents 7,051,338 and 7,181,745 concerning methods for invoking object methods from external environments.  After trial, the case settled with defendant admitting infringement, paying $12,000,000 in damages and waiving appeal rights.  Contact: Krista Schwartz, Esq., Jones Day, 77 W. Wacker Dr., Chicago, IL 60601-1692.

42. *Avante Int'l. Technology Corp. v. Diebold Election Systems et al.,* Case 4:06-CV-0978 TCM (E.D. Mo., Eastern Division).  Served as an expert for defendants Sequoia Voting Systems and Premier Election Systems in an action alleging infringement of U.S. Patents 6,892,944, 7,036,730 and 7,077,313 concerning electronic voting technology.  Dr. Shamos testified at a 5-day trial in February 2009.  Result: The jury found Plaintiff's asserted claims invalid as anticipated and obvious.  Contact: Peter T. Ewald, Esq., Oliff & Berridge, PLC, 277 South Washington Street, Suite 500, Alexandria, VA 22314.  (D,R,T)

43. *Netcraft Corp. v. eBay, Inc. and PayPal, Inc.*, Case 3:07-cv:00254-bbc (W.D. Wisc. 2007).  Served as an expert for defendants in an action alleging infringement of U.S. Patents 6,351,739 and 6,976,008 concerning methods of billing for ecommerce transactions over the Internet.  Defendants were granted summary judgment of non-infringement on Dec, 10, 2007, upheld on appeal.  Firm: Irell & Manella LLP, 180 Avenue of the Stars, Los Angeles, CA

90067.  Contact: Kenneth Weatherwax, Esq., Goldberg, Lowenstein & Weatherwax LLP, 1925 Century Park East, Suite 2120, Los Angeles, CA 90067.

44. *ACLU of Ohio et al. v. Brunner et al.*, Case 1:09 CV 0145 (N.D. Ohio 2008).  Served as an expert witness in an action alleging that the use of central count optical scan voting should not be permitted in Cuyahoga County, as had been ordered by the county board of elections.  A preliminary injunction was denied in February 2008.  The case became moot and was dismissed in May 2008 when the Ohio Legislature granted by statute the relief requested by plaintiff, prohibiting the use of central count opscan in Cuyahoga County.  Contact: Meredith Bell-Platts, Esq., ACLU Voting Rights Project, 2600 Marquis One Tower, Atlanta, GA 30303.  (R)

45. *Ariba, Inc. v. Emptoris, Inc.*, Civil Action 9:07-CV-90-RHC (E.D. Tex. 2007).  Served as an expert for Ariba in an action alleging infringement of U.S. Patents 6,216,114 and 6,499,018, relating to the conduct of electronic auctions.  Dr. Shamos testified in a jury trial on infringement and validity.  Result: verdict finding all asserted claims valid and willfully infringed.  Contact: Robert Fram, Esq., Covington & Burling LLP, One Front St., San Francisco, CA 94111.  (D,R,T)

46. *EpicRealm Licensing, LP v. Autoflex Leasing Inc. et al.*, CA 5:07-CV-125 (E.D. Tex. 2005).  Served as an expert for defendant Herbalife International of America, Inc. in an action alleging infringement of U.S. patents 5,894,554 and 6,415,335, relating to a system for managing generation of dynamic Internet web pages.  All original defendants settled.  See also the Oracle case below.  Contact: Ognian Shentov, Esq., Jones Day, 222 E. 41st St., New York, NY 10017.  Also served as an expert for defendant FriendFinder in a separate trial in this action.  After a jury trial before Judge Folsom, the patents were found valid and infringed, but the jury awarded only $1.1M, the smallest amount testified to by defendant's damages expert.  Contact: Michael J. Sacksteder, Esq., Fenwick & West LLP, 555 California St., San Francisco, CA 94104.  (D,R,T)

47. *Oracle Corporation v. EpicRealm Licensing, LP,* CA 2-06-414 (D. Del. 2006), later *Oracle Corporation v. Parallel Networks, LLC.*  Served as an expert for Oracle in a declaratory judgment alleging invalidity of U.S. patents 5,894,554 and 6,415,335, relating to a system for managing generation of dynamic Internet web pages.  The patents are the same as those in the EpicRealm case, above.  Oracle obtained summary judgment of non-infringement, reversed on appeal to the Federal Circuit.  Case settled in May 2011 on the eve of trial.  Firm: Kilpatrick Townsend & Stockton, LLP, 379 Lytton Ave., Palo Alto. CA 94301.  Contact: Theodore T. Herhold, Singularity LLP, 275 Shoreline Drive, Redwood Shores, CA 94065. (D,R)

48. *Saulic v. Symantec Corporation et al.*, Case No. SA CV 07-610 AHS (C.D. Cal., Santa Ana Division, 2007).  Served as an expert for defendant Symantec in a removal action alleging violation of California Civil Code §1747.8, relating to the collection of personal identification information in connection with credit card transactions.  Case settled.  Original firm: Heller Ehrman.  Contact: Chad R. Fuller, Esq., Troutman Sanders LLP, 11682 El Camino Real, Suite 400, San Diego, CA 92121.  (R)

49. *Gusciora et al. v. McGreevey et al.* (now *Gusciora v. Christie*), Docket No. MER-L-2691-04 (N.J. Super., Mercer County). Served as an expert for defendants, including the Governor and Attorney General of New Jersey, in a case alleging that the state's AVC Advantage voting machines are unconstitutionally insecure. A bench trial was held from January-May, 2009 before Judge Linda Feinberg. The Court's opinion adopts Dr. Shamos' testimony and comments on it extensively. Affirmed on appeal in October 2013. Contact: Leslie Gore, Esq., Asst. Atty. Gen'l., 25 Market Street, P.O. Box 112, Trenton, NJ 08625. (D,R,T)

50. *R.R. Donnelley & Sons Company v. Quark, Inc. et al.*, C.A. No. 06-00032-JJF (D. Del.). Served as an expert for plaintiff R.R. Donnelley in a case alleging infringement of U.S. Patents 6,205,452, 6,327,599, 6,844,940 and 6,952,801, relating to book assembly, imposition of graphics and control of electronic presses. Case has settled. Contact: Stuart W. Yothers, Esq., Ropes & Gray LLP, 1251 Avenue of the Americas, New York, NY 10020.

51. *MOAEC, Inc. v. Pandora Media, Inc. et al.*, Case No. 07-cv-654-bbc (W.D. Wisc.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 5,969,283, 6,232,539, 6,953,886 and 7,205,471, relating to systems for organizing and retrieving digital music. Two defendants obtained summary judgment of noninfringement; the remaining defendant settled. Contact: Joshua Krumholz, Esq., Holland & Knight, LLP, 10 St. James Avenue, 11th Floor, Boston, MA 02116. (D,R)

52. *Web.com, Inc. v. The Go Daddy Group, Inc.*, Case No. CV07-01552-PHX-MHM (D. Ariz.). Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,654,804, 6,789,103, 6,842,769 and 6,868,444, relating to methods for managing configuration of web servers and provision of Internet services. Case has settled. Firm: Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304. Contact: Richard G. Frenkel, Esq., Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025.

53. *Hummel et al. v. Dynacraft BSC, Inc. et al.*, Case No. CV 052214 (Cal. Super. Marin Cty.). Served as an expert for defendants in an action alleging breach of contract for web hosting services. Dr. Shamos provided four hours of trial testimony. Result: verdict for the defense. Contact: Joe B. Harrison, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Suite 3000, Dallas, TX 75201. (T)

54. *Tegg Corp. v. Beckstrom Electric Co. et al.*, Civil Action No. 2:08-CV-00435-NBF (W.D. Pa.). Served as an expert for defendants in a case alleging infringement of copyright in computer software for administering field maintenance of electrical equipment. Case has settled. Original firm: Reed Smith LLP. Contact: Richard D. Kelley, Esq., Bean Kinney & Korman, 2300 Wilson Blvd., Suite 700, Arlington, VA 22220.

55. *Cordance Corporation v. Amazon.com, Inc.*, Civil Action No. 06-491-MPT (D. Del.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 5,862,325, 6,088,717 and 6,757,710, relating to an infrastructure for conducting online transactions. In August 2009 a jury found the '717 patent valid but not infringed and the '710 patent infringed but invalid. The finding of invalidity of the '710 patent was vacated by the Court on judgment as a matter of law. The Federal Circuit reversed and reinstated the jury's finding. Contact: Robert

M. Abrahamsen, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210.  (D,R, T)

56. *Anthurium Solutions, Inc. v. MedQuist, Inc. et al.*, Case No. 2:07-vcv-484 (DF/CE) (E.D. Tex.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 7,031,998, relating to a distributed workflow system.  Case settled ten days after responsive expert reports were served.  Contact: Joshua Krumholz, Esq., Holland & Knight, LLP, 10 St. James Avenue, 11th Floor, Boston, MA 02116.  (R)

57. *Performance Pricing, Inc. v. Google, Inc. et al.*, Case No. 2:07-cv-432(LED) (E.D. Tex.).  Served as an expert for defendant Yahoo! in a case alleging infringement of U.S. Patent 6,978,253, relating to determining prices for items sold online.  Case has settled as to defendant Yahoo!.  Contact: Michael A. Jacobs. Esq., Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105.   Also served as an expert for remaining defendants Google and AOL.   In March 2010 the Court granted defendants' motion for summary judgment of noninfringement, affirmed by the Federal Circuit.  Contact: David A. Perlson. Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, San Francisco, CA 94111.  (D,R)

58. *Nationwide Power Solutions, Inc. et al., v. Eaton Electrical Inc.*, Case No. CV-8:07-0883-JVS (C.D. Cal.).  Served as an expert for defendant/counterclaimant Eaton in a case alleging antitrust violations by Eaton arising out of proprietary servicing software in its uninterruptible power supplies.  Case has settled.  Contact: James L. Day, Esq., Latham & Watkins LLP, 505 Montgomery Street, Suite 2000 San Francisco, CA 94111.

59. *CBS Interactive, Inc. v. Etilize, Inc.*, Case No. C -6-05378 (MHP) (N.D. Cal.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 6,714,933 and 7,082,426, relating to web crawling technology to aggregate product information.  Defendant consented to an injunction against further infringement and the case settled.  Firm: Winston & Strawn, LLP, 101 California Street, San Francisco, CA 94111.  Contact: Glenn E. Westreich, Esq., Hayes and Boone, LLP, 2033 Gateway Place, San Jose, CA 95110.

60. *Geographic Services, Inc. v. Anthony Collelo*, Case 2008-9961 (Fairfax Cty., Va.). Served as an expert for plaintiff in a case alleging misappropriation of trade secrets involving determining and proofing geographic names as applied to maps and satellite imagery.  Case was dismissed by Judge Ney on technical legal grounds at the close of Plaintiff's case.  The Virginia Supreme Court reversed and remanded the case for further proceedings.  Case has settled.  Contact: Mark W. Wasserman, Esq., Reed Smith LLP, 3110 Fairview Park Drive, Suite 1400, Falls Church, VA 22042.  (D,R,T)

61. *ODS Technologies, LP v. Magna Entertainment Corp.,  et al.*, CV 07-03265 DDP (D. Del.).  Served as an expert for defendants in a case alleging infringement of U.S. Patents 5,830,068, 6,004,211, 6,089,981, 6,554,709 and 7,229,354, relating to off-track wagering systems and methods for restricting wagering based on location.  Dr. Shamos submitted a declaration in support of summary judgment.  Case settled before expert reports were

due.  Contact: Virginia DeMarchi, Esq., Fenwick & West, LLP, 801 California Street, Mountain View, CA 94041.  (R)

62. *Gannett Satellite Information Network, Inc. v. Office Media Network, Inc.*, C.A. No. 08-96-GMS (D.Del.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,288,688, 6,622,826, 6,981,576 and 7,270,219, relating to display of advertising information on screens in elevators.  Case settled shortly after Dr. Shamos's deposition.  Contact: Steven R. Trybus, Esq., Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654.  (D,R)

63. *Avante Int'l. Technology Corp. v. Premier Election Solutions et al.,* Case 4:06-CV-091367-ERW (E.D. Mo., Eastern Division).  Served as an expert for defendants Sequoia Voting Systems and Premier Election Systems in an action alleging infringement of U.S. Patents 7,422,150, and 7,431,209 concerning electronic voting technology.  Case settled in December 2009.  Contact: Peter T. Ewald, Esq., Oliff & Berridge, PLC, 277 South Washington Street, Suite 500, Alexandria, VA 22314.  (R)

64. *Accenture Global Services GmbH et al. v. Guidewire Software, Inc.*, Civ. No. 07-826-SLR (D. Del.).  Served as an expert for Accenture in a case alleging misappropriation of trade secrets and infringement of U.S. Patents 7,013,284 and 7,017,111, relating to automated insurance claim handling.  The District Court found the asserted system claims invalid under 35 U.S.C. § 101, affirmed by the Federal Circuit at 2011-1486.  Case settled in Oct. 2011. Original firm: Morrison & Foerster, LLP.  Contact: L. Scott Oliver, Esq., K&L Gates LLP, 630 Hansen Way, Palo Alto, CA 94304.  (D,R)

65. *Alexsam, Inc. v. Evolution Benefits, Inc. et al.,* Case No. 2:07cv288-TJW (E.D. Tex.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 6,000,608, relating to multifunction epayment cards.  Case settled four weeks after Dr. Shamos's deposition.  Original firm: Wolf, Greenfield & Sacks, P.C.  Contact: James Foster, Esq., Hayes Messina Gilman Hayes LLC, 200 State St., 6th Floor, Boson, MA 02109.  (D,R)

66. *Motivation Innovations, LLC v. DSW Inc. et al.*, C.A. No. 08-334-SLR (D. Del.).  Served as an expert for defendant DSW, Inc. in a case alleging infringement of U.S. Patent 5,612,527, relating to a system for redeeming discount offers at point of sale.  Case has settled.  Contact: Drew Blatt, Ph.D., Esq., Wood, Heron & Evans LLP, 2700 Carew Tower 441 Vine Street Cincinnati, Ohio 45202.

67. *Discovery Communications, Inc. v. Amazon.com, Inc.*, C.A. No. 09-178-ER (D. Del.).  Served as an expert for plaintiff Discovery Communications in a case alleging infringement of plaintiff's U.S. Patents 5,986,690, 6,557,173, 7,298,851, 7,299,501, 7,336,788 and 7,401,286, relating to electronic book viewers and electronic book selection and delivery systems, and defendant-counterclaimant's U.S. Patents 6,029,141 and 7,337,133, relating to Internet-based customer referral systems.  Case has settled.  Contact: Brent P. Lorimer, Esq., Workman | Nydegger, 1000 Eagle Gate Tower, 60 East South Temple Salt Lake City, UT 84111.

68. *Amazon.com v. Discovery Communications, Inc.,* No. 2:09-cv-0681-RSL (W.D. Wash.).  Served as an expert for defendant Discovery Communications in a case alleging

infringement of U.S. Patents 6,006,225 and 6,169,986, relating to refinement of online search queries, and U.S. Patents 6,266,649 and 6,317,722., relating to generation of online recommendations.  Case has settled.  Contact: Brent P. Lorimer, Esq., Workman | Nydegger, 1000 Eagle Gate Tower, 60 East South Temple Salt Lake City, UT 84111.

69. *IMX, Inc. v. E-Loan, Inc. and Banco Popular North America, Inc.*, No. 09-cv-20965 (S.D. Fla.).  Served as an expert for defendants in a case alleging infringement of U.S. Patent 5,995,947, relating to an interactive loan processing and mortgage trading system.  Case was stayed pending reexamination.  On appeal after reexamination, all but four of the asserted claims were cancelled.  In CBM2015-00012, all asserted claims were found unpatentable under §101.  Case has settled.  Contact: Samuel A. Lewis, Esq., Feldman Gale, PA, One Biscayne Tower, 30th Floor, 2 South Biscayne Blvd., Miami, FL 33131.  (D,R)

70. *Soverain Software LLC v. CDW Corp. et al.*, C.A. No. 6:07-CV-511 (E.D. Tex.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 5,715,314, 5,909,492, and 7,272,639, relating to methods of conducting electronic commerce.  All defendants settled except Newegg, Inc.  Dr. Shamos testified on validity at a jury trial in April 2010.  Result: all claims valid; the '314 and '492 claims infringed, with a running royalty assessed against Newegg.  After trial, the Court found the '639 patent infringed as a matter of law.  In January 2013 the Federal Circuit found the asserted claims obvious as a matter of law, The Supreme Court declined review.  Contact: Ognian Shentov, Esq., Jones Day, 222 E. 41st St., New York, NY 10017.  (D,R,T)

71. *Netcraft Corp. v. AT&T Mobility LLC et al.*, C.A. No. 07-651-GMS (D. Del.).  Served as an expert for defendants in a case alleging infringement of U.S. Patents 5,794,221, 6,351,738 and 6,411,940, relating to electronic commerce billing methods.  Case settled two months after Dr. Shamos's deposition.  Contact: H. Jonathan Redway, Esq., Dickinson Wright PLLC, 1875 Eye St., Washington, DC 20006.  (D,R)

72. *ValueClick, Inc. v. Tacoda, Inc., AOL, LLC and Platform-A, Inc.*, Case No. 2:08-cv-04619 DSF (JCx) (C.D. Cal.).  Served as an expert for defendants in a case alleging infringement of U.S. Patents 5,848,396 and 5,991,735, relating to software and methods for creating psychographic profiles of network users.  Case settled in May 2010.  Original firm: Orrick, Herrington & Sutliffe, LLP.  Contact: Paul R. Gupta, Esq., DLA Piper, 1251 Avenue of the Americas, New York, NY 10020.

73. *SP Technologies, Inc. v. Garmin Limited et al.*, Civil Action No. 08-CV-3248 (N.D. Ill.).  Served as an expert for defendant TomTom, Inc. in a case alleging infringement of U.S. Patent 6,784,873, relating to graphical keyboards on touchscreens.   Defendants prevailed on summary judgment of invalidity.  Contact: Brian Pandya, Esq., Wiley Rein LLP, 1776 K Street NW, Washington DC 20006.  (D,R)

74. *ePlus, Inc. v. Lawson Software, Inc.,* Civil Action No. 3:09-cv-620 (E.D. Va.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,023,683, 6,055,516 and 6,505,172, relating to electronic procurement systems.  Dr. Shamos testified at a jury trial in Richmond in January 2011.  Result: No infringement as to most accused configurations;

infringement as to others.  Past damages were precluded by the Court.  On appeal. the Federal Circuit found the system claims invalid as indefinite.  Contact: Daniel McDonald, Esq., Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402. (D,R,T)

75. *Bed Bath & Beyond, Inc. v. Sears Brands*, LLC, Civil Action 08 CV 5839-SDW-MCA (D. N.J.).  Served as an expert for plaintiff in a declaratory judgment action regarding alleged infringement of U.S. Patent 5,970,474, relating to retail gift registry systems.  Case has settled.  Contact: William Mentlik, Esq., Lerner David Littenberg, Krumholz & Mentlik LLP, 600 South Avenue West, Westfield, NJ 07090. (D,R)

76. *Transauction, LLC v. eBay, Inc.*, Case No. 3:09-cv-3705-SJ (N.D. Cal.).  Served as an expert for defendant in a case alleging infringement of U.S. Patent 7,343,339, relating to guarantees in online auctions.  Case settled after expert reports were submitted.  Firm: Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067.  Contact: Peter E. Gratzinger, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071.  (R)

77. *SDG Corporation v. Patrizzi & Co. Auctioneers SA et al.*, ICDR Case No. 50 117 T 00313 09 (Int'l. Centre for Dispute Resolution).  Served as an expert for claimant in an arbitration alleging breach of contract to produce software for operating online auctions.  Dr. Shamos testified at arbitration in October 2010.  Award for SDG on all claims and denial of all of Patrizzi's counterclaims.  Contact: Bruce Fox, Esq., Obermayer Rebmann Maxwell & Hippel LLP, One Mellon Center, Suite 5240, Pittsburgh, PA 15219. (D,R,T)

78. *Walker Digital, LLC v. Capital One Services, LLC et al.*, Civil Action 1:10cv212 (JFA) (E.D. Va.).  Served as an expert for defendants in a case alleging infringement of U.S. Patents 5,970,478 and 6,374,230, relating to customizing and pricing credit card accounts.  Defendants prevailed on summary judgment of non-infringement supported by a declaration from Dr. Shamos.  Affirmed by the Federal Circuit on July 28, 2011.  Contact: Charles S. Barquist, Esq., Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA 90013.  (R)

79. *Voter Verified, Inc. v. Premier Election Solutions, Inc. et al.*, Case No. 6:09-cv-1968-19KRS (M.D. Fla.).  Served as an expert for defendants, manufacturers of voting equipment, in a case alleging infringement of U.S. Patents 6,769,613 and RE40,449, relating to paper trail verification of ballots.  The Court denied a Daubert motion to exclude testimony by Dr. Shamos.  Summary judgment of non-infringement granted July 28, 2011, affirmed by the Federal Circuit on November 5, 2012.  All claims of the '449 patent were found non-statutory by the Federal Circuit in 2018. Contact: Robert M. Evans, Jr., Esq., Stinson LLP, 7700 Forsyth Blvd. Suite 1100, St. Louis, MO 63105.  (R)

80. *Elder et al. v. National Conference of Bar Examiners*, No. C 11-00199 SI (N.D. Cal.).  Served as an expert for disabled plaintiffs in a case seeking an injunction to permit them to take the bar examination in electronic format.  Preliminary injunction granted Feb. 16, 2011.  Plaintiff took the bar exam, passed and was awarded $224,000 in attorney's fees.  Contact: Daniel F.

Goldstein, Esq., Brown, Goldstein & Levy, LLP, 120 E. Baltimore St., Suite 1700, Baltimore, MD 21202. (R)

81. *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, Civil Action 2-07-CV-271 TJW/CE (E.D. Tex.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 6, 384,850, 6,871,325 and 6,982,733, relating to synchronous updating of restaurant menus on wireless devices. After trial, the jury found the patents not infringed. Case settled while an appeal to the Federal Circuit was pending. Contact: John W. Osborne, Esq., Osborne Law LLC, 33 Habitat Lane, Cortlandt Manor, NY 10567. (D,R,T)

82. *BuyFigure.com, Inc. v. Autotrader.com et al.*, Case No. 06391 (Ct. of Common Pleas of Philadelphia County, PA, 2010). Served as an expert for defendants in a case alleging misappropriation of trade secrets concerning a method of selling automobiles over the Internet. Summary judgment was granted in Defendants' favor in August 2012. Contact: Howard D. Scher, Esq., Buchanan Ingersoll & Rooney, P.C., Two Liberty Place, 50 S. 16th Street, Philadelphia, PA 19102. (R)

83. *Soverain Software LLC v. J.C. Penney Corp., Inc. et al.*, C.A. No. 6:09-CV-274 (E.D. Tex.). Served as an expert for plaintiff on validity issues in a case alleging infringement of U.S. Patents 5,715,314, 5,909,492, and 7,272,639, relating to methods of conducting electronic commerce. The '639 patent was dropped before trial and all defendants settled except Avon Products and Victoria's Secret. After trial, the jury found all claims valid and infringed, and awarded damages of $9.2 million against Victoria's Secret and $8.7 million against Avon. Contact: Robert B. Wilson, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010. (D,R,T)

84. *AOL, LLC, et al. v. Yahoo! Inc. et al.*, No. 09 Civ. 3774 (WHP) (S.D.N.Y.). Served as an expert for declaratory judgment plaintiff AOL in a case alleging infringement of U.S. Patents 6,078,866, 6,269,361, 6,546,386, 6,907,566, 7,043,483, 7,107,264, 7,373,599, and 7,702,541, relating to online advertising placement and targeted e-commerce. Case settled in Feb. 2011. Original firm: Orrick, Herrington & Sutliffe LLP. Contact: William B. Tabler II, Esq., Flextronics, 6201 America Center Drive, San Jose, CA 95002.

85. *Accenture Global Services GmbH et al. v. Guidewire Software, Inc.*, Civ. No. 09-848-SLR (D. Del.). Served as an expert for Accenture in a case alleging infringement of U.S. Patent 7,617,240, relating to automated insurance claim handling. Case settled in Oct. 2011. Original firm: Morrison & Foerster, LLP. Contact: L. Scott Oliver, Esq., K&L Gates LLP, 630 Hansen Way, Palo Alto, CA 94304. (D,R)

86. *Amdocs (Israel) Limited v. Openet Telecom, Inc. et al.*, Case 1:10-cv-00910-LMB-TRJ (D. Del.). Served as an expert for Defendant Openet in a case alleging infringement of U.S. Patents 6,836,797 and 7,631,065, relating to aggregated billing for network services. Summary judgment of non-infringement granted in favor of Defendants in Sept. 2012. The Court's opinion cites Dr. Shamos' testimony. Judgment reversed on appeal in 2014, but on remand, all claims were invalidated as claiming non-statutory subject matter. After a second appeal, the

§101 ruling was reversed. Case settled during trial in 2018. Contact: Kevin Anderson, Esq., Duane Morris LLP, 505 9th Street, N.W., Suite 1000, Washington, DC 20004-2166 (D,R)

87. *Cross-Atlantic Capital Partners, Inc. v. Facebook, Inc. et al.*, Case 07-CV-2768 JP (E.D. Pa.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 6,519,629, relating to establishment of online communities. Asserted claims were cancelled upon reexamination. Case has been dismissed. Original firm: McShea/Tecce PC. Contact: Frederick Tecce, Esq., Panitch Schwarze Belisario & Nadel LLP, One Commerce Square, 2005 Market Street, Suite 2200, Philadelphia, PA 19103. (R)

88. *Chavez et al. v. Bennett et al.*, CV 2006-007000 (Ariz. Super., Maricopa Cty.). Served as an expert for defendant Secretary of State of Arizona and county defendants in a case alleging that the electronic voting systems used in Arizona violated the rights of voters. Case was voluntarily dismissed by plaintiffs in May 2011. Contact: Laurence G. Tinsley, Jr., Esq, Senior General Counsel, Maricopa County Office of General Litigation Services, 301 W. Jefferson St., Phoenix, AZ 85003.

89. *Bonnette v. District of Columbia Court of Appeals and National Conference of Bar Examiners*, No. 11-cv-01053-CKK (D. D.C.). Served as an expert for a disabled plaintiff in a case seeking a preliminary injunction permitting her to take the bar examination in electronic format. Injunction granted. Case subsequently settled with Plaintiff receiving $141,000 in attorneys' fees and costs. Contact: Daniel F. Goldstein, Esq., Brown, Goldstein & Levy, LLP, 120 E. Baltimore St., Suite 1700, Baltimore, MD 21202.

90. *Jones v. National Conference of Bar Examiners et al.*, No. 5:11-cv-00174-cr (D. Vermont). Served as an expert for a disabled plaintiff in a case seeking an injunction permitting to take the bar examination using assistive technology. The preliminary injunction was granted. Plaintiff was awarded $275,000 in attorneys' fees and costs. Contact: Daniel F. Goldstein, Esq., Brown, Goldstein & Levy, LLP, 120 E. Baltimore St., Suite 1700, Baltimore, MD 21202. (R)

91. *AlmondNet, Inc. v. Microsoft Corporation*, Case 10-CV-298 (W.D. Wisc.). Served as an expert for plaintiff and counterclaim defendant AlmondNet in a case alleging infringement of U.S. Patents 6,973,436, 7,072,853, 7,454,364 and 7,822,637 by Microsoft, relating to bidding for Internet ad placement, and infringement of U.S. Patent 6,632,248 by AlmondNet, relating to customization of network documents via a unique user identifier. Microsoft obtained summary judgment of non-infringement. Contact: Meredith Zinanni, Esq., Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60604.

92. *Kelora Systems, LLC. v. Target Corporation et al.*, Case 10-CV-683 (W.D. Wisc.). Served as an expert for defendant Mason Companies, Inc. in a case alleging infringement of U.S. Patent 6,275,821, relating to guided parametric searching in online catalogs. Case settled as to this defendant in July 2011. The Court granted summary judgment of invalidity and non-infringement as to the other defendants, affirmed by the Federal Circuit. Contact: Shane A. Brunner, Esq., Merchant & Gould, 10 East Doty St., Suite 600, Madison, WI 53703.

93. *TNS Media Research, LLC et al. v. TRA Global, Inc.*, Case 1:2011-CV-4039 (SAS) (S.D. N.Y.). Served as an expert for declaratory judgment plaintiffs in case alleging infringement of U.S. Patent 7,729,940, relating to anonymous matching of program viewing data from television set-top boxes with purchase data from other sources. Patentee's motion for preliminary injunction was denied on Sept. 23, 2011. Plaintiffs' motion for summary judgment of non-infringement was granted on October 3, 2013. Reversed and remanded by the Federal Circuit. Contact: Michael Albert, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210. (R)

94. *Accenture Global Services GmbH et al. v. Guidewire Software, Inc.*, Case 3:11-03563-JSW (N.D. Cal.); *Guidewire Software, Inc. v. Accenture PLC et al.*, Case 4:11-cv-04686-LB (N.D. Cal.). Served as an expert for Accenture in related cases alleging infringement by Guidewire of U.S. Patents 6,574,636, 7,409,355 and 7,979,382, relating to systems for insurance claim handling and alleging infringement by Accenture of U.S. Patents 5,630,069, 5,734,837, 6,058,413 and 6,073,109, relating to workflow management systems. Cases settled in Oct. 2011. Contact: Colleen Garlington, Esq., Kirkland & Ellis LLP, 300 N. LaSalle St., Chicago, IL 60604.

95. *XPRT Ventures, LLC v. eBay, Inc. et al.*, C.A. 1:2010-cv-595 (SLR) (D. Del.). Served as an expert for Defendants eBay and PayPal in a case alleging infringement of U.S. Patents 7,483,856, 7,512,563, 7,567,937, 7,599,881, 7,610,244, 7,627,528, relating to methods of paying for items purchased through electronic auctions. Case has settled. Contact: Adrian Percer, Esq., Weil, Gotshal & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065. (D,R)

96. *Rich Media Club, LLC et al. v. Nikolai Mentchoukov et al.*, Civil No. 2:11-cv-01202-SA (D. Utah). Served as an expert for Plaintiffs in a case alleging breach of an employment contract, unfair competition concerning systems for placing advertisements on web pages and infringement of U.S. Patent 7,313,590, relating to communication between client and server computers without requiring a browser. Contact: Jared Richards, Esq., Bennett Tueller Johnson & Deere, LLC, 3165 East Millrock Drive, Suite 500, Salt Lake City, Utah  84121. (R)

97. *Franklin Inventions LLC v. Election Systems & Software, Inc.*, Case No: 2:09-cv-377 (E.D. Tex.). Served as an expert for Defendants in a case alleging infringement of U.S. Patents 6,968,999, 7,243,846 and 7,575,164, relating to voter-verifiable voting systems. Case settled after a declaration concerning invalidity was submitted by Dr. Shamos. Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101. (R)

98. *Illinois Computer Research, LLC v. HarperCollins Publishers, LLC, et al.*, Case No.: 10-cv-9124 (S.D.N.Y). Served as an expert for Defendants in a case alleging infringement of U.S. Patent 7,111,252, relating to limiting access to electronic books. Case settled after Markman. Contact: Brian S. Rosenbloom. Esq., Rothwell, Figg, Ernst & Manbeck, P.C., 607 14th Street, N.W., Suite 800, Washington, DC 20005. (R)

99. *Realtime Data, LLC d/b/a IXO v. Morgan Stanley et al.,* Case No.: 11 Civ. 6696 (RJH), *Realtime Data, LLC d/b/a IXO v. CME Group Inc. et al.,* Case No.: 11 Civ. 6701 (RJH), *Realtime Data, LLC d/b/a IXO v. Thompson Reuters, et al.,* Case No.: 1:2011-cv-06704 (RJH) (S.D.N.Y).  Served as an expert for Plaintiff in three consolidated cases alleging infringement of U.S. Patents 7,417,568, 7,714,747, and 7,777,651, relating to compression and decompression of financial data streams.  Summary judgment granted for defendants, upheld by the Federal Circuit.  Contact: Dirk D. Thomas. Esq., McKool Smith, 1999 K Street, N.W., Suite 600, Washington, DC 20006. (D,R,T)

100. *Mulhern Belting, Inc. v. Tele-Data Solutions, Inc.*, Civil Action L-2258-10 (Sup. Ct. Bergen Cty. NJ).  Served as an expert for defendant Vertical Communications, Inc. in a case alleging breach of contract and fraud in connection with the installation of an integrated voice-over-IP (VoIP) telecommunications system.   Case has settled.  Contact: John J. Abromitis, Esq., Courter, Kobert & Cohen P.C., 1001 Route 517, Hackettstown, NJ 07840.  (R)

101. *Decision Support, LLC v. Election Systems & Software, Inc.*, Case No: 3:10cv90 (W.D. N.C.).  Served as an expert for Defendants in a case alleging infringement of U.S. Patent 7,497,377, relating to electronic voter registration and pollbook systems.  Case has settled. Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101.  (R)

102. *Rovi Corporation et al. v. Amazon.com, Inc. et al.*, Case No. 11-cv-00003-RGA (D. Del.).  Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patents 5,988,078, 6,275,268, 6,769,128, 7,493,643 and 7,603,690, relating to customized on-screen television guides. The parties stipulated to entry of judgment of noninfringement.  Contact: Ragesh L. Tangri, Esq., Durie Tangri LLP, 217 Leidesdorff Street, San Francisco, CA 94111.

103. *Certain Products Containing Interactive Program Guide and Parental Control Technology*, USITC Inv. No. 337-TA-820.  Served as an expert for Complainants Rovi Corporation et al. and against Vizio, Inc. et al. in an International Trade Commission proceeding involving alleged infringement of U.S. Patents 6,701,523, 7,047,547, 7,493,643 and RE41,993, relating to v-chips and electronic TV program guides.  Case has settled.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.  (R)

104. *Rovi Corporation et al. v. Roku, Inc.*, Case No. 12-cv-2185 EJD (N.D. Cal.). Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patent 6,898,762, relating to a client/server electronic television program guide.  Voluntarily dismissed by plaintiff without prejudice.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.

105. *Rovi Corporation et al. v. LG Electronics, Inc. et al.*, Case No. 12-cv-00545-SLR (D. Del.).  Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patents 6,898,762, 7,065,709, 7,225,455, 7,493,643 and 8,112,776, relating to electronic television program guides.  Case has settled.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.

106. *Rovi Corporation et al. v. Vizio, Inc.*, Case No. 12-cv-00546-SLR (D. Del.). Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patents 6,898,762, 7,065,709, 7,103,906 and 8,112,776, relating to electronic television program guides. Case has settled.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.

107. *Rovi Corporation et al. v. Mitsubishi Electric Corp. et al.*, Case No. 12-cv-00547-SLR (D. Del.). Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patents 6,701,523, 7,225,455 and 7,493,643, relating to electronic television program guides. Case has settled. Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.

108. *Netflix, Inc. v. Rovi Corporation et al.*, Case No. 11-cv-06591-PJH (N.D. Cal.). Served as an expert for Defendants in a declaratory judgment case seeking a declaration of non-infringement of U.S. Patents 6,305,016, 6,898,762, 7,100,185, 7,103,906 and 7,945,929, relating to electronic television program guides.  Summary judgment was granted declaring all asserted claims invalid under 35 U.S.C. §101, affirmed by the Federal Circuit. Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304. (R)

109. *Certain Products Containing Interactive Program Guide and Parental Control Technology*, USITC Inv. No. 337-TA-845.  Served as an expert for Complainants Rovi Corporation et al. and against Netflix, Inc. et al. in an International Trade Commission proceeding involving alleged infringement of U.S. Patents 6,701,523, 6,898,762, 7,065,709, 7,103,906, 7,225,455, 7,493,643 and 8,112,776, relating to v-chips and electronic TV program guides.  On Initial Determination, all claims Dr. Shamos testified about were found valid.  The import requirement was found not satisfied and no infringement was found.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.  (D,R,T)

110. *Yardi Systems, Inc. v. Realpage, Inc. et al.*, Case No. 2:11-cv-0090-ODW-JEM (C.D. Cal.).  Served as an expert for Defendants in an action alleging misappropriation of trade secrets, unfair competition, violation of the Computer Fraud and Abuse Act, the Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code §502) and the Digital Millennium Copyright Act, arising out of provision of cloud-based property management systems.  Case has settled. Contact: Susan van Keulen, Esq., O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA 94025.

111. *Long Range Systems, LLC v. HME Wireless, Inc.*, Civil Action 3:12-cv-03659-P (N.D. Tex.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 6,712,278, relating to a wireless system for locating a customer's table in a restaurant.  Case was dismissed by plaintiff.  Contact: David Cabello, Esq., Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP, 20333 SH 249, Suite 600, Houston, Texas 77070.  (R)

112. *EdiSync Systems, LLC v. Centra Software, Inc. et al.*, Civil Action 03-cv-01587-WYD-MEH (D. Colo.).  Served as an expert for Defendant Saba Software Inc. in a case alleging infringement of U.S. Patent 5,799,320, relating to multi-author document editing systems.  Case has

settled.  Contact: Robert M. Abrahamsen, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210. (D,R)

113. *TecSec, Inc. v. IBM et al.*, Case No. 1:10-cv-115-LMB/TCB (E.D. Va.).  Served as an expert for Defendant SAS Institute, Inc. in a case alleging infringement of U.S. Patents 5,369,702, 5,680,452, 5,717,755 and 5,898,781, relating to the Distributed Cryptographic Object Method, allowing embedding of encrypted objects within other objects.  The Court entered judgment of non-infringement after Markman.   Affirmed by the Federal Circuit at 2011-1303.  Contact: Thomas R. Goots, Esq., Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

114. *Integrated Technological Systems, Inc. v. Green Dot Corporation*, Civ. Action No. 2:11-cv-01626-GMN-(GWF) (D. Nev.).  Served as an expert for Defendant in a case alleging infringement of U.S. Patent 7,912,786, relating to an electronic payment system for transferring money between debit card accounts.  Case has settled.  Contact: Benjamin J. Sodey, Esq., Bryan Cave LLP, One Metropolitan Square (211 North Broadway), Suite 3600, St. Louis, MO 63102-2750.

115. *Hausen et al. v. PS Illinois Trust*, Case No. 11-cv-06888 (N.D. Ill.).  Served as an expert for Plaintiff in a case concerning the reasonableness of credit card and email notification practices employed by a public storage facility prior to selling customers' stored goods.  Case has settled.  Contact: Jeffrey S. Becker, Esq., Swanson, Martin & Bell, LLP, 330 N. Wabash, Suite 3300, Chicago, IL 60611. (D,R)

116. *Linksmart Wireless Technology, LLC v. T-Mobile, USA, Inc. et al.*, Case 2:08-cv-264-DF-CE (E.D. Texas).  Served as an expert for Defendant Choice Hotels International, Inc. in a case alleging infringement of U.S. Patent 6,779,118, relating to rule-based redirection of Internet service requests based on a user ID.  Case has settled.  Contact: Gregory R. Lyons, Esq., Wiley Rein LLP, 1776 K Street NW, Washington DC 20006.

117. *SAP America, Inc. v. Purple Leaf, LLC et al.*, Case No. 4:11-cv-04601-PJH (N.D. Cal.).  Served as an expert for declaratory judgment plaintiff SAP in a case alleging infringement of U.S. Patents 7,603,311 and 8,027,913, relating to methods for conducting payment transactions over the Internet.  Case has settled.  Original firm: Simpson Thatcher & Bartlett LLP.  Contact: Brian McCloskey, Esq., Greenberg Traurig, LLP, MetLife Building, 200 Park Ave., New York, NY 10166.

118. *Ameranth, Inc. v. PAR Technology Corp., et al.*, Civil Action 2-10-CV-294 JRG-RSP (E.D. Tex.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 6,384,850 and 6,871,325, relating to synchronous updating of hospitality applications and data on wireless devices.  Case settled after expert reports were served.  Contact: John W. Osborne, Esq., Osborne Law LLC, 33 Habitat Lane, Cortlandt Manor, NY 10567.  (R)

119. *Digital-Vending Services International, LLC, v. The University of Phoenix, Inc. et al.*, Civil Action 2:09-cv-555-AWA-TEM (E.D. Va.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 6,170,014, 6,282,573 and 6,606,664, relating to content delivery

methods particularly applicable to online courseware.  Summary judgment of non-infringement granted October 4, 2013.  Contact: Andrew G. DiNovo, Esq., DiNovo Price Ellwanger & Hardy LLP, 7000 N. MoPac Expressway, Suite 350, Austin, TX 78731. (D,R)

120. *Analytical Mechanics Associates, Inc. v. Rhythm Engineering, LLC et al.*, Case No. 4:12-cv-00008 (E.D. Va.).  Served as an expert for defendants in a case alleging breach of a contract relating to development of an image processing system to detect vehicles at intersections and control traffic signals.  Case was resolved by binding arbitration.  Contact: John K. Power, Esq., Husch Blackwell LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112.  (D,R,T)

121. *Protegrity Corporation v. Voltage Security, Inc.*, Case No. 3:10-CV-755 (RNC) (D. Conn.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,321,201, 6,963,980 and 7,325,129, relating to methods of encrypting databases.  Case settled during trial.  Contact: Edward G. Poplawski, Esq., Wilson Sonsini Goodrich & Rosati Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-1050. (D,R,T)

122. *Progressive Casualty Insurance Company v. Allstate Insurance Company et al.,* Case No. 1:11-cv-00082-BYP (N.D.Ohio).  Served as an expert for defendant Allstate in a case alleging infringement of U.S. Patent 6,064,970, relating to determining the cost of automobile insurance by monitoring the location and activity of a vehicle, and U.S. Patent 7,124,088, relating to online modification and quoting of insurance policies.  Case has settled as to Allstate.  Contact: James Medek, Esq., Kirkland & Ellis LLP, 300 North LaSalle Chicago, IL 60654.

123. *Symantec Corporation v. Acronis, Inc. et al.*, Case No. 3:11-cv-05310 EMC (N.D. Cal.).  Served as an expert for plaintiff and infringement counterclaim defendant Symantec in a case alleging infringement of U.S. Patents 6,615,365, 7,047,380, 7,246,211 and 7,266,655, relating to online disk backup, imaging and recovery systems, U.S. Patent 7,093,086, relating to backup of virtual machines, U.S. Patent 7,322,010, relating to graphic views of computer configurations and U.S. Patent 7,565,517, relating to retargeting hardware configuration images to new hardware.  Case has settled.  Contact: Jennifer Kash, Esq., Quinn Emanuel Urquhart & Sullivan LLP, 50 California Street, 22nd Floor, San Francisco, California 94111. (D,R)

124. *Secure Axcess, LLC v. Bank of America Corp. et al.*, Civil Action No. 6:10-cv-670-LED (E.D. Tex.).  Served as an expert for defendants Zions First National Bank and Amegy Bank N.A. in a case alleging infringement of U.S. Patent 7,631,191, relating to authenticating web pages.  Case has settled as to those defendants.  Contact: Brian Pandya, Esq., Wiley Rein LLP, 1776 K Street NW, Washington DC 20006.

125. *The MoneySuite Company v. Insurance Answer Center, LLC et al.,* Case No. SACV 11-1847-AG (C.D. Cal.).  Served as an expert for defendants, including The Allstate Corporation, in a case alleging infringement of U.S. Patent 6,684,189, relating to online quoting of insurance policy rates.  Case has settled.  Contact: Garret A. Leach, Esq., Kirkland & Ellis LLP, 300 N. LaSalle, Chicago. IL 60654. (D,R)

126. *e-LYNXX Corporation v. Innerworkings, Inc. et al.*, CA 1:10-cv-02535-CCC (M.D. Pa.).  Served as an expert for defendants, including R.R. Donnelley & Sons Company, in a case

alleging infringement of U.S. Patents 7,451,106 and 7,788,143, relating to electronic procurement of customized goods and services. The Court granted summary judgment of non-infringement in July 2013. Contact: James R. Nuttall, Esq., Steptoe & Johnson, LLP, 115 South LaSalle Street, Suite 3100, Chicago, IL 60603.  (R)

127. *Vasudevan Software, Inc. v. Microstrategy, Inc.*, Case No. 3:11-cv-06637-RS-PSG (N.D. Cal.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,877,006, 7,167,864, 7,720,861 and 8,082,268, relating to methods of online analytical processing (OLAP).  The patents were found invalid on summary judgment. On appeal, the Federal Circuit upheld the Court's claim constructions and judgment of non-infringement.  Declaratory judgment counterclaims voluntarily dismissed. Contact: Kevin A. Smith, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, San Francisco, CA 94111.  (R)

128. *Digonex Technologies, Inc. v. Qcue, Inc.*, Case No. 1:12-cv-00801-SS (W.D. Texas).  Served as an expert for plaintiff in a case alleging infringement of U.S Patents 8,095,424 and 8,112,303, relating to computerized methods for dynamic pricing.  In a Markman order, the Court found the claims indefinite.  Contact: David D. Schumann, Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104. (D,R,T)

129. *Peter Mayer Publishers, Inc. v. Daria Shilovskaya et al.*, Case No. 12-CV-8867-PG (S.D. N.Y.).  Served as an expert for declaratory judgment defendants in a case of first impression to determine whether a reliance party under 17 U.S.C. §104A(d)(3)(B) may issue an ebook version of a work to which copyright has been restored.  The Court ruled that ebooks are not transformative and hence not derivative works.  Contact: Timothy O'Donnell, Esq., 40 Exchange Place, 19th Fl., New York, NY 10005.  (R)

130. *SIPCO, LLC v. Control4 Corporation et al.*, CA 1:11-cv-00612-JEC (N.D. Georgia).  Served as an expert for defendants Schneider Electric Buildings Americas, Inc. and Schneider Electric USA, Inc. in a case alleging infringement of U.S. Patents 7,103,511, 7,468,661 and 7,697,492, relating to systems for monitoring remote sensors and controlling remote devices.  Case has settled.  Contact: Benjamin Bradford, Esq., Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654-3456.

131. *Unified Messaging Solutions LLC v. Google, Inc. et al.*, Case 1:12-cv-06286 (N.D. Ill.).  Served as an expert for defendant eBay, Inc. in a case alleging infringement of U.S. Patents 6,857,074, 7,836,141, 7,895,306, 7,895,313, and 7,934,148, relating to message storage and delivery systems.  Case has settled as to defendant eBay, Inc.  Contact: Yar R. Chaikovsky, Esq., McDermott Will & Emery LLP, 275 Middlefield Road, Suite 100, Menlo Park, CA 94025.

132. *Credit Card Fraud Control Corporation v. PayPal, Inc.*, Case No. 9:12-CV-81143 (S.D. Fla.).  Served as an expert for defendant PayPal in a case alleging infringement of U.S. Patent 8,229,844, relating to reduction of fraud in online transactions.  Plaintiff dismissed the case with prejudice based on prior art located by PayPal.  Contact: Adrian Percer, Esq., Weil, Gotshal & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065.

133. *Comscore, Inc. v. Integral Ad Science, Inc.*, Civil Action 2:12-cv-00351-HCM-DEM (E.D. Va.). Served as an expert for defendant Integral in a case alleging infringement of U.S. Patents 6,108,637, 6,115,680, 6,327,619, 6,418,470, 7,386,473, 7,613,635, 7,716,326 and 7,756,974, relating to determining whether a portion of a displayed page is visible to a user. Case has settled as to defendant Integral. Contact: Robert M. Abrahamsen, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210.

134. *Ariba, Inc. v. Coupa Software, Inc.*, Case No. 3:12-cv-01484 JST (N.D. Cal.). Served as an expert for plaintiff Ariba in a case alleging infringement of U.S. Patent 7,117,165, relating to electronic methods for approving requisitions and generating purchase orders. Case has settled. Contact: Amy Van Zant, Esq., Covington & Burling LLP, 333 Twin Dolphin Drive, Redwood Shores, CA 94605-1418. (D,R)

135. *Lowe v. National Board for Respiratory Care, Inc. et al.*, Docket 1:12-cv-00345-DBH (D. Maine). Served as an expert for disabled plaintiff in a case seeking an injunction permitting to take a professional qualification examination using assistive computer technology. Case settled shortly after Dr. Shamos's declaration in support of preliminary injunction was filed. Contact: Kristin Aiello, Esq., Managing Attorney, Disability Rights Center, 24 Stone St., Augusta, ME 04338. (R)

136. *Checkfree Corporation et al. v. Metavante Corporation et al.*, Case No. 3:12-cv-15-J-34JBT (M.D. Fla.) Served as an expert for defendant Metavante in a case alleging infringement of U.S. Patents 7,383,223, 7,792,749, 7,853,524 and 7,996,311, relating to transferring funds in electronic payment networks. Defendants have counterclaimed, alleging infringement of U.S. Patents. 7,370,014, 7,734,543 and 7,958,049, relating to electronic invoice presentment. All claims of all four patents asserted by Plaintiff have been found invalid by the Patent Office. Case was stayed pending appeal, followed by voluntary dismissal by Plaintiff. Contact: Jeffrey A. Berkowitz, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190-5675. (D,R)

137. *PPS Data, LLC v. Passport Health Communications, Inc.*, Case No. 2:12-cv-00438-DN (C.D. Utah). Served as an expert for defendant Passport in a case alleging infringement of U.S. Patents 6,341,265 and 7,194,416, relating to preparing and correcting health insurance claim forms. Case settled shortly after Dr. Shamos's claim construction report was served. Contact: Edward J. Pardon, Esq., Merchant & Gould, 10 East Doty Street, Suite 600, Madison, WI 53703. (R)

138. *Lodsys, LLC v. Combay, Inc. et al.*, Civil Action 2:11-cv-272 (E.D. Texas). Served as an expert for defendant Symantec Corporation in a case alleging infringement of U.S. Patents 7,222,078 and 7,620,565, relating to gathering feedback from products through a user interface. Case settled two weeks after Dr. Shamos's deposition. Contact: David D. Schumann, Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104. (D,R)

139. *Long Range Systems, LLC v. HME Wireless, Inc.*, Civil Action 3:12-cv-04162M (N.D. Tex.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 6,542,751 and 7,062,281, relating to methods of paging customers at a restaurant. Case was dismissed by

plaintiff after a tentative Markman ruling. Contact: David Cabello, Esq., Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP, 20333 SH 249, Suite 600, Houston, Texas 77070.  (R)

140. *Symantec Corporation v. Veeam Software Corporation*, Case No. 3:12-cv-0700-SI (N.D. Cal.).  Served as an expert for plaintiff Symantec in a case alleging infringement of U.S. Patents 6,931,558, relating to methods for restoring network devices after failure, 7,024,527, relating to methods of backing up disk while applications are active, 7,093,086, relating to methods for backing up virtual machines, 7,254,682, relating to snapshot disk backup, 7,480,822, relating to restoring running states of computing systems, 7,831,861, relating to restoring application data and 8,117,168, relating to virtual disk backups.  Case is stayed pending PTAB review.  All asserted claims have been found unpatentable. On appeal to the Federal Circuit, the PTAB's claim construction and obviousness determinations were upheld, case remanded to allow amendment of claims.  Case subsequently settled. Contact: Jennifer Kash, Esq., Quinn Emanuel Urquhart & Sullivan LLP, 50 California Street, 22nd Floor, San Francisco, California 94111.  (R)

141. *EMG Technology, LLC v. Green Mountain Coffee Roasters and Keurig, Inc*., Case No. 6:13-cv-144 (E.D. Texas) (Lead case: 6:13-cv-134).  Served as an expert for Defendants in a case alleging infringement of U.S. Patent 7,441,196, relating to a method of navigating a Web page linked to a sister web site.  Case has settled.  Contact: Michael A. Albert, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210.

142. *eDirect Publishing, Inc. v. Live Career, Ltd., et al*., Case No. 12-CV-1123-JAH-JMA (S.D. Cal.).  Served as an expert for plaintiff eDirect in a case alleging infringement of U.S. Patents 6,363,376 and 6,757,674, relating to automatic submission of information to career websites.  Case has settled.  Contact: Ryan Baker, Esq., Baker Marquart LLP, 10990 Wilshire Blvd., Los Angeles, CA 90024. (D,R)

143. *Motivation Innovations, LLC v. Ulta Salon Cosmetics and Fragrance, Inc. et al*., C.A. No. 11-615-SLR-MPT (D. Del.).  Served as an expert for defendant Ulta in a case alleging infringement of U.S. Patent 5,612,527, relating to a system for redeeming discount offers at point of sale.  The Court granted summary judgment of noninfringement.  Contact: Julie Heaney, Esq., Morris, Nichols, Arsht & Tunnell, LLP, 1201 North Market Street, Wilmington, DE 19899-1347. (D,R)

144. *Computer Software Protection, LLC v. Autodesk, Inc*., C.A. No. 12-452-SLR (D. Del.).  Served as an expert for Defendant Autodesk in a case alleging infringement of U.S. Patent 6,460,140, relating to unlocking the use of software remotely using validation number, a registration key and a license key.  Case has settled.  Contact: Cheryl T. Burgess, Esq., Knobbe, Martens, Olson & Bear, L.L.P., 2040 Main Street, 14th Floor Irvine, CA 92614.  (R)

145. *Voltage Security, Inc*. v. *Protegrity Corporation*, CBM2014-0024, Patent Trial and Appeal Board.  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 8,402,281, relating to methods of encrypting databases.  Matter has settled.  Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-1050.  (R)

146. *United Video Properties, Inc. et al. v. Haier Group Corp. et al.*, C.A. No. 11-1140-KAJ (D.Del.). Served as an expert for Plaintiffs in a case alleging infringement of U.S. Patents 6,701,523 and 7,047,547, relating to television parental control technology.  Case has settled.  Contact: Hong S. Lin, Esq., Paul Hastings LLP, 1117 S. California Avenue, Palo Alto, CA 94304.  (D,R)

147. *Droplets, Inc. v. E*TRADE Financial Corporation et al.*, Case No.: 1:12-CV-02326-CM (S.D.N.Y.).  Served as an expert for defendants in an action alleging infringement of U.S. Patents 6,687,745 and 7,502,838, and 8,402,115, relating to delivering interactive links for presenting applications on a client computer.  Defendants prevailed on a summary judgment of non-infringement on the '745 Patent.  All claims of the '115 and '838 Patents were found invalid after IPRs, affirmed by the Federal Circuit in 2016-2504 and 2016-2602.  Contact: Michael Levin, Esq., Wilson Sonsini Goodrich & Rosati Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-1050.  (D,R,T)

148. *Symantec Corporation v. Acronis, Inc. et al.*, Case No. 3:11-cv-05331 JST (N.D. Cal.).  Served as an expert for plaintiff and infringement counterclaim defendant Symantec in a case alleging infringement by Symantec of U.S. Patents  7,366,859 and 7,831,789, relating to incremental disk backup, and infringement by Acronis of U.S. Patent 7,024,527, and 7,996,708, relating to disk backup and restore, U.S. Patent 7,454,592, and U.S. Patent 7,941,459, relating to single instance disk storage, and U.S. Patent 7,680,957, relating to modifiable representations of computer configurations.  Case has settled.  Contact: Jennifer Kash, Esq., Quinn Emanuel Urquhart & Sullivan LLP, 50 California Street, 22nd Floor, San Francisco, California 94111.  (D,R)

149. *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, CA 2:10-cv-06108-ES-MCA (D. N.J.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 7,668,730, 7,765,106, 7,765,107, 7,797,171 and 7,895,059, relating to methods of controlling the distribution of sensitive drugs.  Case has settled.  Contact: Alan B. Clement, Esq., Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, NY 10281-2101. (R)

150. *TuitionFund, LLC v. SunTrust Banks, Inc. et al.*, CA 3:11-cv-00069 (M.D. Tenn.).  Served as an expert for defendants Cardlytics, Inc., Regions Financial Corp., and Regions Bank in a case alleging infringement of U.S. Patents 7,499,872, 7,653,572 and 7,899,704, relating to methods for awarding rebates for credit and debit card purchases.  Case settled.  Contact: Michael S. Connor, Esq., Alston & Bird LLP, Bank of America Plaza, 101 South Tryon Street, Suite 4000, Charlotte, NC 28280-4000. (D,R)

151. *Pollin Patent Licensing, LLC et al. v. AT&T Corporation et al.*, Case No. 1:11-cv-07855 (N.D. Ill.).  Served as an expert for defendants in a case alleging infringement of U.S. Patent 7,117,171, relating to verifying financial institution identification in electronic payment systems.  Case has settled.  Contact: James L. Howard, Esq., Kilpatrick Townsend & Stockton LLP, 1001 West Fourth Street Winston-Salem, NC, 27101.

152.  *PPS Data, LLC v. Bluepoint Solutions, Inc.*, Case 2:13-cv-01351 (D. Nev.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 7,181,430, 7,216,106,

7,440,924, 7,624,071 and 8,126,809, relating to methods for processing check images in electronic payment systems.  Case has settled. Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006.  (Original firm: Wiley Rein).

153. *e-LYNXX Corporation v. Ariba, Inc.*, CA 1:12-cv-01771-CCC (M.D. Pa.).  Served as an expert for defendant Ariba, in a case alleging infringement of U.S. Patents 7,451,106, 7,788,143 and 8,209,227, relating to electronic procurement of customized goods and services.  Case has settled.  Contact: Amy Van Zant, Esq., Covington & Burling LLP, 333 Twin Dolphin Drive, Redwood Shores, CA 94605-1418.

154. *EMG Technology, LLC v. AutoZone, Inc.*, C.A. 6:13-cv-134 (E.D. Tex.) (Lead case: 6:12-cv-543).  Served as an expert for defendant AutoZone in a case alleging infringement of U.S. Patent 7,441,196, relating to transcoding web sites into mobile sites.  Defendant obtained summary judgment of non-infringement.  Contact: Terry L. Clark, Esq., Bass, Berry & Sims PLC, 1201 Pennsylvania Ave. N.W., Washington, D.C. 20004.  (R)

155. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).  Served as an expert for litigants BP Exploration & Production Inc.  et al. on an issue relating to identification of an anonymous person through Internet searching.  Contact: Mark. J. Nomellini, Esq., Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654.  (R)

156. *EC Data Systems, Inc., v. J2 Global, Inc. et al.*, CV 12-07544 (C.D. Cal.).  Served as an expert for declaratory judgment plaintiff EC Data Systems in a case alleging infringement of U.S. Patents 6,208,638 and 6,350,066, 6,597,688 and 7,020,132, relating to electronic distribution of faxes through email.  Case has settled.  Contact: Matthew Spohn, Esq. Norton Rose Fulbright LLP., Tabor Center, 1200 17th Street, Suite 1000, Denver, Colorado 80202.

157. *MoneyCat, Ltd. v. PayPal, Inc.*, CA 1:13-cv-01358-RGA (D. Del.), now 3:14-cv-02490-PSG (N.D. Cal.).  Served as an expert for defendant PayPal in a case alleging infringement of U.S. Patents 7,590,602, 8,195,578 and 8,051,011, relating to issuance and transfer of electronic currency.  On CBM review, the PTAB found all asserted claims of all three patents invalid, affirmed by the Federal Circuit.  Case was subsequently dismissed. Contact:  Adrian Percer, Esq., Weil, Gotshal & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065. (D,R)

158. *GSI Commerce Solutions, Inc.* v. *Clear With Computers, Inc.*, Patent Trial and Appeal Board Case CBM2013-00055.  Served as an expert for petitioner, an eBay company, in a covered business method review of U.S. Patent 8,266,015, relating to methods of presenting lists of product customization options.  Review was instituted but the CBM was terminated by settlement.  Contact: Scott McKeown, Esq., Ropes & Gray, L.L.P., 2099 Pennsylvania Avenue, Washington, DC 20006-6807. (D,R)

159. *Fidelity National Information Services, Inc.  v. Cashedge, Inc. and Checkfree Corporation*,  Patent Trial and Appeal Board Cases CBM2013-00028, 30, 31 and 32.  Served as

an expert for petitioner in covered business method reviews of U.S. Patents 7,383,223, 7,792,749, 7,853,524 and 7,996,311, relating to transferring funds in electronic payment networks. Reviews have been instituted. All claims of the four patents were invalidated by the PTAB in December 2014. Appeal was taken to the Federal Circuit but terminated by agreement. Contact: Jeffrey A. Berkowitz, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190-5675. (D,R)

160. *Boku, Inc. v. Xilidev, Inc.*, Patent Trial and Appeal Board Cases CBM2014-00140 and CBM2014-00148. Served as an expert for petitioner in two covered business method reviews of U.S. Patent 7,273,168, relating to authorizing payments via handheld devices. Result: claims 1-18 and 20-23 found invalid. Claim 19 cancelled. Contact: Frank Pietrantonio, Esq., Cooley LLP, One Freedom Square, 11951 Freedom Drive, Reston, VA 20190. (R)

161. *Protegrity Corporation v. Phoenix Payment Systems, Inc. d/b/a Electronic Payment Exchange*, Case No. 3:13-CV-1386-VKB (D. Conn.). Served as an expert for defendant in a case alleging infringement of U.S. Patents 6,321,201 and 8,402,281, relating to methods of encrypting databases. Case has settled. Contact: David J. Wolfsohn, Esq., Duane Morris LLP, 20 South 17th Street, Philadelphia, PA 19103. (R)

162. *Ameranth, Inc. v. Genesis Gaming Solutions, Inc. et al.*, Case No. SACV 8:11-0189-AG (C.D. Cal.). Served as an expert for Ameranth in a case alleging infringement of U.S. Patents 7,431,650, 7,878,909 and 8,393,969, relating to systems for managing casino operations, particularly in poker rooms. Case has settled. Contact: John W. Osborne, Esq., Osborne Law LLC, 33 Habitat Lane, Cortlandt Manor, NY 10567. (D,R)

163. *Telebuyer, LLC v. Amazon.com, Inc.*, Case No. 2:13-cv-01677-BJR (W.D. Wash.). Served as an expert for Telebuyer in a case alleging infringement by Amazon.com of U.S. Patents 6,323,894, 7,835,508, 7,835,509, 7,839,984, 8,059,796, 8,098,272, and 8,315,364, relating to systems for interfacing buyers and sellers via communication networks. Summary judgment was entered declaring all asserted claims invalid under 35 U.S. §101. Contact: Brian Berliner, Esq., O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071. (D,R)

164. *GlobeRanger Corporation v. Software AG, et al.*, Civil Action No. 3:11-CV-403-B (N.D. Texas). Served as an expert for GlobeRanger in a case alleging misappropriation of trade secrets and civil conspiracy involving radio-frequency identification (RFID) software and business processes. Result: jury verdict of $15 million in favor of GlobeRanger, upheld on appeal to the Fifth Circuit. Contact: Ophelia Camiña, Esq., Susman Godfrey, L.L.P., 901 Main St., Suite 5100, Dallas, TX 75202-3775. (D,R,T)

165. *In re: ProvideRx of Grapevine, LLC and CERx Pharmacy Partners, LP v. Provider Meds, LP, et al.*, Adv. Proc. No. 13-03015-BJH (Bankr. N.D. Tex). Served as an expert for creditor CERx in a Chapter 7 bankruptcy case involving security interests in software for remote dispensing pharmacies and whether certain licenses constitute encumbrances under Texas law. Case has settled. Contact: Bill Whitehill, Esq., Gardere Wynne Sewell LLP, 1601 Elm St., Dallas, TX 75201. (R)

166. *Square, Inc.  v. Protegrity Corporation*, CBM2014-00182, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 8,402,281, relating to methods of encrypting databases.  Result: all claims invalid under §101.   Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-1050.  (D,R)

167. *VigLink, Inc.  v. Linkgine, Inc.*, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in covered business method petitions 2014-00184 and 2014-00185 seeking review of U.S. Patents 7,818,214 and 8,027,883, relating to modifying affiliate links on webpages. Result: all challenged claims found invalid.  Affirmed by the Federal Circuit at 2016-2087, 2016-2088. Contact: Robert C. Hilton, Esq., McGuireWoods LLP, 2000 McKinney Ave., Suite 1400, Dallas, TX 75201.  (R)

168. *Juhline et al. v. Ben Bridge Jewelers Inc. et al.*, Case 11-cv-2096-GPC-NLS (S.D. Cal.).  Served as an expert for defendant Ben Bridge in a class action alleging violation of California Civil Code §1747.8, relating to the collection of personal identification information in connection with credit card transactions.  Case has settled.  Contact: Rosemarie T. Ring. Esq., Munger, Tolles & Olson LLP, 560 Mission St., 27th Fl., San Francisco, CA 94105.

169. *Catch Curve, Inc. v. Integrated Global Concepts, Inc. v. j2 Global Communications, Inc. et al.*, Case 1:06-CV-02199 (N.D. Ga.).  Served as an expert for defendant and counterclaim plaintiff Integrated Global Concepts in a case alleging infringement of U.S. Patents 4,994,926, 5,291,302, 5,459,584, 6,643,034, 6,785,021, 7,365,884 and 7,525,691, relating to store-and-forward fax systems.  Infringement claims were dropped.  The issue at bar is whether j2 Global had an objective basis to believe that Integrated Global was infringing.  Case has settled.  Contact: James Heiser, Esq., Chapman and Cutler, LLP, 111 West Monroe St., Chicago, IL 60603.  (D,R)

170. *Phoenix Payment Systems, Inc.  v. Protegrity Corporation*, CBM2014-00121, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 8,402,281, relating to methods of encrypting databases. Underlying litigation settled before CBM could be instituted.   Contact: Contact: David J. Wolfsohn, Esq., Duane Morris LLP, 20 South 17th Street, Philadelphia, PA 19103.  (R)

171. *Informatica Corporation v. Protegrity Corporation*, CBM2015-00010, CBM2015-00021, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in two covered business method petitions seeking review of U.S. Patents 8,402,281 and 6,321,201, relating to methods of encrypting databases.  Result: all claims found invalid under 35 U.S.C. §101.  The Board's opinions in the '201 case and the '281 case comment favorably on Dr. Shamos's testimony. Contact: Mark S. Kaufman, Esq., Reed Smith LLP, 1301 K Street N.W., Washington, DC 20005.  (D,R)

172. *Qualtrics, LLC v. OpinionLab, Inc.*, IPR2014-00314, IPR2014-00356, IPR2014-00366, IPR2014-00406, IPR2014-00420, and IPR2014-00421, Patent Trial and Appeal Board (2014).  Served as an expert for patent owner OpinionLab, Inc. in *inter partes* reviews of U.S. Patents 6,421,724, 6,606,581, 8,041,805, 7,085,820, 7,370,285 and 8,024,668, relating to

methods of soliciting page-specific feedback regarding web pages.  All challenged claims have been found invalid except as to the '805 patent.  '724 was not instituted. Contact: Chris Kennerly, Esq., Paul Hastings LLP, 1117 S. California Ave., Palo Alto, CA 94304.  (D,R)

173.  *Callwave Communications, LLC v. AT&T Mobility, LLC et al.*, Case 1:12-cv-01788-RGA (D. Del.).  Served as an expert for defendant Research In Motion, Corp. in a case alleging infringement of U.S. Patent 7,907,933, relating to methods of billing for purchases by placing a call to a pay-per-call service.  Plaintiff stipulated to non-infringement for appeal purposes, but the Federal Circuit upheld on January 10, 2017.  Contact: John V. Gorman, Esq., Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103.

174.  *SoftVault Systems, Inc. v. Dassault Systèmes Solidworks Corporation*, Case 5:14-cv-03221-LHK (N.D. Cal.).  Served as an expert for defendant Solidworks. in a case alleging infringement of U.S. Patents 6,249,868 and 6,594,765 relating to embedded agents for protecting computer systems against theft.  Case has settled.  Contact: Cheryl T. Burgess, Esq., Knobbe, Martens, Olson & Bear, L.L.P., 2040 Main Street, 14th Floor Irvine, CA 92614.

175.  *PPS Data, LLC v. TransCentra, Inc.,* Case 13-359-LPS (D. Del.).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 7,181,430, 7,440,924, 7,624,071 and 8,126,809, relating to methods for processing check images in electronic payment systems.  Case has settled.  Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006.  (Original firm: Wiley Rein).

176.  *Clear With Computers, Inc. v. Spanx, Inc.*, C.A. 6:12-cv-950-LED (E.D. Texas).  Served as an expert for defendant, an eBay company, in a case alleging infringement of U.S. Patent 8,266,015, relating to methods of presenting lists of product customization options.  Judgment on the pleadings was granted, invalidating the asserted claims under 35 U.S.C. §101.  Case was appealed to the Federal Circuit, but the appeal with withdrawn. Case has settled.  Contact: Scott McKeown, Esq., Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P., 1940 Duke Street Underpass, Alexandria, VA 22314.

177.  *Integrated Global Concepts, Inc. v. Advanced Messaging Technologies, Inc.*, IPR2014-01027 and IPR2014-01028 Patent Trial and Appeal Board (2014).  Served as an expert for petitioner seeking *inter partes* review of U.S. Patents 6,020,980, relating to delivering faxes through electronic mail.  The PTAB declined to institute review.  Contact: Robert J. Schneider, Esq., Taft Stettinius & Hollister LLP, 111 East Wacker, Suite 2800, Chicago, IL 60601.  (R)

178.  *athenahealth, Inc. v. AdvancedMD Software, Inc.*, Civil Action 1:11-cv-11260-GAO (D. Mass.).  Served as an expert for plaintiff athenahealth, Inc. in a case alleging infringement of U.S. Patents 7,617,116 and 7,720,701, relating to detecting errors in medical insurance claim submissions and automated configuration of medical practice management systems.  Case has settled.  Contact: Robert M. Abrahamsen, Esq., Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210.

179.  *CEATS, Inc. v. Orbitz Worldwide, Inc.*, Civil Action 2:13-cv-01385-MMD-PAL (D. Nev.).  Served as an expert for plaintiff  in a case alleging infringement of U.S. Patents

7,548,867, 7,640,178, 7,660,727, 8,219,448, 8,229,774 and 8,244,561, relating to systems and methods for managing airline seat reservations.  Case has settled.  Contact: Jared Bunker, Esq., Knobbe, Martens, Olson & Bear, L.L.P., 2040 Main Street, 14th Floor Irvine, CA 92614.

180. *Audatex North America, Inc. v. Mitchell International, Inc.*, Civil Action 3:13-cv-01523-BEN (BLM) (S.D. Cal.).  Served as an expert for plaintiff  in a case alleging infringement of U.S. Patents 7,912,740, 8,200,513 and 8,468,038, relating to systems and methods for determining the valuation of a damaged vehicle for insurance purposes.  Claims found invalid after CBM review, affirmed by the Federal Circuit.  Contact: David McPhie, Esq., Irell & Manella LLP,  840 Newport Center Dr., Newport Beach, CA 29660. (R)

181. *Skimlinks, Inc.  et al. v. Linkgine, Inc.*, Patent Trial and Appeal Board (2015).  Served as an expert for petitioners in covered business method petitions 2015-00086 and 2015-00087 seeking review of U.S. Patents 7,818,214 and 8,027,883, relating to modifying affiliate links on webpages.  Result: all claims found invalid, affirmed by the Federal Circuit. Contact: Richard F. Martinelli. Esq., Orrick, Herrington & Sutcliffe LLP, 51 West 52nd St., New York, NY 10019.  (R)

182. *Advanced Auctions, LLC. v. eBay, Inc.*, Case 12-cv-1612-BEN (JLB) (S.D. Cal.).  Served as an expert for defendant eBay in case alleging infringement of U.S. Patent 8,266,000, relating to methods of conducting Internet auctions.  Defendant obtained judgment of invalidity on the pleadings under 35 U.S.C. §101.  Contact: Adrian Percer, Esq., Weil, Gotshal & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065.

183. *MaxMind, Inc. et al. v. Fraud Control Systems.com Corporation*, CBM2015-00094, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 8,630,942, relating to methods of determining whether a payment transaction may be fraudulent based on IP addresses.  Review was instituted on §101 grounds and Patent Owner requested adverse judgment. Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006.  (R)

184. *Square, Inc.  v. Unwired Planet, LLC*, CBM2014-00156, Patent Trial and Appeal Board (2014).  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 7,711,100, relating to conducting point-of-sale transactions based on the location of a wireless device.  Challenged claims found invalid. Contact: Sasha G. Rao, Esq., Maynard Cooper and Gale PC, 275 Battery St., San Francisco, CA 94111 (D,R)

185. *Unified Patents, Inc.  v. Finnavations LLC*, IPR2015-01209, Patent Trial and Appeal Board (2015).  Served as an expert for petitioner in an inter partes review of U.S. Patent 8,132,720, relating to verifying online transaction data through a graphical user interface.  Status: not instituted. Contact: Paul C. Haughey, Esq., Kilpatrick Townsend & Stockton LLP, Eighth Floor, Two Embarcadero Center San Francisco, CA 94111 (R)

186. *Hoskin Hogan et al. v. BP West Coast Products LLC et al.,* Case BC 460880 (Super. Ct. Los Angeles Cty. CA, 2011).  Served as an expert for defendant Retalix Ltd., alleging negligence in the development and testing of software for processing point-of-sale transactions.  Summary

judgment granted in favor of Retalix.  Contact: Richard H. Zelichov, Esq., Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. (D,R)

187. *In re U.S. Patent Application 12/912,726* (USPTO).  Served as an expert for applicant AlmondNet, Inc. in an application for a patent relating to distributing digital advertising based on a recipient profile.  PTAB affirmed the Examiner's § 101 rejection. Contact: Louis J. Hoffman, Esq., Hoffman Patent Firm.  (R)

188. *Wickfire, LLC v. TriMax Media, Inc. et al.*, C.A. 1:14-CV-34 (W.D. Tex).  Served as an expert for defendants in a case alleging click fraud in Internet advertising.  Jury verdict for Plaintiff, reversed on appeal to the Fifth Circuit. Contact: Barry M. Golden, Esq., Miller, Egan, Molter & Nelson LLP, 2911 Turtle Creek Blvd., Suite 1100 Dallas, TX 75219. (D,R,T)

189. *Square, Inc.  v. Unwired Planet, LLC*, CBM2015-00148, Patent Trial and Appeal Board.  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 7,711,100, relating to conducting point-of-sale transactions based on the location of a wireless device.  Not instituted because claims were found invalid under § 101 in CBM2014-00156. Contact: Sasha G. Rao, Esq., Maynard Cooper and Gale PC, 275 Battery St., San Francisco, CA 94111. (D,R)

190. *Datatrak International Inc. v. Medidata Solutions, Inc.*, C.A. 1:11-cv-00458-PAG (N.D. Ohio).  Served as an expert for defendant in a case alleging infringement of U.S. Patent 7,464,087, relating to federated database queries.  Defendant obtained summary judgment of invalidity under 35 U.S.C. §101. Contact: Duane-David Hough, Esq., Mayer Brown LLP, 1675 Broadway, New York, NY 10019. (R)

191. *SNMP Research, Inc. et al. v. Avaya, Inc.*, C.A. 1:12-cv-00191-RGA-MPT (D. Del.).  Served as an expert for Avaya in an action alleging breach of contract, trade secret misappropriation and copyright infringement involving software implementing the Simple Network Management Protocol (SNMP).  Case has settled. Contact: Joshua Krumholz, Esq., Holland & Knight, LLP, 10 St. James Avenue, 11th Floor, Boston, MA 02116. (D,R)

192. *Certain Automated Teller Machines and Point of Sale Devices and Associated Software Therefor*, USITC Inv. No. 337-TA-958.  Served as an expert for Respondents NRT Technology Corp. et al. in an International Trade Commission proceeding brought by Complainant Global Cash Access Inc. involving alleged infringement of U.S. Patent 6,081,792, relating to structuring ATM and POS transactions with respect to withdrawal limits.   Result: all claims found invalid as indefinite. In affirming this determination, the Commission wrote: "should the extrinsic evidence be considered, the Commission finds NRT's expert testimony credible, see Rebuttal Expert Report of Michael Shamos Regarding Claim Construction ¶¶ 52-58, and that Everi's expert's testimony is not credible." Contact: Colby B. Springer, Esq., Polsinelli LLP (formerly at Lewis Roca Rothgerber LLP), Three Embarcadero Center, Suite 1350, San Francisco, CA 94111.  (D,R)

193. *Better Mouse Company, L.L.C. v. SteelSeries ApS, Inc. et al.,* C.A. 2:14-cv-198-JRG (E.D. Texas). Served as an expert for defendant in a case alleging infringement of U.S. Patent

7,532,200, relating to computer mouse whose resolution can be set without external software. Dr. Shamos testified at trial on non-infringement. The jury found for defendant on non-infringement. Contact: Joshua M. Masur, Esq., Zuber Lawler & Del Duca LLP, 2000 Broadway, Suite 154, Redwood City, California 94063. (Original firm: Turner Boyd LLP) (R,T)

194. *Vesta Corporation v. Amdocs Management Limited et al.*, No. 3:14-cv-01142-HZ (D. Ore.). Served as an expert for defendants in a case alleging misappropriation of trade secrets relating to billing in the prepaid mobile phone payment processing market. Case has settled. Contact: Yonaton M. Rosenzweig, Esq., Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. (D,R)

195. *Benefit Funding Systems, LLC et al. v. U.S. Bancorp*, CA 1:12-cv-00803-LPS (D.Del.). Served as an expert for defendant U.S. Bancorp in an action alleging infringement of U.S Patent 6,625,582, relating to a method of establishing a financial account based on the present value of future retirement payments. All asserted claims were found invalid under 35 U.S.C. §101, a decision affirmed by the Federal Circuit. Contact: Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006.  (Original firm: Wiley Rein).

196. *Telesign Corporation v. Twilio, Inc.*, C.A. 3:18-cv-03279-VC (N.D. Cal.). Served as an expert for defendant Twilio in an action alleging infringement of U.S. Patent 7,945,034, relating to verification of telephone users based on characteristics of the telephone number, such as carrier and geographic location. Defendant successfully resisted issuance of a preliminary injunction. Case is stayed pending PTAB review. After PTAB review, Twilio's motion for judgment on the pleadings was granted. Contact: Thomas J. Friel, Jr., Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. (R)

197. *Cronos Technologies, LLC v. Expedia, Inc.*, C.A. 13-1538-LPS (D. Del.), *Cronos Technologies, LLC v. Priceline.com, Inc.*, C.A. 13-1541-LPS (D. Del.) and *Cronos Technologies, LLC v. Travelocity.com L.P.*, C.A. 13-1544-LPS (D. Del.). Served as an expert for defendants in three cases, consolidated for some purposes, in actions alleging infringement of U.S. Patent 5,664,110, relating to a remote ordering system enabling a user to build lists of products to be ordered. The Court found non-infringement on summary judgment, affirmed unanimously by the Federal Circuit. Contact: Matthew C. Acosta, Esq., Jackson Walker LLP, KPMG Plaza at Hall Arts, 2323 Ross Avenue, Suite 600, Dallas, TX 75201. (D,R)

198. *Ex Parte Reexamination of U.S. Patent 7,333,430*, Control No. 90/013,532. Served as an expert for patent owner Fortinet, Inc. in a reexamination of U.S. Patent 7,333,430, drawn to distributing network packets for intermediate security processing based on the ultimate destination of the packet. Result: all challenged claims and newly presented claims patentable. Contact: Michael A. DeSanctis, Hamilton DeSanctis & Cha LLP, Financial Plaza at Union Square, 225 Union Boulevard, Ste. 150, Lakewood, CO 80228. (R)

199. *ServiceNow, Inc. v. Hewlett-Packard Company,* Case IPR2015-00717 (PTAB). Served as an expert for patent owner Hewlett-Packard Company in an inter partes review of U.S. Patent 7,027,411, drawn to efficient determination of changes in network topology. Status: settled.

Contact: Monica Grewal, Esq., Wilmer Cutler Pickering Hall and Dorr LLP, 60 State Street, Boston, MA 02109. (D,R)

200. *Intellectual Ventures I LLC v. Nextel Operations, Inc. and Sprint Spectrum L.P.*, C.A. No. 13-1634 (D.Del) and related cases 13-1635; *Intellectual Ventures I LLC v. T-Mobile USA, Inc. et al.*, C.A. No. 13-1632; 13-1633; *Intellectual Ventures I LLC v. United States Cellular Corporation*, C.A. No. 13-1636 and related case 13-1637, all D. Del. Served as an expert for defendants Sprint, T-Mobile and U.S. Cellular in related cases alleging infringement of U.S. Patent 6,115,737, drawn to use of an Internet gateway for processing customer service requests to a web server. The Court invalidated the '737 patent on §101 grounds. Contact: Jason W. Cook, Esq., McGuireWoods LLP, 2000 McKinney Ave., Suite 1400, Dallas, TX 75201.  (D,R)

201. *Ex Parte Reexamination of U.S. Patent 7,968,744*, Control No. 90/013,533. Served as an expert for patent owner Fortinet, Inc. in a reexamination of U.S. Patent 7,698,744, drawn to systems and methods for allowing execution of authorized computer code and for protecting computer systems and networks from unauthorized code execution. Result: challenged claim and 14 new claims determined patentable. Contact: Michael A. DeSanctis, Hamilton DeSanctis & Cha LLP, Financial Plaza at Union Square, 225 Union Boulevard, Ste. 150, Lakewood, CO 80228. (R)

202. *Ex Parte Reexamination of U.S. Patent 7,376,125*, Control No. 90/013,531. Served as an expert for patent owner Fortinet, Inc. in a reexamination of U.S. Patent 7,376,125, drawn to a virtual routing engine for software-based packet routing. Result: newly presented claims patentable. Contact: Michael A. DeSanctis, Hamilton DeSanctis & Cha LLP, Financial Plaza at Union Square, 225 Union Boulevard, Ste. 150, Lakewood, CO 80228. (R)

203. *Twilio, Inc. v. Telesign Corporation*, IPR2016-00360. Served as an expert for requester Twilio in an *inter partes* review of U.S. Patent 7,945,034, relating to verification of telephone users based on characteristics of the telephone number, such as carrier and geographic location. Challenged claims confirmed. Contact: Thomas J. Friel, Jr., Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. (D,R)

204. *Twilio, Inc. v. Telesign Corporation*, IPR2016-00450, Patent Trial and Appeal Board (2016).  Served as an expert for petitioner in an *inter partes* review of U.S. Patent 8,462,920, relating to verification of telephone users based on characteristics of the telephone number, such as carrier and geographic location.  Trial was not instituted. Contact: Contact: Carrie J. Richie, Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. (R)

205. *Smart Systems Innovations, LLC v. Chicago Transit Authority, et al.*, C.A. 14-cv-08053 (N.D. Ill.). Served as an expert for defendants in an action alleging infringement of U.S. Patent 5,828,044, relating to a radio-frequency ID (RFID) credit card system. Defendant successfully resisted issuance of a preliminary injunction. All claims invalidated as non-statutory under 35 U.S.C. §101. Affirmed by the Federal Circuit in October 2017. Contact: Jeffrey M. Connor., Esq., formerly at Kilpatrick Townsend & Stockton LLP, now IP counsel at Honeywell. (D,R)

206. *Unwired Planet LLC v. Google, LLC*, C.A. 3:12-cv-00504-MMD-VPC (D. Nevada). Served as an expert for Google in an action alleging infringement of U.S. Patents 6,292,657, 6,654,786, 6,662,016, 6,684,087, 6,895,240, 6,944,760, 7,024,205, 7,035,647, 7,203,752 and 7,463,151, relating to provision of wireless services. All asserted claims of the '151, '205 and '751 patents have been found invalid by the Patent Trial and Appeal Board. After appeal to the Federal Circuit, the case continued with respect to certain claims of the '752 Patent but these were dismissed by stipulation. Contact: Peter E. Gratzinger, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071.

207. *Xilidev, Inc. v. Boku, Inc. et al.*, C.A. 3:13-cv-02793 (S.D. Cal.). Served as an expert for defendants in an action alleging infringement of U.S. Patent 7,273,168, relating to point-of-sale billing on handheld devices. Claims 1-18 and 20-23 of the '168 patent have been found invalid by the Patent Trial and Appeal Board. Plaintiff agreed to a voluntary dismissal with prejudice. Contact: Frank Pietrantonio, Esq., Cooley LLP, One Freedom Square, 11951 Freedom Drive, Reston, VA 20190.

208. *Intellectual Ventures II LLC v. Commerce Bancshares, Inc. et al.*, C.A. 2:13-CV-04160 (W.D. Mo.). Served as an expert for defendants in an action alleging infringement of U.S. Patents 5,745,574, relating to security in electronic transactions, 6,314,409 and 6,826,694, relating to controlling access to digital property, 6,715,084, relating to intrusion detection, and 7,634,666, relating to a cryptographic engine. All asserted claims have been declared invalid by the Patent Trial and Appeal Board. Decision affirmed by the Federal Circuit in December 2016. Contact: Mark Vander Tuig, Esq., Senniger Powers LLP, 100 North Broadway, 17th Floor, St. Louis, MO 63102.

209. *Hy-Vee, Inc. v. Inmar Digital Promotions Network, Inc.*, C.A. 4:15-cv-00275 (S.D. Iowa). Served as an expert for defendant in an action seeking indemnity for infringement of U.S. Patents 8,219,445, 8,370,199 and 8,538,805, relating to point-of-sale processing of promotions, such as coupons. Hy-Vee had been sued for infringing these patents in *Advanced Marketing Systems, LLC v. Hy-Vee, Inc.*, C.A. 3:15-cv-00103 (W.D. Wisc.). Both cases have settled. Contact: Richard J. Keshian, Esq., Kilpatrick Townsend & Stockton LLP, 1001 West Fourth Street Winston-Salem, NC, 27101. (R)

210. *Motivation Innovations, LLC v. PetSmart, Inc.*, C.A. 1:13-cv-00957 (D.Del.). Served as an expert for defendant in an action alleging infringement of U.S. Patent 5,612,527, relating to a system for redeeming discount offers at point of sale. On motion for judgment on the pleadings, all asserted claims were found invalid under 35 U.S.C. §101. Contact: Kevin A. Zeck, Esq., Perkins Coie, LLP, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099.

211. *PPS Data, LLC v. VSoft Corporation et al.*, Case 1:15-cv-00084 (N.D. Ga.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 7,181,430, 7,216,106, 7,440,924, 7,624,071 and 8,660,956, relating to methods for processing check images in electronic payment systems. Case has settled. Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006 (original firm Andrews Kurth).

212. *Sally Beauty Holdings et al.  v. Intellectual Ventures I LLC*, CBM2016-00029, Patent Trial and Appeal Board.  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 5,969,324, relating to accounting methods utilizing a non-predictable bar code. Trial was instituted, the PTAB writing in its decision: "We credit the testimony of Dr. Michael Shamos." Case has settled. Contact: Derek Swanson, Esq., McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, VA 23219.  (R)

213. *Square, Inc. v. Protegrity Corporation*, CBM2015-00014, Patent Trial and Appeal Board (2016).  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 6,321,201, relating to methods of encrypting databases.  Result: all challenged claims found invalid under 35 U.S. §§101 and 103. Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati Professional Corporation, 650 Page Mill Road, Palo Alto, CA 94304-1050.  (R)

214. *T-Mobile US, Inc.  v. Intellectual Ventures II LLC*, CBM2016-00083, Patent Trial and Appeal Board.  Served as an expert for petitioner in a covered business method petition seeking review of U.S. Patent 6,115,737, relating to use of an Internet gateway for processing customer service requests to a web server.  The PTAB determined that the patent did not claim a covered business method. Contact: Alison R. Watkins, Esq., Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211. (R)

215. *Twin Peaks Software, Inc. v. IBM Corporation*, Case 3:14-cv-03933-JST (N.D. Cal.). Served as an expert witness for defendant IBM in an action alleging infringement of U.S. Patent 7,418,439, relating to a system for storing and sharing networked files. All asserted claims found invalid during claim construction. Contact: Andrew Bramhall, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065-2139.

216. *Live Face on Web, LLC v. The Control Group Media Company, Inc. et al.*, Case 2:15-cv-01306 (E.D. Pa.). Served as an expert witness for defendants in an action alleging breach of contract and infringement of copyrights relating to web media players and video productions in which recorded actors promote products for websites. Case has settled. Contact: Damon W.D. Wright, Esq., Venable LLP, 575 Seventh St. N.W., Washington, DC 20004.

217. *Nomadix, Inc. v. Hospitality Core Services, LLC*, Case 2:14-cv-08256-DDP (C.D. Cal.) Served as an expert witness for defendant in a case alleging infringement of U.S. Patents 6,636,894 and 6,868,399, relating to network gateways, U.S. Patent 7,698,432, relating to bandwidth management, U.S. Patent 7,953,857, relating to dynamic data transfer over networks, U.S. Patent 8,266,266, relating to dynamic network authorization, and U.S. Patents 8,156,246, 8,266,269, 8,364,806, 8,725,888 and 8,788,690, relating to providing network content. Case has settled. Contact: Michael J. Mehrman, Merhman Law Office, P.C., 150 Spalding Creek Court, Sandy Springs, GA 30350.

218. *Certain Digital Video Receivers and Hardware and Software Components Thereof*, USITC Inv. No. 337-TA-1001.  Served as an expert for Complainants Rovi Corporation et al. against Comcast Corporation et al. in an International Trade Commission proceeding involving alleged infringement of U.S. Patents 8,006,263 , 8,046,801 and 8,578,413, relating to remote

and local electronic TV program guides.  On Final Determination, a violation was found with respect to the '263 and '413 patents.  Affirmed by the Federal Circuit on March 20, 2020.  Contact: Richard A. Kamprath, Esq., McKool Smith, 300 Crescent Court, Suite 1500, Dallas, TX 75201.  (D,R,T)

219. *ZKey Investments, LLC v. Facebook, Inc.,* Case 2:16-cv-00782-RSWL-KS (C.D. Cal.).  Served as an expert for defendant in a case alleging infringement of U.S. Patent 6,820,204, relating to providing granular control over access to data.  Result: all claims found invalid under §101. Affirmed by the Federal Circuit on Jan. 10, 2018. Contact: Andrew C. Mace, Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304.  (R)

220. *In re: The Matter of the 2016 Presidential Election,* 659 MD 2016 (Pa. Cmwlth. Ct., 2016). Served as an expert for intervenors opposing an action brought seeking a recount of votes in Pennsylvania on the grounds that the state's voting systems are unsecure and vulnerable to hacking by foreign actors. Petitioners discontinued the suit before hearing, refusing to post the required bond. Contact: Lawrence J. Tabas, Esq., Obermayer Rebmann Maxwell & Hippel LLP, One Penn Center, 19th Floor, 1617 John F. Kennedy Blvd., Philadelphia, PA 19103.

221. *Stein v. Cortés,* Case 2:16-cv-06287-PD (E.D. Pa.).  Served as an expert for defendant Secretary of the Commonwealth of Pennsylvania in an action for a mandatory injunction to compel a recount and forensic examination of voting systems.  Result: injunction denied. The Court's memorandum comments favorably on Dr. Shamos's qualification and testimony. Most claims have been dismissed on summary judgment. Case has settled. Contact: Timothy Gates, Esq., Chief Counsel, PA Department of State, 3306 North Office Bldg., Harrisburg, PA 17120.  (R,T)

222. *Free Stream Media Corp. (d.b.a. Samba) v. Alphonso Inc.,* Case No. 3:17-cv-02107 (N.D. Cal., transferred from E.D. Tex.). Served as an expert for defendant Alphonso in an action alleging infringement of U.S. Patents 9,026,668 and 9,386,356, relating to a system for targeting data, such as advertising, to a device, such as a tablet, based on content that is identified as playing on a different device, such as a television. Alphonso won summary judgment of non-infringement. Contact: Neel Chatterjee, Esq., Goodwin Procter LLP, 601 Marshall Street, Redwood City, CA 94063. (D,R)

223. *Copart, Inc. v. Sparta Consulting, Inc.,* Case 2:14-cv-00046-KJM-CKD (E.D. Cal.). Served as an expert for defendant Sparta in an action alleging misappropriation of trade secrets relating to imaging batches of items to be offered at auction. Misappropriation counts were dropped during trial. Contact: Frederick Brown, Esq., Gibson, Dunn & Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105. (D,R)

224. *Apple Inc. v. Masa LLC.,* IPR2016-00748, Patent Trial and Appeal Board (2016).  Served as an expert for patent owner in an *inter partes* review of U.S. Patent 8,519,834, relating to a wearable device to alert a user to an incoming cellphone call.  All challenged claims found invalid. Affirmed by the Federal Circuit.  Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101.  (R)

225. *Tele-Publishing, LLC v. Facebook, Inc. et al.,* Case 1:09-cv-11686-DPW (D. Mass.).  Served as an expert for defendants in a case alleging infringement of U.S. Patent 6,253,216, relating to controlling access to information on personal web pages.  Result: all claims found invalid under §101; judgment for defendants. Case settled during appeal to the Federal Circuit. Contact: Reuben Chen, Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304.  (R)

226. *Groupon, Inc. v. International Business Machines Corporation,* Case 1:16-cv-5064 (N.D. Ill.).  Served as an expert for Groupon in a case alleging infringement of U.S. Patent 7,856,360, relating to gathering information from attendees at a venue. Case has settled. Contact: Saina Shamilov, Esq., Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. (R)

227. *Stingray Digital Group Inc. v. Music Choice*, Patent Trial and Appeal Board. Served as an expert for petitioner in six *inter partes* reviews of U.S. Patents 7,320,025 (IPR2017-00888) and 9,351,045 (IPR2017-01191), relating to providing supplementing a broadcast media service with an on-demand, personalized media service and U.S. Patents 8,769,602 (IPR2017-01192), 9,357,245 (IPR2017-1193, IPR 2018-0114), relating to providing a visual complement to an audio program, and 9,414,121 (IPR 2017-1450), relating to systems and methods for providing on-demand entertainment. Trial has been instituted in '025, '045, '121 and '602. Patent owner requested adverse judgment in IPR2017-1193. Two claims survived in IPR2018-00114. Contact: Heath Briggs, Esq., Greenberg Traurig, LLP, 1200 17th St., Suite 2400, Denver, CO 80202. (D,R)

228. *Music Choice v. Stingray Digital Group Inc. et al.,* C.A. No. 2:16-CV-0586-JRG-RSP (E.D. Texas). Served as an expert for defendants in a case alleging infringement U.S. Patents 7,320,025 and 9,351,045, relating to providing supplementing a broadcast media service with an on-demand, personalized media service, U.S. Patents 8,769,602 and 9,357,245, relating to providing a visual complement to an audio program, and U.S. Patent 9,414,121, relating to systems and methods for providing on-demand entertainment. Case has settled. Contact: Joshua Raskin, Esq., Greenberg Traurig, LLP, MetLife Bldg., 200 Park Avenue, New York, NY 10166. (R)

229. *LivePerson, Inc. v. 24[7] Customer, Inc.*, IPR2017-00609, Patent Trial and Appeal Board. Served as an expert for patent owner in an *inter partes* review of U.S. Patent 6,970,553, relating to converting a voice call into a chat session. Four of six challenged claims were not found unpatentable. Contact: Bill Trac, Esq., O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111. (R)

230. *Blackberry Limited v. Blu Products, Inc.*, Case 1:16-cv-23535-FAM (S.D. Fla.). Served as an expert for defendants in a case alleging infringement of 15 patents, including U.S. Patent 6,271,605, relating to a battery disconnect system, U.S. Patent 8,169,449, relating to a multilayer graphics controller, and U.S. Patent 8,411,845, relating to the display of call logs on mobile phones. Case has settled. Contact: Victor Castellucci, Esq., Cozen O'Connor, 2 South Biscayne Blvd., 30th Floor, Miami, FL 33131. (R)

231. *Twitter, Inc. v. YouToo Technologies, LLC.*, Patent Trial and Appeal Board. Served as an expert for patent owner in two *inter partes* reviews of U.S. Patent 9,083,997 (IPR2017-00829,

IRP2017-00830), relating to publishing content on social media sites. All challenged claims found unpatentable. Contact: Samuel E. Joyner, Esq., Carrington, Coleman, Sloman & Blumenthal, LLP, 901 Main Street, Suite 5500, Dallas, TX 75202. (R)

232. *IPDEV Co. v. Ameranth, Inc.*, Case No. 3:14-cv-01303-GPC-JLB (S.D. Cal.). Served as an expert for defendant in an action to determine priority of invention among interfering patents involving U.S. Patents 6,384,850 and 6,871,325, assigned to Ameranth and relating to synchronous updating of restaurant menus on wireless devices, and U.S. Patents 5,991,739 and 8,738,449, relating to Internet ordering methods. Consolidated with Case 233, below. On summary judgment, the Court awarded priority to Ameranth. Contact: John W. Osborne, Esq., Osborne Law LLC, 33 Habitat Lane, Cortlandt Manor, NY 10567. (D,R)

233. *In re: Ameranth Patent Litigation*, Case No. 3:11-cv-01810-DMS-WSG (S.D. Cal.). Served as an expert for Ameranth in an action against numerous defendants alleging infringement of U.S. Patents 8,146,077, relating to synchronous updating of restaurant menus on wireless devices. All asserted claims were found invalid under 35 U.S.C. § 101, affirmed by the Federal Circuit. Contact: John W. Osborne, Esq., Osborne Law LLC, 33 Habitat Lane, Cortlandt Manor, NY 10567. (D,R)

234. *Google Inc. v. Spring Ventures, Ltd.*, IPR2017-01652 and 01653, Patent Trial and Appeal Board. Served as an expert for petitioner in *inter partes* reviews of U.S. Patent 8,661,094, relating to WWW addressing. Trial instituted in 2017-01653, denied in 2017-01652. Result: all claims of the '094 patent were determined to be unpatentable. Affirmed on appeal to the Federal Circuit. At oral argument, Dr. Shamos's qualifications were challenged unsuccessfully. Contact: Scott McKeown, Esq., Ropes & Gray, L.L.P., 2099 Pennsylvania Avenue, Washington, DC 20006-6807. (D,R)

235. *Rovi Guides, Inc. et al. v. Comcast Corporation et al.*, Case No. 1:16-cv-09278-JPO (S.D.N.Y.). Served as an expert for plaintiffs in an action alleging infringement of U.S. Patent 8,713,595, relating to electronic TV program guides and 9,172,987, relating to the use of markup language to alter the functionality of set-top boxes. Case has settled. Contact: Richard A. Kamprath, Esq., McKool Smith, 300 Crescent Court, Suite 1500, Dallas, TX 75201. (D,R)

236. *StrikeForce Technologies, Inc. v. Entrust, Inc. et al.*, Case No. 1:17-cv-00309-LMB-TCB (E.D. Va.). Served as an expert for plaintiff in an action alleging infringement of U.S. Patents 8,484,698, and 8,713,701, relating to out-of-band authentication using mobile devices. Case has settled. Contact: Josef Schenker, Esq., Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. (R)

237. *Level One Technologies, Inc. v. Penske Truck Leasing Co, Inc. and Penske Logistics, LLC*, Case No. 4:14-cv-1305-RWS (E.D. Mo.). Served as an expert for defendant in an action alleging trade secret misappropriation and contractual breach of confidentiality relating to a computer system for invoicing and rendering electronic payments in the trucking industry. Case has settled. Contact: Douglas Y. Christian, Esq., Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103. (D,R)

238. *Uniloc USA Inc. et al. v. Netsuite Inc.*, Case No. 2:16-cv-00862-RWS (E.D. Texas) and *Uniloc USA Inc. et al. v. Nutanix Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Texas). Served as an expert for plaintiff on claim construction issues in an action alleging infringement of U.S. Patent 6,324,578, relating to management of configurable application programs on a network. Later, the asserted claims were found invalid under 35 U.S.C. § 101. Contact: James J. Foster, Esq., Prince Lobel Tye LLP, One International Place, Suite 3700, Boston, MA 02110. (R)

239. *Muransky v. The Cheesecake Factory, Inc. et al.*, Case 2:17-cv-07569-CJC-RAO (C.D. Cal). Served as an expert for defendants in a case involving alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") arising from display of more than five digits of a credit card number on customer receipts. Case has settled. Contact: John L. McManus, Esq., Greenberg Traurig, P.A., 401 E. Los Olas Blvd., Suite 2000, Fort Lauderdale, FL 33301. (R)

240. *Twilio, Inc. v. Telesign Corporation*, IPR2016-00451, Patent Trial and Appeal Board (2016). Served as an expert for petitioner in an *inter partes* review of U.S. Patent 8,687,038, relating to verifying an online registration via an out-of-band telephone connection. Trial was not instituted. Contact: Contact: Carrie J. Richie, Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. (R)

241. *Twilio, Inc. v. Telesign Corporation*, IPR2016-01688, Patent Trial and Appeal Board (2016). Served as an expert for petitioner in an *inter partes* review of U.S. Patent 9,300,792, relating to verification of telephone users based on characteristics of the telephone number, such as carrier and geographic location. All challenged claims found unpatentable. Contact: Contact: Carrie J. Richie, Esq., Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304. (R)

242. *EdiSync Systems, LLC v. Adobe Systems, Inc.*, Civil Action 12-cv-02231-MSK-MEH (D. Colo.). Served as an expert for Defendant Adobe in a case alleging infringement of U.S. Patent 5,799,320, relating to multi-author document editing systems. Case has settled. Contact: David Sipiora, Esq., Kirkpatrick Townsend & Stockton LLP, Suite 600, 1400 Wewatta Street, Denver, CO 80202.

243. *Ford Motor Company v. Versata Software, Inc. et al.*, Case No. 2:15-cv-10628-MFL-EAS (E.D. Mich.). Served as an expert for defendant/counter-plaintiff Versata in a declaratory judgment action relating to alleged infringement of U.S. Patents 5,825,651, 6,405,308 and 6,675,294, relating to product configuration through a graphical user interface; U.S. Patent 7,882,057, relating to complex product configuration using submodels; U.S. Patents 7,200,582 and 7,464,064, relating to checking the consistency of a product configuration model using set equations; and U.S. Patent 8,805,825, relating to product configuration in which attributes are prioritized. Result: jury vedict for Versata for $105 million. Contact: Steve Mitby, Esq., Mitby Pacholder Johnson PLLC, 1001 McKinney St., Suite 925, Houston, TX 77002. (D,R)

244. *Improved Search LLC v. Microsoft Corporation*, C.A. No. 16-cv-650-JFB-SRF (D.Del.). Served as an expert for plaintiff in an action alleging infringement of U.S. Patents 6,604,101 and 7,516,154, relating to methods and systems for translingual searching. Plaintiff sought a judgment of non-infringement so claim constructions could be appealed to the Federal Circuit.

Result: affirmed. Contact: Robert Yorio, Esq., Carr & Ferrell LLP, 120 Constitution Drive, Menlo Park, CA 94025. (D,R)

245. *Comcast Cable Communications, LLC v. Rovi Guides, Inc.*, IPR2017-00866, IPR2017-00867, Patent Trial and Appeal Board. Served as an expert for patent owner in *inter partes* reviews of U.S. Patent 8,713,595, relating to electronic television program guides. All challenged claims found unpatentable. Contact: Josef B. Schenker, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. (D,R)

246. *Comcast Cable Communications, LLC v. Rovi Guides, Inc.*, IPR2017-00950, IPR2017-00951, IPR2017-00952, Patent Trial and Appeal Board. Served as an expert for patent owner in *inter partes* reviews of U.S. Patent 8,006,263, relating to electronic television program guides. All challenged claims found unpatentable. Contact: Josef B. Schenker, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. (D,R)

247. *Unified Patents, Inc. v. Anuwave LLC.*, IPR2018-00223, Patent Trial and Appeal Board. Served as an expert for petitioner in *inter partes* reviews of U.S. Patent 8,295,862, relating to enabling short message system (SMS) communication without using IP services. Terminated by settlement. Contact: Robert High, Esq., Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 271 17th St. N.W., Suite 1400, Atlanta, GA 30363-6209. (R)

248. *Comcast Cable Communications, LLC v. Rovi Guides, Inc.*, IPR2017-01048, IPR2017-01049, IPR2017-01050, Patent Trial and Appeal Board. Served as an expert for patent owner in *inter partes* reviews of U.S. Patent 8,578,413, relating to electronic television program guides. All challenged claims found unpatentable. Contact: Josef B. Schenker, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. (D,R)

249. *Comcast Cable Communications, LLC v. Rovi Guides, Inc.*, IPR2017-01065, IPR2017-01066, IPR2017-01143, Patent Trial and Appeal Board. Served as an expert for patent owner in *inter partes* review of U.S. Patent 8,046,801, relating to electronic television program guides. All challenged claims found unpatentable. Contact: Josef B. Schenker, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. (D,R)

250. *DevFactory FZ-LLC v. Magnitude Software, Inc.*, Arbitration WIPOA300617. Served as an expert for Claimant DevFactory in an arbitration relating to a claim of breach of a software Technology Services Agreement. Arbitration has terminated. Contact: Steve Mitby, Esq., Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C., 1221 McKinney, Suite 2500, Houston, TX 77010.

251. *BookIT Oy Ajanvarauspalvelu v. Bank of America Corporation et al.*, 3:17-cv-02577-K (N.D. Texas). Served as an expert for BookIT in an action alleging infringement of U.S. Patents 8,589,194 and 9,177,268, relating to mediating communications between a service provider and a user in a telecommunications network. Plaintiff sought a judgment of non-infringement so that claim constructions could be appealed to the Federal Circuit, which affirmed. Contact:

Richard A. Kamprath, Esq., McKool Smith, 300 Crescent Court, Suite 1500, Dallas, TX 75201. (D,R)

252. *Promptu Systems Corporation v. Comcast Corporation et al.*, 2:16-cv-06516-JS (E.D. Pa.). Served as an expert for plaintiff in an action alleging infringement of U.S. Patents 7,047, 196, 7,260,538 and RE44,326, relating to voice control of television set-top boxes. Plaintiff is appealing an adverse claim construction. Contact: Robert Yorio, Esq., Carr & Ferrell LLP, 120 Constitution Drive, Menlo Park, CA 94025. (D,R)

253. *Snap Inc. v. Vaporstream, Inc.*, IPR2018-00200, IPR2018-00312, IPR2018-00369, IPR2018-00397, IPR2018-00404, IPR2018-00408, IPR2018-00416, IPR2018-00439, IPR2018-00455, IPR2018-00458, Patent Trial and Appeal Board. Served as an expert for patent owner in *inter partes* reviews of U.S. Patents 8,886,739, 8,935,351, 9,306,885, 9,306,886, 9,313,155, 9,313,156, 9,313,157, 9,338,111 and 9,413,711, relating to reducing traceability of electronic messages. In IPR2018-00312, IPR2018-00369, IPR2018-00404 and IPR2018-00408 and IPR2018-00458, all challenged claims were found unpatentable. In IPR2018-00397, IPR2018-00416, IPR2018-00439 and IPR2018-00455, and IPR2018-00458, all challenged claims were found patentable. Contact: Douglas R. Wilson, Esq., Heim, Payne & Chorush, LLP, Heritage Plaza, 111 Bagby, Suite 2100, Houston, TX 77002. (R)

254. *Shopify, Inc. v. DDR Holdings, LLC*, IPR2018-01008, IPR2018-01009, IPR2018-01010, IPR2018-01011, IPR2018-01012, IPR2018-01014, Patent Trial and Appeal Board. Served as an expert for petitioner in *inter partes* reviews of U.S. Patents 8,515,825, 9,043,228, and 9,639,876, relating to online affiliate marketing. In 2018-01008 and 2018-01009, the PTAB found all challenged claims patentable. In 2018-01010, 2018-01011, 2018-01012 and 2018-01014, the PTAB found most challenged claims unpatentable, affirmed by the Federal Circuit in 2018-01011, 2018-01012 and 2018-01014. Contact: Jinnie L. Reed, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston. MA 02111. (D,R)

255. *Election Systems & Software, LLC v. Dominion Voting Systems, Inc.*, 1:17-cv-01172-CJB (D. Del.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 8,991,701, relating to an accessible voting system. Case has settled. Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101.

256. *General Motors LLC et al. v. Dorman Products, Inc. et al.*, 2:15-cv-129170-VAR-EAS (E.D. Mich.). Served as an expert for plaintiff in a case alleging copyright infringement and violation of the anti-circumvention provisions of the Digital Millennium Copyright Act relating to offloading of transmission control software from automobiles. Case has settled. Contact: Aaron A. Barlow, Esq., Jenner & Block LLP, 353 North Clark Street, Chicago, IL 60654-3456.

257. *PPS Data, LLC v. Jack Henry & Associates, Inc.,* Case 2:18-cv-00007-JRG (E.D. Texas). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 7,181,430, 7,216,106, 7,440,924, 7,624,071 and 8,126,809, relating to methods for processing check images in electronic payment systems. The '430, '924, '071 and '809 patent were found invalid by the Court under 35 U.S.C. § 101. After a jury trial, all asserted claims of the '106

patent were found not infringed and invalid.  Contact: Anthony H. Son, Esq., Maddox Edwards, PLLC, 1900 K Street NW, Suite 725, Washington, DC 20006. (D,R,T)

258.  *NEXT Payment Solutions, Inc. v. CLEAResult Consulting, Inc.,* Case 1:17-cv-08829 (N.D. Illinois).  Served as an expert for defendant in a case alleging misappropriation of trade secrets relating to a system for managing energy rebate appointments and inspections. The trade secret counts were dismissed on summary judgment. Contact: Anthony Fuga, Esq., Holland & Knight LLP, 131 S. Dearborn Street, 30th Floor, Chicago, IL 60603. (R)

259.  *Certain Digital Video Receivers and Related Hardware and Software Components*, USITC Inv. No. 337-TA-1103.  Served as an expert for Complainants Rovi Corporation et al. against Comcast Corporation et al. in an International Trade Commission proceeding involving alleged infringement of U.S. Patents 9,294,799, relating to resumption on a second device of video paused on a first device, and 9,578,363, relating to providing video in a format suitable for a particular device.  Those patents were subsequently dropped. Dr. Shamos testified about his observation of user focus groups. The ITC issued an exclusion order, upheld by the Federal Circuit. Contact: Richard A. Kamprath, Esq., McKool Smith, 300 Crescent Court, Suite 1500, Dallas, TX 75201.  (D,R,T)

260.  *ARM Ltd. et al. v. Complex Memory, LLC*, IPR2019-00053, IPR2019-00058, Patent Trial and Appeal Board. Served as an expert for petitioners in *inter partes* reviews of U.S. Patent 5,890,195, relating to cache memory (SRAM) integrated with main memory (DRAM) and U.S. Patent 6,658,576, relating to an energy-conserving computer operating system. Outcome: both IPRs terminated by settlement. Contact: Kevin Anderson, Esq., Duane Morris LLP, 505 9th Street, NW, Suite 1000, Washington, DC 20004-2166. (R)

261.  *Supercell Oy v. Gree, Inc.*, PGR2018-00070, PGR2018-00071, Patent Trial and Appeal Board. Served as an expert for patent owner in post-grant reviews of U.S. Patents 9,770,656 and 9,770,664, relating to user interfaces for multiplayer online games. Institution denied in both PGRs. Contact: Scott McKeown, Esq., Ropes & Gray, L.L.P., 2099 Pennsylvania Avenue, Washington, DC 20006-6807. (R)

262.  *Amazon Services, LLC v. South Carolina Dept. of Revenue*, Docket No. 17-ALJ-0238-CC. (S.C. Admin. Ct.). Served as an expert for South Carolina in a tax dispute relating to online sales through Amazon's Merchant Fulfillment Network. Result: Amazon found liable to pay tax. Contact: John Hoefer, Esq., Willoughby & Hoefer, P.A., 940 Richland St., P.O. Box 8416, Columbia, SC 29202-8416. (D)

263.  *Supercell Oy v. Gree, Inc.*, PGR2019-00018, Patent Trial and Appeal Board. Served as an expert for patent owner in a post-grant review of U.S. Patent 9,891,799, relating to a method for moving a plurality of objects in a computer game. All claims found unpatentable under 35 U.S.C. § 101. Affirmed by the Federal Circuit.  Contact: Scott McKeown, Esq., Ropes & Gray, L.L.P., 2099 Pennsylvania Avenue, Washington, DC 20006-6807. (D,R)

264.  *Beal v. Outfield Brew House, LLC.,* Case 2:18-cv-4028 (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute. The District Court ruled for defendant on summary judgment based on statutory interpretation, now on appeal to the Eighth Circuit. Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (D,R)

265. *Smartmatic USA Corporation v. Election Systems & Software, LLC,* IPR2019-00531, Patent Trial and Appeal Board. Served as an expert for patent owner in an inter partes review of U.S. Patent 8,096,471, relating to a ballot marking device having an attached ballot box and IPR2019-00527 of U.S. Patent 7,753,273. All '471 claims found patentable. Four '273 claims found patentable.  Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101. (D,R)

266. *Curling et al. v. Raffensperger et al.,* Case 1:17-CV-2989AT (N.D. Georgia).  Served as an expert for defendants Secretary of State and State Election Board in a case in which plaintiffs seek an injunction of forbid use of DRE voting machines in Georgia in 2019. Preliminary injunction denied as to the November 2019 election. Contact: Vincent Russo, Esq., Robbins Ross Alloy Belinfante Littlefield LLC, 500 14th Street N.W., Atlanta, GA 30318. (D,R)

267. *Smith v. Truman Road Development, LLC d/b/a No OtherPub,* Case 4:18-cv-670-NKL (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute.  The District Court ruled for defendant on summary judgment based on statutory interpretation. Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (R)

268. *J. T. Hand et al. v. Beach Entertainment, LLC d/b/a Shark Bar,* Case 4:18-cv-668-NKL (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute.  Partial summary judgment was granted, now on appeal to the Eighth Circuit. Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (R)

269. *WhereverTV, Inc. v. Comcast Corporation, et al.,* Case 2:18-cv-00529-UA-CM (M.D. Florida).  Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 8,656,431, relating to a system for integrating television and IPTV channels into a global interactive program guide.  Contact: Adam Sanderson, Esq., Reese Marketos LLP, 750 N. St. Paul St., Suite 600, Dallas, TX 75201. (R)

270. *Droplets, Inc. v. Nordstrom, Inc.,* Case 3:12-CV-04049-JST (N.D. Cal.).  Served as an expert for defendant in an action alleging infringement of U.S. Patent 8,402,115, relating to delivering interactive links for presenting applications on a client computer.  Case has settled.

Contact: Benjamin Kleinman, Esq., Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center Suite 1900, San Francisco, CA 94111. (D,R)

271. *Droplets, Inc. v. Yahoo!, Inc.*, Case 3:12-CV-03733-JST (N.D. Cal.). Served as an expert for defendant in an action alleging infringement of U.S. Patent 8,402,115, relating to delivering interactive links for presenting applications on a client computer. At trial, Plaintiff sought $250 million, was awarded $15 million. Contact: Kevin P. Anderson. Esq., Duane Morris LLP, 505 9th Street, N.W., Suite 1000, Washington, DC 20004-2166. (D,R,T)

272. *Square, Inc. v. 4361423 Canada, Inc. d/b/a AnywhereCommerce*, IPR2019-01651, IPR2019-01652, IPR2019-01653, and IPR2019-001654, Patent Trial and Appeal Board. Served as an expert for petitioner in inter-partes reviews of U.S. Patents 9,443,239, 9,613,351, and 9,818,107, relating to an attachment to a cellphone to facilitate credit card transactions. Result: all challenged claims umpatentable in all four IPRs. Contact: David Tennant, Esq., White & Case, L.L.P., 701 Thirteenth Street, NW, Washington, DC 20005. (R)

273. *Uniloc 2017 LLC. v. Netflix, Inc. et al.*, Lead Consolidated Case SACV8:18-cv-2055-GW-DFMx (C.D. Cal.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 8,407,609, relating to tracking the amount of time a presentation is watched online, and 9,721,273, relating to aggregating and presenting audio and video over a network. Case has settled. Contact: Sal Lim, Esq., Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP, 1600 El Camino Real, Suite 280, Menlo Park, CA 94025. (R)

274. *Comcast Cable Communications, LLC v. WhereverTV, Inc.*, IPR2019-01482, and IPR2019-001483, Patent Trial and Appeal Board. Served as an expert for Patent Owner in inter-partes reviews of U.S. Patent 8,656,431, relating to a system for integrating television and IPTV channels into a global interactive program guide. Institution denied in both cases. Contact: Adam Sanderson, Esq., Reese Marketos LLP, 750 N. St. Paul St., Suite 600, Dallas, TX 75201. (R)

275. *Boom! Payments, Inc. v. Stripe, Inc. et al.*, Case 3:19-cv-0050-VC (N.D. Cal.). Served as an expert for Defendants Shopify, Inc. and Shopify (USA) Inc. in an action alleging infringement of U.S. Patents 8,429,084, and 9,235,857, relating to a system for confirming that a physical exchange of goods has occurred in an online transaction. All asserted claims found invalid under 35 U.S.C. § 101 upon Defendants' motion to dismiss. Contact: Vincent M. Ferraro, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., Chrysler Center, 666 Third Avenue, New York, NY 10017.

276. *Curb Mobility, LLC. v. Kaptyn, Inc. et al.*, Case 2:18-cv-02416-MMD-GWF (D. Nev.). Served as an expert for Defendants in an action alleging infringement of U.S. Patent 6,347,739, relating to a system for accepting credit cards in taxicabs. All asserted claims found invalid under 35 U.S.C. § 101. Contact: Robert Yorio, Esq., Carr & Ferrell LLP, 120 Constitution Drive, Menlo Park, CA 94025. (R)

277. *Canon, Inc. v. TCL Electronics Holdings, Ltd., et al.*, Case 2:18-cv-00546-JRG (E.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patent

7,810,130, relating to buffering video content, U.S. Patent 7,746,413, relating to interpreting instructions from a television remote control, and U.S. Patents 8,078,767, 8,346,986 and 8,713,206, relating to controlling a digital display when an external device has been disconnected.  Case has settled. Contact: Kyotaro Ozawa, Esq., Paul Hastings LLC, Ark Hills Sengokuyama Mori Tower, Fortieth Floor 1-9-10 Roppongi, Minato-ku, Tokyo 106-0032 Japan. (D,R)

278. *Uniloc 2017 LLC v. Paychex, Inc.*, Case No. 1:19-cv-11272-RGS (D. Mass.), consolidated for certain purposes with *Uniloc 2017 LLC v. AthenaHealth Inc.*, Case No. 1:19-cv-11278-RGS (D. Mass.). Served as an expert for plaintiff in actions alleging infringement of U.S. Patent 6,324,578, relating to management of configurable application programs on a network. Paychex case dismissed for lack of jurisdiction. Cases have settled. Contact: James J. Foster, Esq., Prince Lobel Tye LLP, One International Place, Suite 3700, Boston, MA 02110. (D,R)

279. *H2O Resources, LLC v. Oilfield Tracking Services, LLC*, AAA Case No. 01-18-0003 6309 (Houston, Texas). Served as an expert for defendants in an arbitration alleging misappropriation of trade secrets under 18 U.S.C. § 1836 and 12 P.S. § 5301 (Pennsylvania) relating to a system for tracking movement of produced water generated from oil and gas drilling. Matter has settled. Contact: Paul Greco, Esq., Fisher Philips LLP, 150 N. Radnor Chester Road, Suite C300, Radnor, PA 19087. (D,R)

280. *J.T. Hand et al. v. ARB KC, LLC d/b/a Angels Rocks Bar,* Case 4:19-cv-108-BCW (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute.  Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (R)

281. *Doohan et al. v. CTB Investors, LLC d/b/a PBR Big Sky Cowboy Bar et al.,* Case 4:19-cv-111-FJG (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute.  Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (R)

282. *Taylor et al. v. KC Vin, LLC d/b/a/ Pizza Bar, et al.,* Case 4:19-cv-110-NKL (W.D. Missouri).  Served as an expert for plaintiff, representative of a putative class, in a case alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically on the issue whether certain dialing systems constitute an "Automatic Telephone Dialing System" under the statute.  Contact: Bill Kenney, Esq., Bill Kenney Law Firm, LLC., 1100 Main St. Suite 1800, Kansas City, MO 64105. (R)

283. *The Thomas L. Pearson and The Pearson Family Members Foundation, et al. v. The University of Chicago*, Case 4:18-cv-00099-GKF-FHM (N.D. Oklahoma).  Served as an expert for plaintiffs in an action alleging breach of an agreement granting $100 million to the

University of Chicago. Case has settled. Contact: P. Scott Hathaway, Esq., Conner & Winters, LLP, 4000 One Williams Center, Tulsa, OK 74172-0148. (D,R)

284. *ESW Holdings, Inc. v. Roku, Inc.,* Case 6:19-cv-00044-ADA (W.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patent 9,420,349, relating to monitoring a digital media stream and identifying media objects through fingerprinting. Jury verdict for defendant. Contact: Conor Civins, Esq., Bracewell LLP, 111 Congress Avenue, Suite 2300, Austin, TX 78701-4061 (D,R,T)

285. *Apple, Inc. v. Fintiv, Inc.,* IPR2020-00019, Patent Trial and Appeal Board. Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 8,843,125, relating to a system and method for managing a mobile wallet through a Trusted Service Manager (TSM). Institution denied. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D, R)

286. *Election Systems & Software, LLC v. Hart InterCivic, Inc.,* PGR2020-00031, Patent Trial and Appeal Board. Served as an expert for petitioner in a post-grant review of U.S. Patent 10,445,966, relating to conversion of printed ballots into cast vote records by optical character recognition. Result: all challenged claims unpatentable. Federal Circuit appeal was dismissed by Patent Owner. Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101. (D,R)

287. *Launius v. Flores, in her official capacity as Presiding Officer, Chair of Trustees, of Dallas County Community College District*, Cause DC-19-08429 (Dist. Ct., Dallas Cty., Texas). Served as an expert for contestee in an action alleging that an election held May 4, 2019 approving a $1 billion bond issue should be overturned because "the true outcome of the election cannot be ascertained." After a bench trial, the Court granted judgment in favor of contestee. Affirmed by the Court of Appeals. The Texas Supreme Court declined review. Contact: Adam Rothey, Esq., Thompson & Horton LLP, 500 N. Akard St., Suite 3150, Dallas, TX 75201. (D,T)

288. *Slyce Acquisition, Inc. v. Syte - Visual Conception Ltd. et al.,* Case 6:19-cv-00257-ADA (W.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patent 9,152,624, relating to navigating Web content via image analysis. Case has settled. Contact: Michael Chibib, Esq., Bracewell LLP, 111 Congress Avenue, Suite 2300, Austin, TX 78701-4061 (R)

289. *Early Warning Services, LLC v. William Grecia,* IPR2020-00763, Patent Trial and Appeal Board. Served as an expert for petitioner in an inter partes review of U.S. Patent 8,887,308, relating to generation of tokens authenticating users seeking access to digital cloud content. Review was not instituted, but the patent was found invalid on § 101 grounds in litigation. Contact: Cory Smith, Esq., Bryan Cave Leighton Paisner LLP, Two North Central Avenue, Suite 2100, Phoenix, AZ 85004-4406. (R)

290. *Supercell Oy v. Gree, Inc.,* PGR2020-00063, Patent Trial and Appeal Board. Served as an expert for patent owner in a post-grant review of U.S. Patent 10,406,432, relating to a method for providing information in a head-mounted display based on gaze sensing. Institution

denied.  Contact: Scott McKeown, Esq., Ropes & Gray, L.L.P., 2099 Pennsylvania Avenue, Washington, DC 20006-6807. (R)

291. *Digital Retail Apps, Inc. v. H-E-B Grocery Company, LP,* Case 6:19-cv-00167-ADA (W.D. Texas).  Served as an expert for defendant in an action alleging infringement of U.S. Patents 9,262,781, and 9,934,506, relating to use of QR codes in point-of-sale electronic payment applications.  Case settled before trial.  Contact: Andrew Klein, Esq., Perkins Coie LLP, 3150 Porter Drive, Palo Alto, CA 94304-1212. (D,R)

292. *HLFIP Holding, Inc. d/b/a/ Smart Communications IP Holdings v. Rutherford County, Tennessee et al.,* Case 3:19-cv-00714 (M.D. Tenn.).  Served as an expert for intervenor VendEngine, Inc. in an action alleging infringement of U.S. Patent 10,291,617, relating to a computerized method of eliminating contraband in mail directed to correctional facilities.  Defendant and intervenor prevailed on judgment on the pleadings that the patent was ineligible under 35 U.S.C. § 101. Contact: W. Edward Ramage, Esq., Baker Donelson, Bearman, Caldwell & Berkowitz, P.C., Monarch Plaza, Suite 1600, 3414 Peachtree Road N.E., Atlanta, GA 30326. (D,R)

294. *Broadband iTV, Inc. v. DISH Network, L.L.C.*, Case 6:19-cv-716-ADA (W.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 9,648,388, 9,998,791, 10,028,026 and 10,506.269, relating to hierarchical navigation of video-on-demand television menus.   Case has settled. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (D,R)

295. *Arendi S.A.R.L. v. Blackberry Limited et al.*, Case 1:12-cv-01595-LPS (D. Del.). Serving as an expert for Defendant in an action alleging infringement of U.S. Patents 7,917,843 and 8,306,993, relating to a touchscreen mechanism for providing name and address handling by an associated information system.   Contact: Jason W. Cook, Esq., McGuireWoods LLP, 2000 McKinney Ave., Suite 1400, Dallas, TX 75201.  (D,R)

296. *Unified Patents, LLC v. Monarch Networking Solutions LLC,* IPR2020-01708, Patent Trial and Appeal Board. Served as an expert for petitioner in an inter partes review of U.S. Patent 7,756,507, relating to out-of-band authentication to obtain access to a digital network.  All challenged claims found unpatentable.  Contact: John M. Baird, Esq., Duane Morris LLP, 505 9th Street, N.W., Suite 1000, Washington, DC 20004-2166. (R)

297. *Aqua Connect, Inc. et al. v. TeamViewer U.S. Inc. et al.*, Case 1:18-cv-01572-MN (D. Del.). Served as an expert for Plaintiffs in an action alleging infringement of U.S. Patents RE46,386 and 8,924,502, relating to updating a user session in a Mach-derived system environment.   At trial, the jury awarded Plaintiffs $5.7 million, before prejudgment interest. Contact: Ryan E. Hatch, Esq., Hatch Law, P.C., 13323 Washington Blvd., Suite 100, Los Angeles, CA 90066.  (D,R,T)

298. *PayPal, Inc. v. RetailMeNot, Inc.,* Case 6:20-cv-00339-ADA (W.D. Texas).  Served as an expert for PayPal in an action alleging infringement by RetailMeNot of U.S. Patents 6,917,961 and 7,693,937, relating to evolving interactive browser dialog boxes, U.S. Patent 7,659,905,

relating to pre-fetching data on a network, U.S. Patents 8,909,248 and 9,654,923, relating to provision of location-based services, and U.S. Patents 9,053,514 and 9,082,153, relating to automatic rebate and coupon redemption, and alleging in counterclaims infringement by PayPal of U.S. Patents 10,296,931, and 10,489,814, relating to accessing promotional offers displayed on websites by circumventing secure sandbox protections.  Case has settled.  Contact: Steve Marshall, Esq., Fish & Richardson, P.C., 1000 Maine Avenue, S.W., Suite 1000, Washington, DC 20024.

299. *Rovi Guides, Inc. et al. v. Comcast Corporation et al.*, Case No. 2:18-cv-00253-AG-FFM (C.D. Cal.). Served as an expert for plaintiffs in an action alleging infringement of U.S. Patents 7,827,585, relating to electronic TV program guides, 9,294,799, relating to an on-demand media delivery system, 9,369,741, relating to an interactive television reminder system, 9,578,363, relating to accessing video content via standard and high-definition channels, 9,621,956, relating to a television transport control interface, and 9,668,014, relating to methods for storing video assets.  Case has settled. Contact: Richard A. Kamprath, Esq., McKool Smith, 300 Crescent Court, Suite 1500, Dallas, TX 75201.

300. *RetailMeNot, Inc. v. Honey Science, LLC,* Case 1:18-cv-00937-CFC-MPT (D. Del.).  Served as an expert for defendant in an action alleging infringement of U.S. Patents 9,626,688,  10,290,015,  10,296,931, and 10,489,814, relating to accessing promotional offers displayed on websites by circumventing secure sandbox protections.  Case has settled.  Contact: Richard Birnholz, Esq., Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067-4276.

301. *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*, USITC Inv. No. 337-TA-1222.  Served as an expert for Complainant DivX, LLC against numerous smart television manufacturers in an International Trade Commission proceeding involving alleged infringement of, *inter alia*, U.S. Patent 8,832,297, relating to multiphase adaptive bitrate streaming.  Case has settled. Contact: Jessica Perry, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111.

302. *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-03845-EMC (N.D. Cal.). Served as an expert for Google in an action alleging infringement of U.S. Patent 7,065,206, relating to echo and noise control, 7,899,187, relating to digital rights management, 8,583,489, relating to notification of availability of media content, 10,140,375, relating to personalized network searching, and 10,229,586, relating to communication via wireless sensor systems. Result: all claims dismissed on summary judgment. Contact: Patrick D. Curran Esq., Quinn Emanuel Urquhart & Sullivan LLP, 111 Huntington Avenue, Suite 520, Boston, MA 02199. (R)

303. *Hitel Technologies LLC v. Nike, Inc.,* Case 6:20-cv-00591-ADA (W.D. Texas).  Served as an expert for Nike in an action alleging infringement of U.S. Patent 7,689,617, relating to adaptive learning during Web navigation.  Case was dropped by plaintiff during claim construction.  Contact: Christopher Renk, Esq., Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4231.

304. *Hitel Technologies LLC v. Levi Strauss & Co.*, Case 6:20-cv-00589-ADA (W.D. Texas).  Served as an expert for Levi Strauss in an action alleging infringement of U.S. Patent 7,689,617, relating to adaptive learning during Web navigation.  Case was dropped by plaintiff during claim construction.  Contact: Robert A. McFarlane, Esq., Hanson Bridgett LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105.

305. *Unified Patents, LLC v. Caselas, LLC,* IPR2021-00799, Patent Trial and Appeal Board. Served as an expert for petitioner in an inter partes review of U.S. Patent 9,715,691, relating to providing information about charge-backs in credit reports. Result: all challenged claims found unpatentable. See Final Written Decision. Contact: Larissa Bifano, Esq., DLA Piper LLP, 33 Arch Street, 26th Floor, Boston, MA 02110-1447. (D,R)

306. *Fortinet, Inc. v. Forescout Technologies, Inc.*, Case 3:20-cv-03343-EMC-ADA (N.D. Cal.).  Served as an expert for plaintiff in an action alleging infringement of U.S. Patents 8,458,314, relating to administration of network security privileges, 9,369,299, relating to methods for controlling remote network access, 9,503,421, relating to security information and event management, 9,894,034, relating to configuration of network endpoint security, and 9,948,662, relating to application layer network security.  Case has settled. Contact: Rachel Blitzer, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001. (R)

307. *Delaware North iGaming, Inc. v. Miomni Gaming Ltd. et al.,* C.A. 2019-0301-JTL (Del. Ch.). Served as a court-appointed expert in a matter alleging breach of contract to provide software and computing services. Case has settled. Contact: Vice-Chancellor J. Travis Laster, Court of Chancery, 500 North King Street, Wilmington, DE 19801.

308. *Zillow Group et al. v. International Business Machines Corp.*, IPR2020-01656, Patent Trial and Appeal Board.  Served as an expert for patent owner in an *inter partes* review of U.S. Patent 8,315,904, relating to a computerized method for managing promotions.  Review was instituted, but all Challenged Claims were found patentable. Contact: Gautam Patnaik, Esq., Desmarais, LLP, 1701 Pennsylvania Avenue NW, Suite 200, Washington, D.C. 20006.  (D,R)

309. *ByteDance Ltd. and TikTok Inc. v. Triller, Inc.*, IPR2021-00099, Patent Trial and Appeal Board.  Served as an expert for patent owner in an *inter partes* review of U.S. Patent 9,691,429, relating to systems and methods for creating music videos synchronized with an audio track.  Case has settled. Contact: Brent Lorimer, Esq., Workman Nydegger, 60 East South Temple, Suite 1000, Salt Lake City, UT 84111.  (D,R)

310. *Broadband iTV, Inc. v. Amazon.Com, Inc. et al.*, Case 6:20-cv-921-ADA (W.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 9,648,388, 9,973,826, 10,028,026, 10,506,269, 10,536,750 and 10,536,751, relating to hierarchical navigation of video-on-demand television menus.  Asserted claims found invalid as non-statutory, affirmed by the Federal Circuit. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (D,R)

311. *DISH Network, L.L.C, v. Broadband iTV, Inc.,* IPR2020-01267, Patent Trial and Appeal Board. Served as an expert for patent owner in in an *inter partes* review of U.S. Patent 10,028,026, relating to hierarchical navigation of video-on-demand television menus.   Case has settled. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (D,R)

312. *DISH Network, L.L.C, v. Broadband iTV, Inc.,* IPR2020-01280, Patent Trial and Appeal Board. Served as an expert for patent owner in in an *inter partes* review of U.S. Patent 9,998,791, relating to hierarchical navigation of video-on-demand television menus.   Case has settled. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (D,R)

313. *DISH Network, L.L.C, v. Broadband iTV, Inc.,* IPR2020-01359, Patent Trial and Appeal Board. Served as an expert for patent owner in in an *inter partes* review of U.S. Patent 9,648,388, relating to hierarchical navigation of video-on-demand television menus.   Case has settled. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (D,R)

314. *Justservice.net, LLC. v. Dropbox, Inc.,* Case 6:20-cv-00070-ADA (W.D. Texas). Served as an expert for Defendants in an action alleging infringement of U.S. Patents 8,126,990, 8,195,776, 8,392,542, 9,722,993, 10,387,270 and 10,476,868, relating to network-based file backup systems.  Case has settled.  Contact: Monica Grewal, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

315. *Dropbox, Inc. v. Motion Offense, LLP*, Case 6:20-cv-00251-ADA (W.D. Texas). Served as an expert for declaratory judgment plaintiff Dropbox in an action relating to alleged infringement of U.S. Patents 10,013,158, 10,021,052, 10,303,353, 10,587,548, and 10,613,737, relating to file-sharing systems.   At trial, all asserted claims were found not infringed, not entitled to priority to 2012, and were found invalid.  Contact: Monica Grewal, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109. (D,R,T)

316. *HealthPlanCRM, LLC d/b/a Cavulus v. AvMed, Inc. et al.*, Case 01-19-0002-2557 (American Arbitration Association).  Served as an expert for respondents in an arbitration alleging misappropriation of trade secrets concerning a customer relationship management (CRM) platform relating to Medicare Advantage Plans. Result: all claims dismissed by arbitrator. Contact: Chris Schwing, Esq., Holland & Knight LLP, 50 N. Laura Street, Suite 3900, Jacksonville, FL 32202. (R)

317. *Talavera et al. v. Global Payments, Inc. et al.*, Case 3:21-cv-1585-TWR-AGS (S.D. Cal.).  Served as an expert for defendants in an action alleging infringement of copyright in a computer program that operates storefronts for online purchase of school supplies.  Contact: Matthew D. Murphey, Esq., Murphey & Murphey, 120 Vantis Drive, Suite 300, Aliso Viejo, California 92656. (R)

318. *AlphaSense Oy et al. v. Sentieo, Inc.,* Case 1:21-cv-01011-CFC/JLH-MPT (D. Del.).  Served as an expert for defendant in a case alleging infringement of U.S. Patent 11,023,675, relating to a

user interface for a financial document search engine.  Case has settled. Contact: Jennifer Ying, Esq., Morris, Nichols, Arsht & Tunnell, LLP, 1201 North Market Street, 16th Floor, Wilmington, DE 19899-1347. (R)

319. *Triller, Inc. v. TikTok PTE, Ltd.*, IPR2022-00179, IPR2021-00180, and IPR2021-00181, Patent Trial and Appeal Board.  Served as an expert for petitioner in *inter partes* reviews of U.S. Patents 9,294,430, 9,648,132, and 9,992,232, relating to systems and methods for locating and downloading digital music to a wireless device.  Review was instituted in 2022-00179 and 2022-00180; denied in 2022-00181. Case has settled. Contact: Brent Lorimer, Esq., Workman Nydegger, 60 East South Temple, Suites 1000, Salt Lake City, UT 84111.  (D,R)

320. *RFCyber Corp. v. Google LLC and Google Payment Corp.*, C.A. 2:20-cv-00274-JRG (E.D. Texas). Served as an expert for Google in an action alleging infringement of U.S. Patents 6,292,657, 8,118,218, 8,448,855, 9,189,787, 9,240,009, and 10,600,046, relating to electronic commerce payment methods. Case has settled. Contact: Heather Takahashi, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071.

321. *KioSoft Technologies, LLC et al. v. PayRange, Inc.*, PGR2021-00077, Patent Trial and Appeal Board.  Served as an expert for patent owner in a post-grant review of U.S. Patent 10,719,833, relating to methods for authorizing payments wirelessly at vending machines.  Result: claim 1 unpatentable; claims 2-27 not unpatentable. Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.  (D,R)

322. *Fintiv, Inc. v. Apple, Inc.*  C.A. 1:21-cv-00896-ADA (W.D. Texas). Served as an expert for plaintiff in an action alleging infringement of U.S. Patent 8,843,125, relating to a system and method for managing a mobile wallet through a Trusted Service Manager (TSM). Defendant obtained summary judgment of non-infringement, now on appeal to the Federal Circuit. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D, R)

323. *NRT Technology Corp. et al. v. Everi Holdings Inc. et al.,* C.A. 1:19-cv-00804-MN (D. Del.). Serving as an expert for Plaintiffs in an action alleging misuse of U.S. Patent 6,081,792, relating to structuring ATM and POS transactions with respect to withdrawal limits.   Contact: Colby B. Springer, Esq., Polsinelli LLP (formerly at Lewis Roca Rothgerber LLP), Three Embarcadero Center, Suite 1350, San Francisco, CA 94111.  (D,R)

324. *KioSoft Technologies, LLC et al. v. PayRange, Inc.*, PGR2021-00093, Patent Trial and Appeal Board.  Served as an expert for patent owner in a post-grant review of U.S. Patent 10,891,614, relating to methods for authorizing payments wirelessly at vending machines.  Claims 7, 11-13, 16 and 17 found not unpatentable. Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.  (D,R)

325. *OANDA Corporation v. GAIN Capital Holdings Inc. et al.,* C.A. 3:20-cv-05784-ZNQ-DEA (D. N.J.). Serving as an expert for Plaintiff in an action alleging infringement of U.S. Patents

7,146,336 and 8,392,311, relating to systems and methods of online currency trading.   Contact: Drew Koning, Esq., Koning Zolar LLP 169 Saxony Road, Suite 115, Encitas, CA 92024-6780. (R)

326. *AnywhereCommerce, Inc. et al. v. Ingenico, Inc. et al.,* C.A. 1:19-cv-11457-IT (D. Mass.). Served as an expert for Defendants in an action alleging infringement misappropriation of trade secrets involving card reading devices connecting to cellphones via audio jack.  Result: verdict for Defendants.  Contact: Jeffrey Techentin, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903-1345. (D,R,T)

327. *Samsung Electronics Co. Ltd. v. Aire Technology Ltd,*, IPR2022-00875, Patent Trial and Appeal Board.  Served as an expert for petitioner in an *inter partes* review of U.S. Patent 8,205,249, relating to a method for carrying out a secure electronic transaction.  Terminated by settlement prior to institution. Contact: Daniel Tishman, Esq., Fish & Richardson, P.C., 1000 Maine Avenue, S.W., Suite 1000, Washington, DC 20024.  (R)

328. *Content Square SAS v. Quantum Metric, Inc.*, IPR2022-01167, Patent Trial and Appeal Board.  Served as an expert for petitioner in an *inter partes* review of U.S. Patent 11,036,823, relating to a method for capturing and replaying user interactions with a webpage through a Document Object Model (DOM) tree.  Terminated by settlement. Contact: Stephen R. Smith, Esq., Cooley LLP, 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004-2400.  (R)

329. *Open Text Corporation et al. v. SAS C6,* C.A. 2084-cv-02578-BLS1 (Mass. Super.). Served as an expert for Defendant in an action alleging breach of a software license agreement and misappropriation of trade secrets involving enterprise content management systems.   Case has settled. Contact: Matthew C. Hurley, Esq., Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111. (R)

330. *ABG Intermediate Holdings 2, LLC at al. v. Bolt Financial, Inc.,* C.A. 22-cv-00473-IT (S.D. N.Y.). Served as an expert for Plaintiff in a case alleging breach of contract for development of an ecommerce software platform and misuse of proprietary information. Case has settled.  Contact: Bill Natbony, Esq., Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281.

331. *In the Matter of Certain Digital Set-Top Boxes and Systems and Services Including the Same*, USITC Inv. No. 337-TA-1315. Served as an expert for Complainant Broadband iTV, Inc. in an ITC proceeding alleging infringement of U.S. Patents 9,866,909, 9,936,240, 10,555,014, and 11,277,669, relating to hierarchical navigation of video-on-demand television menus. Case has settled. Contact: Sal Lim, Esq., Kramer Day Alberti Lim Tonkovich & Belloli LLP, 577 Airport Boulevard, Suite 250, Burlingame, California 94010. (R)

332. *Proofpoint, Inc. et al. v. Vade Secure Incorporated et al.*, Case 3:19-cv-04238-MMC (N.D. Cal.).  Served as an expert for plaintiffs in an action alleging misappropriation of trade secrets and breach of employment and confidentiality agreements relating to cybersecurity technology.

Result: jury verdict for plaintiffs for $13.9 million.  Contact: Sean Pak, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor San Francisco, California 94111.

333. *Apple, Inc. v. Fintiv, Inc.,* IPR2022-00976, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 9,892,386, relating to a mobile financial services system for making payments using mobile wallets. All challenged claims found unpatentable, now on appeal to the Federal Circuit. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D,R)

334. *BJ's Wholesale Club Holdings, Inc. v. Walmart Apollo, LLC.,* IPR2022-01471, Patent Trial and Appeal Board.  Served as an expert for Petitioner in an inter-partes review of U.S. Patent 10,121,133, relating to a method for retail self-checkout using a mobile device. Institution was denied. Contact: Michael Messinger, Esq., Vorys, Sater, Seymour and Pease LLP, 1909 K Street NW, Suite 900, Washington, DC 20006-1152. (D,R)

335. *KioSoft Technologies, LLC et al. v. PayRange, Inc.*, PGR2021-00084, Patent Trial and Appeal Board.  Served as an expert for patent owner in a post-grant review of U.S. Patent 10,891,608, relating to methods for authorizing payments wirelessly at vending machines.  Review was not instituted. Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.

336. *Versata Software, Inc., et al. v. Configit A/S,* Case 2:20-cv-09019-JAK-MRW (C.D. Cal.).  Served as an expert for Plaintiff in an action alleging trade secret misappropriation and infringement of U.S. Patents 6,836,766 and 10,360,612, relating to product configuration systems.  Case has settled. Contact: Michael Chibib, Esq., Bracewell LLP, 111 Congress Avenue, Suite 2300, Austin, TX 78701-4061 (R)

337. *Apple, Inc. v. Mozido-Corfire-Korea, Ltd.,* IPR2022-01149, Patent Trial and Appeal Board.  Served as an expert for real party in interest Fintiv, Inc. in an inter-partes review of U.S. Patent 10,223,692, relating to a method for establishing a temporary payment cards on a mobile device. All challenged claims found unpatentable. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D,R)

338. *Apple, Inc. v. Mozido, Inc.,* IPR2022-01150, Patent Trial and Appeal Board.  Served as an expert for real party in interest Fintiv, Inc. in an inter-partes review of U.S. Patent 9,189,785, relating to a method for selecting a debit network using a scannable code. Some challenged claims found unpatentable. Claims 5, 12, and 19 found patentable. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D,R)

339. *In re Xyrem (Sodium Oxybate) Antitrust Litigation,* Case 5:20-md-02966-RS (N.D. Cal.).  Deposed as a fact witness concerning expert reports submitted in case 149, *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, regarding methods for controlling the distribution of sensitive drugs.  Contact: Jack E. Pace III, Esq., White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020 (D)

340. *Roku, Inc. v. IOENGINE, LLC,* IPR2022-01257, IPR2022-01258, Patent Trial and Appeal Board. Served as an expert for Patent Owner in inter-partes reviews of U.S. Patent 10,447,819, relating to a secure portable device implementing a plug-n-play VPN. Institution denied in both IPRs. Contact: Greg Chuebon, Esq., Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797. (D,R)

341. *Beijing Meishe Network Technology Co., Ltd. v. TikTok Inc.,* C.A. 6:21-cv-00504-ADA-JCM (W.D. Texas). Serving as an expert for plaintiff in an action alleging copyright infringement and trade secret misappropriation of software for editing video and audio on mobile devices. Contact: Stephanie Wood, Esq., Cherian LLP, 8350 N. Central Expressway, Suite 1900, Dallas, TX 75206.

342. *Ivanti, Inc. v. Patch My PC, LLC,* C.A. 1:22-cv-00643-NYW-SKC (D. Col.). Served as an expert for defendant in an action alleging infringement of U.S. Patents 6,990,660, 7,823,147 and 8,407,687, relating to methods for updating software remotely over a network by using patch fingerprints. On summary judgment, all asserted claims were found paten-ineligible under 35 U.S.C. § 101. Contact: Daniel W. McDonald, Esq., Merchant & Gould P.C., Suite 220, 150 S. Fifth St., Minneapolis MN 55402. (D,R)

343. *Samsung Electronics, Co. Ltd. v. Cardware, Inc.,* IPR2023-00196, IPR2023-00210, IPR2023-00211, and IPR2023-00219, Patent Trial and Appeal Board. Served as an expert for Petitioner in inter-partes reviews of U.S. Patents 10,810,579 (IPR 196), 10,339,520 (IPRs 210, 211), and 11,176,538 (IPR 219), relating to a device for simulating a magnetic-stripe credit card. Institution was denied in IPR2023-00210; the remainder settled. Contact: Nicholas Stevens, Esq., Fish & Richardson, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402. (D,R)

344. *Snap, Inc. v. YouMap, Inc.,* IPR2022-00568, Patent Trial and Appeal Board. Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 10,616,727, relating to providing location information associated with social network posts. Result: 16 substitute claims found patentable. Contact: Richard A. Catalina, Esq., Jardim, Meisner & Susser, P.C., 766 Shrewsbury Ave., Suite E-202, Tinton Falls, NJ 07724. (D,R)

345. *Everi Payments, Inc. v. Sightline Payments LLC,* IPR2022-00614, IPR2022-00663, and, IPR2022-00696, Patent Trial and Appeal Board. Served as an expert for Patent Owner in inter-partes reviews of U.S. Patents 8,708,809 (IPR 614), 8,998,708 (IPR 663), 9,196,123 (IPR 696), 9,466,176 (IPR 706), and 9,785,926 (IPR 707), relating to systems for funding casino gaming accounts also usable for non-gaming purposes. All challenged claims found unpatentable. Contact: James Murphy, Esq., Polsinelli LLP, 1000 Louisiana Street, 64 Fl, Houston, TX 77002. (D,R)

346. *SurgeTech, LLC v. Uber Technologies, Inc.,* C.A. 1:22-cv-00882-GBW-CJB (D. Del.). Served as an expert for plaintiff in an action alleging infringement of U.S. Patents 11,334,598, 11,360,999 and 11,475,047, relating to methods for allocating and pricing transportation services based on supply, demand and performance factors. The asserted claims were found patent-ineligible on a motion of judgment on the pleadings, now on appeal to the Federal

Circuit. Contact: James Glass, Esq., Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010.

347. *Samsung Electronics, Co. Ltd. v. Cardware, Inc.,* IPR2023-00314, Patent Trial and Appeal Board.  Served as an expert for Petitioner in an inter-partes review of U.S. Patent 10,628,820, relating to a device for simulating a magnetic-stripe credit card. Case has settled. Contact: Nicholas Stevens, Esq., Fish & Richardson, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402. (R)

348. *Election Systems & Software, LLC v. Smartmatic USA Corporation,* 1:18-cv-01259-UNA (D. Del.). Served as an expert for plaintiff in a case alleging infringement of U.S. Patent 8,096,471, relating to a ballot marking device having an attached ballot box.  The asserted claims were found ineligible under 35 U.S.C. § 101.  Affirmed by the Federal Circuit. Contact: Robert M. Evans, Jr., Esq., Lewis Rice LLC, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101. (D,R)

349. *Textile Computer Systems, Inc. v. Broadway National Bank et al.,* 6:21-cv-00150-ADA (W.D. Tex.). Served as an expert for defendants in cases (including 6:21-cv-00152, 6:21-cv-00154, 6:21-cv-00156 and 6:21-cv-00157) alleging infringement of U.S. Patents 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454 relating to online authentication methods. Case has settled.  Contact: Jeffrey D. Blake, Esq., Merchant & Gould, 191 Peachtree Street NE, Suite 3800, Atlanta, GA 30303.

350. *Kroy IP Holdings, LLC v. Groupon, Inc.,* 1:17-cv-01405-MN (D. Del.). Served as an expert for defendant in a case alleging infringement of U.S. Patent 6,061,660, relating to online incentive and award fulfillment methods. All claims found invalid on a motion to dismiss alleging collateral estoppel based on prior IPRs. Reverse and remanded by the Federak Circuit in February 2025 in 2023-1359.  Contact: Ryan Phelan, Esq., Marshall, Gerstein & Borun, LLP, 233 South Wacker Drive, 300 Willis Tower, Chicago, IL 60606-6357.

351. *Underwood v. IFA Holdings, LLC dba Cygnal,* 1:21-cv-00830-ACA (N.D. Ala.). Served as an expert for defendant in a case alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Case has settled.  Contact: Stephen J. Baumgarner, Esq., Maynard Cooper & Gale LLP, 1901 Sixth Ave. North, Suite 1700, Birmingham, AL 35203.

352. *BJ's Wholesale Club Holdings, Inc. v. Walmart Apollo, LLC.,* IPR2022-01528, -01561, -01563, -01564, Patent Trial and Appeal Board.  Served as an expert for Petitioner in an inter-partes reviews of U.S. Patent 10,803,435, relating to a method for retail self-checkout using a mobile device. Institution was denied in 1561. In 1528, 1563, and 1564, all challenged claims were found unpatentable. Contact: Michael Messinger, Esq., Vorys, Sater, Seymour and Pease LLP, 1909 K Street NW, Suite 900, Washington, DC 20006-1152. (D,R)

353. *Samsung Electronics, Co. Ltd. v. Cardware, Inc.,* PGR2023-00012, PGR2023-00013, Patent Trial and Appeal Board.  Served as an expert for Petitioner in post-grant reviews of U.S. Patent 11,328,286, relating to a device for simulating a magnetic-stripe credit card. Trial has

been instituted in both cases. Case has settled. Contact: Nicholas Stevens, Esq., Fish & Richardson, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402. (R)

354. *Daedalus Blue, LLC v. Microsoft Corporation,* Case 6:20-cv-01152-ADA (W.D. Texas).  Served as an expert for plaintiff in an action alleging infringement by of U.S. Patent 7,177,886, relating to reliable backup to remote servers, U.S. Patent 7,437,730, relating to scalable on-demand virtual machine deployment, U.S. Patent 8,381,209, relating to hypervisor access control mechanisms, U.S. Patent 8,572,612, relating to scaling of virtual machines in a cloud computing environment, and U.S. Patent 8,671,232, relating to policy-based data management in storage-area networks.  Case has settled.  Contact: Robin Curtis, Esq., Bunsow De Mory LLP, 701 El Camino Real, Redwood City, CA 94063.

355. *Ebates Performance Marketing, Inc. d/b/a Rakuten Rewards v. International Business Machines Corporation*, IPR2022-00646, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in an *inter partes* review of U.S. Patent 7,631,646, relating to single sign-on in a federated computing environment.  Claims 1–4, 12–16, 18, 19 found unpatentable; claims 5–11, 17, and 20 not unpatentable. Contact: Karim Oussayef, Esq., Desmarais, LLP, 230 Park Avenue, 26th Floor, New York, NY 10169.  (D,R)

356. *Roku, Inc. v. IOENGINE, LLC,* IPR2022-01551, IPR2022-01552, IPR2022-01553, IPR2022-01554, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in inter-partes reviews of U.S. Patent 10,972,584, relating to a secure portable device implementing a plug-n-play VPN. Institution denied in all four cases.  Contact: Greg Chuebon, Esq., Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797. (R)

357. *Apple, Inc. v. Fintiv, Inc.,* IPR2023-00398, IPR2023-00399, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in inter-partes reviews of U.S. Patents 10,438,196 and 9,208,488, respectively, relating to an infrastructure supporting multiple mobile wallet providers. Result: no challenged claims unpatentable in either case. Contact: Marcus Barber, Esq., Kasowitz Benson Torres LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065. (D,R)

358. *IOENGINE, LLC v. Roku, Inc.,* Case 6:21-cv-01296-ADA (W.D. Texas).  Served as an expert for Patent Owner in a case alleging infringement of U.S. Patents 10,447,819 and 10,972,584, relating to a secure portable device implementing a plug-n-play VPN. Result: jury verdict of non-infringement, now subject to post-trial motions. Contact: Greg Chuebon, Esq., Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797. (D,R,T)

359. *United States v. David Gerald Minkkinen et al.,*  Case 2:22-cr-00613 (S.D. W.Va ).  Serving as an expert for defendant Minkkinen in a case alleging theft of trade secrets relating to statewide unemployment insurance systems. Contact: Mike Nogay, Esq., Sellitti, Nogay & Nogay, PLLC, 3125 Pennsylvania Avenue, Weirton, West Virginia 26062. (R)

360. *Hum Industrial Technology, Inc. v. Amsted Rail Company, Inc.,* IPR2023-00538, IPR2023-00539, IPR2023-00540, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in inter-partes reviews of U.S. Patents 9,365,223, 9,981,673, and 10,137,915,

repectively, relating to systems for detecting anomalies in train consists and railcars.  Results: in 538, some claims found unpatentable. In 539, all challenged claims unpatentable. In 540, all challenged claims unpatentable. All decision on appeal to the Federal Circuit. Contact: Ryan N. Miller, Esq., Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103-3222. (R)

361. *Entain Corporate Services Ltd. et al. v. GAN (UK) Limited,* IPR2023-00027, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 8,821,296, relating to casino management systems for linking online and offline gaming accounts.  Result: all challenged claims unpatentable. Contact: Jarrad M. Gunther, Esq., Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103-4196. (D,R)

362. *Ex Parte Reexamination of U.S. Patent 8,762,498*, Control No. 90/015,238. Served as an expert for Unified Patents in a reexamination of U.S. Patent 8,762,498, drawn to Internet communications through a virtual domain. All reexamined claims cancelled. Contact: Michael H. Jones, Esq., Rothwell, Figg, Ernst & Manbeck, P.C., 901 New York Avenue, N.W., Suite 900 East, Washington. DC 20001. (R)

363. *FaceTec, Inc. v. iProov Ltd.*, Case 2:21-cv-02252-ART-BNW (D. Nevada). Serving as an expert for Defendant/Counterclaim Plaintiff in an action alleging infringement of U.S. Patents 10,776,471 and 11,157,606 by iProov, relating to authentication through facial recognition, and infringement of U.S. Patent 9,621,548 by FaceTec, relating to online identity validation.  Contact: Ryan E. Hatch, Esq., Hatch Law, P.C., 13323 Washington Blvd., Suite 100, Los Angeles, CA 90066.

364. *Lexos Media IP, LLC v. Abt Electronics, Inc.*, Case 1:22-cv-04878 (N.D. Ill.). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 5,995,102, 6,118,449, and 7,975,241, relating to modifying a cursor image.  Case has settled.  Contact: Ken P. Kula, Esq., Buether Joe & Counselors, LLC, 1700 Pacific Avenue, Suite 4750 Dallas, Texas 75201.

365. *Lexos Media IP, LLC v. Amazon.com, Inc.*, Case 2:22-cv-00169-JRG (E.D. Texas), consolidated with *Lexos Media IP, LLC v. Target Corporation*, Case 2:22-cv-00175-JRG (E.D. Texas) and *Lexos Media IP, LLC v. Office Depot*, Case 2:22-cv-00273-JRG (E.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 5,995,102, 6,118,449, and 7,975,241, relating to modifying a cursor image.  Case has settled as to all defendants. Contact: Ken P. Kula, Esq., Buether Joe & Counselors, LLC, 1700 Pacific Avenue, Suite 4750 Dallas, Texas 75201.  (D,R)

366. *Lexos Media IP, LLC v. MSC Industrial Direct Co., Inc.*, Case 3:22-cv-01736-X (N.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 5,995,102, 6,118,449, and 7,975,241, relating to modifying a cursor image. Case has settled. Contact: Ken P. Kula, Esq., Buether Joe & Counselors, LLC, 1700 Pacific Avenue, Suite 4750 Dallas, Texas 75201.

367. *Lexos Media IP, LLC v. Nike, Inc.*, Case 2:22-cv-00311-JRG (E.D. Texas), consolidated with *Lexos Media IP, LLC v. Walmart, Inc.*, Case 2:22-cv-00175-JRG (E.D. Texas), *Lexos Media IP,*

*LLC v. Ulta Beauty, Inc.*, 2:22-cv-00292-JRG (E.D. Texas), *Lexos Media IP, LLC v. Northern Tool and Equipment, Inc.*, 2:22-cv-00355-JRG (E.D. Texas), *Lexos Media IP, LLC v. The Gap, Inc.*, 2:22-cv-00299-JRG (E.D. Texas), and *Lexos Media IP, LLC v. CDW LLC*, 2:22-cv-00275-JRG (E.D. Texas). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 5,995,102, 6,118,449, and 7,975,241, relating to modifying a cursor image.  Case has settled as to all defendants. Contact: Ken P. Kula, Esq., Buether Joe & Counselors, LLC, 1700 Pacific Avenue, Suite 4750 Dallas, Texas 75201.  (D,R)

368. *Lexos Media IP, LLC v. Overstock.Com, Inc.*, Case 2:22-cv-02324-JAR-ADM (D. Kan.). Served as an expert for Plaintiff in an action alleging infringement of U.S. Patents 5,995,102, 6,118,449, and 7,975,241, relating to modifying a cursor image.  Contact: Ken P. Kula, Esq., Buether Joe & Counselors, LLC, 1700 Pacific Avenue, Suite 4750 Dallas, Texas 75201.

369. *CosmoKey Solutions GmbH & Co. KG v. Duo Security, Inc.,* 1:18-cv-1477 (D. Del.). Serving as an expert for plaintiff in a case alleging infringement of U.S. Patent 9,246,903, relating to online authentication using two communication channels.  Contact: John Paul Padro, Esq., Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018. (D,R)

370. *United Services Automobile Association v. Truist Bank,* 2:22-cv-00291-JRG-RSP (E.D. Texas). Served as an expert for plaintiff in a case alleging infringement of U.S. Patents 9,818,090, 10,482,432, 11,182,753, 11,544,944, and 11,625,770, relating to remote check deposit. Defendant has counterclaimed, asserting infringement of U.S. Patents 7,336,813, 7,519,214, relating to determining skew in digital images, U.S. Patents 7,283,644, 7,899,210, and 9,760,797, relating to an image-based security system, and U.S. Patent 8,136,721, relating to improvements in optical character recognition.  Case has settled. Contact: Anthony Rowles, Esq., Irell & Manella LLP, 1800 Avenue of the Stars, Los Angeles, CA 90067-4276.

371. *RFCyber Corp. v. Visa U.S.A., Inc.,* 6:22-cv-00697-ADA (W.D. Texas). Served as an expert for Visa in a case alleging infringement of U.S. Patents 8,118,218, 8,448,855, 9,189,787, and 9,240,009, relating to mobile payment devices and funding electronic purses.  Case has settled. Contact: James C. Yoon, Esq., Wilson Sonsini Goodrich & Rosati P.C., 650 Page Mill Road, Palo Alto, CA 94304-1050. (R)

372. *SitePro, Inc. v. Waterbridge Resources, LLC et al.,* 6:23-cv-00115-ADA-DTG (W.D. Texas). Served as an expert for SitePro in a case alleging infringement of U.S. Patents 8,649,909, 9,342,078, 9,898,014, 10,488,871, 11,175,680, and 11,294,403, relating to remote control of fluid-handling devices.  Case has settled. Contact: M. Craig Tyler, Esq., Perkins Coie LLP, 405 Colorado Street, Suite 1700, Austin, TX 78701-0089.

373. *Diogenes Limited and Colossus (IOM) Limited v. DraftKings Inc.,* 1:21-cv-01695-MN-CJB (D. Del.). Serving as an expert for DraftKings in a case alleging infringement of U.S. Patents 8,721,439, 9,117,341, 9,275,516, 9,424,716, 9,704,338, 10,970,969, 10,997,822,and 11,200,779, relating to wagering methods, in particular, offering to cash out a wager on an event before the

event has terminated.  Contact: Jamie R. Lynn, Esq., Baker Botts L.L.P., 700 K Street N.W., Washington, DC 20001.

374. *Truist Bank v. United Services Automobile Association,* IPR2023-00183 (PTAB). Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 11,182,753, relating to remote check deposit. Case has settled. Contact: Anthony Rowles, Esq., Irell & Manella LLP, 1800 Avenue of the Stars, Los Angeles, CA 90067-4276. (R)

375. *Redmon Jeang LLC v. TurnSignl, Inc. et al.,* 0:22-cv-02749-NEB-LIB (D. Minn.).  Served as an expert for defendant in a case alleging infringement of U.S. Patents 11,443,395, 11,494,861, and 11,494,862, relating to systems and methods for contacting an attorney during a traffic stop.  Defendant won a judgment on the pleadings that the claims were patent-ineligible. Contact: Mark Nelson, Esq., Barnes & Thornburg LLP, 2121 N. Pearl Street, Suite 700, Dallas, TX 75201.

376. *TurnSignl, Inc. et al. v. Redmon Jeang LLC,* IPR2024-00103, IPR2024-00104, IPR2024-00105, Patent Trial and Appeal Board.  Served as an expert for Patent Owner in inter-partes reviews of U.S. Patents 11,443,395, 11,494,861, and 11,494,862, repectively, relating to systems and methods for contacting an attorney during a traffic stop.  Petitions were withdrawn before institution based on the outcome of case 375, above. Contact: Mark Nelson, Esq., Barnes & Thornburg LLP, 2121 N. Pearl Street, Suite 700, Dallas, TX 75201. (R)

377. *MessageBird, B.V. et al. v. Validity, Inc. ,* 1:22-cv-12116-NMG (D. Mass.).  Served as an expert for defendant in a case alleging infringement of U.S. Patent 8,719,356, relating to monitoring deliverability of electronic mail.  Case has settled. Contact: Jennifer Hayes, Esq., Nixon Peabody LLP, 305 S. Grand Avenue, Suite 4100, Los Angeles, CA 90071-3151.

378. *Cardware, Inc. v. Samsung Electronics, Co. Ltd. et al,* 2:22-cv-00141-JRG-RSP (E.D. Texas).  Served as an expert for Defendants in a case alleging infringement of U.S. Patents 10,339,520, 10,628,820, 10,810,579, 11,176,538, and 11,328,286, relating to a device for simulating a magnetic-stripe credit card. Case has settled. Contact: Nicholas Stevens, Esq., Fish & Richardson, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402.

379. *Cortex MCP, Inc. v. VISA Inc.,* 5-23-cv-05720-FB (N.D. Cal.).  Serving as an expert for defendant in an action alleging infringement of U.S. Patents 9,251,531, 9,954,854, 10,749,859, and 11,329,973, all relating to tokenization methods for securing electronic credentials, e.g., in electronic payment systems.  Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.

380. *VISA Inc. v. Cortex MCP, Inc.,* IPR2024-00486, IPR2024-00487, IPR2024-00488, IPR2024-00489, and IPR2024-00490, Patent Trial and Appeal Board.  Serving as an expert for Petitioner in inter partes reviews of U.S. Patents 9,251,531 (IPR2024-00486, IPR2024-00487), 9,954,854 (IPR2024-00488), 10,749,859 (IPR2024-00489), and 11,329,973 (IPR2024-00490), all relating to tokenization methods for securing electronic credentials, e.g., in electronic

payment systems.  Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.

381. *Snap Inc. v. Playvuu, Inc.,* IPR2023-00848 (PTAB). Served as an expert for Patent Owner in an inter-partes review of U.S. Patent 10,931,911, relating to compositing multimedia content. Patent Owner requested adverse judgment. Contact: David Tsai, Esq., Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor San Francisco, CA 94111-5998. (R)

382. *Zigen, Inc. et al. v. Cabin Management Solutions et al.*, 4-23-cv-00210 (S.D. Texas).  Serving as an expert for defendant in an action alleging misappropriation of trade secrets relating to customized aircraft audiovisual systems.  Contact: Peter Vogel, Esq., VogelITLaw, 5925 Forest Lane, Suite 136, Dallas, TX 75230. (R)

383. *The Chosen, Inc. v. Angel Studios, Inc. v. Come and See Foundation, Inc.*, AAA 01-23-001-5829.  Served as an expert for interested party Educational Media Foundation in an action alleging software copyright infringement.  Contact: Thor Y. Urness, Esq., Bradley Arant Boult Cummings LLP, Roundabout Plaza, 1600 Division Street, Suite 700, Nashville, TN 37203.

384. *AirSlate, Inc. v. Inkit, Inc.,* 1:23-cv-01307-RGA-SRF (D. Del.). Served as an expert for defendant in a case alleging infringement of U.S. Patent 11,449,815, relating to automating document workflows.  Result: Plaintiff dismissed the case before trial. Contact: John M. Hintz, Esq., Frost Brown Todd LLP, 205 E. 42nd Street, Suite 1900, New York, NY 10176. (R)

385. *CSC Serviceworks, Inc.. v. PayRange, Inc.,* IPR2023-01186, Patent Trial and Appeal Board.  Served as an expert for patent owner in a post-grant review of U.S. Patent 8,856,045, relating to methods for authorizing payments wirelessly at vending machines.  Case has settled. Contact: Matthew Argenti, Esq., Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304.  (R)

386. *Mynette Technologies, Inc. et al. v. United States et al.,* 1:16-cv-01647-RTH (Fed. Claims). Serving as an expert for plaintiff in a case alleging infringement of U.S. Patents 7,719,425, 7,924,156, 9,524,458, and 9,569,777, relating to the use of NFC chips in passports.  Contact: Robert Yorio, Esq., Carr & Ferrell LLP, 120 Constitution Drive, Menlo Park, CA 94025. (R)

387. *Ex Parte Reexamination of U.S. Patents RE46,386 and 8,924,502*, Control Nos. 90/019,142 and 90/019,143. Served as an expert for patent owner Aqua Connect in a reexamination of U.S. Patents RE46,386 and 8,924,502, relating to updating a user session in a Mach-derived system environment. All reexamined claims affirmed. Contact: Ryan E. Hatch, Esq., Hatch Law, P.C., 13323 Washington Blvd., Suite 100, Los Angeles, CA 90066.  (R)

388. *Touchstream Technologies, Inc. v. Charter Communications, Inc. et al.,* 2:23-cv-00059-JRG (E.D. Texas). Served as an expert for defendant in a case alleging infringement of U.S. Patents 8,356,251, 11,048,751, and 11,086,934, relating to controlling a television display from a mobile device.  Dr. Shamos testified at a jury trial on noninfringement and invalidity. Result:

jury verdict of noninfringement. Contact: Dina M. Hayes, Esq., Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4231. (D,R,T)

389. *Autoscribe Corporation v. Repay Holdings Corporation et al.,* 2:23-cv-0349-JRG (E.D. Texas). Serving as an expert for defendants in a case alleging infringement of U.S. Patent 11,620,621, relating to tokenization in an electronic payment system. Contact: David Harper, Esq., Haynes and Boone, LLP, 2801 N. Harwood Street, Suite 2300 Dallas, TX 75201. (R)

390. *SportsCastr Inc. d/b/a PANDA Interactive v. Genius Sports Ltd.,* 2:23-cv-0471-JRG (E.D. Texas). Serving as an expert for plaintiff in a case alleging infringement of U.S. Patents 10,425,697, 10,805,687, 11,039,218, and 11,871,088, all relating to synchronizing livestreamed video with related event information. Contact: Patrick Lafferty, Esq., King & Spalding LLP, 1700 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006. (R)

391. *SportsCastr Inc. d/b/a PANDA Interactive v. Sportradar Group AG,* 2:23-cv-0472-JRG (E.D. Texas). Serving as an expert for plaintiff in a case alleging infringement of U.S. Patents 10,425,697, 10,805,687, 11,039,218, and 11,871,088, all relating to synchronizing livestreamed video with related event information. Contact: Patrick Lafferty, Esq., King & Spalding LLP, 1700 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20006.

392. *Adeia Guides, Inc. v. Videotron Ltd.,* T-841-21 (Fed. Ct. of Canada). Serving as an expert for plaintiff in a case alleging infringement of Canadian Patents 2,553,922, relating to providing a streaming version of a broadcast television program, 2,635,571, relating to delivering television program based on the receiver's display capabilities, 2,775,674, relating to selectively disabling trick play functions, and 2,967,187, relating to monitoring a user's viewing progress with a serial television program. Contact: Daniel Cappe, Esq., Goodmans LLP, Bay Adelaide Centre - West Tower, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7.

393. *Ex Parte Reexamination of U.S. Patents 10,447,819 and 10,972,584*, Control Nos. 90/019,292 and 90/019,293. Served as an expert for patent owner IOENGINE, LLC in reexaminations of U.S. Patents 10,447,819 and 10,972,584, relating to relating to a secure portable device implementing a plug-n-play VPN. Contact: Greg Chuebon, Esq., Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797. (R)

394. *Thentia Corporation v. Julian Cardarelli, GovCore Canada, Inc., et al.,* CV-24-00726669-0000 (Ontario Super. Ct.). Serving as an expert for plaintiff in a case alleging misappropriation of trade secrets relating to a system for automating regulatory agency activities. Contact: Dena Varah, Esq., Lenczner Slaght LLP, 130 Adelaide St. W., Suite 2600, Toronto, ON, Canada M5H 3P5. (R)

395. *Ex Parte Reexamination of U.S. Patent 8,407,722*, Control No. 90/019,662. Served as an expert for Unified Patents in a reexamination of U.S. Patent 8,407,722, drawn to an Internet routing architecture. Contact: Jessica Marks, Esq., Unified Patents, 4445 Willard Avenue, Suite 600, Chevy Chase, MD 20815. (R)

396. *Monticello Enterprises LLC. v. Macy's Inc., et al.,* 6:23-00753-XR (W.D. Texas) (lead case), consolidated with *Monticello Enterprises LLC. v. Petco Health & Wellness Co, Inc. et al.,* 6:23-cv-00761-XR and *Monticello Enterprises LLC. v. Starbucks Corporation,* 6:23-cv-00763. Serving as an expert for defendants in a case alleging infringement of U.S. Patents 9,824,408, 10,121,186, 10,643,266, 11,004,139, 11,461,828, and 11,468,497, relating to on-line, wireless, and in-app payment systems.  Contact: Bryan P. Clark, Esq., The Webb Law Firm, One Gateway Center, 420 Ft. Duquesne Blvd., Suite 1200, Pittsburgh, PA 15222. (R)

397. *Ex Parte Reexamination of U.S. Patent 8,370,457.* Served as an expert for Unified Patents in a reexamination of U.S. Patent 8,370,457, drawn to network communication through a virtual domain. Contact: Stephen A. Courtiaus, Esq., Slater Matsil, LLP, 17304 Preston Rd., Suite 900, Dallas, TX 75252. (R)

398. *Hanshow Technology Co., Ltd. v. SES-Imagotag SA et al.,* 2:23-cv-00174-RWS-RSP (E.D. Texas). Serving as an expert for defendants in a case alleging infringement of U.S. Patents 8,346,210, 9,641,994, and 11,540,216, relating to managing services through the use of RFID and NFC tags.  Contact: Matt Acosta, Esq., Platt Richmond PLLC, 101 N. Riverfront Blvd., Suite 150, Dallas, TX 75207. (D,R)

399. *NEC Corporation. v. Becker Professional Development Corporation,* 4:24-cv-00647-O (N.D. Texas). Serving as an expert for defendant in a case alleging infringement of U.S. Patents 8,595,779, relating to pausing live video for time-shifted viewing, and 8,909,809, relating to adaptive bitrate streaming.  Contact: Jacob Zambrzycki, Esq., Moore & VanAllen, 100 N. Tryon Street., Suite 4700, Charlotte, NC 28202-4003. (D,R)

400. *Hanshow Technology Co., Ltd. v. SES-Imagotag SA et al.,* 2:23-cv-00617-RWS-RSP (E.D. Texas). Serving as an expert for defendants in a case alleging infringement of U.S. Patents 10,701,321, relating to analysis of images in video surveillance systems, and 11,087,272, relating to identifying and counting items on store shelves through robotic image capture.  Contact: Matt Acosta, Esq., Platt Richmond PLLC, 101 N. Riverfront Blvd., Suite 150, Dallas, TX 75207. (R)

401. *Caselas, LLC v. Capital One, NA,* 6:22-cv-0293-ADA (W.D. Texas) and *Caselas, LLC v. Wells Fargo Bank, NA,* 6:22-cv-0295-ADA (W.D. Texas). Served as an expert for defendants in a case alleging infringement of U.S. Patents 7,529,698, 7,661,585, 9,117,206, 9,117,230, and 9,715,691, all relating to providing information about charge-backs in credit reports.  Result: all asserted claims found patent-ineligible in 1:21-cv-03480-VMC (N.D. Ga.), affirmed by the Federal Circuit. Contact: Robert A, Angle, Esq., Troutman Pepper Locke LLP, Troutman Pepper Building, 1001 Haxall Point, 15th Floor Richmond, VA 23219.

402. *American Airlines, Inc. and Southwest Airlines Co.. v. Intellectual Ventures I LLC,* IPR2025-00785, Patent Trial and Appeal Board.  Serving as an expert for Petitioners in an inter partes review of U.S. Patent 7,257,582, relating to methods of parallel processing.  Contact: John Campbell, Esq., McCool Smith, P.C., 303 Colorado Street, Suite 2100, Austin, TX 78701.

## Legislative Testimony

Testimony before the Texas Legislature concerning electronic voting, Austin, Texas, 1987.  Result: passage of the Texas Electronic Voting Law.

Invited testimony before the British House of Lords, Subcommittee B of the European Union Committee, April 20, 2000.   Subject: European regulation of eCommerce.

Testimony before the Pennsylvania Legislature State Government Committee concerning electronic voting, Philadelphia, March 10, 2004.

Testimony before the United States Commission on Civil Rights concerning electronic voting, Washington, DC, April 9, 2004.

Testimony before the U.S. House of Representatives Committee on Science concerning voting system certification, Washington, DC, June 24, 2004.

Testimony before the U.S. House of Representatives Committee on House Administration concerning voting system security, Washington, DC, July 7, 2004.

Testimony before the U.S. House of Representatives Committee on Government Reform concerning electronic voting technology, Washington, DC, July 20, 2004.

Testimony on DREs and paper trails before the Virginia Legislature Study Commission on Voting System Certification and Security, Richmond, VA, August 16, 2004.

Testimony before the Election Assistance Commission, Technical Guidelines Development Committee, Subcommittee on Computer Security and Transparency, Gaithersburg, MD, Sept. 20, 2004.

Testimony before the House Ways and Means Committee of the Maryland General Assembly on voting machine paper trails, Annapolis, MD, December 7, 2004.

Testimony before the U.S. House of Representatives Committee on House Administration concerning paper trails, Washington, DC, September 28, 2006.

Testimony before the U.S. Election Assistance Commission concerning the Voting System Testing and Certification Program, Washington, DC, October 26, 2006.

Testimony before the Georgia State Board of Elections, Powder Springs, GA, December 21, 2007.

Testimony before the Maryland House of Delegates Ways and Means Committee, Annapolis, MD, January 18, 2007.

Testimony before the U.S. Senate Committee on Rules and Administration on the Ballot Integrity Act of 2007, Washington, DC, July 25, 2007.

Testimony before the Pennsylvania Senate State Government Committee, March 18, 2024.

## Arbitration

Dr. Shamos has served as an arbitrator in computer-related disputes for the American Arbitration Association.

## Electronic Voting

Dr. Shamos has served as an examiner of electronic voting systems and consultant on electronic voting.

Member, Sarasota Source Code Audit Task Force, Florida Secretary of State (2007-2008)

Consultant to the Pennsylvania Secretary of the Commonwealth (2004- ).

Consultant to the Massachusetts Secretary of the Commonwealth (2006).

Project SERVE Security Peer Review Group (2003).

Attorney General's Designee for electronic voting examinations, State of Texas (1987-2000).

Statutory Examiner for electronic voting, Commonwealth of Pennsylvania (1980-1996).

Consultant to Montgomery County, Pennsylvania (1996).

Consultant to the Secretary of State of Nevada (1996).

Consultant to the Delaware Legislature (1989).

Consultant to the Secretary of State of West Virginia (1984).

## Business Experience

President, Expert Engagements LLC, expert witness firm (2003-present).

President, Unus, Inc., database publishing software (formerly Unilogic, Ltd.) (1990-1992)

President, Notifax Corporation (1989-1994).  Automated notification by facsimile.

President, Lexeme Corporation (1984-87), software language translation products.

Managing Partner, Shamos and Tchen (1978-82), computer consulting firm.

Supervisory Programmer, National Cancer Institute (1970-72), while a commissioned officer in the United States Public Health Service (O-3).

Associate Engineer, IBM Corporation (1968-70) (Components Division), design of manufacturing information systems.

## Consulting

Morgan Stanley Dean Witter (2000-2002 ) (now Morgan Stanley).

McKinsey & Co. (1999-2001).

Bell Atlantic Corporation (1999-2008) (now Verizon).

LG-CNS, South Korea (2002-2004).  Project to automate the Korean court system.

## Directorships

Unilogic, Ltd. (1979–87) (later Unus, Inc. d/b/a Cygnet Publishing Technologies, 1987-2013).  Database publishing software.

The Billiard Archive (1983– ), also Curator.  Historical nonprofit foundation.

Lexeme Corporation (1984-1987).  Computer source language translation.

Notifax Corporation (1989-1994)

Insurance Technology Corporation (1992–1995).  IT consulting for the insurance industry.

## Personal Data

Date of birth: April 21, 1947.

Married to Julie Shamos (formerly Julie Van Allen), August 12, 1973.

Children: Josselyn (born May 20, 1982), Alexander (born August 3, 1984).

Grandchildren: Harlow Elizabeth Crane (born April 9, 2010), Bishop Moses Crane (born July 13, 2012), Amelia Eleanor Shamos (born April 17. 2019), Sophia Anastasia Shamos (born March 14, 2021)

Military Status: Veteran (Commissioned Officer, U.S. Public Health Service, 1970-72).

## Contact Information

Contact should be by email.  Letters and packages should be sent to the Home Address:

Home Address:
    605 Devonshire Street
    Pittsburgh, PA  15213-2904
      Home Telephone:  412-681-8398
      Home Fax: 412-681-8916

Office Address:
    6401 Gates Hillman Complex
    5000 Forbes Avenue
    Carnegie Mellon University
    Pittsburgh, PA  15213
      Office Telephone:  412-268-8193
      Office Fax: 412-268-6298
      Email: shamos@cs.cmu.edu

## Publications

Google Scholar citations.  Erdös number = 3: Erdös -> {Daniel Kleitman, Patrick O'Neill, Joel Spencer} -> Albert Meyer -> Shamos

SCIENCE

Books

1. *Computational Geometry: An Introduction*, with F. P. Preparata.  Springer-Verlag (1985, revised ed., 1991), 390 pp.  ISBN 0387961313.  According to CiteSeer in 2012, this is the 93rd most cited work in the field of computer science.

2. *Вычислительная геометрия: введение*.  Russian translation of "Computational Geometry: An Introduction." Moscow: Mir Publishers (1989).  ISBN 5030010416.

3. 计算几何导论 (Jìsuàn jǐhé dǎolùn) Chinese translation by Zhuang Xingu of "Computational Geometry: An Introduction." Science Press (1990).  ISBN 9787030018366.

4. *Keisan kikagaku nyumon*.  Japanese translation by T. Asano and T. Asano of *Computational Geometry: An Introduction*, with F. P. Preparata.  Soken Shuppan (Jul. 1992).  ISBN 4795263213.

5. *Handbook of Academic Titles*.  193 pp. (Jan. 2011).  An encyclopedia of various academic designations used at over 1000 colleges and universities in the United States.

6. *Geometria obliczeniowa.  Wprowadzenie*. Polish translation of "Computational Geometry: An Introduction."  Warsaw: Helion (2003) 392 pp.  ISBN 83-7361-098-7.

7.  *Shamos's Catalog of the Real Numbers*.   A list, patterned after Sloane & Plouffe, The Encyclopedia of Integer Sequences, Academic Press (1995).  Over 10,000 interesting real numbers arranging in lexical order by decimal expansion, with accompanying formulas.

Book Chapters

1. "Privacy and Public Records." Chapter 16 in *Personal Information Management*, Jones & Teevan, eds., Univ. of Washington Press (2007), ISBN978-0-295-98737-8.

Articles

1. "On the Piezoelectric Effect in Bone," with M. H. Shamos and L. S. Lavine.  *Nature* **197**:81 (1963).

2. "An Absorber Theory of Acoustical Radiation," with M. A. Tavel. *Journal of the Acoustical Society of America* **54**:46−49 (1973).

3. "Problems in Computational Geometry." Unpublished book manuscript (1974, revised 1977). Distributed in photocopy.

4. "Geometric Complexity." *Proceedings of the Seventh Annual ACM Symposium on Automata and Theory of Computation* (May 1975) 224−233.

5. "Closest-point Problems," with D. J. Hoey. *Proceedings of the Sixteenth IEEE Symposium on Foundations of Computer Science* (Oct. 1975) 151−162.

6. "Divide and Conquer in Multidimensional Space," with J. L. Bentley. *Proceedings of the Eighth Annual ACM Symposium on Automata and Theory of Computing* (May 1976) 220−230.

7. "Geometric Intersection Problems," with D. J. Hoey. *Proceedings of the Seventeenth Annual IEEE Symposium on Foundations of Computer Science* (Oct. 1976) 208−215.

8. "Lower Bounds from Complex Function Theory," with G. Yuval. *Proceedings of the Seventeenth Annual IEEE Symposium on Foundations of Computer Science* (Oct. 1976) 268−273.

9. "Geometry and Statistics: Problems at the Interface." In *Algorithms and Complexity: New Directions and Recent Results*, J. F. Traub, ed., Academic Press (1976) 251−280.

10. "Divide and Conquer for Linear Expected Time," with J. L. Bentley. *Information Processing Letters* 7 (1977) 87−91.

11. "A Problem in Multivariate Statistics: Algorithm, Data Structure, and Applications," with J. L. Bentley. *Proceedings of the Fifteenth Allerton Conference on Communications, Control and Computers* (Sep. 1977) 193–201.

12. "Optimal Algorithms for Structuring Geographic Data," with J. L. Bentley. *Proceedings of the Harvard Conference on Topological Data Structures for Geographic Information Systems* (Oct. 1977) 43–51.

13. "Computational Geometry." Ph.D. Thesis, Yale University (1978).  University Microfilms, Ann Arbor, MI.

14. "Time and Space," with A. R. Meyer. In *Perspectives on Computer Science*, A. K. Jones, ed. Academic Press (1978).

15. *Combinatorics on Graphs I: Graph Polynomials*. Unpublished book manuscript (1978).

16. "Robust Picture Processing Operators and Their Implementation as Circuits." *Proceedings of the Fall 1978 Workshop on Image Processing*, Carnegie Mellon University (1978).

17. "A practical system for source language translation," with T. R. Kueny and P. L. Lehman. *Proceedings of the National Conf. on Software Reuseability and Maintainability*, pp. B-1 – B-12, Washington, DC (Sep. 1986).

18. "The Early Years of Computational Geometry – A Personal Memoir." *Advances in Discrete and Computational Geometry* (B. Chazelle, J. E. Goodman, and R. Pollack, eds.), *Contemporary Mathematics*, Amer. Math. Soc., Providence (1998).

19. "A Multiparty Computation for Randomly Ordering Players and Making Random Selections," with Latanya Sweeney.  Carnegie Mellon Univeristy School of Computer Science Technical Report CMU-ISRI-04-126 (July 2004)

20. *Overcounting Functions*.   A systematic method of transforming certain multiple summations into single summations, with new number-theoretic results.

21. *Property Enumerators and a Partial Sum Theorem*.   A new result allowing rapid symbolic evaluation of certain types of double summations.

**DIGITAL LIBRARIES**

Articles

1. "Machines as readers: a solution to the copyright problem." J. Zhejiang Univ. Science 6A, 11, pp. 1179-1187 (Nov. 2005).

Book Chapters

1. "The Universal Digital Library: Intelligent Agents and Information on Demand," with Raj Reddy.   Chapter 6 in Emerging Communication Technologies and the Society, by N. Balakrishnan, Indian National Science Academy (2000).  ISBN 81-7319-341-X.

Reports

1. "Japanese Digital Information Policy, Intellectual Property and Economics," in "Digital Information Organization in Japan," International Technology Research Institute (1999).

## ELECTRONIC VOTING

Books

1. "Glossary of Electronic Voting."

Articles

2. "Voting System Certification — An Examiner's View." Invited paper presented at the Election Center Conference, Reno, Nevada (Sep. 1989).

3. "Electronic Voting — Evaluating the Threat." Proc. Third ACM Conf. on Computers, Freedom & Privacy,  San Francisco, CA (Mar. 1993).

4. "Paper v. Electronic Voting Records — An Assessment."  Proc. 14th ACM Conf. on Computers, Freedom & Privacy, Berkeley, CA (Apr. 2004).

5. "Evaluation of Voting Systems," with P.L. Vora, B. Adida, R. Bucholz, D. Chaum, D. Dill, D. Jefferson, D. Jones, W. Lattin, A. Rubin and M. Young, Commun. ACM 47(11):144 (2004).

6. "Voting as an Engineering Problem." *The Bridge* (publication of the National Academy of Engineering), Summer 2007, pp. 35-39.

7. "Realities of E-Voting Security," with A. Yasinsac.  IEEE Security and Privacy 10:5 (Sep/Oct 2012), pp. 16-17.  Also guest editor of that issue, devoted to E-voting Security.

8. "Why our voting systems are safe." Op-ed in the Pittsburgh Post-Gazette, Dec. 31, 2016.

Published Reports

9. "Software and Security Analysis of the ES&S iVotronic 8.0.1.2 Voting Machine Firmware," with Yasinsac et al., February 23, 2007.  Review commissioned by the Secretary of State of Florida to investigate irregularities in the Florida Congressional District 13 election of 2006.

## BILLIARDS

Books

1. *Pool.*  New York: Mallard Press division of Bantam-Doubleday-Dell Promotional Book Company (Aug. 1991). 128 pp.  ISBN 0-7924-5310-7.

2. *Le billard et le billard américain*.  Paris: Minerva, 1992, reprinted 1997.  128 pp. Translation by Jean-Yves Prate of the author's American book, *Pool*. ISBN 2–8307–0160–7 (1992), 2-8814-3135-6 (1997).

3. *The Illustrated Encyclopedia of Billiards*.  New York: Lyons & Burford (1993).   310 pp. ISBN 1-55821-219-1.

4. *Pool Snooker Carambola*.  Padua: Facto Edizioni (1993). 128 pp. Italian translation of *Pool*. Translated by Elisabetta Bezzon. ISBN 88-85860-20-6.  The first English-language billiard book ever published in Italian.

5. *Pool*.  New York: Friedman/Fairfax (Jun. 1994). 128 pp.  ISBN 1-56799-061-4.  Paperback edition of the author's 1991 *Pool*.

6. *Shooting Pool: The People, the Passion, the Pulse of the Game,* with photographs by George Bennett.  New York: Artisan (Jun. 1998).  144 pp.  ISBN 1-885183-95-X.    A photographic survey of pool in the U.S. in 1997.  A Book-of-the-Month Club bonus selection (Fall, 1998).

7. *Setting the Stage for Fifty Years*. Coralville, IA: Billiard Congress of America (Jun. 1998). 88 pp.   A history of the Billiard Congress of America.

8. *The New Illustrated Encyclopedia of Billiards*.  New York: Lyons Press (1999).  320 pp.  ISBN 1-55821-797-5.  An expanded and revised edition of *The Illustrated Encyclopedia of Billiards*.

9. *The Complete Book of Billiards*.  New York: Gramercy Books (2000). 306 pp.  ISBN 0-517-20869-5.  Reissue of author's 1993 *The Illustrated Encyclopedia of Billiards*.

**In Preparation**

SCIENCE

Articles

1. *A Graph-Theoretic Model of Electronic Payment Systems*, with Michael Trick.

LAW

Books

1. *A Dictionary of American Intellectual Property* (1995).

**Invited Talks**

**ELECTRONIC COMMERCE**

 "The Future of eCommerce."  Presentation to the Association for Corporate Growth, Pittsburgh, PA (Dec. 2001).

"The U.S., Korea and the Internet Bubble."  Korea International Trade Association (Seoul, July 2003).

"Electronic Judiciary Services in the United States."  Address at the Supreme Court of Korea (Dec. 2004).

"eGovernment in the United States."  Public address at the University of Hong Kong (Feb. 2005).

"Global SCM as a Cross-Border eCommerce Model," Korea International Trade Association, Seoul, Korea (Mar. 2007).

"Innovate or Die."  Invited talk at the Verizon Leadership Meeting, Morristown, NJ (Jun. 2007).

"A Formula for Innovation."  Public address at the University of Hong Kong (Feb. 2008).

"Ask My Robot: How Computers Answer Questions."  University of Hong Kong (Feb. 2013).

"How Bitcoin Works: A Non-Technical Introduction."  University of Hong Kong (Mar. 2014).

"What's a Bitcoin? A Non-Technical Introduction."  Carnegie Mellon University (Oct. 2014).

**COMPUTER SCIENCE**

"Surprises in Experimental Mathematics."  Carnegie Mellon University Mathematics Seminar (Feb. 2002).

"Learning by Doing or Learning by Listening?"  University of Hong Kong (Feb. 2007).

"Discoveries in Experimental Mathematics."  University of Hong Kong (Feb. 2009).

"How Did It (Computational Geometry) Start?"  Keynote address at the 20th Canadian Conference on Computational Geometry, Montreal, Canada (Aug. 2008).

"The Internet of Everything." University of Hong Kong (Mar. 2015).

"How Do Driverless Cars Work?" University of Hong Kong (Mar. 2017).

"How Machines Learn (Without Being Taught)." University of Hong Kong (Feb. 2018).

"What is Quantum Computing All About?" University of Hong Kong (Feb. 2019).

**SCIENCE AND LAW**

"Digital Property in the 21st Century."  Keynote address for the Spring Meeting of the American Intellectual Property Law Association, Pittsburgh, PA (May 2000).  View slides.

"Who Owns This Algorithm?" Carnegie Mellon University (Nov 1991); Microelectronics and Computer Corporation (Jan. 1992); Univ, of Texas at Austin (Jan. 1992); UCLA (Feb. 1992).

"New Computer Technology and Its Application to Worker's Compensation." Forum IV, Newport Beach, CA (Feb. 1992).

"The Office of the Future, If There Is One." 1994 IAIABC Conf., Pittsburgh, PA (Sep. 1994).

"The Fringes of Infringement." University of Texas, Austin, TX (Sep. 1995).

"The Arts and the Internet." Allegheny County Bar Association Continuing Legal Education course (June 26, 1996).

"The Universal Information Resource." Inventing the Future, Symposium in Honor of Raj Reddy's 60th Birthday, Carnegie Mellon University, Pittsburgh, PA (May 1998).

"The Universal Library."   University of Texas at Austin (Sep. 1998)

"The Universal Library and Its Role in Scientific Information."  Keynote address to the RNA Society symposium on Emerging Sources of RNA Information, Arlington, VA (Dec. 8, 1998).

"Digital Property in the 21st Century."  Luncheon address to the American Intellectual Property Law Association, Pittsburgh, PA (May. 2000).

"Copyright Protection and Distance Learning."  Hong Kong Intellectual Property Office (Feb. 2002).

"The Universal Dictionary." Address at International Institute of Information Technologies (IIIT), Hyderabad, India (Jan. 2003).

"The Million Book Projects."  Public address at the University of Hong Kong (Jan. 2003).

"Mathematics and the Privacy Laws."  ALADDIN Workshop on Privacy in D.A.T.A., Pittsburgh, PA (Mar. 2003).

"Machines as readers: a solution to the copyright problem."  1st Int'l Conf. on Universal Digital Library, Hangzhou, China (Nov. 2005).

"Your Books Might Cost More Now: The Role of the Expert in Software Patent Litigation."  University of Hong Kong (Feb. 2006).

"University Technology Transfer: How to Fix It." Asia Conference on Technology Transfer (ACTT) 2006, Seoul, S. Korea (Mar. 2006).

"How Big a Problem is Copyright"?  USAIN Conference, Cornell University, Ithaca, NY (Oct. 2006).

"Digital Ownership."  2d Intl. Conf. on Universal Digital Library, Alexandria, Egypt (Nov. 2006).

"Google and the Death of Books."  University of Hong Kong (Feb. 2010).

"FaceWars."  (About the lawsuit between Facebook and the Winkelvoss twins).  University of Hong Kong (Feb. 2011).

"Swiping the iPhone: Billions Lost With the Stroke of a Pen."  University of Hong Kong (Feb. 2012).

"[Global Phone Wars: Apple v. Samsung](#)." University of Hong Kong (Mar. 2016).

### ELECTRONIC VOTING

"Voting System Certification — An Examiner's View."  Election Center Conference, Reno, Nevada (Sep. 1989).

"Electronic Voting — Evaluating the Threat." Third Conf. on Computers, Freedom and Privacy, San Francisco, CA (Mar. 1993).

"What's Happing in Florida?" Carnegie Mellon University (Nov. 2001)."

"Electronic Voting: The Technology of Democracy." Hong Kong University (Feb. 2004).

"Theory v. Practice in Electronic Voting."  DIMACS (Rutgers Univ., May 2004).

"HAVA: Are We Ready?"  Panel at the League of Women Voters National Convention, Washington, DC (Jun. 2004).

"Testing Voting Machines."  Panel at the American Enterprise Institute, Washington, DC (Jun. 2004).

"Electronic Voting: Promise and Peril."  Talk at the Moritz College of Law, Ohio State University (Sep. 2004).

"Is e-voting ready for prime time: Legal and technical issues regarding the upcoming Presidential election."  Panel at John Marshall Law School (Chicago, IL, Oct.  2004).

"Is Electronic Voting Reliable?"  Talk to the Kiwanis Club of Dubuque, Iowa (Feb. 2005).

"The Top Ten Problems in Practical Electronic Voting."  Int'l Workshop on Mathematics and Democracy, Ettore Majorana Centre, Erice, Sicily (Sept. 2005).

"Why Don't We Have Paper Trails in Pennsylvania?"  Carnegie Mellon Univ. CyLab Seminar, Pittsburgh, PA (Jan 2006).

"Paper Trails and the Pennsylvania Certification Process."  County Commissioners Association of Pennsylvania 2006 Spring Conference, Harrisburg, PA (Mar. 2006).

"The 2006 Elections: Are We Ready?"  Panel at the American Enterprise Institute, Washington, DC (Sept. 2006).

"What's Right with Electronic Voting?"  University Lecture Series, Carnegie Mellon University (Oct. 12, 2006).

"What Happened in Yesterday's Election?"  Center for Research on Computation and Society, Harvard University (Nov. 8, 2006).

"What Happened in Sarasota County"?  Council on Government Ethics Laws, New Orleans, LA (Dec. 6, 2006).

"What Happened to 18,000 Votes? Results of the Sarasota Source Code Audit." Carnegie Mellon University (Apr. 16, 2007).

"Opscan Voting: The Good, the Bad and the Ugly."  Florida State Association of Supervisors of Elections, Destin, Florida (May 24, 2007).

"Voting Machine Fraud."  University of Pittsburgh (Nov. 11, 2008)

# EXHIBIT C



# Zigen, Inc. and Edvard Dellalyan

## v.

# Cabin Management Solutions, Inc. and Larry Uichanco

Expert Report
Prepared by
SOCOTEC Advisory, LLC

*Michelle Naramor*
Michelle Naramor

September 30, 2024

TABLE OF CONTENTS

I.    Introduction ........................................................................................................... 1

II.   Background ............................................................................................................ 1

III.  Analysis of CMS Damages ................................................................................... 2

    A.   Lost Profits ..................................................................................................... 3

    B.   Out-of-Pocket Costs ....................................................................................... 4

IV.   Conclusion ............................................................................................................. 7

V.    List of Documents Reviewed and Considered ...................................................... 8

VI.   Qualifications of Michelle Naramor, CPA, CFF* ................................................. 9

VII.  Charges for Services ............................................................................................. 13

Attachments A through G



# I. Introduction

SOCOTEC Advisory, LLC ("SOCOTEC") was retained by Cabin Management Solutions, Inc. ("CMS") to evaluate and quantify damages incurred by CMS. SOCOTEC's work is ongoing, and should additional information become available, SOCOTEC reserves the right to amend, revise, or supplement this Report as necessary.

This Report is prepared for the purpose of evaluating issues related to the matter referenced above and cannot be used in any manner or for any other purpose without SOCOTEC's prior written consent. The Attachments are an integral part of this Report that provide additional detail and should be read in conjunction with this Report. A listing of documents and other information SOCOTEC reviewed and considered in preparing this Report is contained in **Section V**. My curriculum vitae, publications, lists of recent expert testimony, and charges in connection with this matter are contained in **Sections VI through X** of this Report.

# II. Background

CMS is in the business of building and installing aircraft Cabin Management and In-Flight Entertainment with modern information technology ("IT") hardware and software.[1] On or about March 21, 2021, Zigen, Inc. ("Zigen"), founded by Edvard Dellalyan ("Dellalyan") (collectively, "Plaintiffs"), offered to sell certain intellectual property for a purported novel and proprietary Audio Video over Internet Protocol ("AVoIP") communication system ("March 2021 Agreement").[2,3]

CMS believed that it could easily incorporate Zigen's AVoIP technology into its aircraft offerings without much, if any, alterations – a "plug-and-play" type of technology.[4] However, in July 2021,

---

[1] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraph 1.
[2] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraphs 4 – 5.
[3] Plaintiffs' Original Complaint, paragraphs 18 – 20.
[4] Interview with Jeffery McCormick; Affidavit of Jeffery McCormick, paragraph 10.



SOCOTEC

CMS learned that a number of the hardware components that were part of the Zigen AVoIP were at "end of life," which meant that replacements parts would be required.[5] SOCOTEC understands that these end-of-life components were no longer being manufactured and were difficult to procure due to the limited remaining supply.[6] Between July 2021 and October 2022, CMS designed new hardware and new software for the CMS Empire line, which does not use hardware or software from the Zigen AVoIP under the March 2021 Agreement.[7]

CMS alleges that, were it not for Dellalyan's negligent and/or fraudulent misrepresentations, CMS would never have entered into the March 2021 Agreement.[8] CMS seeks damages resulting from its allegations that Dellalyan made negligent and/or fraudulent misrepresentations and that Plaintiffs breached the March 2021 Agreement.[9] The remainder of this letter report sets for a preliminary estimate of CMS's damages.

## III.    Analysis of CMS Damages

Due to the issues with the Zigen AVoIP technology being end-of-life, CMS decided to design its own AVoIP system, redesigning both the hardware and software components.[10] During the redesign phase, CMS was unable to capitalize on sales to its customers, who were anticipating a product that CMS had marketed but now was unable to deliver without redesigning the end-of-life Zigen AVoIP.[11] CMS also incurred costs to create a replacement AVoIP system that otherwise would not have been incurred if the Zigen AVoIP technology worked as anticipated. CMS spent approximately 15 months between July 2021 and October 2022 redesigning an AVoIP technology to replace Zigen's end-of-life AVoIP. SOCOTEC understands CMS's redesigned AVoIP

---

[5] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraph 7; Affidavit of Jeffery McCormick, paragraph 11.
[6] Interview with Jeffery McCormick; Affidavit of Jeffery McCormick, paragraph 11.
[7] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraph 8; Affidavit of Jeffery McCormick, paragraph 13.
[8] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraph 9.
[9] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraphs 11 – 27.
[10] Affidavit of Jeffery McCormick, paragraphs 11 and 12.
[11] Affidavit of Jeffery McCormick, paragraph 13.



technology that is utilized in its Empire line does not use any of the technology from Zigen's AVoIP or included in the patents derived from Zigen's AVoIP.[12]

## A. Lost Profits

Had Zigen's AVoIP technology not been end-of-life, CMS would have been able to expeditiously bring the Empire line to market.[13] Jeffery McCormick, Vice-President of Operations & Compliance of CMS, testified that "CMS had to turn down sales because it was not able to provide the product it had previously marketed and customers were seeking as a result of having to redesign the [AVoIP] hardware and software."[14] CMS is therefore seeking lost profits resulting from the delay in bringing the Empire line to market caused by alleged misrepresentation of Plaintiffs.

SOCOTEC was provided with CMS documentation including, but no limited to, draft quotes, presentations, and pricing spreadsheets for customers that CMS alleges it was unable to service because of the necessary AVoIP system redesign work. SOCOTEC reviewed CMS's documentation for approximately 75 lost sales transactions. Of these alleged lost sales transactions, SOCOTEC identified 72 transactions that were quoted between May 2021 and February 2024; CMS's lost revenue on these 72 lost sales totals approximately $18.8 million.[15]

SOCOTEC then analyzed documentation related to costs and profitability of two projects CMS completed once the Empire line was brought to market. SOCOTEC understands these cost breakdowns were created in connection with CMS's work with its auditors, UHY, and that these spreadsheets are being reviewed by UHY. CMS's profitability on these projects ranged between 57.41% and 59.49% with a weighted average profitability percentage of 58.33% (see **Attachment B.1**). SOCOTEC multiplied CMS's lost sales of $18.8 million by its weighted average profitability percentage of 58.33% to determine lost profits of approximately $10.9 million. See **Table 1** and **Attachment B**.

---

[12] Cabin Management Solutions, LLC and Larry Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan, paragraph 8.
[13] Affidavit of Jeffery McCormick, paragraph 10.
[14] Affidavit of Jeffery McCormick, paragraph 13.
[15] SOCOTEC notes that CMS has identified lost sales which are not quantified in this Report as sufficient supporting documentation was not available as of the date of this Report.



| Table 1: Summary of Lost Profits | | |
|---|---|---|
| **Completion Center** | **Lost Revenue** | **Lost Profits (58.33%)** |
| ACI Jets | $402,990 | $235,079 |
| Aero-Dienst GmbH | 239,170 | 139,517 |
| Aloft AeroArchitects | 2,239,740 | 1,306,522 |
| Banyan Air Services | 94,465 | 55,105 |
| Bombardier | 538,141 | 313,917 |
| Citadel Completions | 1,556,907 | 908,201 |
| Constant Aviation | 302,455 | 176,433 |
| Duncan Aviation | 1,238,778 | 722,625 |
| Flexjet, LLC | 179,845 | 104,910 |
| Flight Star | 107,860 | 62,919 |
| Honda Aircraft Company, LLC | 151,190 | 88,195 |
| K5 Aviation GmbH | 57,900 | 33,775 |
| King Aerospace Commercial Corporation | 1,626,700 | 948,914 |
| Metro Aviation | 124,750 | 72,771 |
| Million Air | 168,825 | 98,482 |
| Pentastar | 213,120 | 124,321 |
| Pro Star Aviation | 2,438,245 | 1,422,318 |
| Standard Aero | 741,260 | 432,404 |
| Trimec Aviation | 375,555 | 219,075 |
| West Star Aviation | 4,598,291 | 2,682,351 |
| Western Aircraft | 1,048,385 | 611,561 |
| Western Airways | 31,065 | 18,121 |
| Western Jet | 284,305 | 165,846 |
| **Total** | **$18,759,942** | **$10,943,361** |

**Source: Attachment B**

## B.  Out-of-Pocket Costs

In addition to lost profits, CMS incurred out-of-pocket costs related to the issues with Zigen's AVoIP technology being end-of-life.

## 1.  Prototyping/Redesign Component Costs

SOCOTEC was provided with the Bill of Materials for five CMS products (shown below), which are subject to the AVoIP technology at issue in this matter. Each of these products contains a part

**SOCOTEC**

that CMS had anticipated using Zigen's AVoIP technology for but that had to be redesigned by CMS.[16]

- Product 201-0006-01: DECODER
  - Part 303-0058-01: CCA SDVOE UHD VIDEO DECODER2 (MONITOR)
  - Part 303-0070-01: CCA SDVOE UHD VIDEO DECODER2 POWER BOARD
- Product 201-0007-01: AUX INPUT ENCODER
  - Part 303-0060-01: CCA SDVOE UHD VIDEO ENCODER2 (CABIN)
- Product 201-0007-02: AUX INPUT ENCODER REMOTE SMA
  - Part 303-0060-01: CCA SDVOE UHD VIDEO ENCODER2 (CABIN)
- Product 201-0008-01: VIDEO EQUIPMENT INPUT ENCODER
  - Part 303-0061-01: CCA SDVOE UHD VIDEO ENCODER1 (STANDALONE)
- Product 201-0009-01: 10G ETHERNET SWITCH
  - Part 306-0053-01: CMS ETHERNET SWITCH

CMS incurred costs for redesigning and prototyping these five products.

### a. Redesign Costs

CMS incurred $355,578 to purchase components utilized in the redesign process (see **Attachment C**). In addition, CMS hired Rafal Michalski to exclusively work on designing CMS's replacement AVoIP technology for the Empire line. Between October 2021 and May 2024, CMS paid Mr. Michalski $261,471 for his design services (see **Attachment D**). CMS also paid Zigen $218,646 for engineering design services (see **Attachment E**).

### b. Prototyping Costs

During the redesign process, CMS purchased components utilized to assemble prototypes for CMS's redesigned AVoIP technology. Based on CMS's accounting records for Account Number 5500-9001 (Prototype – Components), CMS incurred $2,753,333 between January 2021 and December 2023 for prototyping components (see **Attachment F**).

In addition, CMS utilized an affiliated entity, Advanced Media Solutions ("AMS"), to purchase prototyping components on for CMS's redesign.[17] SOCOTEC understands AMS purchased component parts for CMS but has not yet invoiced CMS for these costs; therefore, these costs are

---

[16] Interviews with Jeffery McCormick.
[17] AMS is a supplier to CMS and owns 10% of CMS.



not included the transactions found in account number 5500-9001 previously discussed.[18] CMS identified $123,925 of costs on AMS's credit card statements between May 2021 and June 2022 that are alleged to be prototyping component costs (see **Attachment G**).

## 2.  Additional Potential Out-of-Pocket Costs

SOCOTEC understands that a) CMS incurred additional lab testing and certification costs to test its redesigned AVoIP technology and ensure compliance with applicable aerospace standards and b) CMS's own employees worked on redesigning the AVoIP technology, providing engineering and design services.[19] Based on interviews with CMS, these costs were only incurred because the Zigen AVoIP was end-of-life, and the technology had to be redesigned. For purposes of this Report, CMS's aerospace standards costs and internal employee costs are not quantified. SOCOTEC reserves the right to amend, revise, or supplement this Report as necessary.

## 3.  Summary of Out-of-Pocket Damages

Based on CMS's accounting and bank statement records provided to date, CMS incurred approximately $3.7 million in redesign and prototyping costs that were only incurred because the Zigen AVoIP was end-of-life and the technology had to be redesigned (excluding aerospace standards and internal employee costs).[20] See **Table 2** and **Attachments C through G**.

| Table 2: Summary of Out-of-Pocket Costs | | |
|---|---|---|
| | **Amount** | **Attachment** |
| Redesign Costs - Component Costs | $355,578 | C |
| Redesign Costs - Engineering Labor | 261,471 | D |
| Redesign Costs - Zigen Engineering | 218,646 | E |
| Prototyping Costs - Purchases by CMS | 2,753,333 | F |
| Prototyping Costs - Purchases by Advanced Media Solutions | 123,925 | G |
| **Total** | **$3,712,953** | |

---

[18] Interviews with Jeffery McCormick.
[19] Interviews with Jeffery McCormick; Affidavit of Jeffery McCormick, paragraph 13. SOCOTEC notes CMS reported $566,824 and $647,134 of wages for qualified services on its 2022 and 2023 forms for Credit for Increasing Research Activities (Form 6765), respectively.
[20] Interviews with Jeffery McCormick; Affidavit of Jeffery McCormick, paragraphs 10 and 11.



**SOCOTEC**

# IV.    Conclusion

As of the date of this Report, SOCOTEC has quantified CMS's damages to be approximately $14.7 million, comprising lost profits and prototyping/redesign costs of $10.9 million and $3.7 million, respectively. See **Attachment A** and **Table 3**.

| Table 3: Summary of Damages | | |
|---|---|---|
| | **Amount** | **Attachment** |
| **Lost Profits** | **$10,943,361** | **B** |
| | | |
| **Out-of-Pocket Costs** | | |
| Redesign Costs - Component Costs | $355,578 | **C** |
| Redesign Costs - Engineering Labor | 261,471 | **D** |
| Redesign Costs - Zigen Engineering | 218,646 | **E** |
| Prototyping Costs - Purchases by CMS | 2,753,333 | **F** |
| Prototyping Costs - Purchases by Advanced Media Solutions | 123,925 | **G** |
| **Total Out-of-Pocket Costs** | **$3,712,953** | |
| | | |
| **Total** | **$14,656,314** | |
| | | |
| **Source: Attachment A** | | |

Additional damages and damage categories, including additional lost profits, aerospace standard costs, and CMS internal employee costs for engineering services and electrical, software, mechanical, and structural design, are not included in the Table above. SOCOTEC reserves the right to amend, revise, or supplement this Report as necessary.



# V. List of Documents Reviewed and Considered

| Date | Description |
|---|---|
| **Legal Filings** | |
| 01/19/23 | Plaintiffs' Original Complaint |
| 08/31/23 | Cabin Management Solutions, LLC and Lary Uichanco's Answer, Affirmative Defenses and Counterclaims Against Zigen, Inc. and Edvard Dellalyan |
| 09/26/24 | Affidavit of Jeffrey McCormick |
| | |
| **Documents Produced** | |
| 03/01/22 | US Patent 11265358 |
| Jan-19 – Jul-24 | CMS P&Ls |
| 2022-2023 | Tas Form 6765 for CMS |
| Various | Purchase Order Summary Reports, Bill of Materials, and Drawings for Parts 201-0006-01, 201-0007-01, 201-0007-02, 201-0008-01, and 201-0009-01 |
| Jun-21 – Jun-22 | Advanced Media Solutions Bank of America Credit Card Statements |
| Various | Lost Sales Documentation (Draft Quotes, Presentations, Pricing Spreadsheets, Email Correspondence, Drawings, Photographs, Specs, etc.) |
| Various | Accounting Transaction Report – Transactions for Rafal Michalski |
| Various | Accounting Transaction Report – Transactions for Zigen Engineering Services |
| Various | Accounting Transaction Report |
| | Project Cost Breakdowns |
| | Preliminary Damages by CMS (Copy of Zigen.xlsx) |
| | |



## VI.    Qualifications of Michelle Naramor, CPA, CFF*

# Michelle T. NARAMOR

**CPA, CFF** *

**Managing Director**

## CONTACT

✉ Michelle.Naramor@socotec.us

☐ +1 214 720 1995

◎ 1601 Elm Street, Suite 3600
Dallas, TX 75201

## ABOUT

Ms. Naramor has over ten years of experience in consulting with clients on a variety of managerial and dispute resolution matters. Through financial, accounting, and economic model development and analysis, Ms. Naramor has assisted clients in a variety of matters including special purpose audits, breaches of contract, infringements of intellectual property rights, business interruptions, insurance disputes, white collar fraud investigations, personal injury disputes, and construction claims, among others.  She has experience performing complex commercial dispute and consulting analyses in industries such as oil and gas, manufacturing, construction, and healthcare.

*SOCOTEC is not a CPA firm.

## PROFESSIONAL EXPERIENCE

**13 YEARS WITH FIRM | 13 YEARS IN INDUSTRY**

**SOCOTEC**

| | |
|---|---|
| 2024 – Present | Managing Director |
| 2023 – 2024 | Director |
| 2022 | Senior Manager |
| 2011 – 2021 | Senior Manager (formerly Veritas Advisory Group, Inc.) |

## QUALIFICATIONS

**EDUCATION**
- Bachelor of Business Administration – University of Texas at Austin  – 2011
- Master in Professional Accounting  – University of Texas at Austin  – 2011

**CONTINUING PROFESSIONAL EDUCATION**
Numerous training sessions on:
- Financial modeling techniques
- Financial statement analysis
- Business valuation
- Fraud and forensic accounting investigations

**ACCREDITATION AND PROFESSIONAL ORGANIZATIONS**
- Certified Public Accountant in the State of Texas
- Certified in Financial Forensics
- American Institute of Certified Public Accountants

**PRESENTATIONS**
- State Bar of Texas CLE Webinar - "Forensic Accounting: What Is It & How Can It Help My Case?"

**PRACTICE AREAS**
- Lost Profits
- Breach of Contract
- Business Interruption
- Forensic Accounting
- Financial Analysis
- Funds Tracing
- Dispute Resolution
- Project Advisory
- Commercial Disputes

## REPRESENTATIVE PROJECTS

- Business Interruption: Calculated lost profits and out-of-pocket expenses totaling at least $3M resulting from Plaintiff's allegation that a key employee breached his employment agreement with Plaintiff by poaching Plaintiff's personnel and clients.
- Forensic Accounting: Provided forensic accounting analyses of uses of investor proceeds totaling over $78M raised for oil and gas working interest prospects by creating and analyzing databases consisting over 79,000 transactions across multiple entities to identify commingling of funds and improper uses of investor proceeds totaling $30M (including $14M paid to Defendants and their related entities and $16M paid for apparent personal expenses charged to credit and debit cards).
- Construction Cost Accounting: Assisted Defendants in analyzing and rebutting a $22M claim for construction costs allegedly related to latent construction defects. This matter was presented in a jury trial with a favorable verdict for the Defendants.
- Oil and Gas Matter: Assisted Plaintiffs, who owned a gas storage facility, quantify damages of over $60M related to gas allegedly misappropriated by Defendant Oil and Gas Operator's nearby producing wells over a period of 16 years.
- Healthcare Matter: Assisted Plaintiffs by evaluating industry and historical claims data to quantify $26M of damages resulting from Defendant Medical Insurance Company's alleged failure to properly process and reimburse medical facility claims. This matter settled favorably for the Plaintiffs.



SOCOTEC

# E X P E R T   W I T N E S S   T E S T I M O N Y

| Case Name | Case # | Court | Testimony |
|---|---|---|---|
| **Skanska USA Building Inc., a Delaware Corporation** v. Certain Underwriters at Lloyds, London, Subscribing to Policy No 17-COC-000038; HDI Global Specialty SE | No. 20-2-11508-8 SEA | In the Superior Court of the State of Washington In and For the County of King | Deposition |
| **Nathan Graves, Reed Williams, and Thomas Tierney** v. Rex Ramsey Nichols, et al. | No. 096-328717-21 | In the District Court of Tarrant County, Texas 96th Judicial District | Hearing |
| MetSL, LLC v. **Adolfson & Peterson, Inc, Fabulous Floors, Inc., L.S. Decker Inc., Potter Structure, Ltd c/k/a GDP GPS, LLC, Potter Concrete, Ltd., AP Gulf States, Inc., Southwest Sealers, Inc. d/b/a Southwest Construction Services, and Advanced Drainage Systems, Inc.** | No. CC-19-00200-D | In the County Court at Law No. 4, Dallas County, Texas | Deposition |
| **Estate of James Monroe Freeman, Deceased, Joshua James Freeman and Jacob Monroe Freeman** v. Jerald Wayne Freeman, Jr., and Freeman Financial Company | No. PR-19-00041-3 | In the Probate Court Number Three of Dallas County, Texas | Deposition |
| **OSGHD, LLC** v. NOMI Health, Inc. and Agiliway Group, Inc. and OnSite Health Diagnostics, LLC v. NOMI Health, Inc. and Agiliway Group, Inc. and NOMI Health, Inc. v. **OSGHD, LLC and Anthony Gibson** | No. DC-22-03963 | In the District Court of Dallas County, Texas 14th Judicial District | Deposition and Trial |



# EXPERT WITNESS TESTIMONY

| Case Name | Case # | Court | Testimony |
|---|---|---|---|
| **Delia Crossley**<br>v.<br>Joe H. Staley, Jr. and Staley Business Partnership Limited | No. PB1-1828-2016 | In the Probate Court of Collin County, Texas | Deposition |
| **HCA Gulf Coast Division, Inc., et al.**<br>v.<br>Cigna Healthcare Corporation, et al. | No. 111026505 | JAMS Arbitration (California) | Deposition |

SOCOTEC



**SOCOTEC**

## VII.    Charges for Services

SOCOTEC Advisory, LLC bills for its services based upon hours worked on the engagement at corresponding designated hourly rates.  SOCOTEC Advisory, LLC's current hourly billing rates by level are as follows:

| LEVEL | HOURLY RATE |
|---|---|
| Senior Professionals<br>(Senior Principal, Principal, Senior Managing<br>Director, Managing Director) | $450-575 |
| Director | $425 |
| Senior Manager | $370 |
| Manager | $340 |
| Consultant | $315 |
| Associate Consultant | $270 |
| Analyst | $170 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Summary of CMS Damages*

| | Amount | Attachment |
|---|---|---|
| **Lost Profits** | **$10,943,361** | **B** |
| | | |
| **Out-of-Pocket Costs** | | |
| Redesign Costs - Component Costs | $355,578 | **C** |
| Redesign Costs - Engineering Labor | 261,471 | **D** |
| Redesign Costs - Zigen Engineering | 218,646 | **E** |
| Prototyping Costs - Purchases by CMS | 2,753,333 | **F** |
| Prototyping Costs - Purchases by Advanced Media Solutions | 123,925 | **G** |
| **Total Out-of-Pocket Costs** | **$3,712,953** | |
| | | |
| **Total Damages** | **$14,656,314** | |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Calculation of Lost Profits*

| Completion Center | CMS Quote # | Revision | Quote Date | Total Quote Amount | Profit Percentage | Lost Profits |
|---|---|---|---|---|---|---|
| Million Air | CMS-20210505-01 | 1 | 05/05/21 | $168,825 | 58.33% | 98,482 |
| Duncan Aviation | CMS-2021026-01 | 1 | 10/26/21 | 97,510 | 58.33% | 56,881 |
| Banyan Air Services | CMS-2021105-01 | 1 | 11/05/21 | 94,465 | 58.33% | 55,105 |
| Citadel Completions | CMS-20211006-01 | 4 | 11/22/21 | $574,942 | 58.33% | $335,385 |
| Western Airways | CMS-20230325-01 | 1 | 03/25/22 | 31,065 | 58.33% | 18,121 |
| Honda Aircraft Company, LLC | CMS-04252022-01 | 1 | 03/25/22 | 151,190 | 58.33% | 88,195 |
| West Star Aviation | CMS-20220427-01 | 1 | 04/27/22 | 154,795 | 58.33% | 90,298 |
| West Star Aviation | CMS-20220506-01 | 1 | 05/06/22 | 142,970 | 58.33% | 83,400 |
| Western Aircraft | CMS-20220705-01 | 1 | 07/05/22 | 231,790 | 58.33% | 135,212 |
| West Star Aviation | CMS-20220705-01 | 1 | 07/05/22 | 161,495 | 58.33% | 94,206 |
| ACI Jets | CMS-20220706-01 | 1 | 07/06/22 | 209,695 | 58.33% | 122,323 |
| West Star Aviation | CMS-20211020-01 | 2 | 07/12/22 | 191,785 | 58.33% | 111,875 |
| Aloft AeroArchitects | CMS-20220718-01 | 1 | 07/18/22 | 246,130 | 58.33% | 143,577 |
| Standard Aero | CMS-20221027-01 | 1 | 10/27/22 | 189,395 | 58.33% | 110,481 |
| Western Jet | CMS-20221107-1 | 1 | 11/07/22 | 284,305 | 58.33% | 165,846 |
| Pro Star Aviation | CMS-20221117-01 | 1 | 11/17/22 | 181,890 | 58.33% | 106,103 |
| Trimec Aviation | CMS-20221118-1 | 1 | 11/18/22 | 184,235 | 58.33% | 107,471 |
| West Star Aviation | CMS-20221118-01 | 1 | 11/18/22 | 148,875 | 58.33% | 86,844 |
| Aloft AeroArchitects | CMS-20221120-01 | 1 | 11/20/22 | 1,086,950 | 58.33% | 634,058 |
| Duncan Aviation | CMS-20221202-01 | 1 | 12/02/22 | 50,875 | 58.33% | 29,677 |
| Metro Aviation | CMS-20221202-01 | 1 | 12/02/22 | 124,750 | 58.33% | 72,771 |
| Pro Star Aviation | CMS-20230116-01 | 1 | 01/16/23 | 316,745 | 58.33% | 184,769 |
| West Star Aviation | CMS-20230126-01 | 1 | 01/26/23 | 503,525 | 58.33% | 293,725 |
| Flight Star | CMS-20230131-1 | 1 | 01/31/23 | 107,860 | 58.33% | 62,919 |
| Duncan Aviation | CMS-20230209-1 | 1 | 02/09/23 | 276,220 | 58.33% | 161,129 |
| West Star Aviation | CMS-20230302-01 | 1 | 03/02/23 | 97,490 | 58.33% | 56,869 |
| West Star Aviation | CMS-20230323-1 | 1 | 03/23/23 | 172,980 | 58.33% | 100,906 |
| Pro Star Aviation | CMS-20230119-01 | 4 | 03/23/23 | 167,045 | 58.33% | 97,443 |
| Duncan Aviation | CMS-20230331-01 | 1 | 03/31/23 | 172,975 | 58.33% | 100,903 |
| Aero-Dienst GmbH | CMS-20230406-1 | 1 | 04/06/23 | 239,170 | 58.33% | 139,517 |
| Western Aircraft | CMS-20221209-01 | 3 | 04/06/23 | 213,945 | 58.33% | 124,802 |
| Western Aircraft | CMS-20230411-1 | 1 | 04/11/23 | 277,720 | 58.33% | 162,004 |
| Pro Star Aviation | CMS-20230412-01 | 1 | 04/12/23 | 209,695 | 58.33% | 122,323 |
| West Star Aviation | CMS-20220926-01 | 2 | 04/13/23 | 339,730 | 58.33% | 198,177 |
| West Star Aviation | CMS-20230418-01 | 1 | 04/18/23 | 20,300 | 58.33% | 11,842 |
| West Star Aviation | CMS-20230505-01 | 1 | 05/05/23 | 166,450 | 58.33% | 97,096 |
| West Star Aviation | CMS-20230511-1 | 1 | 05/11/23 | 237,485 | 58.33% | 138,534 |
| Aloft AeroArchitects | CMS-20230518-01 | 1 | 05/22/23 | 906,660 | 58.33% | 528,888 |
| Standard Aero | CMS-20230530-01 | 1 | 05/30/23 | 302,455 | 58.33% | 176,433 |
| West Star Aviation | CMS-20230605-01 | 1 | 06/05/23 | 193,500 | 58.33% | 112,876 |
| ACI Jets | CMS-20230606-1 | 1 | 06/06/23 | 193,295 | 58.33% | 112,756 |
| Standard Aero | CMS-20230612-01 | 1 | 06/12/23 | 249,410 | 58.33% | 145,490 |
| K5 Aviation GmbH | CMS-20230615-04 | 1 | 06/15/23 | 57,900 | 58.33% | 33,775 |
| West Star Aviation | CMS-20230622-01 | 1 | 06/22/23 | 181,665 | 58.33% | 105,972 |
| West Star Aviation | CMS-20230714-01 | 1 | 07/14/23 | 314,955 | 58.33% | 183,725 |
| Pentastar | CMS-20230628-1 | 1 | 07/26/23 | 213,120 | 58.33% | 124,321 |
| West Star Aviation | CMS-20230417-01 | 2 | 07/27/23 | 275,745 | 58.33% | 160,852 |
| Pro Star Aviation | CMS-20230728-01 | 1 | 07/28/23 | 374,520 | 58.33% | 218,471 |
| West Star Aviation | CMS-20230808-03 | 1 | 08/08/23 | 192,075 | 58.33% | 112,044 |
| West Star Aviation | CMS-20230808-1 | 1 | 08/08/23 | 163,990 | 58.33% | 95,661 |
| Pro Star Aviation | CMS-20230822-01 | 1 | 08/22/23 | 329,505 | 58.33% | 192,212 |
| Trimec Aviation | CMS-20230829-01 | 1 | 08/29/23 | 191,320 | 58.33% | 111,604 |
| West Star Aviation | CMS-20230830-01 | 3 | 08/30/23 | 241,330 | 58.33% | 140,777 |
| West Star Aviation | CMS-20231006-1 | 1 | 10/06/23 | 131,890 | 58.33% | 76,936 |
| Bombardier | CMS-20230921-01 | 3 | 10/20/23 | 162,979 | 58.33% | 95,072 |
| Bombardier | CMS-20231106-01 | 1 | 11/06/23 | 160,147 | 58.33% | 93,420 |
| West Star Aviation | CMS-20231116-1 | 1 | 11/16/23 | 186,026 | 58.33% | 108,516 |
| Duncan Aviation | CMS-20231117-1 | 1 | 11/17/23 | 162,843 | 58.33% | 94,992 |
| Duncan Aviation | CMS-20231119-01 | 1 | 11/19/23 | 164,683 | 58.33% | 96,066 |
| Duncan Aviation | CMS-20231121-01 | 1 | 11/21/23 | 133,782 | 58.33% | 78,040 |
| King Aerospace Commercial Corporation | CMS-20231107-01 | 2 | 11/28/23 | 726,075 | 58.33% | 423,546 |
| Citadel Completions | N888TY | 1 | 11/29/23 | 981,965 | 58.33% | 572,816 |
| Flexjet, LLC | CMS-20231012-01 | 2 | 12/01/23 | 179,845 | 58.33% | 104,910 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Calculation of Lost Profits*

| Completion Center | CMS Quote # | Revision | Quote Date | Total Quote Amount | Profit Percentage | Lost Profits |
|---|---|---|---|---|---|---|
| West Star Aviation | CMS-20231206-01 | 1 | 12/06/23 | 209,695 | 58.33% | 122,323 |
| King Aerospace Commercial Corporation | CMS-20231206-01 | IR | 12/06/23 | 900,625 | 58.33% | 525,368 |
| Pro Star Aviation | CMS-20231216-02 | 2 | 12/16/23 | 186,075 | 58.33% | 108,544 |
| Pro Star Aviation | CMS-20231216-01 | 1 | 12/16/23 | 672,770 | 58.33% | 392,451 |
| Western Aircraft | CMS-20231219-01 | 1 | 12/19/23 | 324,930 | 58.33% | 189,544 |
| Bombardier | CMS-20230523-1 | 5 | 01/12/24 | 215,015 | 58.33% | 125,426 |
| Constant Aviation | CMS-20220124-01 | 1 | 01/24/24 | 302,455 | 58.33% | 176,433 |
| West Star Aviation | CMS-20230303-01 | 2 | 02/08/24 | 169,540 | 58.33% | 98,899 |
| Duncan Aviation | CMS-20240209-01 | 1 | 02/09/24 | 179,890 | 58.33% | 104,936 |
| **Total** | | | | **$18,759,942** | | **$10,943,361** |

**Sources:**
[a] CMS Quotes and Pricing Spreadsheets for Identified Lost Sales
[b] **Attachment B.1**

**Note:**
[1] CMS has identified the following three sales for which pricing information has been provided, however SOCOTEC is unable to determine the date of the alleged lost sales. For purposes of this Report, these sales are not included in CMS's damages calculation. SOCOTEC is still evaluating these lost sales as well as other lost sales identified by CMS.

| Completion Center | CMS Quote # | Revision | Quote Date | Total Quote Amount |
|---|---|---|---|---|
| West Star Aviation | F900B 129 | | | $146,055 |
| Stevens | CL604 | | | 166,040 |
| Aloft AeroArchitects | YD409 BBJ | | | 226,130 |
| **Total** | | | | **$538,225** |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Profit on Sales*

| Plane/Project | Invoiced Total | Labor Total | Parts Total | Profit | Profit Percentage |
|---|---|---|---|---|---|
| Millian Air Lear 60XR SN 325 360 | $123,485 | $34,436 | $15,583 | $73,467 | 59.49% |
| Weststar F2000 SN107 | 155,685 | 43,316 | 22,986 | 89,383 | 57.41% |
| **Total** | **$279,170** | | | **$162,850** | **58.33%** |

**Sources:**
[a] Project Cost Breakdowns

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Redesign Costs - Component Costs*

| PO Date | Part Description | Part Number | Revision | PO Number | Quantity Received | Unit Price | Misc. Charge | Amount |
|---|---|---|---|---|---|---|---|---|
| 09/07/23 | CCA SDVOE UHD VIDEO ENCODER1 (STANDALONE) | 303-0061-01 | A | 20230182 | 49 | $1,878.33 | $0 | $92,038 |
| 03/04/22 | CCA ENCODER | 303-0060-01 | A | 20220070 | 20 | 1,673.47 | 2,066 | 35,535 |
| 07/15/22 | CCA SDVOE UHD VIDEO ENCODER2 (CABIN) | 303-0060-01 | B | 20220218 | 50 | 728.11 | 0 | 36,406 |
| 05/10/22 | CCA SDVOE UHD VIDEO DECODER2 POWER BOARD | 303-0070-01 | A | 20220162 | 10 | 339.45 | 260 | 3,654 |
| 03/03/23 | CCA SDVOE UHD VIDEO DECODER2 POWER BOARD | 303-0070-01 | A | 20230029 | 120 | 32.13 | 0 | 3,856 |
| 02/18/22 | CMS ETHERNET SWITCH | 306-0053-01 | A | 20220057 | 6 | 22,840.00 | 0 | 137,040 |
| 08/24/21 | CCA SDVOE UHD VIDEO DECODER1 (MONITOR) | 303-0058-01 | A | 20210126 | 20 | 912.67 | 1,934 | 20,187 |
| 07/15/22 | CCA SDVOE UHD VIDEO DECODER2 (MONITOR) | 303-0058-01 | B | 20220218 | 50 | 537.24 | 0 | 26,862 |
| **Total** | | | | | | | | **$355,578** |

**Source:**
[a] Purchase Order Summary Reports

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Redesign Costs - Engineering Labor*

| Transaction Date | Account Number | Account Description | Amount | Description |
|---|---|---|---|---|
| 10/15/21 | 5020-9001 | RAFAL MICHALSKI | $2,360.00 | OUTSIDE SERVICES |
| 10/21/21 | 5020-9001 | RAFAL MICHALSKI | 3,000.00 | OUTSIDE SERVICES |
| 11/02/21 | 5020-9001 | RAFAL MICHALSKI | 2,080.00 | OUTSIDE SERVICES |
| 11/15/21 | 5020-9001 | RAFAL MICHALSKI | 2,400.00 | OUTSIDE SERVICES |
| 12/03/21 | 5020-9001 | RAFAL MICHALSKI | 2,880.00 | OUTSIDE SERVICES |
| 12/15/21 | 5020-9001 | RAFAL MICHALSKI | 2,200.00 | OUTSIDE SERVICES |
| 12/27/21 | 5020-9001 | RAFAL MICHALSKI | 2,920.00 | OUTSIDE SERVICES |
| 01/10/22 | 5020-9001 | RAFAL MICHALSKI | 3,940.68 | OUTSIDE SERVICES |
| 01/24/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 02/08/22 | 5020-9001 | RAFAL MICHALSKI | 2,400.00 | OUTSIDE SERVICES |
| 02/23/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 03/08/22 | 5020-9001 | RAFAL MICHALSKI | 2,770.00 | OUTSIDE SERVICES |
| 03/22/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 04/06/22 | 5020-9001 | RAFAL MICHALSKI | 2,560.00 | OUTSIDE SERVICES |
| 04/20/22 | 5020-9001 | RAFAL MICHALSKI | 2,880.00 | OUTSIDE SERVICES |
| 05/03/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 05/17/22 | 5020-9001 | RAFAL MICHALSKI | 3,258.00 | OUTSIDE SERVICES |
| 06/02/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 06/07/22 | 5020-9001 | RAFAL MICHALSKI | 560.00 | OUTSIDE SERVICES |
| 06/15/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 07/07/22 | 5020-9001 | RAFAL MICHALSKI | 2,400.00 | OUTSIDE SERVICES |
| 07/19/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 08/01/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 08/17/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 08/31/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 09/13/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 09/28/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 10/12/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 10/27/22 | 5020-9001 | RAFAL MICHALSKI | 3,520.00 | OUTSIDE SERVICES |
| 11/08/22 | 5020-9001 | RAFAL MICHALSKI | 3,520.00 | OUTSIDE SERVICES |
| 11/23/22 | 5020-9001 | RAFAL MICHALSKI | 3,840.00 | OUTSIDE SERVICES |
| 12/07/22 | 5020-9001 | RAFAL MICHALSKI | 3,200.00 | OUTSIDE SERVICES |
| 12/29/22 | 5020-9001 | RAFAL MICHALSKI | 4,280.00 | OUTSIDE SERVICES |
| 01/11/23 | 5020-9001 | RAFAL MICHALSKI | 3,360.00 | OUTSIDE SERVICES |
| 01/24/23 | 5020-9001 | RAFAL MICHALSKI | 2,560.00 | OUTSIDE SERVICES |
| 02/07/23 | 5020-9001 | RAFAL MICHALSKI | 1,800.00 | OUTSIDE SERVICES |
| 02/14/23 | 5020-9001 | RAFAL MICHALSKI | 1,033.32 | OUTSIDE SERVICES |
| 03/01/23 | 5020-9001 | RAFAL MICHALSKI | 4,800.00 | OUTSIDE SERVICES |
| 03/08/23 | 5020-9001 | RAFAL MICHALSKI | 4,900.00 | OUTSIDE SERVICES |
| 03/22/23 | 5020-9001 | RAFAL MICHALSKI | 5,000.00 | OUTSIDE SERVICES |
| 04/14/23 | 5020-9001 | RAFAL MICHALSKI | 5,450.00 | OUTSIDE SERVICES |
| 05/02/23 | 5020-9001 | RAFAL MICHALSKI | 8,750.00 | FEBRUARY - MAY, 2023 EXPENSE REPORT |
| 05/10/23 | 5475-9001 | RAFAL MICHALSKI | 2,730.77 | OUTSIDE SERVICES |
| 05/25/23 | 5020-9001 | RAFAL MICHALSKI | 4,100.00 | OUTSIDE SERVICES |
| 06/12/23 | 5020-9001 | RAFAL MICHALSKI | 6,650.00 | OUTSIDE SERVICES |
| 06/23/23 | 5020-9001 | RAFAL MICHALSKI | 4,200.00 | OUTSIDE SERVICES |
| 07/17/23 | 5020-9001 | RAFAL MICHALSKI | 3,600.00 | OUTSIDE SERVICES |
| 08/15/23 | 5020-9001 | RAFAL MICHALSKI | 4,000.00 | OUTSIDE SERVICES |
| 09/07/23 | 5020-9001 | RAFAL MICHALSKI | 3,238.42 | OUTSIDE SERVICES |
| 09/15/23 | 5020-9001 | RAFAL MICHALSKI | 6,650.00 | OUTSIDE SERVICES |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Redesign Costs - Engineering Labor*

| Transaction Date | Account Number | Account Description | Amount | Description |
|---|---|---|---|---|
| 10/25/23 | 5020-9001 | RAFAL MICHALSKI | 19,900.00 | OUTSIDE SERVICES |
| 11/08/23 | 5020-9001 | RAFAL MICHALSKI | 7,750.00 | OUTSIDE SERVICES |
| 11/22/23 | 5020-9001 | RAFAL MICHALSKI | 5,900.00 | OUTSIDE SERVICES |
| 12/12/23 | 5020-9001 | RAFAL MICHALSKI | 5,050.00 | OUTSIDE SERVICES |
| 01/03/24 | 5020-9001 | RAFAL MICHALSKI | 6,550.00 | OUTSIDE SERVICES |
| 02/07/24 | 5020-9001 | RAFAL MICHALSKI | 7,350.00 | OUTSIDE SERVICES |
| 02/27/24 | 5020-9001 | RAFAL MICHALSKI | 8,000.00 | OUTSIDE SERVICES |
| 03/26/24 | 5020-9001 | RAFAL MICHALSKI | 7,700.00 | OUTSIDE SERVICES |
| 04/23/24 | 5020-9001 | RAFAL MICHALSKI | 9,000.00 | OUTSIDE SERVICES |
| 05/31/24 | 5020-9001 | | 8,400.00 | |
| **Total** | | | **$261,471.19** | |

**Source:**
[a] Accounting Transaction Report

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Redesign Costs - Zigen Engineering*

| Journal Entry | Series | TRX Date | Account Number | Account Description | Amount | Originating Master Name | Originating Document Number | Reference | Description |
|---|---|---|---|---|---|---|---|---|---|
| 343 | Purchasing | 04/05/21 | 1015-9001 | Cash - Operating Acct | $64,754.49 | ZIGEN | 10115 | Computer Checks | Cash |
| 338 | Purchasing | 04/05/21 | 2010-9001 | Accounts Payable Operating | 44,166.66 | ZIGEN | 6578 | Payables Trx Entry | Accounts Payable |
| 339 | Purchasing | 04/05/21 | 2010-9001 | Accounts Payable Operating | 20,587.83 | ZIGEN | 6577 | Payables Trx Entry | Accounts Payable |
| 352 | Purchasing | 05/11/21 | 1015-9001 | Cash - Operating Acct | 44,568.66 | ZIGEN | 00010117 | Computer Checks | Cash |
| 348 | Purchasing | 05/11/21 | 2010-9001 | Accounts Payable Operating | 44,166.66 | ZIGEN | 6636 | Payables Trx Entry | Accounts Payable |
| 349 | Purchasing | 05/11/21 | 2010-9001 | Accounts Payable Operating | 402.00 | ZIGEN | 6632 | Payables Trx Entry | Accounts Payable |
| **Total** | | | | | **$218,646.30** | | | | |

**Source:**
[a] Accounting Transaction Report

Page 1 of 1

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by CMS*

| Transaction Date | Account Number | Account Description | Amount | Description |
|---|---|---|---|---|
| 01/31/21 | 5500-9001 | Prototype - Components | $669.92 | DIGIKEY |
| 01/31/21 | 5500-9001 | Prototype - Components | 173.81 | DIGIKEY |
| 02/02/21 | 5500-9001 | Prototype - Components | 62.02 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 29.27 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 17.56 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 87.61 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 27.69 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 38.88 | MCMASTER-CARR |
| 02/02/21 | 5500-9001 | Prototype - Components | 481.60 | MCMASTER-CARR |
| 02/28/21 | 5500-9001 | Prototype - Components | 542.85 | AM TOUCH USA |
| 02/28/21 | 5500-9001 | Prototype - Components | 1,556.18 | DIGIKEY |
| 02/28/21 | 5500-9001 | Prototype - Components | 2,000.00 | PRESCRIPTIVE |
| 02/28/21 | 5500-9001 | Prototype - Components | 84.79 | DIGIKEY |
| 02/28/21 | 5500-9001 | Prototype - Components | 3,560.00 | DATA MODUL |
| 02/28/21 | 5500-9001 | Prototype - Components | 47.24 | PROTEKSHEETMET |
| 02/28/21 | 5500-9001 | Prototype - Components | 201.01 | DIGIKEY |
| 03/31/21 | 5500-9001 | Prototype - Components | 209.52 | OUT OF THE BOX MANUFACTURING |
| 03/31/21 | 5500-9001 | Prototype - Components | 5,732.72 | QCP ENTERPRISES |
| 03/31/21 | 5500-9001 | Prototype - Components | 265.19 | DIGIKEY |
| 03/31/21 | 5500-9001 | Prototype - Components | 2,895.00 | SMARTERGLASS |
| 03/31/21 | 5500-9001 | Prototype - Components | 672.56 | DIGIKEY |
| 03/31/21 | 5500-9001 | Prototype - Components | 257.78 | DIGIKEY |
| 03/31/21 | 5500-9001 | Prototype - Components | 283.67 | IMPAC ADDITIVE 3D |
| 04/05/21 | 5500-9001 | Prototype - Components | 45.93 | MCMASTER-CARR |
| 04/05/21 | 5500-9001 | Prototype - Components | 124.56 | MCMASTER-CARR |
| 04/30/21 | 5500-9001 | Prototype - Components | 811.13 | OUT OF THE BOX MANF |
| 04/30/21 | 5500-9001 | Prototype - Components | 603.11 | AMTOUCH USA |
| 04/30/21 | 5500-9001 | Prototype - Components | 266.23 | DIGIKEY |
| 04/30/21 | 5500-9001 | Prototype - Components | 11,473.82 | DIGIKEY |
| 04/30/21 | 5500-9001 | Prototype - Components | 1,000.00 | AVENT AEROSPACE |
| 04/30/21 | 5500-9001 | Prototype - Components | 3,226.04 | COLLINS |
| 05/31/21 | 5500-9001 | Prototype - Components | 234.23 | AMTOUCH |
| 05/31/21 | 5500-9001 | Prototype - Components | 482.92 | DIGIKEY |
| 05/31/21 | 5500-9001 | Prototype - Components | 600.00 | VIBRATION RESEARCH CO |
| 05/31/21 | 5500-9001 | Prototype - Components | 1,600.00 | VIBRATION RESEARCH CO |
| 05/31/21 | 5500-9001 | Prototype - Components | 8,666.90 | WEST STAR AVIATION |
| 06/30/21 | 5500-9001 | Prototype - Components | 215.32 | AMTOUCH USA |
| 06/30/21 | 5500-9001 | Prototype - Components | 2,462.77 | DIGIKEY |
| 06/30/21 | 5500-9001 | Prototype - Components | 6,154.39 | PRESCRIPTIVE |
| 06/30/21 | 5500-9001 | Prototype - Components | 9,651.90 | PRESCRIPTIVE |
| 07/31/21 | 5500-9001 | Prototype - Components | 5,525.00 | JAK ELEC |
| 07/31/21 | 5500-9001 | Prototype - Components | 2,560.00 | RAFAL MICHALSKI |
| 07/31/21 | 5500-9001 | Prototype - Components | 618.80 | GSCOOLINK |
| 07/31/21 | 5500-9001 | Prototype - Components | 35,572.36 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 6,406.01 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 633.93 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 385.48 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 2,418.67 | |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by CMS*

| Transaction Date | Account Number | Account Description | Amount | Description |
|---|---|---|---|---|
| 08/31/21 | 5500-9001 | Prototype - Components | 996.19 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 475.84 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 850.00 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 700.48 | |
| 08/31/21 | 5500-9001 | Prototype - Components | 618.80 | |
| 09/30/21 | 5500-9001 | Prototype - Components | 39,730.76 | |
| 10/31/21 | 5500-9001 | Prototype - Components | 161,735.35 | |
| 11/15/21 | 5500-9001 | Prototype - Components | 126,082.69 | |
| 12/31/21 | 5500-9001 | Prototype - Components | 106,895.08 | |
| 01/31/22 | 5500-9001 | Prototype - Components | 65,239.21 | |
| 02/28/22 | 5500-9001 | Prototype - Components | 39,831.06 | |
| 03/31/22 | 5500-9001 | Prototype - Components | 68,957.25 | |
| 04/30/22 | 5500-9001 | Prototype - Components | 182,801.35 | |
| 05/31/22 | 5500-9001 | Prototype - Components | 31,791.58 | |
| 06/30/22 | 5500-9001 | Prototype - Components | 14,457.69 | |
| 06/30/22 | 5500-9001 | Prototype - Components | 87,249.63 | |
| 06/30/22 | 5500-9001 | Prototype - Components | (15,217.00) | |
| 07/31/22 | 5500-9001 | Prototype - Components | 59,192.61 | |
| 08/31/22 | 5500-9001 | Prototype - Components | 102,950.33 | |
| 09/30/22 | 5500-9001 | Prototype - Components | 86,954.77 | |
| 10/31/22 | 5500-9001 | Prototype - Components | 279,589.35 | |
| 10/31/22 | 5500-9001 | Prototype - Components | 416.76 | NICOL SCALES & MEASUREMENT |
| 10/31/22 | 5500-9001 | Prototype - Components | 11,701.00 | AA QUALITY ELECTRONICS |
| 11/30/22 | 5500-9001 | Prototype - Components | 6,226.50 | AA QUALITY ELECTRONICS |
| 11/30/22 | 5500-9001 | Prototype - Components | 1,421.62 | AA QUALITY ELECTRONICS |
| 11/30/22 | 5500-9001 | Prototype - Components | 17,784.70 | AA QUALITY ELECTRONICS |
| 11/30/22 | 5500-9001 | Prototype - Components | 37,418.41 | |
| 12/31/22 | 5500-9001 | Prototype - Components | 542,717.77 | |
| 12/31/22 | 5500-9001 | Prototype - Components | (1,371,016.68) | |
| 01/31/23 | 5500-9001 | Prototype - Components | 171,940.43 | |
| 02/28/23 | 5500-9001 | Prototype - Components | 4,286.30 | AA QUALITY ELECTRONICS |
| 02/28/23 | 5500-9001 | Prototype - Components | 3,092.50 | AA QUALITY ELECTRONICS |
| 02/28/23 | 5500-9001 | Prototype - Components | 1,986.30 | AA QUALITY ELECTRONICS |
| 02/28/23 | 5500-9001 | Prototype - Components | 665.75 | NICOL SCALES & MEASUREMENT |
| 02/28/23 | 5500-9001 | Prototype - Components | 214,135.50 | |
| 03/31/23 | 5500-9001 | Prototype - Components | 765.57 | NICOL SCALES & MEASUREMENT |
| 03/31/23 | 5500-9001 | Prototype - Components | 14,229.00 | AA QUALITY ELECTRONICS |
| 03/31/23 | 5500-9001 | Prototype - Components | 9,903.85 | |
| 04/30/23 | 5500-9001 | Prototype - Components | 1,090.95 | NICOL SCALES & MEASUREMENT |
| 04/30/23 | 5500-9001 | Prototype - Components | 6,073.80 | AA QUALITY ELECTRONICS |
| 04/30/23 | 5500-9001 | Prototype - Components | 33,374.68 | |
| 05/31/23 | 5500-9001 | Prototype - Components | 1,734.80 | AA QUALITY ELECTRONICS |
| 05/31/23 | 5500-9001 | Prototype - Components | 248,959.22 | |
| 06/27/23 | 5500-9001 | Prototype - Components | 45,977.63 | |
| 06/30/23 | 5500-9001 | Prototype - Components | 2,673.40 | AA QUALITY ELECTRONICS |
| 06/30/23 | 5500-9001 | Prototype - Components | 3,951.90 | AA QUALITY ELECTRONICS |
| 06/30/23 | 5500-9001 | Prototype - Components | 9,800.00 | AEROTRONICS |
| 07/31/23 | 5500-9001 | Prototype - Components | 2,950.00 | AA QUALITY ELECTRONICS |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by CMS*

| Transaction Date | Account Number | Account Description | Amount | Description |
|---|---|---|---|---|
| 07/31/23 | 5500-9001 | Prototype - Components | 91,627.14 | |
| 08/31/23 | 5500-9001 | Prototype - Components | 174,304.91 | |
| 08/31/23 | 5500-9001 | Prototype - Components | 13,417.08 | AA QUALITY ELECTRONICS |
| 09/30/23 | 5500-9001 | Prototype - Components | 11,560.30 | AA QUALITY ELECTRONICS |
| 09/30/23 | 5500-9001 | Prototype - Components | 410.27 | NICOL SCALES & MEASUREMENT |
| 09/30/23 | 5500-9001 | Prototype - Components | 429.76 | NICOL SCALES & MEASUREMENT |
| 09/30/23 | 5500-9001 | Prototype - Components | 167,703.50 | AA QUALITY ELECTRONICS |
| 09/30/23 | 5500-9001 | Prototype - Components | 27,150.00 | AEROTRONICS |
| 09/30/23 | 5500-9001 | Prototype - Components | 227,037.17 | |
| 10/03/23 | 5500-9001 | Prototype - Components | 2,030.00 | AA QUALITY ELECTRONICS |
| 10/31/23 | 5500-9001 | Prototype - Components | 1,058.69 | NICOL SCALES & MEASUREMENT |
| 10/31/23 | 5500-9001 | Prototype - Components | 18,505.16 | |
| 10/31/23 | 5500-9001 | Prototype - Components | (3,823.10) | |
| 11/30/23 | 5500-9001 | Prototype - Components | 260,989.73 | |
| 11/30/23 | 5500-9001 | Prototype - Components | 81,011.25 | AA QUALITY ELECTRONICS |
| 11/30/23 | 5500-9001 | Prototype - Components | 1,055.00 | AA QUALITY ELECTRONICS |
| 12/31/23 | 5500-9001 | Prototype - Components | 91,084.87 | |
| **Total** | | | **$2,753,332.78** | |

**Source:**
[a] Accounting Transaction Report

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by Advanced Media Solutions*

| Transaction Date | Amount |
|---|---|
| 05/11/21 | $117.00 |
| 05/12/21 | 656.14 |
| 05/12/21 | 46.84 |
| 05/13/21 | 3,113.08 |
| 05/13/21 | 19.69 |
| 05/14/21 | 55.09 |
| 05/17/21 | 378.80 |
| 05/17/21 | 256.43 |
| 05/18/21 | 203.94 |
| 05/18/21 | 0.73 |
| 05/18/21 | 11.37 |
| 05/19/21 | 23.40 |
| 05/20/21 | 38.91 |
| 05/20/21 | 131.10 |
| 05/21/21 | 169.94 |
| 05/21/21 | 244.33 |
| 05/21/21 | 3,252.86 |
| 05/21/21 | 55.80 |
| 05/25/21 | 14.94 |
| 05/28/21 | 31.78 |
| 06/01/21 | 172.48 |
| 06/02/21 | 216.49 |
| 06/02/21 | 54.11 |
| 06/03/21 | 24.08 |
| 06/04/21 | 1,418.08 |
| 06/08/21 | 126.19 |
| 06/09/21 | 1,506.46 |
| 06/11/21 | 57.30 |
| 06/12/21 | 34.95 |
| 06/12/21 | 1,725.84 |
| 06/15/21 | 32.37 |
| 06/15/21 | 96.23 |
| 06/16/21 | 23.00 |
| 06/16/21 | 2,370.00 |
| 06/18/21 | 17.98 |
| 06/21/21 | 519.57 |
| 06/25/21 | 893.91 |
| 06/28/21 | 562.90 |
| 06/30/21 | 49.39 |
| 07/02/21 | 21.75 |
| 07/02/21 | 23.60 |
| 07/02/21 | 7.93 |
| 07/06/21 | 95.11 |
| 07/06/21 | 37.50 |
| 07/07/21 | 264.24 |
| 07/07/21 | 60.00 |
| 07/07/21 | 8,809.32 |
| 07/14/21 | 90.82 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by Advanced Media Solutions*

| Transaction Date | Amount |
|---|---|
| 07/14/21 | 144.29 |
| 07/19/21 | 259.80 |
| 07/19/21 | 238.14 |
| 07/19/21 | 251.26 |
| 07/20/21 | 1,493.40 |
| 07/20/21 | 36.74 |
| 07/20/21 | 41.53 |
| 07/21/21 | 45.50 |
| 07/21/21 | 28.80 |
| 07/21/21 | 10.55 |
| 07/21/21 | 9.73 |
| 07/21/21 | 7.54 |
| 07/21/21 | 44.81 |
| 07/21/21 | 1.11 |
| 07/22/21 | 18.00 |
| 07/23/21 | 33.68 |
| 07/23/21 | 21.62 |
| 07/26/21 | 118.68 |
| 07/28/21 | 745.84 |
| 07/30/21 | 15.30 |
| 08/02/21 | 1,473.62 |
| 08/02/21 | 382.98 |
| 08/04/21 | 1,245.00 |
| 08/09/21 | 138.42 |
| 08/09/21 | 230.85 |
| 08/10/21 | 45.39 |
| 08/10/21 | 368.42 |
| 08/11/21 | 6.93 |
| 08/12/21 | 326.93 |
| 08/12/21 | 2,575.00 |
| 08/15/21 | 171.45 |
| 08/17/21 | 75.00 |
| 08/18/21 | 128.70 |
| 08/20/21 | 114.85 |
| 08/21/21 | 94.14 |
| 08/21/21 | 0.02 |
| 08/22/21 | 302.07 |
| 08/24/21 | 52.80 |
| 09/03/21 | 1,203.09 |
| 09/03/21 | 1,183.16 |
| 09/04/21 | 1,391.25 |
| 09/09/21 | 191.70 |
| 09/09/21 | 97.75 |
| 09/21/21 | 640.59 |
| 09/24/21 | 34.99 |
| 09/24/21 | 310.44 |
| 09/27/21 | 167.99 |
| 09/27/21 | 1.05 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by Advanced Media Solutions*

| Transaction Date | Amount |
|---|---|
| 09/28/21 | 335.94 |
| 09/28/21 | 1,154.09 |
| 09/28/21 | 5.04 |
| 09/30/21 | 245.51 |
| 09/30/21 | 34.63 |
| 10/04/21 | 76.04 |
| 10/06/21 | 574.43 |
| 10/07/21 | 198.07 |
| 10/07/21 | 274.00 |
| 10/08/21 | 8.22 |
| 10/20/21 | 325.00 |
| 10/22/21 | 9.75 |
| 10/23/21 | 2,291.20 |
| 10/25/21 | 5,097.99 |
| 10/26/21 | 2,957.79 |
| 10/27/21 | 47.95 |
| 10/28/21 | 124.76 |
| 11/03/21 | 74.06 |
| 11/04/21 | 432.80 |
| 11/04/21 | 1,011.31 |
| 11/04/21 | 518.74 |
| 11/07/21 | 7.58 |
| 11/11/21 | 44.75 |
| 11/12/21 | 38.97 |
| 11/15/21 | 1,232.57 |
| 11/16/21 | 1,071.43 |
| 11/23/21 | 66.05 |
| 12/04/21 | 160.00 |
| 12/04/21 | 114.02 |
| 12/14/21 | 163.06 |
| 12/15/21 | 2,797.01 |
| 12/17/21 | 928.40 |
| 12/21/21 | 963.90 |
| 12/27/21 | 299.46 |
| 12/28/21 | 8.99 |
| 12/30/21 | 44.75 |
| 01/03/22 | 877.72 |
| 01/05/22 | 70.64 |
| 01/06/22 | 57.33 |
| 01/13/22 | 654.50 |
| 01/14/22 | 305.00 |
| 01/14/22 | 371.70 |
| 01/20/22 | 220.00 |
| 01/24/22 | 445.89 |
| 01/26/22 | 34.40 |
| 01/27/22 | 1.04 |
| 02/09/22 | 2,865.77 |
| 02/09/22 | 9,426.76 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by Advanced Media Solutions*

| Transaction Date | Amount |
|---|---|
| 02/10/22 | 900.64 |
| 02/10/22 | 17.86 |
| 02/11/22 | 372.88 |
| 02/11/22 | 105.00 |
| 02/14/22 | 1,809.60 |
| 02/16/22 | 6,500.57 |
| 03/01/22 | 90.89 |
| 03/03/22 | 195.60 |
| 03/04/22 | 368.27 |
| 03/17/22 | 3,328.56 |
| 03/18/22 | 99.86 |
| 03/21/22 | 391.40 |
| 03/28/22 | 1,974.40 |
| 03/28/22 | 119.07 |
| 03/29/22 | 2,353.66 |
| 03/30/22 | 164.20 |
| 03/30/22 | 3.58 |
| 03/30/22 | 70.61 |
| 04/04/22 | 1,987.47 |
| 04/05/22 | 26.46 |
| 04/06/22 | 358.74 |
| 04/08/22 | 71.00 |
| 04/10/22 | 29.68 |
| 04/18/22 | 51.34 |
| 04/20/22 | 1,419.67 |
| 04/20/22 | 89.89 |
| 04/26/22 | 1,669.22 |
| 04/27/22 | 194.46 |
| 04/28/22 | 1,456.19 |
| 04/29/22 | 5.84 |
| 05/06/22 | 87.68 |
| 05/06/22 | 197.23 |
| 05/11/22 | 144.06 |
| 05/11/22 | 490.19 |
| 05/12/22 | 14.71 |
| 05/14/22 | 1,657.31 |
| 05/17/22 | 384.52 |
| 05/19/22 | 11.54 |
| 05/19/22 | 3,350.11 |
| 05/19/22 | 2,690.11 |
| 05/20/22 | 1,060.00 |
| 05/20/22 | 70.15 |
| 05/20/22 | 370.02 |
| 05/20/22 | 100.51 |
| 05/21/22 | 2,660.72 |
| 05/21/22 | 96.41 |
| 05/23/22 | 80.71 |
| 05/27/22 | 321.31 |

**Zigen, Inc. and Edvard Dellalyan v. Cabin Management Solutions, Inc. and Larry Uichanco**
*Prototyping Costs - Purchases by Advanced Media Solutions*

| Transaction Date | Amount |
|---|---|
| 05/30/22 | 9.64 |
| 06/06/22 | 44.75 |
| 06/06/22 | 87.85 |
| 06/13/22 | 44.75 |
| **Total** | **$123,924.57** |

**Source:**

[a] Advanced Media Solutions Bank of America Credit Card Statements

**Note:**

[1] Advanced Media Solutions ("AMS") is a supplier to CMS and owns 10% of CMS. I understand that AMS purchased component parts for CMS (identified by CMS in AMS's credit card statements) but has not yet invoiced CMS for these costs. As such, these component costs are not included on **Attachment F** (Prototyping Costs - Purchases by CMS).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ZIGEN, INC. and EDVARD**<br>**DELLALYAN,** | § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | |
| **v.** | § <br> § | Civil Action No. 4:23-cv-00210 |
| **CABIN MANAGEMENT SOLUTIONS,**<br>**INC. and LARRY UICHANCO.** | § <br> § <br> § | |
| **Defendants.** | § <br> § | |

<u>**AFFIDAVIT OF JEFFREY MCCORMICK**</u>

| | |
|---|---|
| STATE OF TEXAS | § <br> § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jeffrey McCormick, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is Jeffrey McCormick. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the Vice-President of Operations & Compliance for Cabin Management Solutions LLP ("CMS"), the Defendant and Counter-Plaintiff in this lawsuit.

3. I have more than 20 years of experience in the aircraft industry including my background in finance, business development, aerospace engineering, aircraft certification, and aircraft testing. I currently hold a delegation as a Federal Aviation Administration ("FAA") Designee.

4. I ensure CMS conforms to Federal Regulations and its Orders. I oversee the day-to-day operations that include, but are not limited to: Accounts Receivable, Accounts Payable, Purchasing, Shipping, Receiving, Manufacturing, Quality, Aircraft Certification and Airworthiness, and CMS Internal Test Lab Operations. I implemented CMS as a Design Approval Holder ("DAH"), Production Approval Holder ("PAH"), 14 CFR Part 145 Repair Station, and Parts Manufacturing Approval ("PMA").

5. I acquired personal knowledge of these facts by my role, duties, and tenure as CMS's Vice-President of Operations and Compliance.

6. CMS, which is headquartered in San Antonio, Texas, is in the business of building and installing aircraft Cabin Management and In-Flight Entertainment with modern information technology ("IT") hardware and software.

7.    On or about March 21, 2021, Plaintiff Edvard Dellalyan ("Dellalyan") met with Troy Michaels and me in CMS's offices in Conroe, Texas and offered to sell Plaintiff Zigen Inc.'s ("Zigen") Intellectual Property for a purported novel and proprietary Audio Video over Internet Protocol communication system ("Zigen AVoIP").

8.    CMS and Zigen exchanged Non-Disclosure Agreements, but never reached an agreement for CMS to purchase the Zigen AVoIP. Instead, Zigen provided engineering services for CMS.

9.    In April of 2021, Zigen agreed to participate in drafting the CMS patent for Audio/Video over Ethernet (SDVOE standard https://sdvoe.org/) for vehicles, specifically to aerospace. See **Exhibits A and B**.

10.   In April 2021, Zigen provided a prototype design for CMS review. CMS performed initial aerospace testing to validate CMS could take the design to market with minimal (internal) design effort. Zigen's design was examined and found to be compatible with a previously designed CMS power supply. The combination of the CMS power supply and the Zigen design could be packaged into one unit to meet aerospace qualifications (much faster than CMS designing from the ground up). See **Exhibit C**.

11.   Approximately in mid-2021 CMS began to understand that the Zigen hardware components were end of life with no alternates or drop-in replacements. Upon understanding this, CMS utilized third-party vendors and suppliers to understand the scope at hand. Ultimately, CMS had no choice but to fully design its own Audio/Video over Ethernet system. See **Exhibit D**.

12.   Approximately middle-to-end 2021, CMS had committed to fully redesigning the hardware and software. This redesign utilized contracting services from multiple contractors that CMS paid, including Zigen. **Exhibits E and F**.

13.   During the design phase, which spanned between approximately July 2021 and October 2022, CMS had to turn down sales because it was not able to provide the product it had previously marketed and customers were seeking as a result of having to redesign the hardware and software. CMS at that time had approximately 10 to 20 employees, so the redevelopment, design and prototyping, along with performing extensive FAA testing required the entire CMS staff. This forced CMS to pull back bids and eventually turn down business due to resource allocation. See **Exhibits G and H**.

Further Affiant sayeth not.

_____
Jeffrey McCormick

Sworn to and subscribed before me by Jeffrey McCormick on September 26 2024.

_____
Notary Public

Christopher Vaughn

(Printed Name of Notary)

(SEAL)

CHRISTOPHER VAUGHN
Notary Public, State of Texas
Comm. Expires 02-11-2025
NOTARY ID#: 13107331-8

# EXHIBIT A

**Peter Vogel**

---

| | |
|---|---|
| **From:** | Andy Plummer <aplummer@mh2law.com> |
| **Sent:** | Monday, April 26, 2021 1:43 PM |
| **To:** | Jeff McCormick; Troy Michaels; Ed  Dellalyan |
| **Subject:** | FW: Zigen Patent |
| **Attachments:** | US10,812,176B1.pdf |

---

**From:** Jeff McCormick <jmccormick@cms-aero.com>
**Sent:** Thursday, January 7, 2021 1:10 PM
**To:** Ed Dellalyan <ed@zigencorp.com>
**Cc:** Troy Michaels <tmichaels@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>
**Subject:** FW: Zigen Patent

Hi Ed,

We had our internal discussion regarding your write up, so I've included our email sting between Troy, Andy (CMS Patent Attorney) and myself. What we're looking for, is a write up from your and your team on the process or flow (see figure 5).

We'd like to break this up into three (3) vehicle patents, so we'll need 3 process flows for the following:

1.  2.1, 2.10, 2.11, 2.12 combine for network patent

2.  2.2 to 2.6 combine for audio/video

3.  2.9 combine/add to CMS plug and play patent

4.  2.7 & 2.8 not applicable to CMS

Troy, Andy and myself are to support, so if you need us to jump on a working session call, we're happy to do so.

Thanks again and hope you're staying safe and doing well over there.

Best regards,

Jeff

(PS Andy, Troy, please chime in if I missed anything)

---

**From:** Andy Plummer <aplummer@mh2law.com>
**Sent:** Tuesday, January 5, 2021 10:28 AM
**To:** Jeff McCormick <jmccormick@cms-aero.com>; Troy Michaels <tmichaels@cms-aero.com>; dave feuerhak <dcf@cms-aero.com>
**Subject:** RE: Zigen Patent

Hi Jeff,

That sounds like a good plan. Let's try to get one of these three done before we do the other two. This should help us work out any kinks with the Zigen guys during the first one so that the last two are streamlined.

I've attached one of your patents to forward to the Zigen guys as an example/template. Let them know that we want them to help us create a flowchart like the one in Figure 5 (or Figure 6). They can also take a look at the corresponding descriptions to get an idea of the info that we need from them. The description for Figure 5 is from Col. 7, line 17 – Col. 11, line 61. The description for Figure 6 is from Col. 11, line 32 – Col. 18, line 26.

Andy

---

**From:** Jeff McCormick <jmccormick@cms-aero.com>
**Sent:** Tuesday, January 5, 2021 11:20 AM
**To:** Troy Michaels <tmichaels@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>; dave feuerhak <dcf@cms-aero.com>
**Subject:** Zigen Patent

Here's my thoughts on the patent:

- 2.1, 2.10, 2.11, 2.12 combine for network patent for vehicle or aircraft patent

- 2.2 to 2.6 combine for audio/video vehicle or aircraft patent

- 2.9 combine or add onto CMS plug and play patent

- Not applicable to CMS 2.7 & 2.8

Let me know everyone's thoughts.

Jeff

# EXHIBIT B

**Peter Vogel**

---

| | |
|---|---|
| **From:** | Andy Plummer <aplummer@mh2law.com> |
| **Sent:** | Monday, April 26, 2021 1:37 PM |
| **To:** | Jeff McCormick; Troy Michaels; Ed  Dellalyan |
| **Subject:** | FW: Zigen Patent (Network only - Item 1) |
| **Attachments:** | IP-Logic Patent Application_1_Network Patent_210128_highlight.pdf |

---

**From:** Larry Uichanco <larry@zigencorp.com>
**Sent:** Thursday, February 4, 2021 6:04 PM
**To:** Andy Plummer <aplummer@mh2law.com>; Jeff McCormick <jmccormick@cms-aero.com>; Troy Michaels <tmichaels@cms-aero.com>
**Cc:** Ed Dellalyan <ed@zigencorp.com>
**Subject:** RE: Zigen Patent (Network only - Item 1)

Hi Andy,

All the "system" figures rely on performing all the steps in the "flowchart" figure for system control and configuration.  From a technical perspective, the "flowchart" figure is executed by the IP Logic Control Server, known as the "Essentials" (#105 in the document).  Essentials is a stand-alone device containing a System-on-Module (SOM) with a Linux Operating System and our control application runs on this device.  The Essentials device communicates control and configuration data to all the IP Logic hardware devices, the "system" figures.

I highlighted the attached document as per your request.  I will wait for you and your team to give me the greenlight on patent items 2 and 3.

Please let me know if you have any further questions.

Best regards,

Larry Uichanco



16135 Wyandotte Street
Lake Balboa, CA  91406  USA
www.zigencorp.com

---

**From:** Andy Plummer <aplummer@mh2law.com>
**Sent:** Thursday, February 4, 2021 7:35 AM
**To:** Larry Uichanco <larry@zigencorp.com>; Jeff McCormick <jmccormick@cms-aero.com>; Troy Michaels <tmichaels@cms-aero.com>
**Cc:** Ed Dellalyan <ed@zigencorp.com>
**Subject:** RE: Zigen Patent (Network only - Item 1)

Hi Larry,

This is an excellent start.  Thank you for putting it together.

I see that there are several "system" figures and one "flowchart" figure.  Which system would be used to perform the steps in the flowchart?

Also, is it possible for you to highlight the sentences that you think are the most likely to contain new/novel subject matter?  That's always good for me to know when I'm drafting so I can put emphasis on those features for the examiner at the patent office.

I recommend that we hold off on starting on patent items 2 and 3 until we have a draft of this one almost complete.  I think it will streamline the processes for items 2 and 3 to see a final product for item 1.

Kind regards,

**Andy Plummer**
Patent Attorney
MH2 Technology Law Group LLP
Office: 703.917.0000 x206
Mobile: 713.530.4157
aplummer@mh2law.com ● www.mh2law.com

This e-mail message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact me by reply e-mail (aplummer@mh2law.com) and destroy all copies of the original message and any attachments.

---

**From:** Larry Uichanco <larry@zigencorp.com>
**Sent:** Thursday, January 28, 2021 8:57 PM
**To:** Jeff McCormick <jmccormick@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>; Troy Michaels <tmichaels@cms-aero.com>
**Cc:** Ed Dellalyan <ed@zigencorp.com>
**Subject:** Zigen Patent (Network only - Item 1)

Hello Gentlemen,

Attached is the item 1 Network Patent application.  As requested, I included the flowchart based on the perspective of a controller, in this case, the IP-Logic Control Server called Essentials.

If this document sufficiently addresses your needs to proceed with the patent process, then I will start with patent item 2.  I will need your help with item 3.

Due to the sensitive nature of the IP, I encrypted it using the same password as the original document.  Please let me know if you have any questions.

Best regards,

Larry Uichanco



16135 Wyandotte Street

Lake Balboa, CA  91406  USA
www.zigencorp.com

---

**From:** Larry Uichanco
**Sent:** Monday, January 18, 2021 4:53 PM
**To:** Jeff McCormick <jmccormick@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>; Troy Michaels <tmichaels@cms-aero.com>
**Cc:** Ed Dellalyan <ed@zigencorp.com>
**Subject:** FW: Zigen Patent

Hi Jeff and Andy,

I now have the bandwidth to work on your requests for a flowchart.  I am now targeting item 1 (IP Logic Network Patent for Vehicles) combining 2.1, 2.10, 2.11, and 2.12.  As per Andy's recommendations, I will be working on item 1 first and eventually do items 2 and 3 when we streamline the first process.

I do have a couple of questions:

1.) While the original IP Logic patent is a general AVoIP application for Enterprise, Corporate, Commercial, Residential, etc, should I focus this modified document for a vehicle application instead?  Or should I maintain the same general industry specific application and let Andy redirect it for a vehicle application?
2.) I completely understand the flowchart of Figure 5 and the supporting text that goes with it.  However, I only described the teachings of certain unique technologies that we can incorporate with IP Logic to deem it patentable.  I'm a little unclear how to state that in a flowchart based on these teachings.  For sections 2.1, 2.10, 2.11, and 2.12, should I stage the flowchart based on a central controller and what steps are taken based on installed IP Logic features?  Or should I present the flowchart based on what the system path will take based upon user requests?  For example (although this might be too granular and tech specific):
   a. Init state
   b. Determine system configuration based on Advertised signals from installed panels
   c. Query user request from control system
   d. User to stream video from his/her mobile device
   e. Enable IP Logic h.265 Decoder
   f. Pair user mobile device with IP Logic
   g. Stream mobile device video to desired panel.
   h. …

This task is now my highest priority.  Looking forward to hearing from you with some feedback on how I should proceed.

Best regards,

Larry Uichanco

# ZIGEN

16135 Wyandotte Street
Lake Balboa, CA  91406  USA
www.zigencorp.com

**From:** Andy Plummer <aplummer@mh2law.com>
**Sent:** Thursday, January 7, 2021 11:23 AM
**To:** Jeff McCormick <jmccormick@cms-aero.com>; Ed Dellalyan <ed@zigencorp.com>

**Cc:** Troy Michaels <tmichaels@cms-aero.com>
**Subject:** RE: Zigen Patent

Hi Ed,

I recommend that we focus on preparing the flowchart for Item 1 (2.1, 2.10, 2.11, 2.12 combine for network patent) first.  Let's get on the same page with that one before we start on Items 2 and 3.

And to add to what Jeff said, Figure 5 of the attached patent includes a sample/template flowchart.  This is the type of flowchart that we need your help to produce now for Item 1.

And col. 7, line 16 – col. 11, line 61 in the attached patent include a sample/template of the type of details that we'll need to supplement our flowchart.

Let me know if you have any questions.

Kind regards,

**Andy Plummer**
Patent Attorney
MH2 Technology Law Group LLP
Office: 703.917.0000 x206
Mobile: 713.530.4157
aplummer@mh2law.com ● www.mh2law.com

This e-mail message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact me by reply e-mail (aplummer@mh2law.com) and destroy all copies of the original message and any attachments.


**From:** Jeff McCormick <jmccormick@cms-aero.com>
**Sent:** Thursday, January 7, 2021 1:10 PM
**To:** Ed Dellalyan <ed@zigencorp.com>
**Cc:** Troy Michaels <tmichaels@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>
**Subject:** FW: Zigen Patent

Hi Ed,

We had our internal discussion regarding your write up, so I've included our email sting between Troy, Andy (CMS Patent Attorney) and myself. What we're looking for, is a write up from your and your team on the process or flow (see figure 5).

We'd like to break this up into three (3) vehicle patents, so we'll need 3 process flows for the following:

1.  2.1, 2.10, 2.11, 2.12 combine for network patent

2.  2.2 to 2.6 combine for audio/video

3.  2.9 combine/add to CMS plug and play patent

4.  2.7 & 2.8 not applicable to CMS

Troy, Andy and myself are to support, so if you need us to jump on a working session call, we're happy to do so.

Thanks again and hope you're staying safe and doing well over there.

Best regards,

Jeff

(PS Andy, Troy, please chime in if I missed anything)


**From:** Andy Plummer <aplummer@mh2law.com>
**Sent:** Tuesday, January 5, 2021 10:28 AM
**To:** Jeff McCormick <jmccormick@cms-aero.com>; Troy Michaels <tmichaels@cms-aero.com>; dave feuerhak <dcf@cms-aero.com>
**Subject:** RE: Zigen Patent

Hi Jeff,

That sounds like a good plan. Let's try to get one of these three done before we do the other two. This should help us work out any kinks with the Zigen guys during the first one so that the last two are streamlined.

I've attached one of your patents to forward to the Zigen guys as an example/template. Let them know that we want them to help us create a flowchart like the one in Figure 5 (or Figure 6). They can also take a look at the corresponding descriptions to get an idea of the info that we need from them. The description for Figure 5 is from Col. 7, line 17 – Col. 11, line 61. The description for Figure 6 is from Col. 11, line 32 – Col. 18, line 26.


Andy

**From:** Jeff McCormick <jmccormick@cms-aero.com>
**Sent:** Tuesday, January 5, 2021 11:20 AM
**To:** Troy Michaels <tmichaels@cms-aero.com>; Andy Plummer <aplummer@mh2law.com>; dave feuerhak <dcf@cms-aero.com>
**Subject:** Zigen Patent

Here's my thoughts on the patent:

- 2.1, 2.10, 2.11, 2.12 combine for network patent for vehicle or aircraft patent

- 2.2 to 2.6 combine for audio/video vehicle or aircraft patent

- 2.9 combine or add onto CMS plug and play patent

- Not applicable to CMS 2.7 & 2.8

Let me know everyone's thoughts.

Jeff

5

# EXHIBIT C

**Peter Vogel**

---

| | |
|---|---|
| **From:** | Troy Michaels |
| **Sent:** | Friday, April 23, 2021 11:02 AM |
| **To:** | Ray Hill; Jeff McCormick; Ed Dellalyan; Larry Uichanco |
| **Cc:** | pathill@systemation-inc.com |
| **Subject:** | RE: Contract Manufacturer in Asia |

No  we will decide final manufacture at a later
Date.  I just want a couple boxes to ferret out
Any other issues before we make a commitment for a large run..

Sent from my Galaxy

-------- Original message --------
From: Ray Hill <rayhill@systemation-inc.com>
Date: 4/23/21 10:47 AM (GMT-06:00)
To: Jeff McCormick <jmccormick@cmsaero.com>, Ed Dellalyan <edellalyan@cmsaero.com>, Larry
Uichanco <luichanco@cmsaero.com>
Cc: Troy Michaels <tmichaels@cmsaero.com>, pathill@systemation-inc.com
Subject: Re: Contract Manufacturer in Asia

Troy wants the guy that builds the prototypes to be the final
manufacturer, it that correct?

Ray Hill
Systemation Technology Inc.
1321 3rd Street
League City, Texas  77573
281-332-7186
281-770-2610 (cell)
www.systemation-inc.com

On 4/23/2021 10:23 AM, Jeff McCormick wrote:
> Ray and all,
>
> For engineering purposes and prototyping, there's no certification requirements. Please note, this order isnot for aircraft use
and will labeled as such.
>
> Production runs will require a full audit of a contact manufacturers quality system and facilities. Once we vet out an
overseas manufacturer, Troy and I will plan a trip to audit the facility once the FAA gives me the go ahead.
>
> Thanks,
>
> Jeff
>
> -----Original Message-----

> From: Ray Hill <rayhill@systemation-inc.com>
> Sent: Friday, April 23, 2021 10:17 AM
> To: Ed Dellalyan <edellalyan@cmsaero.com>; Larry Uichanco <luichanco@cmsaero.com>; Jeff McCormick <jmccormick@cmsaero.com>
> Cc: Ed Dellalyan <edellalyan@cmsaero.com>; Troy Michaels <tmichaels@cmsaero.com>; pathill@systemation-inc.com
> Subject: Re: Contract Manufacturer in Asia
>
> Jeff,
> What certifications does a contract manufacturer have to have to build our boards?
>
> Troy,
> Do you want us to sent 1 board to Larry to send to China to get a cost comparison between them and Audi?
>
> Ray
>
> Ray Hill
> Systemation Technology Inc.
> 1321 3rd Street
> League City, Texas  77573
> 281-332-7186
> 281-770-2610 (cell)
> www.systemation-inc.com
>
> On 4/22/2021 6:42 PM, Ed Dellalyan wrote:
>> Ray,
>> The CM is not that straight forward. They don't do 3rd party work and for them to build this, usually involves some volumes and BS politics.  Well show them that this is Zigen prototype first so they'll program the machines and such.
>>
>> Send everything over to Larry so he can modify the parts list with Chinese equivalent first.
>> Then Larry will submit everything over to them as prototypes.
>>
>> I'll forward everything to you when they come back with quotes and questions.
>>
>> Best regards,
>> Ed Dellalyan
>>
>>> On Apr 22, 2021, at 4:05 PM, Ray Hill <rayhill@systemation-inc.com> wrote:
>>>
>>> Ed,
>>> Would you send me your contact info for the CM in Asia that builds your units?
>>>
>>> I want them to quote the AV Boards.
>>>
>>> Thanks,
>>> Ray
>>>
>>> --
>>> Ray Hill
>>> Systemation Technology Inc.
>>> 1321 3rd Street
>>> League City, Texas  77573
>>> 281-332-7186
>>> 281-770-2610 (cell)
>>> www.systemation-inc.com
>>>

# EXHIBIT D

**Peter Vogel**

---

| | |
|---|---|
| **From:** | Troy Michaels |
| **Sent:** | Thursday, August 5, 2021 1:57 PM |
| **To:** | Jeff Pike |
| **Cc:** | Jeff McCormick; Dave Feuerhak; Larry Uichanco |
| **Subject:** | RE: Sourcing the Marvell/Aquantia FPGA IC |

Jeff

I knew about the 700 dollar chip price a week ago, I was hoping we could ferret out some chips. However I just got off a long call with Larry. Pierre originally said these chips would not
Be an issue even with the current supply chain issue because lots of people have adopted them. On that note, Marvell purchased Aquanitia and have probably bagged the
Program for now. I don't like using the AVP as it is downgrading capabilities. So reluctantly! the best business decision is to use the AVP and not have the thumb nail video option as we would
Be relying on Marvell a third party to semtech to supply us our chips.
Also the Multiview is not a good solution really, as it down grades the image to 1080 while in that mode. Either way were committed to the AVP now and Semtech.

Larry will proceed with the AVP design and save some time to get our wifi streamer in our standalone decoders . right Larry????



Troy Michaels
President | Managing Partner
OFF - 936 523 1700
Cell – 951 206 9929

---

**From:** Jeff Pike <jpike@cmsaero.com>
**Sent:** Thursday, August 5, 2021 1:33 PM
**To:** Troy Michaels <tmichaels@cmsaero.com>; Larry Uichanco <luichanco@cmsaero.com>
**Cc:** Michelle Pike <mpike@cmsaero.com>
**Subject:** Fwd: Sourcing the Marvell/Aquantia FPGA IC

We got the quote for the thumbnail preview FPGA from AQUANTIA but they can't supply the connector (I'm not sure there is an alternate that's a Larry question). At $750 it's pretty crazy not to mention the extra design effort it requires. Like we discussed I think we should bag it and move on with the encoder design that mimics the decoder. What do you think?



Jeff Pike
VP of Engineering
jpike@CMSAero.com
253-219-4060

Begin forwarded message:

**From:** henter@mvele.ca
**Date:** August 5, 2021 at 12:23:34 PM CDT
**To:** Michelle Pike <mpike@cmsaero.com>, Jeff Pike <jpike@cmsaero.com>
**Subject: Re: FW: Sourcing the Marvell/Aquantia FPGA IC**


HI Michelle . sorry to have kpet you waitting .
we only can supply  190PCS  AQLX113GK7-B0L2-S-C  AQUANTIA  19+D/C  USD 750.00/EA   (original new)
shipping within 1 day . let me know when you have any feedback .  advise
best regards
henter





Mountainview components Inc
10440 glenmoor place Surrey  BC V4N1V2
Canada
http://www.mvele.ca
Email:henter@mvele.ca
Tel:778-697-5625

Scope:Semiconductors,integrated circuits ,module,diode, transistor, capacitor,.etc..

Brand:XILIN  ALTER  SAMSUNG  NSC  AD  AMD  TI  ST  INTER  INTERSIL  NXP  BB
ATMEL  MICRO ....



**From:** Michelle Pike
**Date:** 2021-08-04 20:52
**To:** henter@mvele.ca; Jeff Pike
**Subject:** FW: Sourcing the Marvell/Aquantia FPGA IC

Good Morning,

Can you tell me if you have any ability to source either of the following parts:
1) AQLX113GK7-B0L2-S-C, FPGA IC
2) AQX-N3F13-DSN-U3C, 10GBaseT RJ45 Connector, PoE

Thank you so much,
Michelle Pike
Cabin Management Solutions, LLC
Production Manager
www.cmsaero.com

Sent from Mail for Windows 10

**From:** Larry Uichanco <luichanco@cmsaero.com>
**Sent:** Monday, August 2, 2021 4:56:00 PM
**To:** Pat Hill <pathill@systemation-inc.com>; Michelle Pike <mpike@cmsaero.com>
**Cc:** rayhill@systemation-inc.com <rayhill@systemation-inc.com>; Troy Michaels
<tmichaels@cmsaero.com>; ed@zigencorp.com <ed@zigencorp.com>
**Subject:** Re: Sourcing the Marvell/Aquantia FPGA IC

Thanks for the contact, Pat.

Michelle, could you please contact Mountain View for the Marvell/Aquantia parts that we still
can't source (part numbers below)?  I believe these parts are the last on the list that we're still
having problems with, right?

FYI, they are only used on the Encoder designs.  Please let new know ASAP if they have them,
otherwise, we will have to change the overall architecture of the Encoder.

Thank you all.

-Larry

> On Aug 2, 2021, at 1:31 PM, Pat Hill <pathill@systemation-inc.com> wrote:
>
> Hi
> I would recommend asking Mountain View Electronics.
> Here's the contact:
> henter@mvele.ca
>
> Pat
>
>> On 8/2/2021 3:24 PM, Larry Uichanco wrote:
>> Hi Ray and Pat,
>>

>> I am now starting the next CMS project, however, Michelle and Pierre Sicard are having problems finding a source for two Marvell/Aquantia parts used in the Encoder design.  The parts are:

>>

>> 1) AQLX113GK7-B0L2-S-C, FPGA IC

>> 2) AQX-N3F13-DSN-U3C, 10GBaseT RJ45 Connector, PoE

>>

>> Can you see if your brokers can find the parts?  They were originally manufactured by Aquantia but the company has since been purchased by Marvell.

>>

>> Thank you very much.

>>

>> Larry Uichanco

>>

>>

>>

>

> --

> Pat Hill

> Systemation Technology Inc.

> 1321 3rd Street

> League City, Texas  77573 USA

> 281-332-7187

> www.systemation-inc.com

>

# EXHIBIT E

**Peter Vogel**

| | |
|---|---|
| **From:** | Larry Uichanco |
| **Sent:** | Thursday, August 5, 2021 2:09 PM |
| **To:** | Troy Michaels; Jeff Pike |
| **Cc:** | Jeff McCormick; Dave Feuerhak; ed@zigencorp.com; Henry |
| **Subject:** | RE: Sourcing the Marvell/Aquantia FPGA IC |

Troy, et al.,

I can proceed further now that we are using the AVP ASIC on both Encoder and Decoder design.  As per my conversation with Troy, I will make a formal Feature Request with Semtech to get preview implemented on the ASIC in a future update.  We can make such Feature Requests since CMS is an SDVoE Adopter.  I don't know if Semtech is hardware bound on the ASIC to implement such a feature but we will see…I will update everyone on their feedback.

As also mentioned, using the ASIC on the Encoder design saves me a ton of development time with Schematics and Layout since I can do about 50% design reuse from the Decoder design.  And yes, Troy, I can use that saved time on the WiFi Streamer on the standalone decoder project.

So now it's official…on and onwards.



Larry Uichanco
luichanco@cmsaero.com
(805) 660-6836

---

**From:** Troy Michaels
**Sent:** Thursday, August 5, 2021 11:56 AM
**To:** Jeff Pike
**Cc:** Jeff McCormick; Dave Feuerhak; Larry Uichanco
**Subject:** RE: Sourcing the Marvell/Aquantia FPGA IC

Jeff

I knew about the 700 dollar chip price a week ago,  I was hoping we  could ferret out some chips. However I just got off a long call with Larry. Pierre originally said these chips would not
Be an issue even with the current supply chain issue because lots of people have adopted them.  On that note,  Marvell purchased Aquanitia  and  have probably bagged the
Program for now.  I don't like using the AVP as it is downgrading capabilities.  So reluctantly!  the best business decision is to use the AVP and not have the thumb nail video option as we would
Be relying on Marvell a third party to semtech to supply us our chips.
Also the Multiview is not a good solution really, as it down grades the image to 1080 while in that mode.  Either way were committed to the AVP now and Semtech.

Larry will proceed with the AVP design and save some time to get our wifi streamer in our standalone decoders . right Larry????



Troy Michaels
President | Managing Partner
OFF - 936 523 1700
Cell – 951 206 9929

---

**From:** Jeff Pike <jpike@cmsaero.com>
**Sent:** Thursday, August 5, 2021 1:33 PM
**To:** Troy Michaels <tmichaels@cmsaero.com>; Larry Uichanco <luichanco@cmsaero.com>
**Cc:** Michelle Pike <mpike@cmsaero.com>
**Subject:** Fwd: Sourcing the Marvell/Aquantia FPGA IC

We got the quote for the thumbnail preview FPGA from AQUANTIA but they can't supply the connector (I'm not sure there is an alternate that's a Larry question). At $750 it's pretty crazy not to mention the extra design effort it requires. Like we discussed I think we should bag it and move on with the encoder design that mimics the decoder. What do you think?



Jeff Pike
VP of Engineering
jpike@CMSAero.com
253-219-4060

Begin forwarded message:

> **From:** henter@mvele.ca
> **Date:** August 5, 2021 at 12:23:34 PM CDT
> **To:** Michelle Pike <mpike@cmsaero.com>, Jeff Pike <jpike@cmsaero.com>
> **Subject: Re: FW: Sourcing the Marvell/Aquantia FPGA IC**
>
>
> HI Michelle . sorry to have kpet you waitting .
> we only can supply  190PCS  AQLX113GK7-B0L2-S-C  AQUANTIA  19+D/C  USD 750.00/EA  (original new)
> shipping within 1 day . let me know when you have any feedback .  advise
> best regards
> henter



Mountainview components Inc
10440 glenmoor place Surrey  BC V4N1V2
Canada
http://www.mvele.ca
Email:henter@mvele.ca
Tel:778-697-5625

Scope:Semiconductors,integrated circuits ,module,diode, transistor, capacitor,.etc..

Brand:XILIN   ALTER   SAMSUNG   NSC  AD  AMD  TI  ST  INTER  INTERSIL  NXP  BB
ATMEL  MICRO ….

---

**From:** Michelle Pike
**Date:** 2021-08-04 20:52
**To:** henter@mvele.ca; Jeff Pike
**Subject:** FW: Sourcing the Marvell/Aquantia FPGA IC
Good Morning,

Can you tell me if you have any ability to source either of the following parts:
1) AQLX113GK7-B0L2-S-C, FPGA IC
2) AQX-N3F13-DSN-U3C, 10GBaseT RJ45 Connector, PoE

Thank you so much,
Michelle Pike
Cabin Management Solutions, LLC
Production Manager
www.cmsaero.com

Sent from Mail for Windows 10

---

**From:** Larry Uichanco <luichanco@cmsaero.com>
**Sent:** Monday, August 2, 2021 4:56:00 PM
**To:** Pat Hill <pathill@systemation-inc.com>; Michelle Pike <mpike@cmsaero.com>
**Cc:** rayhill@systemation-inc.com <rayhill@systemation-inc.com>; Troy Michaels
<tmichaels@cmsaero.com>; ed@zigencorp.com <ed@zigencorp.com>
**Subject:** Re: Sourcing the Marvell/Aquantia FPGA IC

Thanks for the contact, Pat.

Michelle, could you please contact Mountain View for the Marvell/Aquantia parts that we still can't source (part numbers below)?  I believe these parts are the last on the list that we're still having problems with, right?

FYI, they are only used on the Encoder designs.  Please let new know ASAP if they have them, otherwise, we will have to change the overall architecture of the Encoder.

Thank you all.

-Larry

> On Aug 2, 2021, at 1:31 PM, Pat Hill <pathill@systemation-inc.com> wrote:
>
> Hi
> I would recommend asking Mountain View Electronics.
> Here's the contact:
> henter@mvele.ca
>
> Pat
>
>> On 8/2/2021 3:24 PM, Larry Uichanco wrote:
>> Hi Ray and Pat,
>>
>> I am now starting the next CMS project, however, Michelle and Pierre Sicard are having problems finding a source for two Marvell/Aquantia parts used in the Encoder design.  The parts are:
>>
>> 1) AQLX113GK7-B0L2-S-C, FPGA IC
>> 2) AQX-N3F13-DSN-U3C, 10GBaseT RJ45 Connector, PoE
>>
>> Can you see if your brokers can find the parts?  They were originally manufactured by Aquantia but the company has since been purchased by Marvell.
>>
>> Thank you very much.
>>
>> Larry Uichanco
>>
>>
>>
>
> --
> Pat Hill
> Systemation Technology Inc.
> 1321 3rd Street
> League City, Texas  77573 USA
> 281-332-7187
> www.systemation-inc.com
>

# EXHIBIT F

**Peter Vogel**

| | |
|---|---|
| **From:** | Larry  Uichanco <larry@zigencorp.com> |
| **Sent:** | Tuesday, May 24, 2022 1:38 AM |
| **To:** | Alex Chien; Michelle Pike; Larry Uichanco; Jeff McCormick |
| **Cc:** | GWilkins@semtech.com; Pierre Sicard |
| **Subject:** | RE: Purchase of Broadcom chips |
| **Attachments:** | Customer information form_CMSAero_ALLTEK-QP-S100-001-10B.zip; CMS - Credit Application Information.docx; Customer information form_CMSAero_ALLTEK-QP-S100-001-10B.DOC |

Hello Alex,

Attached are the forms that Michelle had sent you last Friday from her CMS Aero emails.  I am also sending a compressed zip file of the attachments just in case.  The first file is our banking details and the second is our trade references.  Please confirm that you received the 2 documents that I am attaching here.

Best regards,

Larry Uichanco via Zigen Corporation email account.



Larry Uichanco
luichanco@cmsaero.com
+1 (805) 660-6836

-------------------------------------------------

Good Morning,

Please see the attached form, as well as the attached trade references and banking details.  Let me know if you need anything additional.

Once you have a quote ready, I can issue a purchase order.

Thank you for your help,

**Michelle Pike**
**Production Manager**
**Mpike@cmsaero.com**
**Direct: (936)523-1700**
**Cell: (253)906-6461**
**www.cmsaero.com**



1

**From:** Alex Chien <AlexChien@alltek.com>
**Sent:** Monday, May 23, 2022 11:00 PM
**To:** Larry Uichanco <larry@zigencorp.com>; Michelle Pike <Mpike@cmsaero.com>; Larry Uichanco <luichanco@cmsaero.com>; Jeff McCormick <jmccormick@cmsaero.com>
**Cc:** GWilkins@semtech.com; Pierre Sicard <psicard@semtech.com>
**Subject:** RE: Purchase of Broadcom chips

Dear Sirs,
I still haven't got the form from you. Could you please check the status?

Many thanks,
Alex

**From:** Larry Uichanco <larry@zigencorp.com>
**Sent:** Friday, May 20, 2022 2:31 PM
**To:** Michelle Pike <Mpike@cmsaero.com>; Larry Uichanco <luichanco@cmsaero.com>; Jeff McCormick <jmccormick@cmsaero.com>
**Cc:** Alex Chien <AlexChien@alltek.com>; GWilkins@semtech.com; Pierre Sicard <psicard@semtech.com>
**Subject:** Fwd: Purchase of Broadcom chips

Hi Michelle,

Below is Alex's email that I received from my Zigen Corp email account.  It is now apparent that the CMS email service is filtering out Alex's Alltek.com account.  Please fill out the attachment that Alex sent so we can get a quote and purchase the Broadcom Phy from Alltek as soon as possible.

Hi Alex, we are working on adding your email to our domain whitelist.  Jeff McCormick of our company is trying to add your Alltek email on our domain service whitelist.  If you receive an email from Jeff, please respond back to him so we can confirm that all is ok.  In the meantime, please include my Zigen email on all correspondence until we resolve the CMS filtering issues.

Thank you everyone for your help.  Pierre, thanks as usual.

Best regards,
Larry Uichanco
CMS Aero

> **From:** Alex Chien <AlexChien@alltek.com>
> **Date:** May 19, 2022 at 6:44:52 PM PDT
> **To:** Pierre Sicard <psicard@semtech.com>
> **Cc:** Gerry Wilkins <GWilkins@semtech.com>, Michelle Pike <mpike@cmsaero.com>, Larry Uichanco <larry@zigencorp.com>
> **Subject: RE: Purchase of Broadcom chips**

Dear Pierre,
Please check the attached file again. Alltek needs the customer form and then offer the quotation to Michelle.

Many thanks,
Alex

---

**From:** Pierre Sicard <psicard@semtech.com>
**Sent:** Friday, May 20, 2022 1:42 AM
**To:** Alex Chien <AlexChien@alltek.com>
**Cc:** Gerry Wilkins <GWilkins@semtech.com>; Michelle Pike <mpike@cmsaero.com>; Larry Uichanco <larry@zigencorp.com>
**Subject:** RE: Purchase of Broadcom chips

Dear Alex,

Yes I have seen your emails, but now I learned that your emails were filtered and did not reach Michelle. Please can you send the form again to the addresses on here?

Thanks
Pierre

---

**From:** Alex Chien <AlexChien@alltek.com>
**Sent:** Wednesday, May 18, 2022 5:19 PM
**To:** Pierre Sicard <psicard@semtech.com>
**Cc:** Gerry Wilkins <GWilkins@semtech.com>
**Subject:** RE: Purchase of Broadcom chips

**Warning - External Email**

Dear Pierre,
No. I sent 2 emails to them but no reply. You were also in the mail loop. Actually, I need Michelle to fill in the form first. Would you like to check the demand with Michelle?

Many thanks,
Alex

---

**From:** Pierre Sicard <psicard@semtech.com>
**Sent:** Thursday, May 19, 2022 4:43 AM
**To:** Alex Chien <AlexChien@alltek.com>
**Cc:** Gerry Wilkins <GWilkins@semtech.com>
**Subject:** Purchase of Broadcom chips

Hello Alex,

I hope you are doing well.

Did you receive the PO from Michelle at CMS Aero for the Broadcom 10G PHY chip? Please can you let me know the update?

Thank you!
Pierre


***Pierre Sicard***

*Director of Business Development, ProAV products*

(408) 930-0505
www.semtech.com/products/professional-av/blueriver


To view our privacy policy, including the types of personal information we collect, process and share, and the rights and options you have in this respect, see www.semtech.com/legal.

This message, including any attachments thereto, is confidential and may contain proprietary, privileged and/or private information, intended solely for the use of the addressee. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

To view our privacy policy, including the types of personal information we collect, process and share, and the rights and options you have in this respect, see www.semtech.com/legal.

This message, including any attachments thereto, is confidential and may contain proprietary, privileged and/or private information, intended solely for the use of the addressee. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

This message, including any attachments thereto, is confidential and may contain proprietary, privileged and/or private information, intended solely for the use of the addressee. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

# EXHIBIT G

**Peter Vogel**

---

| | |
|---|---|
| **From:** | Ed  Dellalyan <ed@zigencorp.com> |
| **Sent:** | Monday, January 31, 2022 5:51 PM |
| **To:** | Troy Michaels |
| **Subject:** | [SUSPICIOUS MESSAGE] RE: Ip Logic |
| | |
| **Importance:** | High |

**This Message contains suspicious characteristics and has originated outside your organization.**

Reminder –

**From:** Ed Dellalyan
**Sent:** Friday, January 21, 2022 4:18 PM
**To:** Troy Michaels <tmichaels@cmsaero.com>
**Subject:** RE: Ip Logic

Troy,

I have attached the original agreement for your review sent March 22, 2021 after our meeting at the CMS headquarters. Per agreement, all the agreed principles as stated on the attached document as "gentlemen's" contract has been met and exceeded.

Please communicate the specific issues, below remarks are not applicable to our agreement since we have met all requests since day one.

We are expecting a response and complete payment within 30 days as outlined in your document to continue use of Zigen's intellectual properties.
This has been negotiated and re-negotiated several times and leaves no room for further delays.

Ed Dellalyan

**Review remarks and comments below in blue and red:

---

**From:** Troy Michaels <tmichaels@cmsaero.com>
**Sent:** Thursday, January 20, 2022 4:51 PM
**To:** Ed Dellalyan <ed@zigencorp.com>
**Subject:** Ip Logic

Ed,

I cut and pasted some of the feedback from different correspondence .Here are a few of the squawks I received from council, I have been waiting for some wins and successes to bolster
Zigens case and My case for the original value for the IP Logic system.  Below are Zigens Original Claims/ presentations.

below is a list of the issues and remarks. The issued Patent is a nice complement for the Ip logic echo system, however the hardware (see outline 1)

And end of life was an issue for the value we thought was there.

Loosing Henry exposed a few more cracks to the foundation as to Product support and documentation etc. I (Ed) have made several attempts to contact Troy in regards to Henry's departure with no response or communication. We had several candidates lined up as replacement, but CMS decided to make their own hire. Henry's his own person and we do not have a say on his decision. Furthermore, Henry's departure did not delay nor disturb progress.

Larry has been excellent and is a great asset. Yes, Larry is a great asset and CMS should consider allocating the remainder of the .5% B stock for Henry to a full 1% to Larry.

I believe CMS has paid Zigen some where in the Neighborhood of 250.000 k. is this correct? All payments made to Zigen is for contracting the engineers and Ed's salary.

Please analyze and give me your responses, assign a value you to each of the items below .

Thanks T.

- The purchase of the ip logic was for A turnkey reproduceable product (decoder/encoder) for CMS to bring to market. Actuality is the design was at end of life / remark Value to be determined.

The IP-Logic is turnkey and was demonstrated to Troy and the CMS team at the Zigen Lake Balboa office visit. Furthermore, we sent CMS a complete working eco-system for evaluation. This IP-Logic system has been installed in field, evaluated and has deemed rock solid and furthermore, reproducible. / remark. We don't manufacture the chips and "end of life" is out of our control. Furthermore, End of life was mentioned to us by Pierre while in design mode for CMS boards. Aquantia had a direct replacement that we could have used however, Troy made the call to use the new AVP chip. Either way, this did not affect our product. I (Ed) also mentioned to the entire CMS team in the meeting that Zigen has quantity-575 of the Aquantia chips in stock and can be used for CMS. However Troy was firm on his decision to go with AVP.

- Zigens original Claim/presentation was that the IP Logic encoder and decoders developed by Zigen had proprietary capabilities that allowed Zigen to distribute Dolby vision/ remark Not accurate, value to be determind.

Dolby Vision video distribution with IP-Logic eco-system was demonstrated to Troy and CMS team at our Lake Balboa office. At the time we demonstrated IP-Logic to CMS, Zigen was the only company utilizing Bluerivers 4.0 software and yes, at that time IP-Logic was the only 10G platform able to distribute Dolby Vision. However, since then Dolby Vision support was added to all of Semtechs chips including AVP.

   Notes - Semtech AVP 2000 series is capable. Zigen product was end of life and not a viable turnkey solution as advertised./remark need to determine value

When we presented IP-Logic, Aquantia AVP 2000 was current. /remark. AVP-2000 had and still has a direct drop in replacement.

- Audio Matrix/ Zigens claim was audio matrix was a work in progress.  Current state work in process./ remark value open…

As you stated, audio matrix is a work in progress. /remark. After our daylong meetings at the CMS headquarters discussing priorities as to what we should continue working on and or determining which product is priority to complete the eco-system, Troy made the decision to start working on Encoder/Decoder modifications to meet timelines. I(Ed) specifically asked you several times in front of the team, and you made it very clear to not address the audio matrix at that time since AX-Flex had to be modified to accommodate additional CMS changes.

- Zigen needs to provide BOM, complete Schematics, firmware code, data sheets of the parts, Documentation from all chips needed for manufacturing said components, Gerber files and PCB work that was performed And why certain designs were done, the way there laid out in the schematics./ need to determine value

Zigen provided all Gerbers, Schematics and manufacturing documents as of April 2021. All software and API was provided to Clay by Henry. All the boards that Larry is designing for CMS currently, is based on Zigens IP-Logic intellectual property. Remarks. I (Ed) actually provided more than the IP-Logic software. I also authorized Larry to provide Rafal with our SW-42Plus API so that we can eliminate the learning curve and can get up to speed on CMS's AVP design.

- Software / User interface  for Ip Logic Zigen User interface was not complete but presented as not complete / <span style="color:red">remark need to determine value</span>

Zigens web-GUI was and still is working. GUI is always work in progress and is never deemed complete since we always add/change modify user interface.

<span style="color:red">Remark-</span> CMS is currently using IP-Logic GUI. CMS's version is labeled "Essentials".

- Patent Granted for IP. / <span style="color:red">remark This is a genuine value for CMS/ amount subjective</span>

Correct, the amount is subjective. Since the patent has been granted with additional wins it is worth more than the original value of $1,250,000.



Troy Michaels
President | Managing Partner
OFF - 936 523 1700
Cell – 951 206 9929

# EXHIBIT H

**Peter Vogel**

| | |
|---|---|
| **From:** | Troy Michaels |
| **Sent:** | Friday, October 28, 2022 1:03 PM |
| **To:** | Ed  Dellalyan; Mariam Chaparyan |
| **Cc:** | Jeff McCormick |
| **Subject:** | invoices |
| **Attachments:** | Inv_7443_from_ZIGEN_Corp._13520.pdf; Inv_7484_from_ZIGEN_Corp._13520.pdf |

Ed, Mariam

Above Invoices have been submitted for payment. I have asked Accounting for a complete ledger of all monies paid to Zigen.
From day one, Minus the 140k for each Larry and Henry. After accounting review, CMS will pay the difference
Up to $500.000 Towards the eventual value of the Zigen IP. Prior to that payment, CMS will need a signed and notarized acknowledgement, referencing the monthly and yearly salaries of both Larry and  Henry.
Zigen's portion is $ 20.833.00 x 12 = $249.996 per year
Larry's portion is $ 11.667.00 x 12 = 140.000K per year
Henry's portion is $ 11.667.00 x 12 = 140.000K per year


Lastly, Until CMS & Zigen reach a reasonable final agreement, on the true value, of the IP!  CMS will extract (if used) and not use
The following Intellectual property moving forward. The patent will remain dormant from extracted ip mentioned below. CMS will protect any infringement,
on the  Patent. In doing so CMS will continue to develop its SDVOE Empire line, using the AVP2000 chip from Semtech for its SDVOE infrastructure.
(note the original ip from Zigen was for a semtech-nt 2000.) the source code for AVP 2000 is completely different, The software is completely different
And the hardware is completely different. Please consider the facts of what was actually  feasible with the IP, and the eventual hardware and software that was
Paid for entirely by CMS. I (Troy) am your point of contact to resolve this, if we reach a stalemate, then from that point, I will turn it over to CMS counsel.
I'm hopeful CMS & Zigen can find a resolution.

## Zigen Intellectual Property Extracted from CMS Patent October 23, 2022

*1.) Patent reference (Section 7 [46]; Section 8 [41]) and (Figure 3 [305]).*
Implementation of low-compression Professional Audio distribution (AES67) to participate in the Empire Ecosystem. AES67 is the premier professional audio compression. AES67 standards are used in numerous third-party systems such as Ravenna, Livewire, Q-LAN, and Dante AES. The integration of AES67 codecs in the Empire Encoders and Decoders allow third party AES audio systems to participate in the Empire Ecosystem. This effectively allows Empire devices to distribute and output real-time audio from third-party AES67 devices. Conversely, third-party AES67 devices can distribute and output real-time audio from Empire devices.

*2.) Patent reference (Section 11 [43]) and (Figure 8 [800, 811, 812]).*

Implementation of Autonomous Extended Display Information Display ("EDID") Management for automatic compatibility mode used in Multiview Mode. Multiview Mode is a feature where a single monitor from a decoder views two or more small scaled video tiles from two or more encoders. With Multiview, an encoder will broadcast two streams, a primary stream for the full video view and a smaller secondary scaled stream for the tiled video view. The current hardware implementation of SDVoE reserves 9 out of the 10 Giga bit per second (Gbps) network pipeline for all video streams. If the incoming HDMI video is full bandwidth 4K60 4:4:4, the required network pipeline for the primary stream is 9 Gbps leaving no room for the smaller scaled stream for the Multiview tiles. An "out of bandwidth" condition will result and the video will appear distorted along with numerous pixel dropouts.

To alleviate the video distortion and dropout problems, an operator must manually configure the incoming HDMI video source to downgrade the video resolution to 4K60 4:2:0 or below (such as 1080p). This action will produce a much smaller video packet bandwidth to the Encoder so that both the primary and scaled streams will fit in the 9 Gbps network pipeline.

Autonomous EDID Management ("AEM") automates this procedure by acknowledging the current video resolution and the state of the Multiview function. If Multiview is enabled and the current video resolution is less than maximum full bandwidth, then the AEM processor will allow the operation without any automated intervention. However, if Multiview is enabled and the current video is full bandwidth 4K60 4:4:4 resolution, then the AEM processor will create a custom EDID to configure the video source device to downgrade the video to an ideal bandwidth suitable for the 9 Gbps network pipeline limit. This is transparent to the user and no manual intervention is required.

*3.) Patent reference (Section 13 [28] and Figure 8 [1000, 1011, 1012].*
Implementation of EDID Management for Audio Compatibility Mode. Certain installations may incorporate multi-zone applications with differing capabilities. Some zones may utilize a simple

2-channel stereo audio with Left and Right speakers. Some zones may incorporate complex Surround Sound Processors for a home theater experience with greater than 2 or more speakers (ie: 9.1 Surround with Left Front, Right Front, Center, Left Wide, Right Wide, Left Surround, Right Surround, Left Rear Surround, Right Rear Surround, and Subwoofer). Surround Sound Processors will accept surround sound encoding (ie: Dolby Atmos, or DTS-EX) to produce analog audio for the properly assigned speaker. However, 2-channel systems are not capable of decoding surround encoded audio and loud noise may be heard on the 2 speakers.

If one Encoder is paired with these multi-zone installations, EDID Audio Compatibility Mode ensures that the Encoder distributes audio using the least capable zone to ensure that audio is heard on every zone. In this example, the Encoder's AEM processor will determine that there are multiple zones with differing capabilities paired to the same Encoder. The AEM processor will generate a custom EDID to configure the audio source to only output 2-channel audio format, guaranteeing that all connected zones will hear proper audio.

*4.) Patent reference (Section 14 [54]; Section 15 [1]; Section 15 [15]) and (Figure 12 [1200,1202, 1203]).*
Participation of third-party AES67 devices with the Empire ecosystem is described by means audio extraction and insertion of real-time HDMI audio. Empire devices can seamlessly mix dissimilar audio network packet protocols (ie: SDVoE audio and AES67 audio) by means of HDMI extraction and insertion. Some Empire devices incorporate AES67 decoders to convert AES67 packet audio into real-time digital audio for insertion on the Empire HDMI audio path.

2

Conversely, some Empire devices incorporate AES67 encoding to convert extracted HDMI audio into AES67 packets for network distribution to third-party devices (ie: Ravenna, Dante AES).

*5.) Patent reference (Section 15 [28], Section 15 [48]) and (Figure 13 [1300]).*
Automatic transcoding of disparate Audio/Video ("AV") packet protocols using matrix Graphical User Interface ("GUI"). Examples of pairing disparate AV packets include SDVoE Audio to AES67, AES67 to SDVoE Audio, SDVoE Video to h.265, h.265 to SDVoE Video, etc. The Empire Ecosystem combines these AV packets as standard audio or video streams and a combination of Empire Hardware and Firmware will transcode the dissimilar packets to allow automatic pairing. The user need not know the differences on the AV protocol when pairing.

## Future Implementation to CMS Hardware

*1.) Patent reference (Section 6 [66]) and (Figure 2 [203]).*
Implementation of AES67 Professional Audio compression (refer to [0050] and Figure 3 [305]) to enable the development of a stand-alone AES67 audio matrix. This audio matrix can route multiple AES67 network packet streams in the Empire Ecosystem for conversion to professional- level analog audio outputs.

*2.) Patent reference (Section 8 [41]; Section 9 [26] and Figures [306, 501].*

3

Implementation of High-Compression (ie., h.265) Encoding on a Decoder Device. This deployment allows Personal Electronics Devices ("PEDs") devices to view Empire Ecosystem packet streams through wired or wireless methodologies. The PEDs devices will run real-time software decoding to view the h.265 compressed streams.

*3.) Patent reference (Section 8 [41]; Section 9 [53] and Figures [306, 501].*

Implementation of High-Compression (ie., h.265) Decoding on an Encoder Device as a selectable AV input. Allows wired or wireless "Airplay", "Chromecast" or "Miracast" of PEDs devices into the Empire Ecosystem through high-compression AV methodology. The Audio and Video generated from PEDs devices can be viewed and heard on the Empire Ecosystem.

*4.) Patent reference (Section 13 [59] and Figures [1100, 1107, 1108, 1111].*

Autonomous EDID Management in Audio Native Mode to control Audio Surround Sound in mixed audio channel applications. This method will incorporate an integrated Dolby or DTS Surround Sound processor on an Empire Decoder device. The integrated SDVoE Downmixer is only capable of downmixing PCM formatted audio and does not support advanced surround sound encoding such as Dolby or DTS.

Audio Native Mode supports multizone audio installations where each zone has differing capabilities. One zone could incorporate surround sound home theater-style installations while other zones may incorporate simple 2-channel stereo with only two speakers. If one Encoder is paired with these disparate zones, Audio Native Mode ensures that the zone with the most capability (ie: surround sound Dolby Atmos) receives full surround sound, while zones with only 2-channel stereo receives downmixed stereo sound. The Empire Decoder's Dolby/DTS processor will be configured by the AEM processor to decode the appropriate audio channel numbers depending on the zone's speaker configuration.

Sincerely
Troy Michaels.



Troy Michaels
President | Managing Partner
OFF - 936 523 1700
Cell – 951 206 9929

# ZIGEN

**16135 Wyandotte St.**
**Lake Balboa, CA 91406**

# INVOICE

| DATE | INVOICE # |
|---|---|
| 9/29/2022 | 7443 |

| PHONE | 818.654-5252 |
|---|---|

| E-mail | sales@zigencorp.com |
|---|---|

| Web Site | www.zigencorp.com |
|---|---|

| BILL TO |
|---|
| CMS-Cabin Management Solutions<br>2971 Hawthorne Dr. Suite 302<br>Conroe, TX 77301 |

| SHIP TO |
|---|
| Cabin Management Solutions, LLC<br>2971 Hawthorne Drive Ste 302<br>Conroe, TX 77301<br>United States |

| CUSTOMER P.O. | TERMS | REP | ACCOUNT # | SHIP VIA | SHIP DATE | DUE DATE |
|---|---|---|---|---|---|---|
|  | Net 15 | ED |  |  | 9/29/2022 | 10/14/2022 |

| QTY | ITEM | DESCRIPTION | PRICE | TOTAL |
|---|---|---|---|---|
|  | Zigen Engineering | Zigen Engineering Service<br>Ed Dellalyan<br>Larry Uichanco | 32,500.00 | 32,500.00 |

Thank you for your business.

| | |
|---|---|
| **Total** | $32,500.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $32,500.00 |

Terms of sale: Past due accounts subject to1.5% per month (18% per annum ) service charge will be added to invoices that are not paid by the 1-st day of the following month. In the event of suit or legal action to enforce collection, the prevailing party shall be entitled to recover reasanable attorney's fees and court costs. No merchandise will be accepted for return or credit without a valid RMA.

**PRINT NAME** _____

**SIGNATURE** _____

**DATE** _____

**TITLE** _____

# ZIGEN

# INVOICE

**16135 Wyandotte St.**
**Lake Balboa, CA 91406**

| DATE | INVOICE # |
|------|-----------|
| 10/24/2022 | 7484 |

| PHONE | 818.654-5252 |
|-------|--------------|

| E-mail | sales@zigencorp.com |
|--------|---------------------|

| Web Site | www.zigencorp.com |
|----------|-------------------|

| BILL TO | SHIP TO |
|---------|---------|
| CMS-Cabin Management Solutions<br>2971 Hawthorne Dr. Suite 302<br>Conroe, TX 77301 | Cabin Management Solutions, LLC<br>2971 Hawthorne Drive Ste 302<br>Conroe, TX 77301<br>United States |

| CUSTOMER P.O. | TERMS | REP | ACCOUNT # | SHIP VIA | SHIP DATE | DUE DATE |
|---------------|-------|-----|-----------|----------|-----------|----------|
| 20220316 | Net 15 | ED | | UPS 2nd Day | 10/24/2022 | 11/8/2022 |

| QTY | ITEM | DESCRIPTION | PRICE | TOTAL |
|-----|------|-------------|-------|-------|
| 30 | ZHSC-0.5M | ZHSC-0.5M HDMI Type A to A  4Kx2K,  ARC, CEC and Ethernet Support.<br>CMS Part #: 442-0031-05 | 7.75 | 232.50 |
| | 00 | UPS- 2nd Day- 1Z94F41V0244182104 | 109.80 | 109.80 |

Thank you for your business.

| Total | $342.30 |
|-------|---------|
| Payments/Credits | $0.00 |
| Balance Due | $342.30 |

Terms of sale: Past due accounts subject to1.5% per month (18% per annum ) service charge will be added to invoices that are not paid by the 1-st day of the following month. In the event of suit or legal action to enforce collection, the prevailing party shall be entitled to recover reasanable attorney's fees and court costs. No merchandise will be accepted for return or credit without a valid RMA.

PRINT NAME _____     DATE _____

SIGNATURE _____     TITLE _____

# EXHIBIT D

**EXHIBIT D**
**DECLARATION OF TROY MICHAELS**

STATE OF TEXAS                                    §
                                                 §
COUNTY OF BEXAR                                   §

1. My name is Troy Michaels, and my business address is 10525 Mopac Road, San Antonio, Texas 78217, and I reside in Bexar County. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am fully competent to make this declaration. I have personal knowledge of the facts stated herein and declare under penalty of perjury that the below are all true and correct.

2. I am President of Cabin Management Solutions, Inc. ("CMS").

3. CMS never signed a contract with Zigen, Inc.

4. CMS never defrauded Zigen and Edvard Dellalyan.

5. Zigen and Dellalyan defrauded and made negligent misrepresentations to CMS regarding that Zigen's AVoIP contained trade secrets and actually worked so it could be used in CMS's business.

6. Zigen's AVoIP technology did not work since components were "end of life."

I declare under the penalty of perjury that the foregoing is true and correct.

By: _____
                   Troy Michaels

# EXHIBIT E

**EXHIBIT E**
**DECLARATION OF LARRY UICHANCO**

STATE OF TEXAS                           §
                                         §
COUNTY OF BEXAR                          §

1. My name is Larry Uichanco, and my business address is 10525 Mopac Road, San Antonio, Texas 78217, and I reside in Comal County. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am fully competent to make this declaration. I have personal knowledge of the facts stated herein and declare under penalty of perjury that the below are all true and correct.

2. On July 23, 2018 I became an at will employee of Zigen, Inc. until I left the employ of Zigen, Inc. on December 15, 2022

3. While employed at Zigen, Inc. I never owned any Zigen, Inc. stock, never served as an officer of Zigen, Inc., and never served on the board of directors of Zigen, Inc.

I declare under the penalty of perjury that the foregoing is true and correct.

By: _____
    Larry Uichanco

# EXHIBIT F

### EXHIBIT F
### AFFIDAVIT OF PETER S. VOGEL

STATE OF TEXAS              §
                           §
COUNTY OF DALLAS           §

BEFORE ME, the undersigned authority, on this day personally appeared Peter S. Vogel, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.      My name is Peter S. Vogel. I am over 18 years of age, of sound mind, and capable of making this

affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am the attorney of record for Cabin Management Solutions, Inc. ("CMS") and Larry Uichanco

("Uichanco") who are the Defendants/Counter-Plaintiffs in this lawsuit.

3.      This Affidavit is submitted in support of CMS and Uichanco's Motion for Summary Judgment.

4.      My hourly rate of $600 which is reasonable in the US District Court for Southern District of Texas.

5.      To date I have billed CMS and Uichanco $126,188.70 which I believe to be fair and reasonable.

Further Affiant sayeth not.



**Peter S. Vogel**

Sworn to and subscribed before me by Peter S. Vogel on May ___9___, 2025.

(SEAL)

```
PATRICIA A SARGENT
Notary Public
State of Texas
ID # 12511104-7
My Comm. Expires 09-11-2026
```

_____
Notary Public

Patricia A Sargent
_____
(Printed Name of Notary)