IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ZIGEN, INC. and EDVARD DELLALYAN, § § § | |
| Plaintiffs, § | |
| § | Civil Action No. 4:23-cv-00210 |
| v. § | |
| § | |
| CABIN MANAGEMENT SOLUTIONS, § INC. and LARRY UICHANCO. § | |
| Defendants, | |

### CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S
### PROPOSED FINDINGS OF FACTS

Defendants/Counter-Plaintiffs Cabin Management Solutions LLC ("CMS") and Larry Uichanco ("Uichanco") file these proposed findings of fact pursuant to the Court's procedures for non-jury trials, Section IX.A.2.a of the Court's Standing Procedures, and the parties' stipulation to a bench trial.

**I.   PROPOSED FINDINGS OF FACT ARE BASED ON EVIDENCE AT TRIAL**

CMS and Uichanco present these findings of fact based on the evidence presented to the Court at the trial as a matter of law.

**II.   PROPOSED FINDINGS OF FACT**

**A.   Parties and Jurisdiction**

1. Plaintiff/Counter-Defendant Zigen, Inc. ("Zigen") is a California corporation engaged in the development of audio-video-over-internet-protocol ("AVoIP") technology for residential and commercial applications. See Complaint. (Dkt. No. 1) page 1.

2. Plaintiff/Counter-Defendant Edvard Dellalyan ("Dellalyan") is the founder and owner of Zigen and is a resident of California. Complaint. (Dkt. No. 1) page 1.

3.  Defendant/Counter-Plaintiff Cabin Management Solutions, Inc. ("CMS") is a Texas corporation engaged in the development of aviation cabin-management software and hardware based on Federal Aviation Administration ("FAA") regulations. See Answer and Counterclaim (Dkt. 16) page 10.

4.  Defendant/Counter-Plaintiff Larry Uichanco is an expert Information Technology ("IT") person who was employed by Zigen as a Senior Hardware Engineer from 2018 to December 2022, and since 2023 employed by CMS and resides in Texas. See Complaint (Dkt. 1) page 2; and Answer and Counterclaim (Dkt. 16) at page 10.

5.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this District. See Complaint (Dkt. No. 1) page 2; and Answer and Counterclaim (Dkt. 16) at page 10.

## B. Background and Negotiations

1. On or about March 21, 2020 Dellalyan met with CMS representatives President Troy Michaels and Vice President Jeffrey McCormick in CMS's offices in Conroe, Texas and offered to sell Zigen's Intellectual Property for a purported novel and proprietary AVoIP communication system ("Zigen AVoIP"). Dellalyan specifically told Messrs. Michaels and McCormick that the Zigen AVoIP was worth millions of dollars ("Dellalyan's Representations"). See Answer and Counterclaim (Dkt. 16) at page 10.

2. In or about July 2021 CMS concluded that the Zigen AVoIP would not qualify for use in aircraft under the regulations of the FAA and learned that a number of the hardware components that were part of the Zigen AVoIP were at "end of life" which meant that replacements parts would be required. See Answer and Counterclaim (Dkt. 16) at pages 10-11;

and Trial Testimony of Troy Michaels, Jeffrey McCormick, Larry Uichanco, and Ray Hill.

3. In or about July 2021 CMS entered into an oral agreement with Zigen to perform engineering services to help CMS build a new technology for use on aircraft which did contain any of the Zigen AVoIP Intellectual Property referred to as the "Empire System" ("July Oral Agreement"). See Trial Testimony of Troy Michaels and Jeffrey McCormick.

4. Between July 2021 and November 2022 while Uichanco was employed by Zigen, Uichanco provided IT engineering services to help CMS build the Empire system and worked on a day-to-day basis at the specific direction and management of Dellalyan. CMS paid Zigen $1,255,584.40 for the engineering services to build the Empire System between July 2021 and November 2022. See Trial Testimony of Troy Michaels, Jeffrey McCormick, and Larry Uichanco; and CMS-8 (list of paid invoices).

**C. July Oral Agreement for Engineering Services Only**

1. Dellalyan testified that there is no signed agreement between Zigen and CMS, as a result Zigen and Dellalyan cannot prove the terms of the oral agreement which were for Zigen to provide engineering services to CMS or purchase Zigen. See Dellalyan deposition page 16 lines 4-9, and page 22 lines 11-15; and Trial Testimony of Troy Michaels and Jeffrey McCormick.

2. Under the July Oral Agreement Zigen's employee Uichanco provided IT engineering services for CMS, and between July 2021 and November 2022 CMS paid $1,255,584.40 to help build the CMS Empire System. See Trial Testimony of Troy Michaels, Jeffrey McCormick, and Larry Uichanco.

**D. Zigen Never Owned any Trade Secrets in the Zigen AVoIP**

1. In compliance with the Court Order for CMS to identify an expert witness and provide an expert report by October 1, 2024, CMS hired Dr. Michael Shamos (Computer Science

Professor at Carnegie Mellon University and a lawyer) as an expert witness and Dr. Shamos provided Zigen an Expert Report on September 30, 2024 wherein Dr. Shamos states that the following conclusions related to Zigen's alleged trade secrets and CMS's US Patent 11,265,358 issued March 1, 2022 ("'358 Patent"):

> #47. The alleged trade secrets asserted by Plaintiffs were never trade secrets.
> #48. The alleged trade secrets asserted by Plaintiff were assigned to CMS by Defendants and are thus owned by CMS.
> #49 The alleged trade secrets asserted by Plaintiffs all appear in an issued patent and thus cannot be trade secrets.

