## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ZIGEN, INC. and EDVARD DELLALYAN,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | Civil Action No. 4:23-cv-00210 |
| **CABIN MANAGEMENT SOLUTIONS, INC. and LARRY UICHANCO.** | § § § § | |
| **Defendants,** | § § | |

### CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S
### PROPOSED CONCLUSIONS OF LAW

Defendants/Counter-Plaintiffs Cabin Management Solutions LLC ("CMS") and Larry

Uichanco ("Uichanco") file these proposed conclusions of law pursuant to the Court's procedures

for non-jury trials, Section IX.A.2.b of the Court's Standing Procedures, and the parties'

stipulation to a bench trial. These conclusions are based on the proposed findings of fact filed

contemporaneously herewith and the record evidence cited therein.

**I. PROPOSED CONCLUSIONS OF LAW ARE BASED ON EVIDENCE AT TRIAL**

CMS and Uichanco present these conclusions of law based on the evidence presented to the

Court at the trial as a matter of law.

**II. PROPOSED CONCLUSIONS OF LAW**

**A. The July Oral Agreement for Engineering Services Only was not breached**

1. Under Texas law, the elements of a breach-of-contract claim are: (1) the existence of a

valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the

defendant; and (4) damages to the plaintiff as a result. *Smith Int'l, Inc. v. Egle Group, LLC*, 490

F.3d 380, 387 (5th Cir. 2007).

2. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that under the July Oral Agreement Zigen's employee Uichanco provided Information Technology ("IT") engineering services for CMS, and between July 2021 and November 2022 CMS paid $1,255,584.40 to Zigen to help build the CMS Empire System.

3. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that (1) the existence of a valid contract between Zigen and CMS; (2) performance or tendered performance by the CMS to pay Zigen; (3) there was no breach by CMS; and (4) there were no damages to the Zigen. Therefore, the Court concluded that there was no breach of the oral agreement between Zigen and CMS, and as a result the Court concludes that Zigen is not entitled to any damages for breach of contract.

**B. CMS did not Misappropriate any Zigen Trade Secrets in the Zigen AVoIP**

1. Trade-secret misappropriation under the Texas Uniform Trade Secrets Act ("TUTSA") and the Defend Trade Secrets Act ("DTSA") requires proof that: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential relationship or by other improper means; and (3) the trade secret was used without the plaintiff's authorization. See *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874 (5th Cir. 2013) (setting forth elements of DTSA and TUTSA claims);

2. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that Zigen failed to comply with the Court Order for Zigen to identify an expert witness and provide an expert report by September 1, 2024. However, CMS complied with the Court Order and hired Dr. Michael Shamos (Computer Science Professor at Carnegie Mellon University and a lawyer) as an expert witness and Dr. Shamos provided Zigen an Expert Report on September 30, 2024

wherein Dr. Shamos states that the following conclusions related to Zigen's alleged trade secrets

and CMS's US Patent 11,265,358 issued March 1, 2022 ("'358 Patent"):

> #47. The alleged trade secrets asserted by Plaintiffs were never trade secrets.
> #48. The alleged trade secrets asserted by Plaintiff were assigned to CMS by Defendants and are thus owned by CMS.
> #49 The alleged trade secrets asserted by Plaintiffs all appear in an issued patent and thus cannot be trade secrets.

See Order (Dkt. 26); CMS-10; CMS-1 page 17; and Trial Testimony of Dr. Shamos

3. The Court agrees with Dr. Shamos' conclusions and concludes that (1) Zigen did not

have any trade secrets; (2) so no Zigen trade secret were acquired through a breach of a

confidential relationship or by other improper means; and (3) no Zigen trade secret was used

without the plaintiff's authorization. Therefore, the Court concludes that CMS did not

misappropriate any Zigen trade secrets, so Zigen will not be awarded any damages nor injunctive

relief for trade secret misappropriation.

### C. Uichanco never breached any fiduciary duties to Zigen

1. To establish breach of fiduciary duty under Texas law, a plaintiff must show: (1) the

existence of a fiduciary relationship between the plaintiff and defendant; (2) a breach of that

fiduciary duty; and (3) injury to the plaintiff or benefit to the defendant as a result. *See Navigant*

*Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 283 (5th Cir. 2007) (applying Texas law to breach-of-

fiduciary-duty claim).

2. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that

Uichanco did not breach any fiduciary duty to Zigen as Uichanco was under the direct

management of Dellalyan while performing engineering services for CMS, and also Uichanco

was an "at-will employee" of Zigen, never owned stock in Zigen, and never served on the Zigen

board of directors.  Uichanco was never a part of the business side, strategy or decision-making at

Zigen. See CMS-16 page 23 line 23 to page 24 line 6; Trial Testimony of Larry Uichanco.

3. As a result, the Court concludes that (1) there was no existence of a fiduciary relationship between the Zigen and Uichanco; (2) there was no breach of that fiduciary duty by Uichanco; and (3) there was no injury to the Zigen or benefit to the Uichanco as a result of any breach of fiduciary duty. Accordingly, the Court finds that Uichanco does not owe any damages to Zigen.

