**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ZIGEN, INC. and EDVARD DELLALYAN, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:23-cv-00210 |
| v. | § § | |
| CABIN MANAGEMENT SOLUTIONS, INC. and LARRY UICHANCO. | § § § | |
| | § | |
| Defendants, | § | |

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
<u>**MEMORANDUM OF LAW**</u>

**Table of Contents**

I.   **Introduction** ..................................................................................................... 2

II.  **Statement of the Case** ...................................................................................... 3

    A. The Parties ..................................................................................................... 3

    B. The Contract ................................................................................................... 4

    C. Alleged Trade Secrets .................................................................................... 4

    D. Alleged Breach of Fiduciary Duty .................................................................. 5

    E. Negligent Misrepresentations ........................................................................ 6

III. **Remedies** ........................................................................................................... 8

IV.  **Prayer** ............................................................................................................... 8

**Cases**

*Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395–96 (5th Cir. 2005) ..........................6

*Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 283 (5th Cir. 2007) ......................5

*Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007)...........................4

*Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874 (5th Cir. 2013) ...............................4

I.       **INTRODUCTION**

1. Defendants/Counter-Plaintiffs Cabin Management Solutions LLC ("CMS") and Larry Uichanco ("Uichanco") respectfully file this memorandum of law pursuant to the Court's procedures for non-jury trials, Section IX.A.2.c of the Court's Standing Procedures, and the parties' stipulation to a bench trial. This memorandum is submitted in conjunction with CMS and Unichanco's Findings of Fact and Conclusions of Law filed contemporaneously herewith and the record of evidence cited therein.

2. The evidence will show that this case is based on a July 2021 oral agreement ("July Oral Agreement") where CMS paid Zigen $1,255,584.40 from July 2021 to November 2022 for Information Technology ("IT") engineering services to develop a new CMS Empire System ("CMS Empire System") for CMS to use in its business to install audio-video ("AV") systems in private airplanes in compliance with regulations of the Federal Aviation Administration ("FAA").

3. In 2020 Zigen offered to sell CMS the Zigen Audio-Visual-over-Internet-Protocol ("AVoIP") technology and Zigen promised CMS that the Zigen AVoIP was compatible with FAA regulations.  Also Zigen failed to tell CMS that Zigen AVoIP components were "end of life" which meant the Zigen AVoIP would have to be re-designed, but no written signed agreement was ever reached between Zigen and CMS for CMS to purchase the Zigen AVoIP.

4. In July 2021 when CMS concluded that the Zigen AVoIP did not comply with FAA regulations and components were "end of life," then CMS and Zigen made an oral agreement that CMS would hire Zigen to build an airplane compatible technology which CMS named the CMS Empire System. Because of Zigen's misrepresentations about the Zigen AVoIP, CMS was unable to install any AVoIP systems in any customers' airplane until February 2024 so by that point in time CMS had significant lost sales caused by Zigen's misrepresentations about the Zigen AVoIP.

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
<u>**MEMORANDUM OF LAW**</u>                                    page 2

5.  However, because the July Oral Agreement was oral, Zigen filed this lawsuit claiming that CMS agreed to purchase the Zigen AVoIP which was not true.

6.  In June 2021 CMS filed a patent application for an AVoIP and the patent inventors were CMS President Troy Michaels, CMS Vice President Jeff McCormick, Zigen Senior Hardware Engineer Larry Uichanco, Zigen Software Engineer Henry Senanian, and Dellalyan ("Patent Inventors").  The patent was issued on March 1, 2022 for US Patent 11,265,358 ("'358 Patent") which has never been used by CMS for any purpose to date.  All of the Patent Inventors assigned all ownership of their contributions to CMS who owns the '358 Patent.

7.  Zigen filed a claim for trade secret misappropriation by CMS and claimed that the '358 Patent contained Zigen's trade secrets, however CMS's expert witness filed his report that Zigen never had any trade secrets in the Zigen AVoIP and that the '358 Patent does not contain any Zigen trade secrets.

8.  Accordingly, Zigen's claims of trade secret misappropriation are without merit.

9.  Defendant/Counter-Plaintiff Uichanco worked on the CMS Empire System development project under the direction of Dellalyan from July 2021 until he was not paid any longer after December 1, 2022 as an at-will employee, Uichanco never owned stock in Zigen, never served on Zigen's board of directors, and never provided any business advice to Zigen.

10.  Zigen filed a lawsuit against Uichanco claiming breach of fiduciary duty, but Zigen has no evidence to support those claims against Uichanco.

**II.    STATEMENT OF THE CASE**

   **A. The Parties**

11.    Zigen is a technology company specializing in AVoIP for homes and corporate offices, and Dellalyan owns Zigen.  CMS installs AV systems in private airplanes in compliance

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
**MEMORANDUM OF LAW**                                                   page 3

with FAA regulations, and Uichanco was as Senior Hardware Engineer for Zigen until he was not

paid on December 1, 2022, and then in February 2023 Uichanco became Chief Technology

Officer for CMS.