See Order (Dkt. 26); CMS-10; CMS-1 page 17; and Trial Testimony of Dr. Shamos

2. Zigen violated the Court's Order to identify expert witnesses and provide expert reports by September 1, 2024 and as a result Zigen can never prove that Zigen ever had any trade secrets in the Zigen AVoIP, nor can Zigen prove any damages related to claims of misappropriation of trade secrets. Further Zigen never took the deposition of Dr. Shamos. See Order (Dkt. 26); CMS-10; Dellalyan deposition page 47 lines 16-24.

### E. Dellalyan and CMS never Agreed on the Value of any Zigen Intellectual Property

1. CMS, Zigen, and Dellalyan never agreed to the value of any Intellectual Property when Dellalyan assigned his Intellectual Property as an inventor to CMS in the '358 Patent and CMS claims that the '358 has not been used to date and accordingly has no value to CMS. See Trial Testimony of Troy Michaels and Jeffrey McCormick.

2. The CMS Empire Systems does not contain any Intellectual Property in the '358 patent, and as a result any claim by Zigen that the CMS Empire System contains any Zigen or Dellalyan's Intellectual Property in the '358 is without merit. See Trial Testimony of Troy Michaels, Jeffrey McCormick, and Larry Uichanco.

### F. CMS was Damaged by the delay in implementing the CMS Empire System

1. In compliance with the Court Order for CMS to identify an expert witness and provide an expert report by October 1, 2024, CMS hired Michelle Naramor, CPA, CFF as an expert witness and Ms. Naramor provided Zigen an Expert Report on September 30, 2024 wherein Ms. Naramor states that the following conclusions based on the circumstances of CMS's reliance on the Zigen AVoIP to be used by CMS in its business delayed the implementation of the CMS Empire System from May 2021 until February 2024:

> As of the date of this Report, SOCOTEC has qualified CMS's damages to be approximately $14.7 million, comprising lost profits and prototyping/redesign cost of $10.9 million and $3.7 million respectively.

See Order (Dkt. 26); CMS-10; CMS-2 page 7; and Trial Testimony of Michelle Naramor and Jeff McCormick.

2. Zigen violated the Court's Order to identify expert witnesses and provide expert reports by September 1, 2024 and as a result Zigen can never prove that Zigen's misrepresentations caused a delay in the implementation of the CMS Empire System which caused damages for CMS of $14,656,314. Zigen never took the deposition of Ms. Naramor. See Order (Dkt. 26); CMS-10; Dellalyan deposition page 47 lines 16-24; Trial Testimony of Michelle Naramor, Troy Michaels, and Jeff McCormick.

### G. CMS relied on Zigen and Dellalyan's Negligent Misrepresentations

1. Zigen and Dellalyan knew that the Zigen AVoIP would never qualify for use in an airplane under the regulations of the FAA since the Zigen AVoIP was never designed for use in airplanes, rather the Zigen AVoIP was primarily designed for use in homes and corporate offices. See CMS-12; Testimony of Troy Michaels, Jeff McCormick, and Larry Uichanco.

2. Zigen and Dellalyan knew that the Zigen AVoIP contained "end of life" components in 2020 when representations were made CMS. See Testimony of Troy Michaels, Jeff McCormick,

and Larry Uichanco.

3. As a result of Zigen and Dellalyan's negligent misrepresentations about the Zigen AVoIP, CMS delayed the design and implementation of the CMS Empire System from May 2021 until February 2024. See Testimony of Troy Michaels, Jeff McCormick, Larry Uichanco, and Michell Naramor.

### H. Uichanco never breached any fiduciary duties to Zigen

1. Between July 2021 and November 2022 while Uichanco was employed by Zigen, Uichanco provided IT engineering services to help CMS build the CMS Empire System and worked on a day-to-day basis at the specific direction and management of Dellalyan. Uichanco never provided any Zigen trade secrets or confidential information to CMS. Uichanco was never a part of the business side, strategy or decision-making at Zigen. See Trial Testimony of Troy Michaels, Jeffrey McCormick, and Larry Uichanco.

2. Uichanco was an "at-will employee" of Zigen, never owned stock in Zigen, and never served on the Zigen board of directors. See CMS-16 page 23 line 23 to page 24 line 6; Trial Testimony of Larry Uichanco.

        Respectfully submitted,

        PETER S. VOGEL, PC

        By: /s/ Peter S. Vogel
        Peter S. Vogel
        Texas Bar No. 20601500
        TXSD Bar No: 3070683
        5925 Forest Lane, Suite 136
        Dallas, Texas 75230
        Telephone: (972) 980-9696
        Email: pvogel@vogelitlaw.com

        ATTORNEYS FOR DEFENDANTS
        AND COUNTER-PLAINTIFFS
.        CABIN MANAGEMENT SOLUTIONS, INC.
        AND LARRY UICHANCO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically on February 14, 2026. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Brandon James Leavitt
    Leavitt Eldredge Law Firm
    4204 SW Green Oaks Blvd., Suite 140
    Arlington, TX 76107
    brandon@uslawpros.com

        By: /s/ Peter S. Vogel
        Peter S. Vogel