### D. Zigen and Dellalyan's Negligent Misrepresentations

1. Under Texas law, negligent misrepresentations requires: (1) that the defendant made a representation in the course of its business; (2) that the defendant supplied false information for the guidance of others in their business; (3) that the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) that the plaintiff suffered a loss by justifiably relying on the representation. *See Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395–96 (5th Cir. 2005) (applying Texas law).

2. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that Zigen and Dellalyan committed negligent misrepresentations against CMS because (1) Zigen and Dellalyan made a representation in the course of business to CMS that the Zigen AVoIP would qualify for use in an airplane under the regulations of the FAA; (2) Zigen and Dellalyan supplied false information for CMS in CMS's business about the compliance with FAA regulations; (3) Zigen and Dallalyan did not exercise reasonable care or competence in communicating the information to CMS about the Zigen AVoIP compliance with FAA regulations; and (4) CMS suffered by justifiably relying on Zigen and Dellalyan's representations since the Zigen AVoIP was never designed for use in airplanes, rather the Zigen AVoIP was primarily designed for use in homes and corporate offices. See CMS-12; Testimony of Troy Michaels, Jeff McCormick, and

Larry Uichanco.

3. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that committed negligent misrepresentations against CMS because (1) Zigen and Dellalyan made representations in the course of business to CMS that the Zigen AVoIP did not contained "end of life" components; (2) Zigen and Dellalyan supplied false information about the "end of life" components for CMS in CMS's business; (3) Zigen and Dallalyan did not exercise reasonable care or competence in communicating the information to CMS about the "end of life" components; and (4) CMS suffered by justifiably relying on Zigen and Dellalyan's representations since the Zigen AVoIP contained "end of life" components. See Testimony of Troy Michaels, Jeff McCormick, and Larry Uichanco.

4. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes that as a result of Zigen and Dellalyan's negligent misrepresentations about the Zigen AVoIP, CMS delayed the design and implementation of the CMS Empire System from May 2021 until February 2024. See Testimony of Troy Michaels, Jeff McCormick, Larry Uichanco, and Michelle Naramor.

4. Based on the finding in CMS and Uichanco's Finding of Facts, the Court concludes in Zigen failed to comply with the Court Order for Zigen to identify an expert witness and provide an expert report by September 1, 2024. However CMS was in compliance with the Court Order to identify an expert witness and provide an expert report on September 20, 2024, CMS hired Michelle Naramor, CPA, CFF as an expert witness and Ms. Naramor provided Zigen an Expert Report on September 30, 2024 wherein Ms. Naramor states that the following conclusions based on the circumstances of CMS's reliance on the Zigen AVoIP to be used by CMS in its business delayed the implementation of the CMS Empire System from May 2021 until February 2024:

As of the date of this Report, SOCOTEC has qualified CMS's damages to be approximately $14.7 million, comprising lost profits and prototyping/redesign cost of $10.9 million and $3.7 million respectively.

As a result, the Court concludes that CMS should be award damages of $14,656,314. See Order (Dkt. 26); CMS-10; CMS-2 page 7; and Trial Testimony of Michelle Naramor and Jeff McCormick.

**E. Remedies and Damages**

*Defendants/Counter-Plaintiffs seek a non-duplicative award.*

1.     The Court concludes that Zigen is not entitled to any damages for Zigen's alleged breach of contract claim against CMS.

2.     The Court concludes that CMS did not misappropriate any Zigen trade secrets, so Zigen will not be awarded any damages nor injunctive relief for trade secret misappropriation.

3.     The Court finds that Uichanco does not owe any damages to Zigen for breach of fiduciary duty to Zigen.

4.     The Court concludes that CMS should be award damages of $14,656,314 for Zigen and Dellalyan's negligent misrepresentations.

5.     Finally, the Court concludes that Defendants/Counter-Plaintiffs are entitled to recover their taxable costs of court as prevailing parties, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, in an amount to be determined by the Clerk or by further order of the Court.

**III.    CONCLUSION**

Based on the foregoing conclusions of law, Defendants/Counter-Plaintiffs request that the Court:

a.   Enter judgment in favor of Defendants/Counter-Plaintiffs against Plaintiffs/Counter-Defendants for negligent misrepresentations;

b. Deny Plaintiffs/Counter-Defendants claims for breach of contract, trade secret misappropriation, and breach of fiduciary duty;

c. Award Defendants/Counter-Plaintiffs damages for negligence misrepresentations;

d. Award Defendants/Counter-Plaintiffs their reasonable attorneys' fees and taxable costs of court as prevailing parties; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

PETER S. VOGEL, PC

By: _/s/ Peter S. Vogel_____
Peter S. Vogel
Texas Bar No. 20601500
TXSD Bar No: 3070683
5925 Forest Lane, Suite 136
Dallas, Texas 75230
Telephone: (972) 980-9696
Email: pvogel@vogelitlaw.com

ATTORNEYS FOR DEFENDANTS
AND COUNTER-PLAINTIFFS
CABIN MANAGEMENT SOLUTIONS, INC.
AND LARRY UICHANCO

.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically on February 14, 2026. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Brandon James Leavitt
Leavitt Eldredge Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
brandon@uslawpros.com

By: _/s/ Peter S. Vogel
Peter S. Vogel