### B. The Contract

12.    Under Texas law, the elements of a breach-of-contract claim are: (1) the existence

of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the

defendant; and (4) damages to the plaintiff as a result. *Smith Int'l, Inc. v. Egle Group, LLC*, 490

F.3d 380, 387 (5th Cir. 2007).

13. Under the July Oral Agreement Zigen's employee Uichanco provided Information

Technology ("IT") engineering services for CMS, and between July 2021 and November 2022 for

which CMS paid $1,255,584.40 to Zigen for engineering services to help build the CMS Empire

System. See Trial Testimony of Troy Michaels, Jeffrey McCormick, and Larry Uichanco; and

CMS-8 (list of paid invoices).

### C.    Alleged Trade Secrets

14.    Trade-secret misappropriation under the Texas Uniform Trade Secrets Act

("TUTSA") and the Defend Trade Secrets Act ("DTSA") requires proof that: (1) a trade secret

existed; (2) the trade secret was acquired through a breach of a confidential relationship or by

other improper means; and (3) the trade secret was used without the plaintiff's authorization. See

*Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874 (5th Cir. 2013) (setting forth elements of

DTSA and TUTSA claims);

15. Zigen failed to comply with the Court Order for Zigen to identify an expert witness

and provide an expert report by September 1, 2024.  However, CMS complied with the Court

Order and hired Dr. Michael Shamos (Computer Science Professor at Carnegie Mellon University

and a lawyer) as an expert witness and Dr. Shamos provided Zigen an Expert Report on September 30, 2024 wherein Dr. Shamos states that the following conclusions related to Zigen's alleged trade secrets and CMS's '358 Patent:

> #47. The alleged trade secrets asserted by Plaintiffs were never trade secrets.
> #48. The alleged trade secrets asserted by Plaintiff were assigned to CMS by Defendants and are thus owned by CMS.
> #49 The alleged trade secrets asserted by Plaintiffs all appear in an issued patent and thus cannot be trade secrets.

See Order (Dkt. 26); CMS-10; CMS-1 page 17; and Trial Testimony of Dr. Shamos

16.  The evidence shows that (1) Zigen did not have any trade secrets; (2) so no Zigen trade secrets were acquired through a breach of a confidential relationship or by other improper means; and (3) no Zigen trade secret was used without the plaintiff's authorization. Therefore, CMS did not misappropriate any Zigen trade secrets.

17.  The evidence shows that CMS is not using any of the '358 Patent in the CMS Empire System. See Trial Testimony of Troy Michaels, Jeff McCormick, Larry Uichanco, and Ray Hill.

### D.     Alleged Breach of Fiduciary Duty

17. To establish breach of fiduciary duty under Texas law, a plaintiff must show: (1) the existence of a fiduciary relationship between the plaintiff and defendant; (2) a breach of that fiduciary duty; and (3) injury to the plaintiff or benefit to the defendant as a result. *See Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 283 (5th Cir. 2007) (applying Texas law to breach-of-fiduciary-duty claim).

18. The evidence shows that Uichanco did not breach any fiduciary duty to Zigen as Uichanco was under the direct management of Dellalyan while performing engineering services for CMS, and also Uichanco was an "at-will employee" of Zigen, never owned stock in Zigen, and never served on the Zigen board of directors. Nor did Uichanco provide any Zigen trade

secrets to CMS. Uichanco was never a part of the business side, strategy or decision-making at Zigen. See CMS-18 page 23 line 23 to page 24 line 6; Trial Testimony of Larry Uichanco.

19. The evidence shows that (1) there was no existence of a fiduciary relationship between the Zigen and Uichanco; (2) there was no breach of that fiduciary duty by Uichanco; and (3) there was no injury to the Zigen or benefit to the Uichanco as a result of any alleged breach of fiduciary duty. Accordingly, Uichanco does not owe any damages to Zigen.

### E.    Negligent Misrepresentations

20. Under Texas law, negligent misrepresentations requires: (1) that the defendant made a representation in the course of its business; (2) that the defendant supplied false information for the guidance of others in their business; (3) that the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) that the plaintiff suffered a loss by justifiably relying on the representation. *See Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395–96 (5th Cir. 2005) (applying Texas law).

21. The evidence shows that Zigen and Dellalyan committed negligent misrepresentations against CMS because (1) Zigen and Dellalyan made a representation in the course of business to CMS that the Zigen AVoIP would qualify for use in an airplane under the regulations of the FAA; (2) Zigen and Dellalyan supplied false information for CMS in CMS's business about the compliance with FAA regulations; (3) Zigen and Dallalyan did not exercise reasonable care or competence in communicating the information to CMS about the Zigen AVoIP compliance with FAA regulations; and (4) CMS suffered by justifiably relying on Zigen and Dellalyan's representations since the Zigen AVoIP was never designed for use in airplanes and FAA regulation, rather the Zigen AVoIP was primarily designed for use in homes and corporate offices. See CMS-12; Testimony of Troy Michaels, Jeff McCormick, and Larry Uichanco.

22. The evidence shows that Zigen and Dellalyan committed negligent misrepresentations against CMS because (1) Zigen and Dellalyan made  representations in the course of business to CMS that the Zigen AVoIP did not contained "end of life" components; (2) Zigen and Dellalyan supplied false information about the "end of life" components for CMS in CMS's business; (3) Zigen and Dallalyan did not exercise reasonable care or competence in communicating the information to CMS about the "end of life" components; and (4) CMS suffered by justifiably relying on Zigen and Dellalyan's representations since the Zigen AVoIP contained "end of life" components. See Testimony of Troy Michaels, Jeff McCormick, and Larry Uichanco.

23. The evidence shows that Zigen and Dellalyan's negligent misrepresentations about the Zigen AVoIP, CMS delayed the design and implementation of the CMS Empire System from May 2021 until February 2024. See Testimony of Troy Michaels, Jeff McCormick, Larry Uichanco, and Michelle Naramor.

24. The evidence shows that Zigen failed to comply with the Court Order for Zigen to identify any expert witness and provide an expert report by September 1, 2024. However CMS was in compliance with the Court Order to identify an expert witness and provide an expert report on September 20, 2024, CMS hired Michelle Naramor, CPA, CFF as an expert witness and Ms. Naramor provided Zigen an Expert Report on September 30, 2024 wherein Ms. Naramor states that the following conclusions based on the circumstances of CMS's reliance on the Zigen AVoIP to be used by CMS in its business delayed the implementation of the CMS Empire System from May 2021 until February 2024:

> As of the date of this Report, SOCOTEC has qualified CMS's damages to be approximately $14.7 million, comprising lost profits and prototyping/redesign cost of $10.9 million and $3.7 million respectively.

As a result, CMS should be award damages of $14,656,314.  See Order (Dkt. 26); CMS-10; CMS-

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
<u>**MEMORANDUM OF LAW**</u>                                                                   page 7

2 page 7; and Trial Testimony of Michelle Naramor and Jeff    McCormick.

## III.    REMEDIES

Defendants/Counter-Plaintiffs CMS and Uichanco seek the following relief, as set forth in Proposed Conclusions of Law:

25.    That Zigen is not entitled to any damages for Zigen's alleged breach of contract claim against CMS.

26.    That CMS did not misappropriate any Zigen trade secrets, so Zigen will not be awarded any damages nor injunctive relief for alleged trade secret misappropriation.

27.    That Uichanco does not owe any damages to Zigen for breach of alleged fiduciary duty to Zigen.

28.    That CMS should be award damages of $14,656,314 for Zigen and Dellalyan's negligent misrepresentations.

29.    Finally, that Defendants/Counter-Plaintiffs are entitled to recover their taxable costs of court as prevailing parties, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, in an amount to be determined by the Clerk or by further order of the Court.

## IV.    PRAYER

Based on the foregoing evidence presented to the Court at trial, Defendants/Counter-Plaintiffs pray that the Court:

a.    Enter judgment in favor of Defendants/Counter-Plaintiffs against Plaintiffs/Counter-Defendants for negligent misrepresentations;

b.    Deny Plaintiffs/Counter-Defendants claims for breach of contract, trade secret misappropriation, and breach of fiduciary duty;

c.    Award Defendants/Counter-Plaintiffs damages for negligence misrepresentations;

    d.   Award Defendants/Counter-Plaintiffs their reasonable attorneys' fees and taxable

        costs of court as prevailing parties; and

    e.   Grant such other and further relief as the Court deems just and proper.

                     Respectfully submitted,

                     PETER S. VOGEL, PC

                     By:  /s/ Peter S. Vogel
                     Peter S. Vogel
                     Texas Bar No. 20601500
                     TXSD Bar No: 3070683
                     5925 Forest Lane, Suite 136
                     Dallas, Texas 75230
                     Telephone: (972) 980-9696
                     Email: pvogel@vogelitlaw.com

                     ATTORNEYS FOR DEFENDANTS
                     AND COUNTER-PLAINTIFFS
       .             CABIN MANAGEMENT SOLUTIONS, INC.
                     AND LARRY UICHANCO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was filed electronically on February 15, 2026. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Brandon James Leavitt
    Leavitt Eldredge Law Firm
    4204 SW Green Oaks Blvd., Suite 140
    Arlington, TX 76107
    brandon@uslawpros.com
               By:  /s/ Peter S. Vogel
                   Peter S. Vogel

**CABIN MANAGEMENT SOLUTIONS, INC. AND LARRY UICHANCO'S**
**MEMORANDUM OF LAW**